RICHARD C. JOSEPHSON, OSB NO. 73374
JEANETTE L. COTTING, OSB No. 98042
*(Pro hac vice admission being sought)*
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204-1268
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

KEITH D. ROSS (No. 122118)
GIBSON, DUNN & CRUTCHER
One Montgomery Street
San Francisco, CA 94104-4505
Telephone: (415) 393-8200
Facsimile: (415) 986-5309

Attorneys for Crockett Cogeneration,
A California Limited Partnership

FILED
APR 10 2001
KEENAN G. CASADY, CLERK
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtor. | Case No. 01-30923 DM<br><br>NOTICE OF MOTION AND MOTION FOR ORDER EXCUSING PERFORMANCE UNDER POWER PURCHASE AGREEMENT, OR IN THE ALTERNATIVE, FOR ADEQUATE PROTECTION OF FUTURE PERFORMANCE<br><br>Date: May 9, 2001<br>Time: 9:30 a.m.<br>Place: 235 Pine Street, 22nd Floor<br>Judge: The Hon. Dennis Montali |

**PLEASE TAKE NOTICE** that on May 9, 2001, at 9:30 a.m. or as soon thereafter as the matter may be heard in Courtroom of the Honorable Dennis Montali, located at 235 Pine Street, 22nd Floor, San Francisco, California, Crockett Cogeneration, A California Limited Partnership ("Crockett"), will hereby and does move (the "Motion"), pursuant to Sections



Case: 01-30923 Doc# 63 Filed: 04/10/01 Entered: 04/11/01 14:19:00 Page 1 of 14

105, 363 and 365 of Title 11 of the United States Code (the "Bankruptcy Code"), the Court for an order excusing performance by Crockett under the PPA (defined below) or in the alternative, for adequate protection of future performance.

This Motion is based on this Notice of Motion and Motion, and the Declaration of David Lloyd, the record of this case and any admissible evidence presented to the Court at or prior to the hearing on this Motion.

**PLEASE TAKE FURTHER NOTICE** that any written opposition to the requested relief must be filed with the Bankruptcy Court and served upon counsel for Crockett at or prior to the hearing of the Motion. If there is no timely objection to the requested relief, the Court may enter an order granting such relief without further hearing.

By this Motion, Crockett seeks entry of an order excusing it from performing its obligations under the PPA, which requires Crockett to deliver energy and capacity to Pacific Gas & Electric Company as Debtor and Debtor in Possession ("PG&E" or "Debtor"). In the alternative, Crockett seeks entry of an order (a) requiring the Debtor to provide Crockett with adequate assurance for its postpetition performance under the PPA in the form of a two-month deposit or a prepayment arrangement and (b) authorizing Crockett to terminate delivery of energy under the PPA to the Debtor if the Debtor defaults on its postpetition payment obligations.



STOEL RIVES LLP
ATTORNEYS
900 SW FIFTH AVENUE, SUITE 2600 PORTLAND, OREGON 97204-1268
*Telephone (503) 224-3380*

Case: 01-30923 Doc# 63 Filed: 04/10/01 Entered: 04/11/01 14:19:00 Page 2 of 14

## Background Facts

1. On April 6, 2001 (the "Filing Date"), PG&E filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor is operating its businesses as a debtor in possession.

2. This Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334 and 157(a). Venue is proper in this Court under 28 U.S.C. § 1409. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(A) and (G). The substantive basis for the relief requested is Sections 105(a), 363(e) and 365 of the Bankruptcy Code.

## Facts[1]

3. On December 12, 1983, PG&E entered into that certain Power Purchase Agreement for Long-Term Energy and Capacity with Pacific Thermonetics, Inc. Pacific Thermonetics, Inc. assigned its interest in the agreement to Crockett on May 15, 1986. The agreement has been subsequently amended and supplemented by the following documents: (a) First Amendment dated July 8, 1988; (b) Second Amendment dated July 13, 1988; (c) Modification to the Second Amendment dated September 8, 1988; (d) Bridging Agreement effective as of May 27, 1996; (e) Third Amendment dated September 30, 1997, which was approved by the California Public Utilities Commission by an opinion dated January 7, 1998; and (f) Operating Protocols Agreement dated February 25, 1998 (collectively, the "PPA"). The PPA relates to the 240 MW (net) natural gas fired cogeneration facility located adjacent to the C&H Sugar Company, Inc. (the "Facility") and expires on or about May 26, 2026.

