1   JAMES L. LOPES (No. 63678)
    JEFFREY L. SCHAFFER (No. 91404)
2   JANET A. NEXON (No. 104747)
    WILLIAM J. LAFFERTY (No. 120814)
3   HOWARD, RICE, NEMEROVSKI, CANADY,
        FALK & RABKIN
4   A Professional Corporation
    Three Embarcadero Center, 7th Floor
5   San Francisco, California  94111-4065
    Telephone:   415/434-1600
6   Facsimile:   415/217-5910

7   Attorneys for Debtor and Debtor in Possession
    PACIFIC GAS AND ELECTRIC COMPANY

8

FILED

MAY 2 1 2001

KEENAN G. CASADY, CLERK
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

9               UNITED STATES BANKRUPTCY COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                  SAN FRANCISCO DIVISION

12  In re                          No. 01-30923 DM

13  PACIFIC GAS AND ELECTRIC        Chapter 11 Case
    COMPANY, a California corporation,
14
                Debtor.
15

16  Federal I.D. No. 94-0742640

17
            DEBTOR'S APPLICATION FOR AN ORDER PURSUANT TO
18      SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE
            AUTHORIZING THE RETENTION AND EMPLOYMENT OF
19      DRESDNER KLEINWORT WASSERSTEIN, INC. AS FINANCIAL
                ADVISOR AND INVESTMENT BANKER
20

21          Pacific Gas and Electric Company (the "Debtor") hereby moves this Court,

22  pursuant to Sections 327(a) and 328(a) of Title 11 of the United States Code (the

23  "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the

24  "Bankruptcy Rules") for authority to retain Dresdner Kleinwort Wasserstein, Inc. ("DrKW")

25  as financial advisor and investment banker.  In support of this Application, the Debtor

26  respectfully represents as follows:

27

28

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

## Introduction

1. On April 6, 2001 (the "Petition Date"), the Debtor commenced its reorganization case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its property as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157, 1334. This Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408, 1409.

3. The statutory predicate for the relief requested herein are Sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014.

4. The facts supporting the relief sought in this Application, as summarized below, are set forth in the Affidavit of Kenneth A. Buckfire, a Managing Director of DrKW (the "Buckfire Affidavit"), attached as Exhibit "A" hereto, incorporated by reference herein.

5. The Debtor is a utility providing gas and electric services to more than 4.5 million customers in Central and Northern California, serving a total population of about 13 million. The Debtor employs over 19,000 people and has in excess of 30,000 trade creditors.

6. Over the past ten months, as a result of the partial deregulation of the power industry, the Debtor has been forced to pay dramatically increased wholesale prices for electricity but has been prevented from passing these costs on to retail customers. The Debtor believes these proceedings, pursuant to a chapter 11 reorganization, will allow the Debtor the flexibility it needs to deal with this extraordinary liquidity crisis.

## Relief Requested

7. By this Application, the Debtor seeks authorization to retain and employ DrKW as its investment banker and financial advisor pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014, *nunc pro tunc* to the Petition Date. The

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

-2-

services of DrKW are necessary in order to enable the Debtor to execute its duties as debtor in possession. DrKW's familiarity with the Debtor's financial affairs, its business, and the circumstances surrounding the commencement of these chapter 11 cases will minimize expenses to the Debtor's estates for the services contemplated herein.

8. On January 3, 2001, DrKW became an indirect, wholly owned subsidiary of Dresdner Bank AG and part of Dresdner Kleinwort Wasserstein, the investment banking division of Dresdner Bank AG (the "Investment Banking Division"). The Investment Banking Division has over 8,000 professionals in more than 30 locations around the world, including a major presence in the key financial centers of London, Frankfurt and New York. In the year 2000, the Investment Banking Division ranked as one of the leading global M&A houses, advising on M&A deals with a total value in excess of $440 billion. Buckfire Affidavit ¶ 2.

9. DrKW and/or its current professionals have extensive experience working with financially troubled companies in complex financial restructurings out of court and in chapter 11 cases and have been involved as advisors to debtor, creditor and equity constituencies and government agencies in many chapter 11 reorganization cases, including Acme Metals, Inc., Avianca, Bruno's Inc., Cajun Electric Power Corporation, Cambridge Industries, Carmike Cinemas, Celotex Corporation, Criimi Mae, Inc., Dow Corning Corporation, Drypers, Inc., Favorite Brands International Inc., FPA Medical Management, Grant Union Co., Heartland Wireless, ICG Communications, ICO Global Communication, Ltd., Loewen Group, Montgomery Ward & Co., National Airlines, Osceola/Okeelanta Generating Facilities, Pathmark Stores, Inc., PennCorp Financial Group, Inc., Trans World Airlines, United States Office Products, and U.S. Generating Florida Partnerships.

10. The Debtor seeks to retain DrKW as its investment banker and financial advisor because, among other things, DrKW and its senior professionals have an excellent reputation for providing high quality financial advisory services to debtors and creditors in bankruptcy reorganizations and other debt restructurings. For example, Kenneth A. Buckfire, the Managing Director of DrKW who will be primarily responsible for this

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
&RABKIN
A Professional Corporation

-3-

engagement, has extensive experience in the restructuring of utilities -- Mr. Buckfire advised 19 independent power producers in the 1998 restructuring of $11 billion in power contracts with Niagara Mohawk Power Corporation, and has also played a leading role in the restructuring of EUA Power Corporation and Cajun Electric. In addition to DrKW's understanding of the Debtor's financial history and the industry in which the Debtor operates, DrKW and its senior professionals have extensive experience in the reorganization and restructuring of troubled companies.

11. Should this Court approve the retention of DrKW as financial advisor, DrKW will continue, without interruption, to perform the services described in this Application and in the Buckfire Affidavit. The Debtor seek this Court's approval of its retention of DrKW, *nunc pro tunc* to the Petition Date, pursuant to the engagement letter dated April 6, 2001, 2001 and as modified herein, annexed hereto as Exhibit B (the "DrKW Agreement").

12. <u>Services</u>. The services to be provided by DrKW in these cases, as more fully described in the DrKW Agreement, include the following:[1]

a) <u>Financial Advisory Services</u>. As requested by the Debtor, DrKW will, to the extent it deems necessary, appropriate and feasible, familiarize itself with the business, operations, properties, financial condition and prospects of the Debtor[2]; and

---

[1] The following is only a summary. Please refer to the DrKW Agreement for a complete description of the proposed terms of DrKW's engagement.

[2] In rendering its services to the Debtor, DrKW will not assume any responsibility for the Debtor's underlying business decision to pursue (or not to pursue) any business strategy or to effect (or not to effect) any Restructuring, Financing, and/or Sale or other transaction. The Debtor and DrKW have agreed that DrKW shall not have any obligation or responsibility to provide accounting, audit, "crisis management," or business consultant services for the Debtor and shall have no responsibility for designing or implementing operating, organizational, administrative, cash management or liquidity improvements, or to provide any fairness or valuation opinions or any advice or opinions with respect to solvency in connection with any transaction. The Debtor will rely on its own counsel, accountants and similar expert advisors for legal, accounting, tax and other similar advice.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
&RABKIN
A Professional Corporation

-4-

1           b)      <u>Restructuring Services</u>.  In the Debtor pursuit of a Restructuring (as

2  defined in the Restructuring Agreement), DrKW will:

3             i)      provide financial advice and assistance to the Debtor in developing

4  and obtaining approval of a Restructuring plan, which will be a chapter 11 plan of

5  reorganization (a "Plan");

6             ii)     if requested by the Debtor, provide financial advice and assistance to

7  the Debtor in structuring any new securities to be issued under the Plan;

8             iii)    if requested by the Debtor, assist the Debtor and/or participate in

9  negotiations with entities or groups affected by the Plan; and

10           iv)    if requested by the Debtor, participate in hearings before the

11  Bankruptcy Court, the California Public Utilities Commission and legislative bodies with

12  respect to the matters upon which DrKW has provided advice, and, as relevant, coordinate

13  with the Debtor's counsel with respect to testimony in connection therewith.

