FILED

01 JUN 13 PM 12:19

RICHARD G. CASADY, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DIST. OF CA.
SAN FRANCISCO, CA.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                    ) Bankruptcy Case
                                         ) No. 01-30923DM
PACIFIC GAS & ELECTRIC COMPANY,          )
                                         ) Chapter 11
                         Debtor.         )
_____)

MEMORANDUM DECISION ON MOTION FOR ORDER
EXTENDING TIME TO ASSUME, ASSUME AND ASSIGN,
OR REJECT REAL PROPERTY LEASES

The court has reviewed the Debtor's May 23, 2001, Motion For Order Extending Time To Assume, Assume And Assign, Or Reject Real Property Leases, the supporting memorandum and declaration (collectively "Motion"). As of the last day for any party in interest to oppose the Motion, the only opposition is that of Regency Centers, LP ("Regency") as the owner and landlord of the Strawflower Village Shopping Center.

Since no other party has opposed the Motion, and the court can treat Regency's concerns without the need for a hearing, the Motion is hereby dropped from the June 20, 2001, at 9:30 a.m. calendar. The Motion is granted in part, in that (except as to Regency) Debtor's time to assume, assume and assign, or reject the Leases (as defined and described in the Motion) is extended to and until October 5, 2001. This extension is without prejudice to the

-1-

Case: 01-30923   Doc# 863   Filed: 06/13/01   Entered: 06/13/01 14:21:00   Page 1 of 3

Debtor's seeking a further extension prior to that deadline or filing a Plan of Reorganization by that deadline and including in that Plan of Reorganization its intentions regarding assumption, assumption and assignment, or rejection of any of the Leases described in the Motion.

As to Regency, the concerns set forth in its opposition are well taken. Debtor may have to and until August 31, 2001, to move to assume, assume and assign, or reject Regency's lease; provided, however, if it is not in a position to commit itself as to Regency's lease at the Strawflower Village Shopping Center by August 31, 2001, then it may not move to reject that lease until after December 31, 2001. The court makes no ruling on Regency's request that Debtor comply with the terms, covenants and conditions of the lease through the effective date of any rejection. See 11 U.S.C. § 365(d)(3).

Counsel for Debtor should submit a form of order consistent with this Memorandum Decision, and as to Regency, counsel should comply with B.L.R. 9022-1.

Dated: June 13, 2001

_____
Dennis Montali
United States Bankruptcy Judge

I, the undersigned, a regularly appointed and qualified clerk in the office of the Bankruptcy Judge of the United States Bankruptcy Court for the Northern District of California, at San Francisco, hereby certify:

That I, in the performance of my duties as such clerk, served a copy of the foregoing document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's Office, or by facsimile to the facsimile numbers listed below, at San Francisco, California, on the date shown below.

Dated: June 13, 2001

Dorothy A. Timo

Jeffrey L. Schaffer, Esq.
Gary M. Kaplan, Esq.
Howard, Rice, Nemerovski, Canady, Falk & Rabkin
Three Embarcadero Ctr., 7th Fl.
San Francisco, CA 94111-4065

Nancy J. Newman, Esq.
Gregory K. Jung, Esq.
Steinhart & Falconer LLP
333 Market St., 32nd Fl.
San Francisco, CA 94105-2150

Robert Jay Moore, Esq.
Milbank, Tweed, Hadley & McCloy
601 S. Figueroa St., 30th Fl.
Los Angeles, CA 90017-5735

Office of the United States Trustee
250 Montgomery St., Ste. 1000
San Francisco,, CA 94104