JAMES L. LOPES (No. 63678)
JEFFREY L. SCHAFFER (No. 91404)
JANET A. NEXON (No. 104747)
WILLIAM J. LAFFERTY (No. 120814)
HOWARD, RICE, NEMEROVSKI, CANADY,
    FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4065
Telephone: 415/434-1600
Facsimile: 415/217-5910

Attorneys for Debtor and Debtor in Possession
PACIFIC GAS AND ELECTRIC COMPANY

FILED
AUG 1 5 2001
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PACIFIC GAS AND ELECTRIC COMPANY, a California corporation,<br><br>Debtor.<br><br>Federal I.D. No. 94-0742640 | No. 01-30923 DM<br><br>Chapter 11 Case |

DEBTOR'S APPLICATION FOR AN ORDER
AUTHORIZING THE RETENTION AND EMPLOYMENT OF
ROTHSCHILD INC. AS FINANCIAL ADVISOR AND INVESTMENT BANKER

Pacific Gas and Electric Company, debtor and debtor in possession (the "Debtor"), hereby moves this Court, pursuant to Section 327(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authority to retain Rothschild Inc. ("Rothschild") as financial advisor and investment banker. In support of this Application, the Debtor respectfully represents as follows:

1.   On April 6, 2001 (the "Petition Date"), the Debtor commenced its reorganization case by filing a voluntary petition for relief under chapter 11 of the

WD 081001/1-1419903/120/932094/v4

Bankruptcy Code. The Debtor continues to operate its business and manage its property as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief requested herein is Section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014.

4. The facts supporting the relief sought in this Application, as summarized below, are set forth in the Declaration of David L. Resnick, a Managing Director of Rothschild (the "Resnick Declaration"), attached as Exhibit "A" hereto and incorporated by reference herein.

5. By this Application, the Debtor seeks authorization to retain and employ Rothschild as its investment banker and financial advisor, effective July 25, 2001, pursuant to Section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014. The services of Rothschild are necessary in order to enable the Debtor to execute its duties as debtor in possession.

6. Rothschild and/or its current professionals have extensive experience working with financially troubled companies in complex financial restructurings out of court and in chapter 11 cases and have been involved as advisors to debtor, creditor and equity constituencies in many chapter 11 reorganization cases.

7. The Debtor seeks to retain Rothschild as its investment banker and financial advisor because, among other things, Rothschild and its senior professionals have an excellent reputation for providing high quality financial advisory services to debtors and creditors in bankruptcy reorganizations and other debt restructurings.

8. The Debtor seeks this Court's approval of its retention of Rothschild, pursuant to the terms of the engagement letter dated July 25, 2001, annexed hereto as Exhibit "B" (the "Rothschild Agreement").

9. Services. The services to be provided by Rothschild in these cases, as more fully described in the Rothschild Agreement, include the following:[1]

a) Financial Advisory Services. As requested by the Debtor, Rothschild will, to the extent it deems necessary, appropriate and feasible, familiarize itself with the business, operations, properties, financial condition and prospects of the Debtor; and

b) Restructuring Services. In the Debtor's pursuit of a Restructuring (as defined in the Rothschild Agreement), Rothschild will:

i) provide financial advice and assistance to the Debtor in developing and seeking approval of a reorganization plan (as the same may be modified from time to time (a "Plan"), which may be a plan under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§101 et. seq. (the "Bankruptcy Code");

ii) evaluate the Debtor's debt capacity in light of its projected cash flows and assist in the determination of an appropriate capital structure for the Debtor;

iii) if requested by the Debtor, in connection therewith, provide financial advice and assistance to the Debtor in structuring any new securities to be issued under the Plan;

iv) assist the Debtor and its other professionals in determining a range of values for the Debtor and any securities that the Debtor offers or proposes to offer in connection with the Plan or other transaction;

v) if requested by the Debtor, assist the Debtor and/or participate in meetings and negotiations with entities or groups affected by the Plan, including, without limitation, the Debtor's Board of Directors, any current or prospective creditors of, holders of equity interests in, or claimants against the Debtor and/or their respective representatives in connection with the Plan or other transaction;

---

[1] The following is only a summary. Please refer to the Rothschild Agreement for a complete description of the proposed terms of Rothschild's engagement.

WD 081001/1-1419903/120/932094/v4

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

vi) if requested by the Debtor, participate in hearings before the Bankruptcy Court, the California Public Utilities Commission and legislative bodies with respect to the matters upon which Rothschild has provided advice, including, as relevant, coordinating with Debtor's counsel with respect to testimony in connection therewith; and

vii) render such other financial advisory and investment banking services as may be agreed upon by Rothschild and the Debtor in connection with the foregoing.

