

LATHAM & WATKINS
   Michael S. Lurey (State Bar No. 48235)
   Ernest J. Getto (State Bar No. 55662)
   Kirk A. Wilkinsōn (State Bar No. 128367)
   Cynthia H. Cwik (State Bar No. 141234)
633 West Fifth Street, Suite 4000
Los Angeles, California 90071-2007
Telephone: (213) 485-1234
Facsimile: (213) 891-8763

Attorneys for Pacific Gas and Electric Company,
Debtor and Debtor-in-Possession

FILED
NOV 14 2001
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re

PACIFIC GAS AND ELECTRIC
COMPANY, a California corporation,

Debtor.

Federal I.D. No. 94-0742640

Bankruptcy Case No. 01-30923 SFM11

Chapter 11

NOTICE OF MOTION AND MOTION TO
CERTIFY AND TRANSFER THE PERSONAL
INJURY CHROMIUM CLAIMS;
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

HEARING:
Date: December 17, 2001
Time: 9:30 a.m.
Place: 235 Pine Street, 22nd Floor
      San Francisco, CA

TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE, THE UNITED STATES TRUSTEE, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, THE CLAIMANTS AS DEFINED IN THIS MOTION, AND OTHER INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Pacific Gas and Electric Company, the debtor in the above-captioned chapter 11 case, hereby moves to certify that the chromium claims (as defined below) are personal injury claims and to transfer any trials of the Chromium Claims and certain

///

Latham & Watkins
ATTORNEYS AT LAW
LOS ANGELES

Not. of Motion and Motin to Certify and Transfer the Personal Injury Chromium Claims; Mem. of Points & Auth. in Support Thereof

Case: 01-30923  Doc# 3161  Filed: 11/14/01  Entered: 11/16/01 09:48:00  Page 1 of 12

related proceedings from this Bankruptcy Court (the "Court") to the United States District Court for the Northern District of California, San Francisco Division (the "District Court").

This Motion is based on the Bankruptcy Court's mandate to certify and transfer personal injury claims as set forth in 28 U.S.C. § 157(b)(5), B.L.R. 9015-2(d) of this Court, the grounds set forth in the Memorandum of Points and Authorities attached hereto, and such other pleadings and evidence as may be considered by this Court.

Dated: November 14, 2001

> LATHAM & WATKINS
> Michael S. Lurey
> Ernest J. Getto
> Kirk A. Wilkinson
> Cynthia H. Cwik
>
> By /s/ Ernest J. Getto
> Attorneys for Pacific Gas and Electric Company, Debtor and Debtor-in-Possession

2

Latham & Watkins
ATTORNEYS AT LAW
LOS ANGELES

Not. of Motion and Motin to Certify and Transfer the Personal Injury Chromium Claims; Mem. of Points & Auth. in Support Thereof

Case: 01-30923    Doc# 3161    Filed: 11/14/01    Entered: 11/16/01 09:48:00    Page 2 of 12

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

This Memorandum is filed in support of the Motion To Certify And Transfer The Personal Injury Chromium Claims filed against Pacific Gas and Electric Company ("PG&E" or the "Debtor"). Withdrawing the reference and transferring the Personal Injury Chromium Claims[1] against the Debtor from this Court to the District Court for trial is mandatory under 28 U.S.C. § 157(b)(5). Moreover, such transfer will serve the salutary purposes of judicial economy and efficiency embodied in the federal jurisdictional statute. Transfer will also ensure that the trials of the approximately 1,250 Chromium Claims are adjudicated by the court with proper jurisdiction.

B.L.R. 9015-2(d) states that "[i]f, upon timely motion of a party or upon the judge's own motion, the bankruptcy judge determines that a claim is a personal injury or wrongful death claim requiring trial by a district judge, the bankruptcy judge shall certify to the district court that the claim is one which requires trial in the district court under 28 U.S.C. § 157(b)(5). Upon such certification, the reference of the claim shall be automatically withdrawn, and the claim shall be assigned to a judge of the district court pursuant to the Assignment Plan."

