Richard Roos-Collins (Cal. Bar no. 127231)
NATURAL HERITAGE INSTITUTE
2140 Shattuck Avenue, 5th floor
Berkeley, CA 94704
(510) 644-2900
(510) 644-4428 (fax)

Charlton H. Bonham (Cal. Bar no. 209008)
TROUT UNLIMITED
828 San Pablo Avenue, #208
Albany, CA 94706
(510) 528-4164
(510) 528-7880 (fax)

Attorneys for
CALIFORNIA HYDROPOWER REFORM COALITION

UNITED STATES BANKRUPTCY COURT
THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No. 01-30923 DM |
| PACIFIC GAS AND ELECTRIC COMPANY, a California corporation, | Chapter 11 Case |
| Debtor. | CALIFORNIA HYDROPOWER REFORM COALITION'S NOTICE OF MOTION AND MOTION TO HAVE LATE PROOF OF CLAIM DEEMED TIMELY FILED PURSUANT TO BANKRUPTCY RULE 9006(b)(1) |
| Federal I.D. No. 94-0742640 | Date: December 19, 2001<br>Time: 1 p.m.<br>Place: 235 Pine Street, 22nd floor<br>San Francisco, California<br>Judge: Honorable Dennis Montali |

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on December 19, 2001 at 1 p.m. or as soon thereafter as the matter may be heard by the Court, the California Hydropower Reform

Coalition will move the Court to declare that its Proof of Claim, filed on or about November 27, 2001, will be deemed to have been filed prior to the Claims Bar Date of September 5, 2001. The motion will be based on this Notice of Motion and Motion, subsequent pleadings, and such other evidence and argument as may be presented at the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTUAL BACKGROUND

California Hydropower Reform Coalition ("CHRC") is an association of non-profit corporations whose individual members are interested in recreation and environmental quality of rivers developed by non-federal hydroelectric generation facilities in California, including PG&E's. Corporate members include: American Rivers, American Whitewater, California Outdoors, California Sportfishing Protection Alliance, California Trout, Foothill Conservancy, Friends of the River, Natural Heritage Institute, and Trout Unlimited. More than 33,000 individual members are California residents, mostly in PG&E's electrical service area.

The CHRC works to restore and enhance affected rivers through settlement negotiations, advocacy based on technical and scientific expertise, and public involvement in the Federal Energy Regulatory Commission's ongoing licensing proceedings for the hydroelectric facilities owned by PG&E. CHRC also participates in ongoing proceedings before the California Public Utilities Commission ("CPUC") to regulate the rates and other conditions of PG&E's utility service.

The Claim relates to $48,084.58 in intervenor compensation for which CHRC is eligible in the CPUC docket A.99-09-053, "Application of Pacific Gas and Electric Company To Market Value Hydroelectric Generating Plants And Related Assets Pursuant to Public Utilities Code Sections 367(b) and 851" (filed September 30, 1999). By Ruling dated January 31, 2000 (as amended February 18, 2000), the CPUC Administrative Law Judge ruled that CHRC is eligible to seek intervenor compensation on the conclusion of A.99-09-053. The Ruling held that an award of compensation,

including the amount, is contingent on future showings of financial hardship and contribution to the final decision. The amount stated in the Proof of Claim is CHRC's estimate of the compensation it will seek on the conclusion of that proceeding, which is ongoing.

PG&E did not include CHRC in Schedule F or other lists of known creditors filed in this proceeding. The Noticing Agent did not notify CHRC of the Claims Bar Date, pursuant to paragraph II(E) of the Case Management Order (as revised June 14, 2001). CHRC did not file a timely Claim.

Subsequent to the Claims Bar Date, PG&E filed the "Disclosure Statement for Plan of Reorganization under Chapter 11 of the Bankruptcy Code for Pacific Gas and Electric Company Proposed by Pacific Gas and Electric Company and PG&E Corporation" (September 20, 2001). PG&E seeks a declaratory order preempting the CPUC's authority to approve or otherwise affect the Restructuring Transactions. *See* Disclosure Statement at 58, 87.

