ALFRED LOMBARDO, #66628
CHERYL P. WEINER, #170178
RUCKA, O'BOYLE, LOMBARDO & McKENNA
245 West Laurel Drive
Salinas CA 93906
Telephone: (831) 443-1051

Attorneys for Claimant, Luis A. Munos
(Creditor No. NS-923-827524)


FILED
DEC 19 2001
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PACIFIC GAS AND ELECTRIC COMPANY, a California corporation,<br><br>                      Debtor.<br><br>Federal I.D. No. 94-0742640 | Case No. 01-30923 DM<br><br>NOTICE OF MOTION AND MOTION REQUESTING RELIEF FROM AUTOMATIC STAY TO PERMIT CONTINUATION OF PERSONAL INJURY ACTION; POINTS AND AUTHORITIES<br><br>CHAPTER 11<br><br>11 USC 362(d)<br>BANKRUPTCY RULE 4001(a),(d)<br><br>Date:      January 22, 2002<br>Time:     9:30 a.m.<br>Courtroom: 22 |

**NOTICE OF MOTION**

TO THE DEBTOR, DEBTOR'S ATTORNEY, BANKRUPTCY TRUSTEE, AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS:

PLEASE TAKE NOTICE that on Tuesday, January 22, 2002, at 9:30 a.m., or as soon thereafter as counsel can be heard, in Courtroom #22, United States Bankruptcy Court, 325 Pine Street, 22nd Floor, San Francisco, California, claimant, LUIS A. MUNOS, will bring this motion for relief from automatic stay on for hearing.

1

## MOTION REQUESTING RELIEF FROM AUTOMATIC STAY

Comes now LUIS A. MUNOS, claimant, by and through the undersigned attorney, and moves this Court for an order lifting the automatic stay to permit continuation of claimant's state court personal injury action against the debtor for the purpose of determining the debtor's liability and liquidating the claim.

In support of his motion, claimant respectfully represents:

1. That on April 6, 2001, debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. That claimant is a plaintiff in a state court personal injury action against debtor as a result of a serious accident which occurred on November 20, 2000, wherein claimant was electrocuted and seriously injured when a high voltage power line fell on him after a power pole was struck by a tractor.

3. That on May 2, 2001, claimant – unaware of debtor's bankruptcy filing and the automatic stay – filed a complaint for personal injury against debtor. A copy of claimant's personal injury complaint, Case No. M 53604, Monterey County Superior Court, is attached hereto as Exhibit - 1.

4. That the aforementioned personal injury complaint was served on the debtor on July 13, 2001, as noted by the debtor's acknowledgment of receipt of summons, a copy of which is attached hereto as Exhibit - 2.

5. That the aforementioned personal injury complaint constituted an informal proof of claim against the debtor within the claim filing deadline, and that claimant's proof of claim sent to the debtor on September 10, 2001, constituted an amended proof of claim which relates back to the aforementioned personal injury complaint. Copies of claimant's proof of claim and the cover letter sent to the debtor on September 10, 2001, are attached hereto as Exhibit - 3.

6. That as a result of the aforementioned accident, claimant suffered serious personal injuries, including third degree burns of the scalp, left arm, and left leg and had to undergo multiple surgeries with flap grafts to repair his burn sites. A copy of a treating physician's

2

permanent and stationary report which was prepared in conjunction with claimant's Workers' Compensation case, is attached hereto as Exhibit - 4.

7. That debtor is one of two defendants in the state court personal injury action and that claimant's accident was due in part as a result of the debtor's negligence in the placement, repair and maintenance of said power pole and high voltage power lines.

8. That the determination of debtor's liability and percentage of liability in relation to the second defendant named in claimant's state court action cannot properly be decided by the Bankruptcy Court, and that the liquidation of claimant's damages properly rests with Monterey County Superior Court.

WHEREFORE, claimant moves the Court that the automatic stay imposed by 11 U.S.C. 362(a) be lifted or modified so as to permit him to proceed with the aforementioned personal injury action for the purpose of determining the debtor's liability and liquidating the claim, and that any collection on that claim after liquidation would have to be pursued in the Bankruptcy Court as a claim in the debtor's bankruptcy.