---

[1] The facts supporting this Motion are set forth in the Declaration of David Lloyd (the "Lloyd Declaration") which has been filed simultaneously with this Motion.



STOEL RIVES LLP
ATTORNEYS
900 SW FIFTH AVENUE, SUITE 2600 PORTLAND, OREGON 97204-1268
Telephone (503) 224-3380

Case: 01-30923 Doc# 63 Filed: 04/10/01 Entered: 04/11/01 14:19:00 Page 3 of 14

Further, Crockett has made available an additional 20 MW from the Facility under a short-term incremental energy letter agreement for which PG&E pays a variable cost and a higher heat rate, but no incremental capacity payments. The PPA and each amendments thereto have been approved by the California Public Utilities Commission and have been included in all previous ratemaking by the Commission.

4. Under the terms of the PPA, PG&E may schedule delivery of energy at any level between 120 MW and 240 MW, with certain limitations. The PPA requires PG&E to pay Crockett for both energy delivered and available capacity on a monthly basis, pursuant to formulas set forth in the PPA. In addition, Crockett makes available weekly, incremental energy of up to an additional 20 MW. PG&E calculates the costs and delivers a preliminary invoice to Crockett, with the final invoice delivered with its payment. All invoices must be paid within 30 days after the end of the month.

5. PG&E defaulted on its payment obligation under the PPA in January 2001 by paying only fifteen percent (15%) of the December 2000 invoiced amount. PG&E also paid only fifteen percent (15%) of the January 2001 invoiced amount, and has not paid any of the February 2001 invoiced amount.[2] To date Crockett has not received the March 2001 invoice. As of April 2, 2001, PG&E owed Crockett approximately $65,868,763.26 for energy and capacity delivered from December 2000 through March 2001.

6. On January 22, 2001, Crockett demanded adequate assurances of future performance from PG&E. This demand has been renewed periodically thereafter. To date, PG&E has not provided Crockett with the adequate assurances demanded.



STOEL RIVES LLP
ATTORNEYS
900 SW FIFTH AVENUE, SUITE 2600, PORTLAND, OREGON 97204-1268
Telephone (503) 224-3380

Case: 01-30923 Doc# 63 Filed: 04/10/01 Entered: 04/11/01 14:15:00 Page 4 of 14

7. On January 31, 2001, Crockett, pursuant to the terms of the PPA, went offline and stopped delivering energy to PG&E while scheduled maintenance was completed. Crockett's fuel supplier then placed Crockett upon a cash in advance, fully secured basis for all natural gas purchases. Upon completion of the scheduled maintenance, Crockett notified PG&E that the Facility was available to deliver energy, but that due to PG&E's nonpayment of nearly $45 million[2] Crockett was suspending performance until either the payment default was cured or PG&E gave Crockett adequate assurance of performance by PG&E so that Crockett could make suitable arrangements with its fuel supplier. Crockett requested that PG&E release the scheduling coordinator number for the Facility so that Crockett could sell energy through the California Independent System Operator into the California wholesale market to mitigate Crockett's damages, but PG&E refused. Crockett resumed delivery of energy to PG&E under the PPA on the Filing Date.

8. The Facility's sole energy source is natural gas. Crockett purchases all of its natural gas requirements for the Facility from BP Canada Energy Marketing Corp. ("BP Canada"). As of the Filing Date, Crockett owed BP Canada approximately $15,000,000 for natural gas delivered to Crockett in January and February 2001. Because of concerns over the impact of PG&E's failure to pay Crockett among other things, BP Canada has required Crockett to (i) pay $500,000 per week towards the existing outstanding invoices, (ii) pay $500,000 for natural gas deliveries in advance for purposes of supplying C&H Sugar refinery until the Facility is restarted, and (iii) post a letter of credit in the amount of $35,000,000.

[2] Crockett disputes the calculation of the February 2001, invoice.