14         13.    <u>Fees</u>.  Following the execution of the DrKW Agreement, the Official

15  Committee of Unsecured Creditors (the "Committee") objected to the terms of DrKW's

16  requested fees.  Upon being told of that objection, DrKW, the Debtor and the Committee

17  entered into extensive negotiations over the terms of DrKW's fees.  As a concession to the

18  Committee, DrKW has agreed to modify the terms of the DrKW Agreement and apply for

19  allowance of the Transaction Fee (as defined below) under Sections 327 and 330 of the

20  Bankruptcy Code.  The Debtor has been advised that the Committee supports the retention

21  of DrKW under the terms described herein.  Under the terms of the DrKW Agreement (as

22  modified herein), DrKW will be entitled to the following fees for its services, and the Debtor

23  seeks approval of this fee structure pursuant to Sections 327 and 328(a) of the Bankruptcy

24  Code.  DrKW has advised the Debtor that the economic structure of these fees is typical of

25  the arrangements entered into by DrKW and other investment banks in matters of this type.

26         a)     <u>Monthly Advisory Fees</u>.  Under the terms of the DrKW Agreement,

27  DrKW will be entitled to monthly financial advisory fees under Section 328 of the

28  Bankruptcy Code of (i) $350,000 for each of the first two months of the engagement, the

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
&RABKIN
A Professional Corporation

-5-

initial payment of which is due upon the execution of the DrKW Agreement, and the second

payment of which shall be due upon the one month anniversary date of the DrKW

Agreement, (ii) $300,000 for the third month, (iii) $250,000 for the fourth month, and (iv)

$200,000 for each month thereafter so long as the engagement continues, payments of which

shall be due and paid by the Debtor on each subsequent monthly anniversary date of the

DrKW Agreement.

      b)    <u>Transaction Fees</u>. Upon consummation of a plan of reorganization in the

Debtor's presently pending bankruptcy case, DrKW shall be entitled to apply for an

additional transaction fee under Sections 327 and 328 of the Bankruptcy Code of up to $20

million (the "Transaction Fee"). In no event shall DrKW be entitled to more than $20

million as a Transaction Fee.

      14.    <u>Payment of Fees</u>. Monthly Advisory Fees are to be paid by the Debtor

pursuant to the Local Rules and orders of the Court (the "Local Rules") when due without

further Order of this Court or interim application for allowance of the Monthly Advisory

Fees pursuant to Section 328 of the Bankruptcy Code. Pursuant to Section 330

*(incorporating Section 327(a)) of the Bankruptcy Code, applicable Federal Bankruptcy*

*Rules and Local Rules), DrKW will file final applications for allowance of the Transaction*

*Fee and reimbursement of its reasonable expenses in respect of its services.*

      15.    <u>Expenses</u>. DrKW also shall be entitled to monthly reimbursement of its

travel and reasonable out-of-pocket expenses incurred in connection with its activities under

or contemplated by the DrKW Agreement (including all fees, disbursements and other

charges of counsel to be retained by DrKW).

      16.    <u>Indemnity</u>. The DrKW Agreement provides that the Debtor will

indemnify and hold harmless DrKW and its affiliates, its respective directors, officers,

agents, employees and controlling persons, and each of its respective successors and assigns

(collectively, the "indemnified persons"), to the full extent lawful, from and against all

losses, claims, damages, liabilities and expenses incurred by them which (A) are related to or

arise out of (i) actions or alleged actions taken or omitted to be taken (including any untrue

-6-

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
&RABKIN
*A Professional Corporation*

statements made or any statements omitted to be made) by the Debtor or (ii) actions or alleged actions taken or omitted to be taken by an indemnified person with the Debtor's consent or in conformity with the Debtor's actions or omissions or (B) are otherwise related to or arise out of DrKW's activities under its engagement; provided, however, that the Debtor will not be responsible for any losses, claims, damages, liabilities or expenses pursuant to clause (B) above which are finally judicially determined to have resulted primarily from the gross negligence or willful misconduct of the person seeking indemnification. The Debtor and DrKW believe that such indemnification provisions are standard for engagements of this sort. See In re Joan & David Halpern, Inc., 248 B.R. 43 (Bankr. S.D.N.Y. 2000).

17. To the best of the Debtor's knowledge, information, and belief, DrKW has no connection with, and holds no interest adverse to, the Debtor, its creditors, or any other party in interest, or their respective attorneys or accountants in the matters for which DrKW is proposed to be retained, except as disclosed in the Buckfire Affidavit.

18. To the best of the Debtor's knowledge, DrKW is a "disinterested person", as such term is defined in Section 101(14) of the Bankruptcy Code and as required under Section 327(a) of the Bankruptcy Code. The Buckfire Affidavit, executed on behalf of DrKW in accordance with Section 327 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016(a), is filed contemporaneously herewith and incorporated herein by reference. The Debtor's knowledge, information, and belief regarding the matters set forth in this Application are based on, and made in reliance upon the Buckfire Affidavit.

19. The Debtor believes that the terms of the proposed engagement are consistent with those approved for other financial advisors and investment banks in matters of similar scope and complexity. Exhibit C (attached hereto) details success fees approved for investment banks advising debtors in recent significant chapter 11 cases. Exhibit C demonstrates that courts have approved success fees for investment banks advising debtors in large chapter 11 cases that range from 0.1% to 1.0% of the debtor's total liabilities. By comparison, the maximum amount of the Transaction Fee represents approximately one

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

-7-

1 tenth of one percent of the Debtor's total liabilities, placing the Transaction Fee requested
2 well within the market range for such engagements. Because the Debtor's case presents
3 novel issues that must be resolved by various bodies, including state legislative and
4 regulatory agencies, and because the Debtor's case is among the largest chapter 11
5 reorganizations with significant public policy implications, the Debtor submits that the fees
6 requested by DrKW (including the Transaction Fee) are reasonable under the circumstances.

7      20.    The Debtor submits that the appointment of DrKW on the terms and
8 conditions set forth herein is in the best interest of the Debtor, its creditors, and all parties in
9 interest

Notice

11      21.    The Debtor has served copies of this Application on the United States
12 Trustee and counsel for the Official Creditor' Committee herein.

13      22.    No previous request for the relief sought in this Application has been made
14 to this Court or any other Court.

15      WHEREFORE, the Debtor respectfully requests that the Court enter the attached
16 order authorizing the Debtor to employ and retain DrKW as its financial advisor and
17 investment banker pursuant to the terms of the DrKW Agreement (as modified herein), and
18 granting the Debtor such other relief as is just.

19 Dated: May 𝘔, 2001        PACIFIC GAS AND ELECTRIC COMPANY

21 By _____

22 Its _Senior Vice President_____

-8-

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
&RABKIN
A Professional Corporation

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

## BUCKFIRE AFFIDAVIT

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re:                                    )
                                          )   Chapter 11
PACIFIC GAS & ELECTRIC                    )
COMPANY, a California corporation         )   Case No. 01-30923 (DM)
                                          )
        Debtor.                           )
Federal I.D. Number 94-0742640            )


AFFIDAVIT OF KENNETH A. BUCKFIRE IN SUPPORT OF THE
DEBTOR'S APPLICATION FOR ORDER, UNDER
11 U.S.C. §§ 327(a), 328(a) and FED. R. BANKR. P. 2014(a), 2016 and 5002,
AUTHORIZING EMPLOYMENT AND RETENTION OF
DRESDNER KLEINWORT WASSERSTEIN, INC. AS FINANCIAL ADVISOR
AND INVESTMENT BANKER

New York, NY      )
                  } ss.
                  )

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
&RABKIN
A Professional Corporation

        Kenneth A. Buckfire, being duly sworn, declares as follows:

        1.      I am a Managing Director of Dresdner Kleinwort Wasserstein, Inc.

("DrKW"), an investment bank with principal offices located at 1301 Avenue of the

Americas, New York, New York 10019.  I make this declaration on behalf of DrKW (the

"Declaration") in support of the Application under Sections 327(a) and 328(a) of the

Bankruptcy Code for an Order authorizing the employment and retention of DrKW as

financial advisor and investment banker for Pacific Gas & Electric Company (the "Debtor")

in this chapter 11 case, pursuant to the terms and conditions set forth in the agreement dated

as of April 6, 2001, 2001 (the "DrKW Agreement"), a copy of which is attached to the

Application as Exhibit B.  Except as otherwise noted, I have personal knowledge of the

matters set forth herein.