10. <u>Fees</u>. Subject to and conditioned upon the submission of interim and final applications in accordance with Sections 330 and 331 of the Bankruptcy Code, and as more fully set forth in the Rothschild Agreement, Rothschild will be entitled to the following fees for its services, and the Debtor seeks approval of this fee structure pursuant to Sections 327 and 330(a) of the Bankruptcy Code. Rothschild has advised the Debtor that the economic structure of these fees is typical of the arrangements entered into by Rothschild and other investment banks in matters of this type. <u>See</u> Exhibit C hereto.

a) <u>Monthly Advisory Fees</u>. Rothschild will be entitled to monthly financial advisory fees of (i) $350,000 for each of the first two months of the engagement, (ii) $300,000 for the third month, (iii) $250,000 for the fourth month, and (iv) $200,000 for each month thereafter so long as the engagement continues, payments of which shall be due and paid by the Debtor in accordance with orders of the Bankruptcy Court governing payment of professionals. For purposes of determining the amount of the monthly financial advisory fees which Rothschild is entitled to seek in accordance with such orders, the monthly fees shall be deemed to have been earned (i) in the case of the initial monthly advisory fee, on the date of the Rothschild Agreement and (ii) in the case of each subsequent monthly advisory fee, on the corresponding monthly anniversary of the Rothschild Agreement.

b) <u>Transaction Fees</u>. Upon the substantial consummation of (i) a Plan, or (ii) a sale of all or substantially all of the Debtor's assets or equity interests under Section 363 of the Bankruptcy Code, Rothschild shall be entitled to a transaction fee of $20 million (the "Transaction Fee"). In no event shall Rothschild be entitled to more than $20 million as a Transaction Fee.

WD 081001/1-1419903/120/932094/v4

-4-

c) <u>Additional Fees</u>. To the extent the Debtor requests Rothschild to perform additional services not contemplated by the Rothschild Agreement, Rothschild will be entitled to such additional fees as shall be mutually agreed upon by the Debtor and Rothschild in writing, subject to the prior approval and authorization of this Court.

11. <u>Payment of Fees</u>. Pursuant to Sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016, Rothschild intends to file interim and final applications for allowance of the Monthly Advisory Fees, Transaction Fee and reimbursement of its reasonable expenses (as set forth below) in respect of its services.

12. <u>Expenses</u>. Rothschild also shall be entitled to monthly reimbursement of its travel and reasonable out-of-pocket expenses incurred in connection with its activities under or contemplated by the Rothschild Agreement (including all fees, disbursements and other charges of counsel to be retained by Rothschild).

13. To the best of the Debtor's knowledge, information, and belief, Rothschild has no connection with, and holds no interest adverse to, the Debtor, its creditors, or any other party in interest, or their respective attorneys or accountants in the matters for which Rothschild is proposed to be retained, except as disclosed in the Resnick Declaration.

14. To the best of the Debtor's knowledge, Rothschild is a "disinterested person," as such term is defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code and as required under Section 327(a) of the Bankruptcy Code. The Resnick Declaration, executed on behalf of Rothschild in accordance with Section 327 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016(a), is filed contemporaneously herewith and incorporated herein by reference. The Debtor's knowledge, information, and belief regarding the matters set forth in this Application are based on, and made in reliance upon the Resnick Declaration.

15. The Debtor believes that the terms of the proposed engagement are consistent with those approved for other financial advisors and investment banks in matters of similar scope and complexity. Because the Debtor's case presents novel issues that must be resolved by various bodies, including state legislative and regulatory agencies, and

WD 081001/1-1419903/120/932094/v4

Case: 01-30923   Doc# 1848   Filed: 08/15/01   Entered: 08/15/01 15:41:00   Page 5 of 7

because the Debtor's case is among the largest chapter 11 reorganizations with significant public policy implications, the Debtor submits that the fees requested by Rothschild (including the Transaction Fee) are reasonable under the circumstances.

16. The Debtor submits that the appointment of Rothschild on the terms and conditions set forth herein is in the best interest of the Debtor, its estate, its creditors, and all parties in interest.

17. The Debtor has served copies of this Application on the United States Trustee and counsel for the Official Creditors' Committee herein.

18. No previous request for the relief sought in this Application has been made to this Court or any other Court.

WHEREFORE, the Debtor respectfully requests that the Court enter the attached order authorizing the Debtor to employ and retain Rothschild as its financial advisor and investment banker pursuant to the terms of the Rothschild Agreement.

Dated: August 10, 2001

PACIFIC GAS AND ELECTRIC COMPANY

By: _____
Its: _____

APPROVED:

OFFICE OF THE UNITED STATES TRUSTEE

By: _Stephen Johnson 8/13/01_

STEPHEN L. JOHNSON

WD 081001/1-1419903/120/932094/v4

# PARTIES IN INTEREST WITH RELATIONSHIPS TO ROTHSCHILD INC.
## UNRELATED TO THIS CHAPTER 11 CASE

Rothschild Inc. ("Rothschild") may from time to time provide, or have previously provided, financial advisory services to the following entities or their respective affiliates, some or all of which may be creditors or other parties in interest in this chapter 11 case.

1. ABB EV
2. ABN AMRO
3. BP
4. Calpine
5. Chevron
6. Citibank
7. Coastal Energy L.P.
8. Deutsche Bank
9. Dresdner Bank
10. Duke Energy
11. Dynegy
12. El Paso
13. Enron
14. Gaylord Container Corp.
15. General Electric
16. Metropolitan Life
17. Mirant
18. Reliant Energy
19. Sempra Energy
20. Societe Generale
21. TXU Corp.
22. UBS
23. Westinghouse Electric Co. LLC

It is typical in its relationship with many of its clients and prospective clients that Rothschild is readily available to provide advice and guidance in the ordinary course of business regarding prospective deals. Rothschild will not provide such advice or guidance to any Interested Party in matters relating to the Debtor's chapter 11 case.

6497