Transfer of the trials of the Chromium Claims and certain related proceedings is warranted in the above-captioned chapter 11 case (the "Chapter 11 Case") because the Chromium Claims are "personal injury claims" within the meaning of 28 U.S.C. § 157(b)(5) and

---

[1] The "Chromium Claims" are the claims of damages to a person (a "Claimant" and collectively, the "Claimants") due to PG&E's use of or the Claimant's exposure to hexavalent chromium ("chrome six") in Kettleman, Hinkley, and Topock, California. The Debtor's Plan of Reorganization (the "Plan") defines the "Chromium Litigation Claims for Actual Damages" and the "Chromium Litigation Claims for Punitive Damages" as arising from the "Chromium Litigation." Under the Plan, the "Chromium Litigation" is defined as "the ten civil actions pending in California courts relating to chromium contamination" and lists the ten actions filed as of the time the Plan was filed. Debtor's Plan of Reorganization, at § 1.1. The definition of "Chromium Claims" also includes, for purposes of this Motion, all proofs of claim filed in the above-captioned chapter 11 case of PG&E, as well as all later-filed claims of any personal injury damages alleged to be caused by PG&E's use of water treatment products containing chrome six at Kettleman, Hinkley, or Topock, as well as claims for wrongful death or loss of consortium and related claims for damages to property. See PG&E's Objections To Chromium Claims (filed concurrently herewith) at Exh. A.

3

Latham & Watkins
ATTORNEYS AT LAW
LOS ANGELES

Not. of Motion and Motin to Certify and Transfer the Personal Injury
Chromium Claims; Mem. of Points & Auth. in Support Thereof

Case: 01-30923   Doc# 3161   Filed: 11/14/01   Entered: 11/16/01 09:48:00   Page 3 of 12

B.L.R. 9015-2(d). Additionally, the District Court should try the Chromium Claims because efficiency will be furthered if the Chromium Claims are resolved in one central forum instead of in multiple state forums. PG&E will be filing Objections to the Chromium Claims (the "Objections") concurrently with the filing of this Motion.

## II.

## BACKGROUND

### A. Claims Filed.

PG&E has received approximately 1,250 proofs of claim (the "Claims") alleging that exposure to chrome six at or near its Gas Compressor Stations in Kettleman, Hinkley, and Topock, California has caused personal injuries and other alleged injuries. Based upon a review of the Claims to date, discovery in the litigation pending before these Claims were filed, the scientifically available information concerning chrome six, the limited exposure alleged in many of these Claims, and the legal and procedural defects with respect to many of the Claims, the Claims are either entirely or partially without merit. Because many of PG&E's Objections apply to numerous Claims, centralization of the Chromium Claims in one forum is justified.

As will be set forth in greater detail in PG&E's Objections, there is no admissible scientific evidence that exposure to environmental levels of chrome six can cause the wide range of illnesses set forth by the Claimants. The Claimants will not be able to establish the necessary causal connection between the claimed exposure to chrome six in soil, air, or water and the specific injuries they claim. In addition, the 1,250 Claims are subject to a series of legal and procedural objections because they are untimely, or because they are barred by applicable bankruptcy law (*e.g.*, punitive damages disallowed in bankruptcy) or civil law (*e.g.*, claims by workers that are covered exclusively by workers' compensation). Certain of the Objections (*e.g.*, that drinking chrome six does not cause disease), will apply to nearly all of the 1,250 Claimants. Other Objections (*e.g.*, that Claimants are alleging exposure at a compressor station where chrome six had been discontinued), will apply to tens or hundreds of claims.

///
///

4

Latham & Watkins
ATTORNEYS AT LAW
LOS ANGELES

Not. of Motion and Motin to Certify and Transfer the Personal Injury
Chromium Claims; Mem. of Points & Auth. in Support Thereof

Case: 01-30923   Doc# 3161   Filed: 11/14/01   Entered: 11/16/01 09:48:00   Page 4 of 12

### B. Procedures For Resolving Claims.

The District Court is an appropriate forum to address and resolve the Chromium Claims. As set forth in PG&E's Objections filed concurrently herewith, each of the approximately 1,250 Claims will be subject to multiple legal defenses. All of these personal injury claims should be disallowed because the Claimants lack admissible scientific evidence that exposure to environmental levels of chrome six (as opposed to occupational levels found in chrome plating and other chrome industries) can cause the wide array of injuries and illnesses they attribute to their limited chrome exposure. The scientific evidence, including a study recently done at the request of the state of California, simply does not establish that the low levels of chromium these Claimants allege to have been exposed to causes adverse health effects. There is no evidence that particular cancers (*e.g.*, prostate cancer or breast cancer) are associated with chromium exposure. At least $600^2$ of the Claimants are particularly subject to these arguments because they can claim only a tangential exposure to chrome six – 350 allege exposure at ranches two to five miles from the Kettleman Station, 200 allege exposure only by visiting the area of the Hinkley or Kettleman compressor stations because they did not reside or work there, and 50 claim exposure at the Kettleman Station after 1982, when no chromium was used in the cooling towers and the well where chromium had been found was closed.