## II. ARGUMENT

Federal Rule of Bankruptcy Procedure 3003(c)(2) requires a creditor to file a Proof of Claim on or before the Claims Bar Date. Rule 9006(b) allows the Claims Bar Date to be extended. Under *Pioneer Investment Services Company v. Brunswick Associates, Ltd.*, 507 U.S. 380, 395 (1993), a four-part test is applied to a motion seeking such equitable relief: (1) the danger of prejudice to the debtor, (2) the length of the delay and its potential impact on the proceeding, (3) the reason for the delay, and (4) whether the movant acted in good faith. CHRC respectfully submits that this motion meets that test.

PG&E will suffer no prejudice if CHRC's motion is granted. The amount of the Claim is very small in the context of the Reorganization Plan. Further, payment of the Claim will occur only if this Court denies PG&E's request for a declaratory order that CPUC A.99-09-053 is preempted, and further only if the CPUC

subsequently awards intervenor compensation to the CHRC on the conclusion of that state proceeding.

As to timeliness, CHRC files its Proof of Claim approximately sixty days after PG&E published the Disclosure Statement that requests preemption of the CPUC's authority to approve or affect the Restructuring Transactions. That general request – which does not specify the affected proceedings -- apparently includes A.99-09-053, under which the CPUC would otherwise determine the market value of PG&E's hydroelectric facilities for the purpose of ongoing rate regulation. That disclosure occurred after the Claims Bar Date.

Finally, CHRC acted in good faith in not submitting a Proof of Claim by September 5, 2001. Until the subsequent publication of the Disclosure Statement, CHRC did not understand that PG&E seeks to prevent a final decision in CPUC A.99-09-053, which is the condition precedent for the intervenor compensation subject to the Proof of Claim.

## CONCLUSION

CHRC respectfully requests that this Court grant this motion so that the Proof of Claim is deemed to have been filed by the Claims Bar Date.

Dated: November 27, 2001

Respectfully submitted,

*Richard Roos-Collins*

Richard Roos-Collins
NATURAL HERITAGE INSTITUTE
Charlton H. Bonham
TROUT UNLIMITED

Attorneys for CALIFORNIA
HYDROPOWER REFORM COALITION

# PROOF OF SERVICE

| | |
|---|---|
| In re: | Case No. 01-30923 DM |
| PACIFIC GAS AND ELECTRIC COMPANY, a California corporation, | Chapter 11 Case |
| Debtor. | **CALIFORNIA HYDROPOWER REFORM COALITION'S NOTICE OF MOTION AND MOTION TO HAVE LATE PROOF OF CLAIM DEEMED TIMELY FILED PURSUANT TO BANKRUPTCY RULE 9006(b)(1)** |
| Federal I.D. No. 94-0742640 | |
| | Date: December 19, 2001 |
| | Time: 1 p.m. |
| | Place: 235 Pine Street, 22nd floor, San Francisco, California |
| | Judge: Honorable Dennis Montali |

I hereby certify under penalty of perjury that I have today served the attached "Notice of Motion and Motion To Have Late Proof of Claim Deemed Timely Filed Pursuant to Bankruptcy Rule 9006(b)(1)" to each party identified below by electronic transmission or facsimile.

<u>Pacific Gas and Electric Company</u>
James L. Lopes
Jeffrey L. Schaffer
Janet A. Nexon
William J. Lafferty
HOWARD, RICE, NEMEROVSKI, CANADY, FALK & RABKIN
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4065
(415) 434-1600 (telephone)
(415) 217-5910 (facsimile)

<u>Pacific Gas and Electric Corporation</u>
Michael P. Kessler
WEIL, GOTSHAL, & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000 (telephone)
(212) 310-8007 (facsimile)

Office of the United States Trustee
Stephen L. Johnson
UNITED STATES DEPARTMENT OF JUSTICE
250 Montgomery Street, Suite 1000
San Francisco, California 94104
(415) 705-3333 (telephone)
(415) 705-3379 (facsimile)

State of California
Margarita Padilla
Deputy Attorney General
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 70550
1515 Clay Street, 20th Floor
Oakland, California 94612-0550
(510) 622-2135 (telephone)
(510) 622-2270 (facsimile)

Dated: November 27, 2001

*/s/ Thomas Hicks*

Tom Hicks
NATURAL HERITAGE INSTITUTE