RUCKA, O'BOYLE, LOMBARDO & McKENNA

Dated: 12/17/01     By _____
                      ALFRED LOMBARDO,
                      Attorney for the Claimant.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Claimant's state court action named two defendants, Carmel Valley Packing, Inc., and debtor, Pacific Gas and Electric Co. The claimant's state court action alleges a cause of action against the debtor for products liability with respect to the debtor's high voltage power lines, the power pole and supporting structures, and related equipment. Claimant requests that the automatic stay be lifted for the limited purpose of allowing the state court action to proceed against debtor, Pacific Gas and Electric Co., solely to determine the debtor's liability in relation to the other defendant, and to liquidate the claim. Allowing the pending state court action to

3

In Re PACIFIC GAS AND ELECTRIC CO.     Motion Requesting Relief From Automatic Stay
Case: 01-30923   Doc# 3893   Filed: 12/19/01   Entered: 12/19/01 16:05:00   Page 3 of 12

proceed to merely determine the debtor's liability will not change claimant's status in relation to other creditors. Furthermore, determination of the issues in the claimant's personal injury action does not require the expertise of the bankruptcy court and are more properly addressed by the state court.

## II. STATEMENT OF FACTS

Claimant was severely injured on November 20, 2000, when he was electrocuted by a high voltage power line which fell on him after a power pole belonging to debtor Pacific Gas and Electric Co., was struck by a tractor. As a consequence, claimant filed a personal injury action in Monterey County Superior Court naming Carmel Valley Packing, Inc., and debtor, Pacific Gas and Electric Co., as defendants. The state court action was filed on May 2, 2001, and served on debtor, Pacific Gas and Electric Co., on July 13, 2001.[1] At the time of the filing and service of the personal injury complaint, claimant was unaware that debtor had filed a voluntary petition under Chapter 11 of Title 11 of the United States Code, imposing an automatic stay, effective April 6, 2000. Although no trial date has been set yet in claimant's state court action, discovery has commenced against the other named defendant. The automatic stay, however, serves as a barrier to claimant's ability to fully investigate and determine all the relevant facts as to the debtor's responsibility for the accident, thereby prejudicing claimant's ability to present his case.

## III. LEGAL DISCUSSION

### A. The Automatic Stay Should Be Lifted For The Limited Purpose Of Determining The Debtor's Liability And To Liquidate The Claim.

It is proper for the Bankruptcy Court to lift or amend the automatic stay to permit the continuance of claimant's state court personal injury action against the debtor. The Courts have held that a bankruptcy creditor may obtain relief from the automatic stay "for cause". The legislative history of 11 U.S.C. 362 (d)(1) states that a desire to permit an action to

---

[1] Exhibit - 1 and Exhibit - 2.

4

In Re PACIFIC GAS AND ELECTRIC CO.  Motion Requesting Relief From Automatic Stay
Case No. 01-30923 DM

proceed to completion in another tribunal may provide cause for relief from a stay.[2] It is also well established that lifting the automatic stay is appropriate where two conditions are met: (1) No great prejudice to either the bankruptcy estate or the debtor must result from the continuance of the civil action, and (2) The hardship to the plaintiff caused by the continuance of the stay considerably outweighs the hardship caused to the debtor by modification of the stay.[3]

The case of In Re Fowler,[4] is illustrative of the matter before this Court. In Fowler, a civil suit was filed to recover damages sustained in a pre-petition automobile collision. The creditors argued that the liquidation of their claims was necessary to determine tort liability and the value of the claims against the debtor's estate. The Bankruptcy Court noted that there had been a serious accident and the creditor had asserted a colorable claim against the debtor. The Bankruptcy Court also noted that it was a personal injury claim which could not be tried in the Bankruptcy Court. The Fowler Court held that fairness required that the stay be lifted to allow the claim to be liquidated in state court, but that any collection on that claim after liquidation would have to be pursued in the Bankruptcy Court as a claim in the debtor's bankruptcy.