STOEL RIVES LLP
ATTORNEYS
900 SW FIFTH AVENUE, SUITE 2600 PORTLAND, OREGON 97204-1268
Telephone (503) 224-3380

Crockett has made substantial payments towards the outstanding unpaid BP Canada invoices, and delivered the letter of credit to BP Canada on Monday, April 9, 2001.

9. Crockett's estimated monthly expenditures for natural gas for the Facility for the month of April 2001 is $17,500,000, which equals approximately $565,000 per day.

**Argument**

10. Section 105 of the Bankruptcy Code provides that the bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Section 363(e) of the Code provides that the bankruptcy court may condition the use by the estate of property of the estate on the provisions of adequate protection.

11. The PPA is an executory contract. Under applicable bankruptcy law, Crockett is required to perform its obligations under the PPA. Here, compliance with that requirement will create a significant financial burden on Crockett. In order to obtain natural gas to run the Facility, Crockett will be required to deliver a $35 million letter of credit to BP Canada and incur substantial costs, without any assurances that it will be paid. A failure by PG&E to pay for energy and capacity provided postpetition will cause significant financial harm to Crockett, possibly impairing its ability to continue as a going concern.

12. Excusing performance by Crockett under the PPA removes the immediate financial pressure placed on Crockett from compliance with the PPA, but preserves the PPA and PG&E's ability to assume it. Furthermore, excusing performance by Crockett should not





STOEL RIVES LLP
ATTORNEYS
900 SW FIFTH AVENUE, SUITE 2600 PORTLAND, OREGON 97204-1268
Telephone (503) 224-3380

Case: 01-30923 Doc# 63 Filed: 04/10/01 Entered: 04/11/01 14:19:00 Page 6 of 14

adversely impact the Debtor or its estate, as the Debtor has been operating without energy from the Facility since February 1, 2001.

13. Alternatively, Crockett requests that this Court require PG&E to provide Crockett with adequate assurance of future performance and the ability to terminate delivery of energy and capacity to the Debtor if the Debtor defaults on its postpetition payment obligations. Crockett suggests that reasonable adequate assurances under the circumstances would be either a deposit or a prepayment arrangement. A deposit of approximately two months energy and capacity costs, or $44.6 million, is appropriate.[3] Under the existing billing arrangements, Crockett would be required to provide the Debtor with approximately 60 days of energy before the Debtor defaulted on its postpetition payment obligations. Additionally, the amount of the deposit would need to be increased if the estimated energy costs for any given month exceeded the monthly deposit amount by five percent (5%) or more. For example, if the aggregate deposit were $40 million and the estimated energy costs for the next month were $22 million, this would be an increase of 10% and the Debtor would have to deposit an additional $4 million. However, if the estimated energy costs for the next month were $20.75 million, this would be an increase of approximately 4% and no additional deposit would be required.

14. A prepayment arrangement where the Debtor prepaid for energy and capacity based upon the average cost of energy for prior three (3) months would also be appropriate. The Debtor would be required to prepay on a monthly basis the estimated cost of the energy





STOEL RIVES LLP
ATTORNEYS
900 SW FIFTH AVENUE, SUITE 2600 PORTLAND, OREGON 97204-1268
Telephone (503) 224-3380

Case: 01-30923 Doc# 63 Filed: 04/10/01 Entered: 04/11/01 14:15:00 Page 7 of 14

and capacity to be delivered during that month. At the end of the month, but in any event no later than the fifth day of the following month, Crockett and the Debtor would determine the actual cost of energy and capacity delivered. The Debtor would be required to pay any shortfall in the prepayment by wire transfer within three (3) business days, while any excess from the prior month would be credited to the Debtor's account.

15. In addition to the provision of adequate assurance of future performance, Crockett also requests that it be authorized to terminate delivery of energy to the Debtor after a postpetition payment default by the Debtor five (5) days after providing notice of the default to the Debtor, its counsel, the United States Trustee, and counsel to the Official Committee of Unsecured Creditors. The ability to terminate delivery of energy upon a postpetition payment default is necessary in order to enable Crockett to mitigate the financial harm caused by the Debtor's failure to pay for postpetition energy. Requiring Crockett to seek further Court approval to terminate delivery would be inequitable, as it would shift the burden from the Debtor, which would be in default of its obligations, to Crockett.