        2.      On January 3, 2001, DrKW became an indirect, wholly owned subsidiary

of Dresdner Bank AG and part of Dresdner Kleinwort Wasserstein, the investment banking,

1  division of Dresdner Bank AG (the "Investment Banking Division"). The Investment

2  Banking Division has over 8,000 professionals in more than 30 locations around the world,

3  including a major presence in the key financial centers of London, Frankfurt and New York.

4  In the year 2000, the Investment Banking Division ranked as one of the leading global M&A

5  houses, advising on M&A deals with a total value in excess of $440 billion. DrKW is in a

6  transition period occasioned by the acquisition of DrKW by Dresdner Bank AG (the

7  "Acquisition") that affects DrKW's ability to disclose all relevant relationships in

8  connection with the Debtor or parties-in-interest in these cases. Specifically, before the

9  Acquisition, neither Dresdner Bank AG nor the Investment Banking Division maintained

10  records for the purposes of the disclosures required herein. Moreover, the Debtor is a large

11  enterprise with numerous unidentified creditors and other relationships. Thus, despite the

12  best efforts described above to identify and disclose DrKW, the Investment Banking

13  Division and Dresdner Bank AG's connections with parties-in-interest in these cases, DrKW

14  is unable to state with certainty that every client representation or connection has been

15  disclosed. In this regard, as DrKW discovers additional information (if any) that requires

16  disclosure, DrKW will file supplemental disclosures with the Court.

17      3.      On April 1, 2001, Dresdner Bank AG ("Dresdner Bank"), DrKW's

18  ultimate corporate parent, announced an agreement pursuant to which it would combine with

19  Allianz AG ("Allianz"), an entity engaged in diverse financial services businesses. That

20  transaction has not yet closed, and DrKW has neither access to Allianz's conflicts databases

21  nor any current relationship with Allianz or its subsidiaries or affiliates. DrKW has,

22  however, reviewed the lists of parties in interest provided by the Debtor to determine if

23  Allianz or any subsidiaries or affiliates of Allianz known to DrKW (based on a limited

24  review of publicly available information) are parties in interest in this case. To the best of

25  my knowledge, information and belief, there are no such parties. DrKW believes that the

26  potential future indirect relationship between it and Allianz or such entities is not material to

27  DrKW's representation of the Debtor; however, if the acquisition of Dresdner Bank by

28

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
&RABKIN
A Professional Corporation

-2-

1  Allianz is consummated prior to the consummation of this chapter 11 case, DrKW will file a
2  supplemental affidavit with this court, disclosing any relationships.

3      4.    DrKW and/or its current professionals have extensive experience working
4  with financially troubled companies in complex financial restructurings out of court and in
5  chapter 11 cases and have been involved as advisors to debtor, creditor and equity
6  constituencies and government agencies in many chapter 11 reorganization cases, including
7  Acme Metals, Inc., Avianca, Bruno's Inc., Cajun Electric Power Corporation, Cambridge
8  Industries, Carmike Cinemas, Celotex Corporation, Criimi Mae, Inc., Dow Corning
9  Corporation, Drypers, Inc., Favorite Brands International Inc., FPA Medical Management,
10  Grant Union Co., Heartland Wireless, ICG Communications, ICO Global Communication,
11  Ltd., Loewen Group, Montgomery Ward & Co., National Airlines, Osceola/Okeelanta
12  Generating Facilities, Pathmark Stores, Inc., PennCorp Financial Group, Inc., Trans World
13  Airlines, United States Office Products, and U.S. Generating Florida Partnerships.

14      5.    DrKW is well qualified to serve as the Debtor's investment banker and
15  financial advisor after the commencement of this chapter 11 case. DrKW has considerable
16  experience in assisting troubled companies with analyzing their financial situation and
17  assisting such companies in developing and implementing a financial restructuring.[3]

18      6.    To the best of my knowledge, information and belief, insofar as I have
19  been able to ascertain after due inquiry, neither I, nor DrKW, nor any member or employee
20  thereof, has any connection with the Debtor, its creditors, the United States trustee or any
21  other party with an actual or potential interest in this chapter 11 case or their respective
22  attorneys or accountants, except as set forth below or in paragraphs 7-10:

23      a)    DrKW is not and has not been employed by any entity other than the
24  Debtor in matters related to this chapter 11 case.

25

26

27      [3]   The names, positions and resident offices of the DrKW professionals currently
expected to have primary responsibility for providing services to the Debtor are listed on
Schedule 1 attached hereto and incorporated herein by reference.
28

-3-

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
&RABKIN
A Professional Corporation

b) From time to time, DrKW may perform or may have performed services for, or maintained other commercial or professional relationships with certain creditors of the Debtor and various other parties adverse to the Debtor in matters unrelated to these chapter 11 cases. As described below, however, DrKW has undertaken a detailed search to determine, and to disclose, whether it is performing or has performed services for any significant creditor, equity security holder or insider in such unrelated matters.

c) DrKW and its affiliates that are part of the Investment Banking Division have worked with, continue to work with and share mutual clients with certain law firms and accounting firms who represent parties in interest in these cases in matters unrelated to these chapter 11 cases.

d) DrKW has several hundred employees and the Investment Banking Division has over eight thousand employees. It is possible that certain of these individuals hold interests in mutual funds or other investment vehicles that may own debt or equity interests in the Debtor.

e) Some of DrKW's employees may hold a de minimis number of securities of PG&E Corp., the Debtor's corporate parent. However, none of DrKW's employees who will be active in this matter own any securities of PG&E Corp.

f) Dresdner Bank held a $37,538,440 participation interest through its New York and Grand Cayman branches in the Debtor's prepetition revolving credit facility. I am informed that Dresdner bank has, as of May 10, 2001, agreed to sell that interest to a third party.

g) In the ordinary course of its business, Dresdner Bank has, directly or thorough one of its subsidiaries or affiliates, extended loans or provided financing to creditors and parties in interest in these cases. Such relationships include loans and/or financing to other banks and loans and/or financing to power generating entities or their affiliates. In each case, the loans represent less than 0.001% of the outstanding principal amount of all outstanding loans made by Dresdner Bank and its subsidiaries and affiliates.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
&RABKIN
A Professional Corporation

-4-

h)      Dresdner Bank, in the ordinary course of its business and unrelated to this case, may hold the securities or liabilities of PG&E Corp., the Debtor's corporate parent or other parties in interest in this case in accounts on behalf of its customers.

i)      In order to maintain an investment strategy which tracks the Standard & Poor's 500 Index, Dresdner Bank holds approximately 103,000 shares of PG&E Corp., the Debtor's corporate parent. In addition, Dresdner Bank also holds shares of other Interested Parties which are listed on the Standard & Poor's 500 Index for similar purposes.

j)      Dresdner Bank holds interests in loans made to La Paloma Generating Company, La Paloma Generating Trust, Harquahala and Master Turbine Trust for the construction of power generating facilities. These entities are subsidiaries of NEG Holdings LLC, which I understand is a sister company to the Debtor. I understand that the obligors on these loans are separated from the Debtor through a holding company. The loans held by Dresdner Bank are unrelated to the Debtor's case.

7.      To identify connections in this case, (a) DrKW and its affiliates that engage in investment banking activities and that are part of the Investment Banking Division researched their client databases for the past five years and (b) DrKW issued general inquires to all of its officers and all professionals in its restructuring group to determine whether DrKW or its affiliates that are part of the Investment Banking Division had any relationships with the following entities (collectively, the "Interested Parties"):

a)      the Debtor and its nondebtor affiliates as identified to DrKW by the Debtor;

b)      the Debtor's and PG&E Corp.'s directors and senior officers and certain of their major business affiliations, as provided to DrKW by the Debtor;

c)      the Debtor's key creditors, including participants in the Debtor's secured credit facility, holders of commercial paper issued by the Debtor, and holders of unsecured claims over $5 million, as identified to DrKW by the Debtor;

d)      the Debtor's one hundred (100) largest unsecured creditors, as identified in its chapter 11 petition and as identified to DrKW by the Debtor;

-5-

Case: 01-30923    Doc# 628    Filed: 05/21/01    Entered: 05/22/01 16:08:00    Page 14 of 34

1             e)        each of the gas and power suppliers to the Debtor, as identified to DrKW

2  by the Debtor;

3             f)        the attorneys and other professionals that the Debtor and PG&E Corp., the

4  Debtor's corporate parent, have identified for employment in this chapter 11 case in

5  applications filed on the Petition Date or anticipated to be filed shortly thereafter; and

6             g)        certain of the Debtor's trade creditors, as provided to DrKW by the Debtor.