Many of the Claims filed are also subject to legal defenses. For example, the Claims filed by adults are untimely because they are filed years after publicity concerning chromium and lawsuits against PG&E. The punitive damages sought by the Claimants should be disallowed because no purpose would be served by awarding punitive damages against the reorganized Debtor for the use and disposal of chromium that ceased years ago. Finally, the Claims are made for inflated and unsubstantiated values. More than 150 of the Claims are for loss of consortium only, yet these Claimants seek tens of thousands of dollars when they were never exposed to

---

[2] Written discovery was obtained from many Claimants in pending civil cases, but further information will be needed from more than 250 Claimants who have not answered written discovery and whose Claims fail to identify the alleged exposure, injuries and damage claim with sufficient particularity to permit PG&E to determine which Objections apply to each Chromium Claim. The number of Claims in these categories will go up as additional information is obtained.

5

Latham & Watkins
ATTORNEYS AT LAW
LOS ANGELES

Not. of Motion and Motin to Certify and Transfer the Personal Injury Chromium Claims; Mem. of Points & Auth. in Support Thereof

Case: 01-30923   Doc# 3161   Filed: 11/14/01   Entered: 11/16/01 09:48:00   Page 5 of 12

chromium. Other Claimants with relatively minor physical injuries seek hundreds of thousands dollars or more for their Claims.

PG&E will file a series of motions for summary judgment or partial summary judgment on the issues raised by its Objections. Each of the motions will apply to multiple Claims -- some will apply to all or nearly all Claims, others to tens or hundreds of Claims. After these motions have been ruled on, the Claims that do not have merit can be disallowed, and any Claims which remain can be valued. Ultimately, this process will assist the Debtor and this Court in proceeding with Plan confirmation.

### III.

### ARGUMENT

**A.  This Court Must Certify That The Chromium Claims Are "Personal Injury Claims" Subject to Mandatory Transfer of Venue.**

Under 28 U.S.C. § 157(b)(5), "[t]he district court *shall* order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending." 28 U.S.C. § 157(b)(5) (emphasis added). See also B.L.R. 9015-2(d) ("judge shall certify to the district court that the claim . . . requires trial in the district court"); In re Chateaugay Corp., 111 B.R. 67, 76 (Bankr. S.D.N.Y. 1990) (holding that 28 U.S.C. § 157(b)(5) "unequivocally states that the forum for trying a personal injury tort or wrongful death claim is limited to the district court").[3]

The Chromium Claims are "personal injury claims."[4] Under 28 U.S.C. § 157(b)(5), a "personal injury claim" is, at the very least, one that alleges "physical bodily injury." Leathem v.

---

[3]  Because the trials of the Chromium Claims will be the liquidation of personal injury claims for purposes of distribution, they are non-core proceedings and therefore also properly belong in the District Court. See 28 U.S.C. § 157(b)(2)(B).

[4]  The Chromium Claims include a small number of claims for loss of consortium or property damage related to the personal injury claims. These claims should be considered together with the personal injury claims in the interest of judicial economy. Wrongful death claims are included in the Chromium Claims asserted against PG&E. Such claims are expressly covered by 28 U.S.C. § 157(b)(5).

6

Latham & Watkins
ATTORNEYS AT LAW
LOS ANGELES

Not. of Motion and Motin to Certify and Transfer the Personal Injury Chromium Claims; Mem. of Points & Auth. in Support Thereof

Case: 01-30923   Doc# 3161   Filed: 11/14/01   Entered: 11/16/01 09:48:00   Page 6 of 12

Von Volkmar (In re Von Volkmar), 217 B.R. 561, 565-66 (Bankr. N.D. Ill.), motion to amend denied, 218 B.R. 890 (Bankr. N.D. Ill. 1998); see also Thomas v. Adams (In re Gary Brew Enters. Ltd.), 198 B.R. 616, 620 (Bankr. S.D. Cal. 1996) (holding that a racial discrimination complaint is a "personal injury tort" claim under 28 U.S.C.§ 157(b)(5)). As set forth in their proofs of claim, the Claimants have "sued PG&E for damages for their personal injuries."[5] The allegations that PG&E's use of chrome six caused the Claimants to suffer physical illnesses are "personal injury claims." Therefore, the Chromium Claims "*shall* be tried in the district court." 28 U.S.C. § 157(b)(5) (emphasis added). This Court should enter an Order certifying that the approximately 1,250 Chromium Claims are personal injury claims and transferring them to the District Court.