Similar issues were also addressed in Matter of McGraw.[5] The McGraw Court noted that the cost of defending in a civil suit has been given serious consideration by bankruptcy courts, but that no case had been found in which the high cost of defending is by itself "great prejudice" which will bar modification of the stay. The McGraw Court concluded that continuation of the civil action should be permitted since hardship to the debtor is likely to be outweighed by

---

[2] In Re Universal Life Church, Inc. (1991) 127 B.R. 453, 455.

[3] Matter of McGraw (1982) 18 B.R. 140, 142; In Re Holtkamp (7th Cir. 1982) 669 F.2d 505, 508; In Re Fowler (2001) 259 B.R. 856, 859.

[4] In Re Fowler, supra, 259 B.R. 856.

[5] Matter of McGraw, supra, 18 B.R. 140

5

hardship to the plaintiff.[6] Likewise, in Matter of Robertson,[7] the Bankruptcy Court recognized that "cause" for lifting the automatic stay might include the lack of any connection with or interference with the pending bankruptcy. The Robertson Court cited numerous decisions wherein the automatic stay was lifted to permit an action to proceed in another forum based upon the reasoning that debtors-defendants suffer little prejudice when they are sued by plaintiff's who seek nothing more than declarations of liability.[8]

Claimant submits that pursuant to the authorities cited above, it is proper to lift the stay for the limited purpose of allowing the state court action to proceed against debtor, Pacific Gas and Electric Co., solely for the following purposes: (1) To determine the debtor's liability with respect to claimant's products liability cause of action; (2) To apportion the debtors liability in relation to the other named defendant; and (3) To liquidate the claim for the purpose of these bankruptcy proceedings.

**B.  Claimant's State Court Personal Injury Complaint Constituted Informal Proof Of Claim In This Bankruptcy Proceeding.**

As noted above, the claimant was injured on November 20, 2000. On April 6, 2001, debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code, imposing an automatic stay. On May 2, 2001, claimant – unaware of debtor's bankruptcy filing and the automatic stay – filed a complaint for personal injury against the debtor and another defendant in Monterey County Superior Court. The aforementioned personal injury complaint was served on the debtor on July 13, 2001. Although claimant's state court action could not proceed against debtor because of the automatic stay, the automatic stay did not preclude claimant's personal injury complaint from being an amendable informal proof of claim.

---

[6] Id at p. 142, citing In Re Honsky (1980) 6 B.R. 667.

[7] Matter of Robertson (2000) 244 B.R. 880.

[8] Elliott v. Hardin (1982) 25 B.R. 305; Foust v. Munsun D.S. Lines (1936) 299 U.S. 77, 87-88, 81 L.Ed. 49; 57 S. Ct. 90; Matter of Fernstrom Storage and Van Co. (1991) 938 F.2d 731, 736; Matter of Holtkamp (1982) 669 F.2d 505, 508; In re Adolf Gobel, Inc., (1937) 89 F.2d 171, 172.

6

In Re PACIFIC GAS AND ELECTRIC CO.  Motion Requesting Relief From Automatic Stay
Case No. 01-30923DM

In Sambo's Restaurants, Inc., v. Wheeler (In re Sambo's),[9] the Ninth Circuit was confronted with the issue of whether a state court wrongful death complaint filed when there was an automatic stay could be construed as an informal proof of claim. In Sambo's, the Bankruptcy Court had held that the wrongful death complaint could not be construed to be a proof of claim because it was filed in violation of the automatic stay. The District Court reversed the Bankruptcy Court and Sambo's appealed. The Ninth Circuit noted that for documents to constitute an informal proof of claim in a bankruptcy proceeding, they must state an explicit demand showing the nature and amount of the claim, and evidence an intent to hold the debtor liable. The Ninth Circuit also noted that an informal proof of claim need not appear on the bankruptcy court's records or its files, and held that a complaint can be treated as an amendable proof of claim.