16. Compelling Crockett to comply with its obligations under the PPA without adequate assurances of future performance would impose a significant financial burden on Crockett. Crockett is already owed more than $65 million, and its monthly exposure is approximately $22.3 million. Moreover, Crockett has had to deliver a letter of credit in the amount of $35 million to BP Canada in order to restart operation of the Facility.

---

[3] The deposit amount was calculated on the following assumptions: generation level 240 MW; gas price $11.50/mmbtu; heat rate 8970 btu/kwh, resulting in a price per MWH of $11.50 x 8970/1,000 = $103.16.



STOEL RIVES LLP
ATTORNEYS
900 SW FIFTH AVENUE, SUITE 2600 PORTLAND, OREGON 97204-1268
Telephone (503) 224-3380

Case: 01-30923 Doc# 63 Filed: 04/10/01 Entered: 04/11/01 14:19:00 Page 8 of 14

17. Conversely, requiring the Debtor to provide Crockett with the adequate assurance of future performance requested herein will not impose a significant burden upon the Debtor's estate. The Debtor has stated that it had approximately $2.6 billion in cash on hand on the Filing Date, which could be used to provide a deposit or to prepay Crockett for energy and capacity. Because the Debtor is required to pay for postpetition services, this does not impose any additional burdens on the estate, but merely alters the timing of the payment, with the result of significantly reducing the risk to Crockett.

## ***Conclusion***

For the foregoing reasons, Crockett's performance under the PPA should either be excused or the Debtor should be required to provide Crockett with adequate assurance of future performance in the form of a deposit or a prepayment arrangement, with the ability to terminate delivery of energy to the Debtor after five (5) days notice of a payment default.





STOEL RIVES LLP
ATTORNEYS
900 SW FIFTH AVENUE, SUITE 2600, PORTLAND, OREGON 97204-1268
Telephone (503) 224-3380

Case: 01-30923 Doc# 63 Filed: 04/10/01 Entered: 04/11/01 14:19:00 Page 9 of 14

WHEREFORE, Crockett respectfully request that this Court enter an order that

(a) excuses Crockett from performance under the PPA, or

(b) (i) requires the Debtor to provide Crockett with adequate assurance of future performance in the form of a deposit or a prepayment arrangement as set forth in this Motion; and

(ii) authorizes Crockett to terminate delivery of energy in the event of a postpetition default by the Debtor; and

(c) grants such other relief as the Court deems proper.

DATED: April 10, 2001.

STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204-1268
Richard C. Josephson, OSB No. 73374
Jeanette L. Cotting, OSB No. 98042

GIBSON, DUNN & CRUTCHER

By: [signature]
Keith D. Ross (No. 122118)
One Montgomery Street
San Francisco, CA 94104
Telephone: (415) 393-8200
Facsimile: (415) 986-5309

Attorneys for Crockett Cogeneration, A California Limited Partnership



Case: 01-30923 Doc# 63 Filed: 04/10/01 Entered: 04/11/01 14:19:00 Page 10 of 14

# DECLARATION OF SERVICE

I, Helen E. Canafax, declare as follows:

I am employed in the County of San Francisco, State of California; I am over the age of eighteen years and am not a party to this action; my business address is One Montgomery Street, Telesis Tower, San Francisco, California, 94104, in said County and State. On April 10, 2001, I served the foregoing:

NOTICE OF MOTION AND MOTION FOR ORDER EXCUSING PERFORMANCE UNDER POWER PURCHASE AGREEMENT, OR IN THE ALTERNATIVE, FOR ADEQUATE PROTECTION OF FUTURE PERFORMANCE

DECLARATION OF DAVID LLOYD IN SUPPORT OF MOTION FOR ORDER EXCUSING PERFORMANCE UNDER POWER PURCHASE AGREEMENT, OR IN THE ALTERNATIVE, FOR ADEQUATE PROTECTION OF FUTURE PERFORMANCE

by placing a true copy thereof in an envelope addressed to each of the persons named on the attached Service List at the address shown

☑ **BY MAIL:** I placed a true copy in a sealed envelope, addressed as indicated above, with postage fully prepaid for First Class mail on the above-mentioned date. I am familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY PERSONAL SERVICE:** I placed a true copy in a sealed envelope addressed to each person[s] named at the address[es] shown and giving same to a messenger for personal delivery before 5:00 p.m. on the above-mentioned date.