7  To the extent that DrKW's research of its relationships with the Interested Parties indicated

8  that the Investment Banking Division has been employed by or currently is employed by any

9  of these entities in matters unrelated to these chapter 11 cases, the identities of such entities

10  are set forth on Schedule 2 attached hereto and incorporated herein by reference.

11        8.      In addition to the research described in paragraph 7, to identify

12  connections in this case, DrKW has (a) checked whether any members of the Executive

13  Committee of the Investment Banking Division have any connections with the Debtor and

14  (b) requested Dresdner Bank AG and each subsidiary of Dresdner Bank AG engaged in or

15  providing banking, private equity and investment management business or services (other

16  than through the Investment Banking Division) to determine whether they currently have

17  *any material relationships with the Interested Parties.  I have been informed and, to the best*

18  *of my knowledge and belief, understand that there are no such relationships other than as*

19  *have been disclosed herein or in Schedule 2 hereto.*

20        9.      Dresdner Bank AG also has affiliations with many businesses (including

21  Allianz and its subsidiaries) that are operated separately from Dresdner Bank AG, the

22  Investment Banking Division and DrKW.  Because of the separateness of these businesses

23  from Dresdner Bank AG, the Investment Banking Division and DrKW, DrKW has not

24  determined (nor could it determine) whether such entities have any relationship with the

25  Debtor or other parties-in-interest in these cases.  Because of such separateness, DrKW does

26  *not believe that such potential relationships are material as to DrKW's representation of the*

27  Debtor.

28

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

-6-

10.     Despite the efforts described above to identify and disclose the Investment Banking Division's and Dresdner Bank AG's connections with parties in interest in these cases, because the Debtor is a large enterprise with numerous unidentified creditors and other relationships, DrKW is unable to state with certainty that every client representation or other connection has been disclosed.  In this regard, if DrKW discovers additional information that requires disclosure, DrKW will file a supplemental disclosure with the Court as promptly as possible.

11.     Neither I, nor DrKW nor any member or employee thereof, as far as I have been able to ascertain, hold or represent any interest adverse to the Debtor or its estate in the matters for which DrKW is proposed to be retained.  Accordingly, I believe that DrKW is a "disinterested person," as defined in Section 101 (14) of the Bankruptcy Code.

12.     Following the execution of the DrKW Agreement, the Official Committee of Unsecured Creditors (the "Committee") objected to the terms of DrKW's requested fees.  Upon being told of that objection, DrKW, the Debtor and the Committee entered into extensive negotiations over the terms of DrKW's fees.  As a concession to the Committee, DrKW has agreed to modify the terms of the DrKW Agreement and to apply for allowance of the Transaction Fee (as defined below) under Sections 327 and 330 of the Bankruptcy Code.  I have been advised that the Committee supports the retention of DrKW under the terms described in the Application.  Under Sections 327 and 328(a) of the Bankruptcy Code, subject to the Court's approval, DrKW intends to charge for services rendered to the Debtor in these cases pursuant to the terms and conditions of the DrKW Agreement (as modified in the Application).  The DrKW Agreement sets forth various terms for the payment of DrKW.  Under the terms of the DrKW Agreement (as modified in the Application), DrKW's compensation will entail the following:

a)     Monthly Advisory Fees.  DrKW is entitled to monthly financial advisory fees under Section 328 of the bankruptcy Code of (i) $350,000 for each of the first two months of the engagement, the initial payment of which is due upon the execution of the DrKW Agreement, and the second payment of which shall be due upon the one month

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
&RABKIN
A Professional Corporation

-7-

1  anniversary date of the DrKW Agreement, (ii) $300,000 for the third month, (iii) $250,000

2  for the fourth month, and (iv) $200,000 for each month thereafter so long as the engagement

3  continues, payments of which shall be due and paid by the Debtor on each subsequent

4  monthly anniversary date of the DrKW Agreement.

5          b)      Transaction Fees. Upon consummation of a plan of reorganization in the

6  Debtor's presently pending bankruptcy case, DrKW shall be entitled to apply for an

7  additional transaction fee under Sections 327 and 330 of the Bankruptcy Code of up to $20

8  million (the "Transaction Fee"). In no event shall DrKW been entitled to more than $20

9  million as a Transaction Fee.

10         c)      DrKW will seek reimbursement of (i) reasonable out-of-pocket expenses

11  incurred by DrKW in connection with its services in these cases (including all reasonable

12  fees and expenses of counsel and other professionals retained by DrKW, with the Debtor's

13  consent, in connection with its services in these cases) and (ii) any sales, use or similar taxes

14  incurred by DrKW in connection with its engagement as financial advisor to the Debtor, in

15  accordance with the Bankruptcy Code, the Bankruptcy Rules, and any applicable local rules

16  or orders of this Court.

17         13.     In addition to the compensation structure described above, the DrKW

18  Agreement provides that the Debtor will indemnify DrKW and certain related persons under

19  certain circumstances, provided that the loss or damage for which DrKW or such related

20  person is seeking indemnification has not resulted from DrKW's or such related person's

21  gross negligence or willful misconduct.

22         14.     The Debtor or DrKW may terminate the DrKW Agreement at any time

23  upon prior written notice to the other party. Upon any such termination of the DrKW

24  Agreement, however, the Debtor will remain obligated to pay (a) any accrued Monthly Fees

25  as of the effective date of the termination, and (b) any Transaction Fee owed in accordance

26  with the terms described in the DrKW Agreement if a plan of reorganization is

27  consummated within 24 months after such termination by the Debtor. Moreover,

28  termination of the DrKW Agreement by either party will not affect the Debtor's

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

-8-

1  reimbursement, indemnification and exculpation obligations under the DrKW Agreement

2  with respect to activities occurring prior to the effective date of termination.

3      15.    In accordance with the DrKW Agreement (as modified in the Application),

4  the Debtor proposes that the Transaction Fee shall be paid to DrKW at the time of

5  consummation of a plan of reorganization in the Debtor's pending bankruptcy case;

6  provided, however, that (a) the Transaction Fee will be subject to approval of the Court

7  under Section 327 of the Bankruptcy Code as incorporated in Section 330 of the Bankruptcy

8  Code, upon a proper application by DrKW in accordance with Sections 327 and 330 of the

9  Bankruptcy Code, Bankruptcy Rule 2016, the fee and expense guidelines established by the

10  United States Trustee and the Local Rules and Orders of the Court; (b) the Monthly

11  Advisory Fees will be paid to DrKW on an interim basis without need of further Court

12  approval under Section 328 of the Bankruptcy Code; and (c) any fees or expenses paid to

13  DrKW but not approved by the Court in a final order issued at the consummation of the

14  Debtor's bankruptcy case will be promptly returned by DrKW to the Debtor.

15      16.    In performing its services in these cases and in accordance with the terms

16  of the Engagement Letter, DrKW may from time to time utilize the services and expertise of

17  individuals who are employed by, partners in or otherwise affiliated with certain of DrKW's

18  affiliates (collectively, the "Affiliated Professionals"). Among others, the Affiliated

19  Professionals may include employees of DrKW affiliates engaged in the sale and trading of

20  securities. All fees and expenses incurred as a result of the activities of the Affiliated

21  Professionals will be charged in accordance with the DrKW Agreement and the other terms

22  and conditions described herein.

23      17.    The proposed employment of DrKW is not prohibited by or improper

24  under Bankruptcy Rule 5002. DrKW and the professionals it employs are qualified to

25  represent the Debtor in the matters for which DrKW is proposed to be employed.