**B.  The District Court Should Try The Chromium Claims Because It Will Further Judicial Economy And Efficiency.**

Consideration of judicial economy weighs heavily in favor of the District Court trying the Chromium Claims. Concerns about judicial economy are especially compelling in the mass toxic tort context in which the complexity and volume of claims make it all the more urgent that approval of a plan of reorganization not be delayed by duplicative proceedings.

The injuries asserted by the Claimants all arise out of alleged exposure to chrome six. PG&E's Objections will provide the legal or factual basis to resolve most of the Chromium Claims. In such a situation, centralizing the Chromium Claims in one federal court will serve judicial economy by ensuring that the Claims are dealt with uniformly and as expeditiously as possible. As the Fourth Circuit stated, the objective of 28 U.S.C. § 157(b)(5) is to "centralize the administration of the estate and to eliminate the 'multiplicity of forums for the adjudication of parts of a bankruptcy case.'" A.H. Robins Co. v. Piccinin, 788 F.2d 994, 1011 (4th Cir. 1986) (citation omitted). Additionally, centralizing all of the Chromium Claims in one forum will avoid the expense and delay of litigating the same issues in multiple forums and should facilitate

---

[5] More than 1,000 Claimants used this language in their proofs of claim. Other Claimants did not describe the personal injuries they are claiming in their proofs of claim but are plaintiffs in pending personal injury cases against PG&E.

7

Latham & Watkins
ATTORNEYS AT LAW
LOS ANGELES

Not. of Motion and Motin to Certify and Transfer the Personal Injury Chromium Claims; Mem. of Points & Auth. in Support Thereof

settlement. See also id. at 1012 (stating that the "purpose [of reorganization] may be completely thwarted if the energies of the debtor's executives and officers are initially diverted by, and the resources of the debtor are dissipated in the expenses of litigating, the trial of thousands of personal injury suits in courts throughout the land spread over an interminable period of time").

The District Court should preside over the trials of all of the Chromium Claims because that would eliminate the possibility that multiple state trials would yield inconsistent results. Having all of the Chromium Claims tried in a single forum will ensure that there is a uniformity of judgments. Many of the Objections apply to numerous Chromium Claims. For example, if the District Court determines that the Claimants lack scientific evidence that chrome six can cause a particular type of cancer, that ruling would apply to all Chromium Claims alleging that type of cancer. Even if 28 U.S.C. § 157(b)(5) were not mandatory, the transfer of venue for mass tort claims to a single district court represents good federal policy. Litigating the identical issues in a variety of state courts could create a chaotic situation by producing inconsistent results. The District Court is the proper forum to try the Chromium Claims because the District Court will be familiar with the medical causation issues and legal defenses raised by the Objections and multi-plaintiff tort cases. See, e.g., Daubert v. Merrell Dow Pharmaceuticals, Inc., 43 F.3d 1311, 1315 (9th Cir.), cert. denied, 516 U.S. 869 (1995) ("[T]he question is whether plaintiffs adduced enough admissible evidence to create a genuine issue of material fact as to whether [the agent] caused their injuries."); Kennedy v. Collagen Corp., 991 F. Supp. 1185, 1187-88 (N.D. Cal. 1997) (excluding expert testimony and granting summary judgment). Therefore, the District Court should try the Chromium Claims.

In PG&E's case, the statutory mandate and the efficiency factors strongly militate in favor of the District Court trying the Chromium Claims.

///
///
///
///
///

8

Latham & Watkins
ATTORNEYS AT LAW
LOS ANGELES

Not. of Motion and Motin to Certify and Transfer the Personal Injury Chromium Claims; Mem. of Points & Auth. in Support Thereof

Case: 01-30923   Doc# 3161   Filed: 11/14/01   Entered: 11/16/01 09:48:00   Page 8 of 12

## IV.

## CONCLUSION

For all the foregoing reasons, PG&E respectfully requests that the Motion be granted that this Court certify to the District Court that the Chromium Claims are personal injury claims, and that venue be transferred to the District Court for trial of the Chromium Claims and related proceedings.