In the matter presently before this Court, claimant submits that his personal injury complaint constitutes such an informal proof of claim. Specifically, the claimant's cause of action for personal injury has asserted enough facts, which if true, would show that claimant has asserted an informal proof of claim against debtor, Pacific Gas and Electric Co. It is well established that allegations in a complaint must be treated as true. Therefore, when viewing the allegations of the claimant's complaint in light most favorable to the claimant, the personal injury complaint constitutes an informal proof of claim.[10]

Finally, the Ninth Circuit noted in the Sambo's case that although the general rule is that actions taken in violation of the automatic stay are void, it was unaware of any case that had discussed whether the automatic stay precludes such a complaint from being an amendable informal proof of claim. According to the Ninth Circuit, logically it should not, and it held that it does not because such a rule would lead to absurd results. The Ninth Circuit went on to say that in the absence of prejudice to an opposing party, the bankruptcy courts, as courts of equity,

---

[9] In re Sambo's (1985) 754 F.2d 811.

[10] In re Sambo's, supra, 754 F.2d 811; In re County of Orange (1996) 191 B.R. 1005.

7

In Re PACIFIC GAS AND ELECTRIC CO.      Motion Requesting Relief From Automatic Stay
Case No. 01-30923DM

should freely allow amendments to proofs of claim that relate back to the filing date of the informal claim when the purpose is to cure a defect in the claim as filed or to describe the claim with greater particularity.[11]

Pursuant to the authority cited above, claimant submits that the aforementioned personal injury complaint constituted an informal proof of claim against the debtor which was timely filed within the claim filing deadline, and that claimant's proof of claim sent to the debtor on September 10, 2001 – although not specifically identified as an amended proof of claim – did in fact constitute an amended proof of claim which relates back to the filing of the aforementioned personal injury complaint.[12] Claimant therefore submits that he has complied with the conditions necessary to grant the relief requested herein.

## IV. CONCLUSION

For the foregoing reasons, claimant respectfully requests that the automatic stay be lifted or modified for the limited purpose of allowing the state court action to proceed against debtor, Pacific Gas and Electric Co., solely to determine the debtor's liability and to liquidate the claim, and that any collection on that claim after liquidation would have to be pursued in the Bankruptcy Court as a claim in the debtor's bankruptcy.

RUCKA, O'BOYLE, LOMBARDO & McKENNA

Dated: 12/17/01    By _____
ALFRED LOMBARDO,
Attorney for the Claimant.

---

[11] In re Sambo's, supra, 754 F.2d 811.

[12] Exhibit - 3.

8

In Re PACIFIC GAS AND ELECTRIC CO.    Motion Requesting Relief From Automatic Stay
Case No. 01-30923 DM
Case: 01-30923    Doc# 3893    Filed: 12/19/01    Entered: 12/19/01 16:05:00    Page 8 of 12

ALFRED LOMBARDO, #66628
CHERYL P. WEINER, #170178
RUCKA, O'BOYLE, LOMBARDO & McKENNA
245 West Laurel Drive
Salinas CA 93906
Telephone: (831) 443-1051

Attorneys for Claimant, Luis A. Munos
(Creditor No. NS-923-827524)

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PACIFIC GAS AND ELECTRIC COMPANY, a California corporation,<br><br>Debtor.<br><br>Federal I.D. No. 94-0742640 | Case No. 01-30923 DM<br><br>DECLARATION OF ALFRED LOMBARDO IN SUPPORT OF MOTION REQUESTING RELIEF FROM AUTOMATIC STAY TO PERMIT CONTINUATION OF PERSONAL INJURY ACTION<br><br>CHAPTER 11<br><br>11 USC 362(d)<br>BANKRUPTCY RULE 4001(a),(d)<br><br>Date: January 22, 2002<br>Time: 9:30 a.m.<br>Courtroom: 22 |

I, Alfred Lombardo, declare:

1. I am the attorney for Claimant Luis A. Munos.

2. Mr. Munos is a plaintiff in a state court personal injury action against Debtor, Pacific Gas and Electric Co., as a result of a serious accident which occurred on November 20, 2000, wherein Mr. Munos was electrocuted and seriously injured when a high voltage power line

1

In Re PACIFIC GAS AND ELECTRIC CO.
Case No. 01-30923DM

Declaration of Alfred Lombardo In Support of
Motion Requesting Relief From Automatic Stay

Case: 01-30923    Doc# 3893    Filed: 12/19/01    Entered: 12/19/01 16:05:00    Page 9 of 12

fell on him after a power pole was struck by a tractor.