☐ **BY FACSIMILE:** From facsimile machine telephone number (415) 986-5309, on the above-mentioned date, I served a full and complete copy of the above-referenced document[s] by facsimile transmission to the person[s] at the number[s] indicated.

☐ **BY FEDERAL EXPRESS:** I placed a true copy in a sealed envelope addressed as indicated above, on the above-mentioned date. I am familiar with the firm's practice of collection and processing correspondence for delivery by Federal Express. Pursuant to that practice, envelopes placed for collection at designated locations during designated hours are delivered to Federal Express with a fully completed airbill, under which all delivery charges are paid by Gibson, Dunn & Crutcher, that same day in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct, that the foregoing document(s) were printed on recycled paper, and that this Declaration of Service was executed by me on April 10, 2001, at San Francisco, California.

Helen E. Canafax

SERVICE LIST

Debtor's Counsel:
James L. Lopes, Esq.
Howard, Rice, Nemerovski, et al.
3 Embarcadero Center, 7th Floor
San Francisco, CA 94111

U.S. Trustee:
Stephen Johnson, Esq.
Office of the U.S. Trustee
250 Montgomery Street, Suite 1000
San Francisco, CA 94014

20 Largest Unsecured Creditors:

The Bank of New York
Michael Pitflick, Corporate Trust Adm.
101 Barclay Street-21W
New York, NY 10286

California Power Exchange
Don Deach
100 S. Fremont Avenue, Bldg. A9
Alhambra, CA 91803-4737

Bankers Trust Co.
Safet Kalabovic
4 Albany Street, 4th Floor
New York, NY 10006

California Independent Systems Operator
William Regan
P.O. Box 639014
Folsom, CA 95630-9017

Bank of America, N.A., Admin. Agent
Katherine Kemerait
555 California Street, 12th Floor
San Francisco, CA 94104-1502

US Bank, Corporate Trust Services
Ladonna Morrison
P.O. Box 64111
St. Paul, MN 55164-0111

20 Largest Unsecured Creditors (continued)

Calpine Gilroy Cogeneration LP
Robert Brown
6700 Koll Center Pky #200
San Jose, CA 94566

Calpine Greenleaf Inc.
465 California St. #600
San Francisco, CA 94104

Crocket Cogen, A CA Limited Partners
Keith Richards
135 S. Lasalle Street # 1960
Chicago, IL 60603

Calpine King City Cogen LLC
Robert Brown
6700 Koll Center Pky #200
San Jose, CA 94568

El Paso Merchant Energy Gas LP
Darrel Rogers
2500 City West Blvd., Suite 1400
Houston, TX 77042

GMF Power Systems LP
4300 Railroad Ave
Pittsburg, CA 94565

Geysers Power Company LLC
Joe McClendon
6700 Koll Center Pky #200
Pleasanton, CA 94566

BP Energy Co.
Attn: Louis Anderson
501 Westlake Park Blvd.
Houston, TX 77079

Enron Canada Corporation
3500 Canterra Tower
400 3rd Ave. SW
Calgary, AB T2P 4H2 Canada

20 Largest Unsecured Creditors (continued)

Chevron U.S.A. Production Co.
P.O. Box 840659
Dallas, TX 75284-0659

Sempra Energy Trading Corp.
Tony Ferrajina
58 Commerce Drive
Stamford, CT 06902

Calpine Pittsburg Power Plant
Zahir Ahmadi
50 W. San Fernando St.
San Jose, CA 95113

Wheelabrator Shasta Energy Co. Inc.
20811 Industry Rd
Anderson, CA 96007

Sierra Pacific Industries
19794 Riverside Avenue
Anderson, CA 96002

Special Notice:

Joseph A. Eisenberg, P.C.
Jeffer, Mangels, Butler & Marmaro LLP
2121 Avenue of the Stars, 10th Floor
Los Angeles, CA 90067

40133329_1.DOC



Case: 01-30923 Doc# 63 Filed: 04/10/01 Entered: 04/11/01 14:19:00 Page 14 of 14