26

27

28

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
&RABKIN
A Professional Corporation

-9-

18.     DrKW intends to apply to the Court for final payment of compensation and reimbursement of expenses in accordance with the terms and conditions of the DrKW Agreement, the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of this Court, and pursuant to any additional procedures that may be established by the Court in these cases.

_Kenneth A. Buckfire_
Kenneth A. Buckfire

Subscribed and sworn to
before me this 14th of May, 2001.

_Notary signature_
Notary Public

KAREN A. CROCIATA
Notary Public, State of New York
No. 01CR5040291
Qualified in Suffolk County
Certificate Filed in New York County
Commission Expires: 3/6/03

12

1

## SCHEDULE 1

2

**DrKW Professionals Currently Expected to**
**Have Primary Responsibility for Providing Services to the Debtor**

3

4

| Name | Position | Resident Office |
|------|----------|-----------------|
| Kenneth A. Buckfire | Managing Director | New York |
| Michael B. Bruder | Vice President | New York |
| Samuel M. Greene | Associate | New York |
| Ellen C. Brown | Analyst | New York |

5

6

7

8

9

10

11

12

13

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
&RABKIN
A Professional Corporation

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SCHEDULE 2**

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

## PARTIES IN INTEREST WITH RELATIONSHIPS TO
## DRESDNER KLEINWORT WASSERSTEIN, INC. AND
## ITS AFFILIATES UNRELATED TO THIS CHAPTER 11 CASE

1.      Dresdner Kleinwort Wasserstein ("DrKW")and its affiliates that are part of the Investment Banking Division may from time to time provide, or previously have provided, financial advisory services to the following entities or their respective affiliates, some or all of which may be creditors or other parties in interest in this chapter 11 case.  In each case, the revenues received (or expected to be received from the engagement are not projected to exceed 0.02% of the Investment Banking Division's projected annual revenues for calendar year 2001.

     a.  ABB
     b.  Agribrands
     c.  Blue Cross of Kansas
     d.  Blue Cross of Rhode Island
     e.  Caripolo Bank
     f.  Citigroup, eciti (a subsidiary of Citibank)
     g.  Commerzbank (participated in an offering)
     h.  Credit Lyonnais
     i.  Deutsche Bank
     j.  Duke Energy
     k.  Enron
     l.  Ernst & Young
     m.  GATX
     n.  General Electric, GE Capital Corp.
     o.  JP Morgan
     p.  KBC Bank
     q.  Lehman Brothers (DrKW acted as an advisor to a creditors committee of which Lehman Brothers was a member)
     r.  Merrill Lynch
     s.  Natwest
     t.  Sempra Energy Trading Corp.
     u.  Societe Generale
     v.  Sumitomo  (participated in an offering)
     w.  Texaco
     x.  UBS
     y.  Unicredito Italiano
     z.  Union Bank of California
     aa.  United
     bb.  Westinghouse

It is typical in its relationship with many of its clients and prospective clients that DrKW and its affiliates that are part of the Investment Banking Division are readily available to provide advice and guidance in the ordinary course of business regarding prospective deals.  DrKW will supplement its disclosure by further filings (or, if appropriate, in camera before this Court) if any

NY_DOCS\528284.4 [W97]

such matters develop into the retention of DrKW and its affiliates in the Investment Banking Division by a party in interest in this chapter 11 case. At all times, however, DrKW and its affiliates in the Investment Banking Division will not act for a client in a matter related to the Debtor and this chapter 11 case.

2.      Certain affiliates of DrKW that are part of the Investment Banking Division have from time to time made a market in and bought and sold or otherwise effected transactions for customer accounts and for their own accounts in the securities and/or liabilities of the Debtor (such affiliates, the "Sales and Trading Affiliates"). The Sales and Trading Affiliates, however, are not and were not an investment banker for any outstanding security of the Debtor in connection with the offer, sale or issuance of a security of the Debtor. Thus, the Sale and Trading Affiliates' activities relating to the securities of the Debtor do not present a conflict of interest such that DrKW should be disqualified from providing the services described in the DrKW Agreement. In addition, the Sales and Trading Affiliates may buy or sell or otherwise effect transactions in the securities and/or liabilities of the Debtor on an unsolicited basis for customer accounts. A customary securities "information wall" exists between DrKW and the Sales and Trading Affiliates.

3.      The Sales and Trading Affiliates may have acted or may from time to time act as an underwriter or may have made or may from time to time make a market in, have a short or long position in, buy or sell or otherwise effect transactions for customers accounts and for their own accounts in the securities of creditors or other parties in interest in this chapter 11 case wholly unrelated to this case or DrKW's financial advisory services for the Debtor.

4.      Certain of the creditors and other parties in interest in this chapter 11 case are actively engaged in the purchase and sale of debt securities and liabilities. The Sales and Trading Affiliates are a leading dealer of such instruments and accordingly have trading relationships with certain entities or their affiliates, which may be creditors or other parties in interest in this chapter 11 case.

5.      An affiliate of DrKW that is part of the Investment Banking Division has from time to time acted as a broker for the purchase and sale of the assets of creditors or other parties in interest in this chapter 11 case which are subject to leasing agreements, such as aircraft and railway cars.

6.      An affiliate of DrKW that is part of the Investment Banking Division has from time to time managed investments for clients and purchased or sold securities on behalf of those clients who may be creditors or other parties in interest in this chapter 11 case. In addition, this affiliate has from time to time purchased or sold the securities of creditors or other parties in interest in this chapter 11 case on behalf of its clients, and currently holds positions in the securities of creditors or other parties in interest in this chapter 11 case on behalf of its clients. The amount of such holdings does not require disclosure under Section 13(g) of the Securities Exchange Act of 1934.

# EXHIBIT B

## DRKW AGREEMENT

NY_DOCS\523230.9 [W97]

�**△**  Dresdner Kleinwort Wasserstein

Dresdner Kleinwort Wasserstein, Inc.
1301 Avenue of the Americas
New York, NY 10019-6118

Telephone: (212) 969 2700
Telefax: (212) 702 5622

April 6, 2001

Mr. Kent Harvey
Chief Financial Officer & Treasurer
Pacific Gas and Electric Company
77 Beale Street
San Francisco, CA 94105

Dear Mr. Harvey:

This letter confirms our understanding that Dresdner Kleinwort Wasserstein, Inc. ("DrKW") has been engaged by Pacific Gas and Electric Company (the "Company") as financial advisor and investment banker to assist the Company in its analysis and consideration of a Restructuring (as defined below). For purposes of this agreement, the term "Restructuring" shall mean consummation of a plan of reorganization in the presently pending chapter 11 case of the Company. References herein to the "Company" include subsidiaries of the Company and any entity that the Company or any of its subsidiaries may form or invest in to pursue any of the matters contemplated hereby. If appropriate in connection with performing its services for the Company hereunder, DrKW may utilize the services of one or more of its affiliates, in which case references herein to DrKW shall as applicable be deemed to include such affiliates.

1. DrKW, in its capacity as financial advisor to the Company, will perform the following financial advisory services:

   (A) DrKW will meet with the Company's management and familiarize itself to the extent it deems necessary, appropriate and feasible with the business, operations, properties, financial condition and prospects of the Company; and

   (B) DrKW will:

      i. provide financial advice and assistance to the Company in developing and seeking approval of a Restructuring plan (as the same may be modified from time to time, a "Plan"), which may be a plan under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et. Seq. (the "Bankruptcy Code");

      ii. if requested by the Company, in connection therewith, provide financial advice and assistance to the Company in structuring any new securities to be issued under the Plan;

      iii. if requested by the Company, assist the Company and/or participate in negotiations with entities or groups affected by the Plan; and

      iv. if requested by the Company, participate in hearings before the bankruptcy court, the California Public Utilities Commission and legislative bodies with respect to the matters upon which DrKW has

provided advice, including, as relevant, coordinating, with the Company's counsel with respect to testimony in connection therewith.

In rendering its services to the Company hereunder, DrKW is not assuming any responsibility for the Company's underlying business decision to pursue any business strategy or to effect any transaction.