Dated: November __, 2001

        LATHAM & WATKINS
        Michael S. Lurey
        Ernest J. Getto
        Kirk A. Wilkinson
        Cynthia H. Cwik

By _____
        Ernest J. Getto
        Attorneys for Pacific Gas and Electric
        Company, Debtor and Debtor-in-
        Possession

9

Latham & Watkins
ATTORNEYS AT LAW
LOS ANGELES

Not. of Motion and Motin to Certify and Transfer the Personal Injury Chromium Claims; Mem. of Points & Auth. in Support Thereof

Case: 01-30923    Doc# 3161    Filed: 11/14/01    Entered: 11/16/01 09:48:00    Page 9 of 12

LA_DOCS\750528.8 [W97]

10

Not. of Motion and Motin to Certify and Transfer the Personal Injury
Chromium Claims; Mem. of Points & Auth. in Support Thereof

Case: 01-30923    Doc# 3161    Filed: 11/14/01    Entered: 11/16/01 09:48:00    Page 10 of 12

Latham & Watkins
ATTORNEYS AT LAW
LOS ANGELES

## PROOF OF SERVICE
### (Mail)

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within cause. My business address is Latham & Watkins, 505 Montgomery Street, Suite 1900, San Francisco, California 94111.

I served the below listed document(s) described as:

**NOTICE OF MOTION AND MOTION TO CERTIFY
AND TRANSFER THE PERSONAL INJURY CHROMIUM CLAIMS;
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF**

on November 14, 2001, the following parties to this cause by mailing a copy of the above document(s) as follows:

**SEE ATTACHED LIST**

I am familiar with the office practice of Latham & Watkins for collecting and processing documents for mailing with the United States Postal Service, which practice is that when documents are deposited with the Latham & Watkins personnel responsible for depositing documents with the United States Postal Service, such documents are delivered to the United States Postal Service that same day in the ordinary course of business with postage thereon fully prepaid. I placed a sealed envelope containing the document(s) in Latham & Watkins' San Francisco interoffice mail, addressed to the above parties.

I declare under penalty of perjury that the above is true and correct.

Executed on November 14, 2001, at San Francisco, California.

_____
Peter L. Kasenenko

| | |
|---|---|
| 1 | SERVICE LIST |
| 2 | |

Thomas V. Girardi, Esq.
Girardi & Keese
1126 Wilshire Blvd.
Los Angeles, CA 90017

Edward L. Masry, Esq.
Law Offices of Masry & Vititoe
5707 Corsa Drive, 2nd Floor
Westlake Village, CA 91362

Thomas J. Anton, Esq.
Anton & Associates
1605 "G" Street
P.O. Box 2127
Bakersfield, CA 93301-2127

Michael Perdue, Esq.
2750 Roosevelt Street, Suite 100
Carlsbad, CA 92008

Robert Jay Moore, Esq.
Paul S. Aronzon, Esq.
Milbank, Tweed, Hadley & McCoy LLP
601 South Figueroa Street
Los Angeles, CA 90017

Wayne & Susan Gesiriech
23677 Community Boulevard
Hinkley, CA 92347

Tina Marie Smith
Hayton and Hunt
15520 Bear Valley Boulevard
Victorville, CA 92392

Walter J. Lack, Esq.
Gary A. Praglin, Esq.
Engstrom, Lipscomb & Lack
10100 Santa Monica Blvd., 16th Floor
Los Angeles, CA 90067-4107

Michael P. Dolan, Esq.
Law Offices of Michael P. Dolan
1315 "L" Street
Bakersfield, CA 93301

Steven L. Crane, Esq.
Michelizzi, Schwabacher, Ward and Bianchi
767 West Lancaster Boulevard
Lancaster, CA 93534-3135

Office of the U.S. Trustee
Attn: Stephen Johnston
250 Montgomery Street, Suite 1000
San Francisco, CA 94104-3401

Melissa Cobb
1568 Mentone
Grover Beach, CA 93433

Molly Elizabeth Smith
Hayton and Hunt
15520 Bear Valley Boulevard
Victorville, CA 92392

Warren Wallis
3890 Lenwood Road
Barstow, CA 92311

LATHAM & WATKINS
ATTORNEYS AT LAW
LOS ANGELES