3. On May 2, 2001, Mr. Munos filed a complaint for personal injury against Pacific Gas and Electric Company. A true and correct copy of Mr. Munos' personal injury complaint, Case No. M 53604, Monterey County Superior Court, is attached to the motion filed herewith as Exhibit - 1.

4. When the aforementioned complaint was filed in Monterey County Superior Court, Mr. Munos and his attorneys were unaware of Pacific Gas and Electric Co's., bankruptcy filing and the automatic stay imposed therewith.

5. Mr. Munos' personal injury complaint was served on the attorney's for Pacific Gas and Electric Co., on July 13, 2001. A true and correct copy of the debtor's acknowledgment of receipt of summons, is attached to the motion filed herewith as Exhibit - 2.

6. All actions by Mr. Munos against Pacific Gas and Electric Co., which related Mr. Munos' personal injury complaint, including commencement of discovery, ceased upon receipt of the notice of the automatic stay.

7. On September 10, 2001, I submitted a formal proof of claim and a file endorsed copy of Mr. Munos' personal injury complaint along with a letter to Robert L. Berger & Associates, LLC. In this letter, I noted that Mr. Munos' claim was unliquidated and asked if Pacific Gas and Electric Co., would stipulate to allowing the litigation to go forward in Monterey County Superior Court for the purpose of having the amount of damages determined. True and correct copies of this letter and the proof of claim are attached to the motion filed herewith as Exhibit - 3.

8. As a result of the accident, Mr. Munos suffered serious personal injuries, including third degree burns of the scalp, left arm, and left leg and had to undergo multiple surgeries with flap grafts to repair his burn sites. Mr. Munos's medical expenses to date are approximately $160,000. Mr. Munos remains totally disabled and under active medical care and continues to suffer wage loss. Mr. Munos claims general damages as a result of this accident in

the amount of $2,500,000. A true and correct copy of a treating physician's permanent and stationary report which documents Mr. Munos' injuries, is attached to the motion filed herewith as Exhibit - 4.

9. Pacific Gas and Electric Co., is one of two named defendants in Mr. Munos' personal injury action. The cause of action against Pacific Gas and Electric Co., is for negligence with respect to the placement, repair and maintenance of its power pole and high voltage power lines, their supporting structures, and related equipment.

10. Because there are two named defendants in Mr. Munos' personal injury action, each of which is alleged to be liable under different causes of action, it is necessary and appropriate to determine each defendant's liability in a single trial.

11. Due to the nature of the accident and the primary cause of Mr. Munos' injuries (i.e., electrocution), engineering and other technical experts will have to be consulted and, if necessary, called at trial. As a consequence, the nature of this accident presents sufficient complexity to warrant trial in Monterey County Superior Court as opposed to a determination of liability this Bankruptcy Court.

12. Because the automatic stay precludes Mr. Munos from engaging in discovery and pursuing his personal injury action against Pacific Gas and Electric Co., his ability to fully prepare and present his personal injury case is prejudiced. Furthermore, the expense and trouble of delaying discovery and trying the two named defendants separately presents sufficient cause for relief from the automatic stay.

13. By his motion, Mr. Munos requests only that the automatic stay imposed by 11 U.S.C. 362(a) be lifted or modified so as to permit him to proceed with the aforementioned personal injury action for the purpose of determining the Pacific Gas and Electric Co''s., liability and liquidating the claim. Mr. Munos understands that any collection on that claim after liquidation would have to be pursued in the Bankruptcy Court as a claim in the debtor's bankruptcy.

In Re PACIFIC GAS AND ELECTRIC CO.
Case No. 01-30923DM

Declaration of Alfred Lombardo In Support of
Motion Requesting Relief From Automatic Stay

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

RUCKA, O'BOYLE, LOMBARDO & McKENNA

Dated: 12/17/01   By _____
ALFRED LOMBARDO,
Attorney for the Claimant.

4