The Company shall make available to DrKW all information concerning the business, assets, operations, financial condition and prospects of the Company that DrKW reasonably requests in connection with the services to be performed for the Company hereunder, and shall provide DrKW with reasonable access to the Company's officers, directors, employees, independent accountants and other advisors and agents as DrKW shall deem appropriate. The Company represents that all information furnished by it or on its behalf to DrKW will be accurate and complete in all material respects.

In order to coordinate effectively the Company's and DrKW's activities to effect a transaction, the Company will use commercially reasonable efforts to promptly inform DrKW of any discussions, negotiations or inquiries regarding a possible transaction (including any such discussions, negotiations or inquiries that have occurred in the six month period prior to the date of this agreement).

2.   DrKW's compensation for services under this engagement will be as follows:

    (A)   A monthly fee of (i) $350,000 for each of the first two months of the engagement, the initial payment of which is due and shall be paid by the Company upon the execution of this agreement, and the second payment of which shall be due and paid by the Company on the one month anniversary of the date of this agreement, (ii) $300,000 for the third month, (iii) $250,000 for the fourth month, and (iv) $200,000 for each month thereafter so long as the engagement continues, payments of which shall be due and paid by the Company on each subsequent monthly anniversary of the date of this agreement.

    (B)   The transaction fee shall be $20 million payable upon the Restructuring. The transaction fees described herein shall be payable on the closing date of the consummation of the Restructuring, and in no event shall DrKW be entitled to more than one transaction fee hereunder.

3.   In addition to any fees payable by the Company to DrKW hereunder, the Company shall, whether or not any transaction shall be proposed or consummated, reimburse DrKW on a monthly basis for its travel and other reasonable out-of-pocket expenses (including all fees, disbursements and other charges of counsel to be retained by DrKW, and of other consultants and advisors retained by DrKW with the Company's consent), incurred in connection with, or arising out of DrKW's activities under or contemplated by, this engagement. The Company shall also reimburse DrKW, at such times as DrKW shall request, for any sales, use or similar taxes (including additions to such taxes, if any) arising in connection with any matter referred to in, or contemplated by, this engagement. Such reimbursements shall be made promptly upon submission by DrKW of statements therefor.

<u>2</u>

4.  The Company recognizes and confirms that, in advising the Company and in completing its engagement hereunder, DrKW will be using and relying on publicly available information and on data, material, and other information furnished to DrKW by the Company and other parties. It is understood that in performing under this engagement DrKW may assume and rely upon the accuracy and completeness of, and is not assuming any responsibility for independent verification of, such publicly available information and the other information so furnished.

5.  The Company and DrKW have entered into a separate indemnification agreement, dated the date hereof and attached hereto, providing for the indemnification by the Company of DrKW and certain related persons. Such indemnification agreement is an integral part of this agreement and the terms thereof are incorporated by reference herein. As stated therein, such indemnification agreement shall survive any termination or completion of DrKW's engagement hereunder.

6.  The Company shall use its best efforts to promptly apply to the bankruptcy court having jurisdiction over the Chapter 11 case or cases (the "Bankruptcy Court") for the approval pursuant to sections 327 and 328 of the Code of this agreement and DrKW's retention by the Company under the terms of this agreement, and subject to the standard of review provided for in Section 328(a) of the Code, and not subject to any other standard of review under section 330 of the Bankruptcy Code. The Company shall supply DrKW with a draft of such application and any proposed order authorizing DrKW's retention that is proposed to be submitted to the Bankruptcy Court sufficiently in advance of the filing of such application or the submission of such order as the case maybe, to enable DrKW and its counsel to review and comment thereon. DrKW shall have no obligation to provide, and Company shall have no obligation to pay for, any services under this agreement unless DrKW's retention under the terms of this agreement is approved under Section 328(a) of the Code by a final order of the Bankruptcy Court no longer subject to appeal, rehearing, reconsideration or petition for certiorari, and/or which is acceptable to DrKW, in all respects. DrKW acknowledges that in the event that the Bankruptcy Court approves its retention by the Company, DrKW's fees and expenses shall be subject to the jurisdiction and approval of the Bankruptcy Court under Section 328(a) of the Code and any applicable fee and expense guideline orders.

7.  This agreement and DrKW's engagement hereunder may be terminated by either the Company or DrKW at any time upon prior written notice thereof to the other party; provided, however, that (i) termination of DrKW's engagement hereunder shall not affect the Company's continuing obligation to indemnify DrKW and certain related persons as provided in the separate letter agreement referred to above, and its continuing obligations and agreements under paragraph 8 hereof, (ii) notwithstanding any such termination, DrKW shall be entitled to the full monthly retainer fees theretofore paid or then due and payable to it as specified in subparagraph 2(A) hereof, and to the full transaction fees agreed upon or provided for in subparagraph 2(B) hereof in the event that at any time within the 24 full months of such termination, a Restructuring is consummated, and (iii) termination of DrKW's engagement hereunder shall not affect the Company's obligation to reimburse the expenses accruing prior to such termination to the extent provided for herein.

8.  DrKW has been retained under this agreement as an independent contractor with no fiduciary or agency relationship to the Company or to any other party. The advice (written or oral) rendered by DrKW pursuant to this agreement is intended solely for the benefit and use of senior management and the Board of Directors of the Company in

Case: 01-30923   Doc# 628   Filed: 05/21/01   Entered: 05/22/01 16:08:00   Page 27 of 34

considering the matters to which this agreement relates, and the Company agrees that such advice may not be relied upon by any other person, used for any other purpose or reproduced, disseminated, quoted or referred to at any time, in any manner or for any purpose, nor shall any public references to DrKW be made by the Company without the prior written consent of DrKW.

9.  DrKW was selected for this engagement by Company in part in reliance upon the expertise of Kenneth A. Buckfire. DrKW agrees not to remove Mr. Buckfire from performing work under this agreement without first obtaining the written agreement of the Company. In the event that Mr. Buckfire ceases for any reason to be the Managing Director responsible for and materially participating in the services described herein, without the Company's prior written consent, then the Company shall have the right to terminate the agreement under paragraph 7 hereunder, except that the Company shall not be liable for any transaction fees as contemplated by subparagraph 2(B) hereof, even if the amount of such fees have been agreed upon.

10. The Company agrees that DrKW shall have the right to place advertisements in financial and other newspapers and journals at its own expense describing its services to the Company hereunder, provided that DrKW will submit a copy of any such advertisement to the Company for its prior written approval.

11. This agreement shall be deemed made in New York. This agreement and all controversies arising from or relating to performance under this agreement shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to such state's rules concerning conflicts of laws that might provide for any other choice of law. The Company hereby irrevocably consents to personal jurisdiction in the Supreme Court of the State of New York in New York County, Commercial Part, or any Federal court sitting in the Southern District of New York for the purposes of any suit, action or other proceeding arising out of this agreement or any of the agreements or transactions referred to herein or contemplated hereby, which is brought by or against the Company, hereby waives any objection to venue with respect thereto, and hereby agrees that all claims in respect of any such suit, action or proceeding shall be heard and determined in any such court, and that such courts shall have exclusive jurisdiction over any claims arising out of or relating to such agreements or transactions. The Company hereby irrevocably consents to the service of process of any of the aforementioned courts in any such suit, action or proceeding by the mailing of copies thereof by registered or certified mail, postage prepaid, to the Company at its address set forth above, such service to become effective ten (10) days after such mailing. ANY RIGHT TO TRIAL BY JURY WITH RESPECT TO ANY CLAIM OR ACTION ARISING OUT OF THIS AGREEMENT OR CONDUCT IN CONNECTION WITH THIS ENGAGEMENT IS HEREBY WAIVED.

12. This agreement may be executed in counterparts, each of which together shall be considered a single document. This agreement shall be binding upon DrKW and the Company and their respective successors and assigns. This agreement is not intended to confer any rights upon any shareholder, creditor, owner, partner of the Company, or any other person not a party hereto other than the indemnified persons referenced in the indemnification agreement referred to above.

13. It is understood and agreed that DrKW and its affiliates may from time to time make a market in, have a long or short position in, buy and sell or otherwise effect transactions for customer accounts and for their own accounts in the securities of, or perform

Case: 01-30923   Doc# 628   Filed: 05/21/01   Entered: 05/22/01 16:08:00   Page 28 of 34

investment banking or other services for, the Company and other entities which are or may be the subject of the engagement contemplated by this agreement.

We are pleased to accept this engagement and look forward to working with the Company. Please confirm that the foregoing is in accordance with your understanding by signing and returning to us the enclosed duplicate of this letter, which shall thereupon constitute a binding agreement between the Company and DrKW.

Very truly yours,

DRESDNER KLEINWORT WASSERSTEIN, INC.

By: *Kenneth A. Buckfire*

Name: Kenneth A. Buckfire
Title: Managing Director

ACCEPTED AND AGREED TO:
PACIFIC GAS AND ELECTRIC COMPANY

By: _____

Name: KENT M. HARVEY
Title: SVP-CFO AND TREASURER

<u>5</u>

April 6, 2001

Dresdner Kleinwort Wasserstein, Inc.
1301 Avenue of the Americas
New York, NY 10019

Gentlemen:

In connection with your engagement as our financial advisor pursuant to a separate agreement between you and us, we hereby agree to indemnify and hold harmless Dresdner Kleinwort Wasserstein, Inc. ("DrKW") and its affiliates, their respective directors, officers, agents, employees and controlling persons, and each of their respective successors and assigns (collectively, the "indemnified persons"), to the full extent lawful, from and against all losses, claims, damages, liabilities and expenses incurred by them which (A) are related to or arise out of (i) actions or alleged actions taken or omitted to be taken (including any untrue statements made or any statements omitted to be made) by us or (ii) actions or alleged actions taken or omitted to be taken by an indemnified person with our consent or in conformity with our actions or omissions or (B) are otherwise related to or arise out of DrKW's activities under DrKW's engagement. We will not be responsible, however, for any losses, claims, damages, liabilities or expenses pursuant to clause (B) of the preceding sentence which are finally judicially determined to have resulted primarily from the gross negligence or willful misconduct of the person seeking indemnification hereunder. We also agree that no indemnified person shall have any liability to us for or in connection with such engagement or any transactions or conduct in connection therewith except for losses, claims, damages, liabilities or expenses incurred by us which are finally judicially determined to have resulted primarily from the gross negligence or willful misconduct of such indemnified person.

After receipt by an indemnified person of notice of any complaint or the commencement of any action or proceeding with respect to which indemnification is being sought hereunder, such person will notify us in writing of such complaint or of the commencement of such action or proceeding, but failure so to notify us will relieve us from any liability which we may have hereunder only if, and to the extent that such failure results in the forfeiture by us of substantial rights and defenses, and will not in any event relieve us from any other obligation or liability that we may have to any indemnified person otherwise than under this letter agreement. If we so elect or are requested by such indemnified person, we will assume the defense of such action or proceeding, including the employment of counsel reasonably satisfactory to DrKW and the payment of the fees and disbursements of such counsel. In the event, however, such indemnified person reasonably determines in its judgment that having common counsel would present such counsel with a conflict of interest or if the defendants in, or targets of, any such action or proceeding include both an indemnified person and us, and such indemnified person reasonably concludes that there may be legal defenses available to it or other indemnified persons that are different from or in addition to those available to us, or if we fail to assume the defense of the action or proceeding or to employ counsel reasonably satisfactory to such indemnified person, in either case in a timely manner, then such indemnified person may employ separate counsel to represent or defend it in any such action or proceeding and we will pay the fees and disbursements of such counsel; provided, however, that we will not be required to pay the fees and disbursements of more than one separate counsel (in addition to local counsel) for all indemnified persons in any jurisdiction in any single action or proceeding. In any action or proceeding the defense of which we assume, the indemnified person will have the right to participate in such litigation and to retain its own counsel at such indemnified person's own expense. We further agree that we will not, without the prior written consent of DrKW, settle or compromise or consent to the entry of any judgment in any pending or threatened claim, action, suit or proceeding in respect of which indemnification or contribution may be sought hereunder (whether or not DrKW or any other indemnified person is an actual or potential party to such claim, action, suit or proceeding) unless such settlement, compromise or consent includes an unconditional release of DrKW and each other indemnified person hereunder from all liability arising out of such claim, action, suit or proceeding.

We agree that if any indemnification sought by an indemnified person pursuant to this letter agreement is held by a court to be unavailable for any reason other than as specified in the second sentence of the first paragraph of this letter agreement, then (whether or not DrKW is the indemnified person), we and DrKW will contribute to the losses, claims, damages, liabilities and expenses for which such indemnification is held unavailable (i) in such proportion as is appropriate to reflect the relative benefits to us, on the one hand, and DrKW, on the other hand, in connection with DrKW's engagement referred to above, or (ii) if the allocation provided by clause (i) above is not permitted by applicable law, in such proportion as is appropriate to reflect not only the relative benefits referred to in clause (i), but also the relative fault of us, on the one hand, and DrKW, on the other hand, as well as any other relevant equitable considerations; provided however, that in any event the aggregate contribution of all indemnified persons, including DrKW, to all losses, claims, damages, liabilities and expenses with respect to which contribution is available hereunder will not exceed the amount of fees actually received by DrKW from us pursuant to DrKW's engagement referred to above. It is hereby agreed that for purposes of this paragraph, the relative benefits to us, on the one hand, and DrKW, on the other hand, with respect to DrKW's engagement shall be deemed to be in the same

proportion as (i) the total value paid or proposed to be paid or received by us or our stockholders, claims holders or contract parties, as the case may be, pursuant to the transaction, whether or not consummated, for which DrKW is engaged to render financial advisory services, bears to (ii) the fee paid or proposed to be paid to DrKW in connection with such engagement. It is agreed that it would not be just and equitable if contribution pursuant to this paragraph were determined by pro rata allocation or by any other method which does not take into account the considerations referred to in this paragraph.

We further agree that we will promptly reimburse DrKW and any other indemnified person hereunder for all expenses (including fees and disbursements of counsel) as they are incurred by DrKW or such other indemnified person in connection with investigating, preparing for or defending, or providing evidence in, any pending or threatened action, claim, suit, investigation or proceeding in respect of which indemnification or contribution may be sought hereunder (whether or not DrKW or any other indemnified person is a party or a witness) and in enforcing this agreement.

Our indemnity, contribution, reimbursement and other obligations under this letter agreement shall be in addition to any liability that we may otherwise have, at common law or otherwise, and shall be binding on our successors and assigns.

Solely for purposes of enforcing this letter agreement, we hereby consent to personal jurisdiction of, service in and waive any objection to venue in any court in which any claim or proceeding which is subject to, or which may give rise to a claim for indemnification or contribution under, this letter agreement is brought against DrKW or any other indemnified person.

This letter agreement shall be deemed made in New York. This letter agreement and all controversies arising from or relating to performance under this letter agreement shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to such state's rules concerning conflicts of laws. ANY RIGHT TO TRIAL BY JURY WITH RESPECT TO ANY CLAIM OR ACTION ARISING OUT OF THIS LETTER AGREEMENT OR ANY ENGAGEMENT OF DRKW IS HEREBY WAIVED.

If multiple claims are brought against you or any other indemnified person in an arbitration, with respect to at least one of which indemnification is permitted under applicable law and provided under this letter agreement, we agree that any arbitration award shall be conclusively deemed to be based on claims as to which indemnification is permitted and provided for, except to the extent that the arbitration award expressly states that the award, or any portion thereof, is based solely on a claim as to which indemnification is not available.

The provisions of this letter agreement shall apply to the above-mentioned engagement, activities relating to the engagement occurring prior to the date hereof, and any subsequent modification of or amendment to such engagement, and shall remain in full force and effect following the completion or termination of DrKW's engagement.

Very truly yours,

PACIFIC GAS AND ELECTRIC COMPANY

By:  _____
    Name: KENT M. HARVEY
    Title: SVP-CFO AND TREASURER

Accepted:

DRESDNER KLEINWORT WASSERSTEIN, INC.

By: _____
    Name: Kenneth A. Buckfire
    Title: Managing Director

## EXHIBIT C

## Recently Approved Chapter 11 Investment Banker Fees ($MMs)

| Date | Debtor | Banker | Total Liabilities[4] | Success Fee | Success Fee as % of Liabilities |
|---|---|---|---|---|---|
| 14-Mar-01 | Vlasic Foods | Lazard Freres | 649.6 | 5.0 | 0.8% |
| 31-Jan-01 | Carmike Cinemas | DrKW | 653.0 | 3.5 | 0.5% |
| 29-Jan-01 | Waste Systems Int'l[5] | Gordian Group | 167.0 | 1.0 | 0.6% |
| 19-Dec-00 | ICG Communications | DrKW | 3,000.0 | 14.0 | 0.5% |
| 5-Dec-00 | Pillowtex | E&Y Capital | 1,400.0 | 6.3 | 0.5% |
| 23-Nov-00 | Owens Corning | Lazard Freres | 5,710.0 | 10.0 | 0.2% |
| 23-Aug-00 | Multicare AMC | CSFB (DLJ) | 100.0 | 0.7 | 0.7% |
| 21-Aug-00 | Heilig-Meyers | Lazard Freres | 836.0 | 8.0 | 1.0% |
| 3-Aug-00 | Pathmark Stores | DrKW | 2,000.0 | 6.5 | 0.3% |
| 22-Jun-00 | Sunterra Corp. | Chanin | 830.0 | 4.8 | 0.6% |
| 11-May-00 | Medical Resources | Lazard Freres | 157.0 | 1.6 | 1.0% |
| 25-Apr-00 | Key Plastics | Rothschild | 350.0 | 2.6 | 0.8% |
| 23-Feb-00 | Ameriserve Food Dist. | HLHZ | 1,500.0 | 9.8 | 0.7% |
| 14-Feb-00 | Integrated Health Services | UBS | 4,100.0 | 14.4 | 0.4% |
| 2-Feb-00 | Vencor | Blackstone | 1,400.0 | 1.5 | 0.1% |
| 27-Jan-00 | Harnischfeger | Blackstone | 2,200.0 | 5.0 | 0.2% |
| 7-Oct-99 | Iridium | CSFB (DLJ) | 3,000.0 | 8.5 | 0.3% |
| 1-Jun-99 | Loewen Group | DrKW | 2,300.0 | 6.5 | 0.3% |

| | | | | | |
|---|---|---|---|---|---|
| | | **High** | $  5,710.0 | $ 21.5 | 1.0% |
| | | **Low** | 100.0 | 0.7 | 0.1% |

| | | | | | |
|---|---|---|---|---|---|
| Implied Restructuring Fee [6] | PG&E | DrKW | 15,501.0 | 20.0S | 0.1% |

---

4    Total Liabilities are approximations.
5    Contingent on restructuring terms being agreed to within 9 months and 15 days of the engagement.
6    Total Liabilities assumed as of 10-Q filed for period ending 9/30/2000.

WD 051801/1-1419903/42/918692/v1

-1-

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
&RABKIN
A Professional Corporation

## Chapter 11 Investment Banker Fees (*$MMs*)

### Selected Debtor Side Assignments (1999-Present)

| Date | Debtor | Banker | Total Liabilities[1] | Success Fee | Success Fee as % of Liabilities |
|---|---|---|---|---|---|
| 3-Apr-01 | Undisclosed[2] | Blackstone | $ 1,339.0 | $ 12.0 | 0.9% |
| 19-Mar-01 | PSINet[2] | DrKW | 4,600.0 | 12.8 | 0.3% |
| 14-Mar-01 | Vlasic Foods | Lazard Freres | 649.6 | 5.0 | 0.8% |
| 31-Jan-01 | Carmike Cinemas | DrKW | 653.0 | 3.5 | 0.5% |
| 29-Jan-01 | Waste Systems Int'l[3] | Gordian Group | 167.0 | 1.0 | 0.6% |
| 19-Dec-00 | ICG Communications | DrKW | 3,000.0 | 14.0 | 0.5% |
| 5-Dec-00 | Pillowtex | E&Y Capital | 1,400.0 | 6.3 | 0.5% |
| 23-Nov-00 | Owens Corning | Lazard Freres | 5,710.0 | 10.0 | 0.2% |
| 23-Aug-00 | Multicare AMC | CSFB (DLJ) | 100.0 | 0.7 | 0.7% |
| 21-Aug-00 | Heilig-Meyers | Lazard Freres | 836.0 | 8.0 | 1.0% |
| 3-Aug-00 | Pathmark Stores | DrKW | 2,000.0 | 6.5 | 0.3% |
| 22-Jun-00 | Sunterra Corp. | Chanin | 830.0 | 4.8 | 0.6% |
| 11-May-00 | Medical Resources | Lazard Freres | 157.0 | 1.6 | 1.0% |
| 25-Apr-00 | Key Plastics | Rothschild | 350.0 | 2.6 | 0.8% |
| 23-Feb-00 | Ameriserve Food Dist. | HLHZ | 1,500.0 | 9.8 | 0.7% |
| 14-Feb-00 | Integrated Health Services | UBS | 4,100.0 | 14.4 | 0.4% |
| 2-Feb-00 | Vencor | Blackstone | 1,400.0 | 1.5 | 0.1% |
| 27-Jan-00 | Harnischfeger | Blackstone | 2,200.0 | 5.0 | 0.2% |
| 7-Oct-99 | Iridium | CSFB (DLJ) | 3,000.0 | 8.5 | 0.3% |
| 27-Aug-99 | ICO Global | DrKW | 600.0 | 21.5 | 3.6% |
| 1-Jun-99 | Loewen Group | DrKW | 2,300.0 | 6.5 | 0.3% |
| | | **High** | $ 5,710.0 | $ 21.5 | 3.6% |
| | | **Low** | 100.0 | 0.7 | 0.1% |
| | | **Mean** | 1,777.6 | 7.2 | 0.7% |
| Implied Restructuring Fee [4] | PG&E | DrKW | 15,501.0 | 20.0 | 0.1% |

---

[1]    Total Liabilities are approximations.
[2]    Companies have not yet filed for chapter 11, but have signed engagement letters with advisors.
[3]    Contingent on restructuring terms being agreed to within 9 months and 15 days of the engagement.
[4]    Total Liabilities assumed as of 10-Q filed for period ending 9/30/2000.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
&RABKIN
A Professional Corporation

**PROOF OF SERVICE BY MAIL**

1  
2       I am employed in the City and County of San Francisco, State of California. I am over

3  the age of eighteen (18) years and not a party to the within action; my business address is

4  Three Embarcadero Center, 7th Floor, San Francisco, California 94111-4065.

5       I am readily familiar with the practice for collection and processing of documents for

6  mailing with the United States Postal Service of Howard, Rice, Nemerovski, Canady, Falk &

7  Rabkin, A Professional Corporation, and that practice is that the documents are deposited

8  with the United States Postal Service with postage fully prepaid the same day as the day of

9  collection in the ordinary course of business.

10     On May 21, 2001, I served the foregoing document(s) described as DEBTOR'S

11  APPLICATION FOR AN ORDER PURSUANT TO SECTIONS 327(a) AND 328(a) OF

12  THE BANKRUPTCY CODE AUTHORIZING THE RETENTION AND EMPLOYMENT

13  OF DRESDNER KLEINWORT WASSERSTEIN, INC AS FINANCIAL ADVISOR AND

14  INVESTMENT BANKER on the persons listed below by placing the document(s) for

15  deposit in the United States Postal Service through the regular mail collection process at the

16  law offices of Howard, Rice, Nemerovski, Canady, Falk & Rabkin, A Professional

17  Corporation, located at Three Embarcadero Center, 7th Floor, San Francisco, California, to

18  be served by mail addressed as follows:

19

20  Stephen Johnson             Robert J. Moore, Esq.  
        Office of the U. S. Trustee      Milbank, Tweed, Hadley & McCloy

21  250 Montgomery Street       601 South Figueroa Street  
        San Francisco, CA 94104      Los Angeles, CA 90017

22     I declare under penalty of perjury that the foregoing is true and correct. Executed at

23  San Francisco, California on May 21, 2001.

24

25

26                         Janet S. Maslow

27

28

WD 042001/1-1419903/42/912136/v1