T. SCOTT BELDEN, State Bar No. 184387
KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 California Avenue, Second Floor
Bakersfield, California 93309
P.O. Box 11172
Bakersfield, California 93389-1172
Telephone: (661) 395-1000
Facsimile: (661) 326-0418

Bankruptcy Counsel for
Chromium Claimants

FILED
DEC 20 2001
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
POST OFFICE BOX 11172
BAKERSFIELD, CALIFORNIA 93389-1172

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

In re

PACIFIC GAS AND ELECTRIC COMPANY, a California corporation,

Debtor,

Federal I.D. No. 94-0742640

Bankruptcy Case No. 01-30923 SFM11-Chapter 11
[Assigned to: Judge Dennis Montali]

KDG-1

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

PRELIMINARY HEARING DATE
DATE: January 3, 2002
TIME: 1:30 a.m..
PLACE: 235 Pine Street, 22nd Floor
San Francisco, CA

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

3954

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES . . . . . . . . . . ii

I. INTRODUCTION . . . . . . . . . . 1

II. FACTUAL BACKGROUND . . . . . . . . . . 2

A. MOVING PARTIES' CLAIMS . . . . . . . . . . 2

B. OTHER CHROMIUM LITIGATION CLAIMS . . . . . . . . . . 3

1. Voluminous Discovery Has Been Conducted in the Related Cases . . . . . . . . . . 4

2. Remaining Pre-Trial Matters . . . . . . . . . . 5

C. BANKRUPTCY PROCEEDINGS . . . . . . . . . . 5

III. ARGUMENT . . . . . . . . . . 6

CAUSE EXISTS TO GRANT RELIEF FROM THE AUTOMATIC STAY SO THAT THE CLAIMS OF THE CHROMIUM CLAIMANTS MAY BE LIQUIDATED BY THE LOS ANGELES SUPERIOR COURT . . . . . . . . . . 6

1. FINANCIAL BURDEN TO THE ESTATE OF RELIEF FROM STAY . . . . . . . . . . 8

2. JUDICIAL ECONOMY WEIGHTS IN FAVOR OF RELIEF FROM STAY . . . . . . 8

3. PROGRESS OF LITIGATION IN STATE FORUM . . . . . . . . . . 9

4. THE LITIGATION INVOLVES EXCLUSIVELY STATE LAW ISSUES . . . . . . . . 9

5. COMPLETE RELIEF MAY NOT BE AFFORDED DUE TO PRESENCE OF OTHER DEFENDANTS . . . . . . . . . . 9

6. PROBABILITY OF SUCCESS ON MERITS . . . . . . . . . . 10

7. THERE ARE NO THRESHOLD BANKRUPTCY LAW ISSUES . . . . . . . . . . 10

8. A BALANCING OF THE RELATIVE HARDSHIPS ALSO WEIGHTS IN FAVOR OF GRANTING RELIEF FROM STAY . . . . . . . . . . 10

IV. CONCLUSION . . . . . . . . . . 12

KLEIN, DENATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
POST OFFICE BOX 11172
BAKERSFIELD, CALIFORNIA 93389-1172

Case: 01-30923 Doc# 3954 Filed: 12/20/01 Entered: 12/21/01 14:41:00 Page 2 of 15

# TABLE OF AUTHORITIES

Page

Federal Statutes

11 USC section 362(d)(1) . . . . . . . . . . 6

28 U.S.C. Section 157(b)(5) . . . . . . . . . . 11

Federal Cases

In re Bock Laundry Machine Co.
37 B.R. 564 (Bankr. N.D. Ohio 1984) . . . . . . . . . . 7, 11

In re Castlerock Properties
781 F.2d 159, 163 (9th Cir. 1986) . . . . . . . . . . 6, 9

In re Curtis
40 B.R. 795 (Bankr. D. Utah 1984) . . . . . . . . . . 7

In re Fiedler
34 B.R. 602 (Bankr. D. Colo. 1983) . . . . . . . . . . 7

In re Holtkamp
669 F.2d 505 (7th Cir. 1982) . . . . . . . . . . 7, 8

In re Hudgins
102 B.R. 495, 497 (Bankr. ED Va. 1989) . . . . . . . . . . 6

In re Johnson
115 B.R. 634, 636 (Bankr. D. Minn. 1989) . . . . . . . . . . 7

In re Lahman Mfg
31 B.R. 195 (Bankr. D.S.D. 1983) . . . . . . . . . . 7

In re Marvin Johnston's Auto Services, Inc.
192 B.R. 1008 (Bankr. N.D. Ala 1996) . . . . . . . . . . 6, 7

In re McGraw
18 B.R. 140 (Bankr. W.D. Wis. 1982) . . . . . . . . . . 7

In re Todd Shipyards Corp.
92 B.R. 600 (Bankr. D. N.J. 1988) . . . . . . . . . . 10, 11

KLEIN, DENATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
POST OFFICE BOX 11172
BAKERSFIELD, CALIFORNIA 93389-1172

Case: 01-30923 Doc# 3954 Filed: 12/20/01 Entered: 12/21/01 14:41:00 Page 3 of 15

# I.

## INTRODUCTION

Pacific Gas & Electric Company ("Debtor") is attempting through its Motion to Withdraw Reference and Omnibus Objections to the Claims of the Chromium Claimants to deprive the Chromium Claimants of their right to have their state law personal injury and fraud claims tried in state court. There is simply no justification for having the United States District Court try the Chromium Claimants' claims instead of having the claims tried in the Los Angeles County Superior Court–a forum where the actions have already been pending for several years and where the cases against Debtor's co-defendant has been pursued over the last year following the commencement of Debtor's Chapter 11 case.

It would impose a severe hardship on the Chromium Claimants to have their cases tried in the Unites States District Court and it would impose no prejudice or undue burden to leave the cases where they are–in the Los Angeles Superior Court. The cases being brought by the Chromium Claimants have been pending in some cases for over five years. These cases have proceeded through the pleading and discovery phases and the parties have agreed on "test" plaintiffs whose cases are close to being ready for trial. Moreover, several Plaintiffs have died since the commencement of their cases and would be severely prejudiced by further delay. Finally, thousands of hours of time on both sides have been expended litigating this matter according to California standards and it is indisputable that, but for Debtor's bankruptcy proceeding, there would be no grounds whatsoever for hearing them in the United States District Court.

The factors traditionally utilized by bankruptcy courts in granting relief from stay to allow litigation to proceed to liquidate a claim against the debtor are all present here. None of the factors weigh against granting the Chromium Claimants relief from the automatic stay. As the balance of the hardships tips sharply in favor of the Chromium Claimants, relief from stay should be granted and the Chromium Claimants allowed to liquidate their claims in the Los Angeles County Superior Court.

/ / /

/ / /

KLEIN, DeNATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
POST OFFICE BOX 11172
BAKERSFIELD, CALIFORNIA 93389-1172

KLEIN, DENATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
POST OFFICE BOX 11172
BAKERSFIELD, CALIFORNIA 93389-1172

## II.

## FACTUAL BACKGROUND

### A. MOVING PARTIES' CLAIMS.

The Law Offices of Thomas Anton & Associates and the Law Offices of Michael P. Dolan have filed three lawsuits against Pacific Gas & Electric Company ("Debtor") and BetzDearborn, Inc. ("Betz") on behalf of about 232 individuals for injuries sustained as a result of exposure to Chromium 6 (the "Chromium Claimants" or "Plaintiffs").[1] 222 of these Plaintiffs seek damages for personal injuries and ten of these claims are for wrongful death caused by exposure to Chromium 6.[2] The lead case is Adams v. Pacific Gas & Electric Company, et. al., BC 233962; the two other cases are Alderson v. PG&E, BC 248532 and Kearney v. PG&E, BC 262031.

Both the Adams case and the Alderson case have been assigned to Judge Mohr of the Los Angeles-Central District Civil West Complex Litigation Division.[3] The Adams case was filed in July of 2000 and the Alderson case shortly thereafter. Kearney was just recently filed and, while the claims are substantially the same as the claims asserted by the Plaintiffs in Adams and Alderson, the majority of Plaintiffs in the Kearney case are minors. Judge Mohr has placed a hold on the Alderson case, while Adams has gone forward. Currently in the Adams case, the Plaintiffs have until January 17, 2002, to file their Third Amended Complaint. Plaintiffs have received approximately 3,500,000 pages of documents that have been produced by Debtor's co-defendant, Betz.

---

1 The Law offices of Engstrom, Lipscomb & Lack, Girardi & Keese and Masry and Vititoe represent a total of 1,035 plaintiffs in eight (8) separate lawsuits filed against Pacific Gas and Electric Company for injuries sustained as a result of exposure to Chromium 6. Those claimants have filed a Motion for Abstention on essentially the same grounds as set forth in this Motion for Relief From Stay and it is anticipated that they will file a Joinder to this Motion. Therefore, the claimants ultimately seeking relief pursuant to this Motion actually total over 1,250.

2 Each of these claimants has filed a proof of claim in Debtor's bankruptcy case and an Omnibus Objection to those claims has been filed by Debtor.

3 This is the same division as the cases referenced in the Motion for Abstention pending before the Court.

Case: 01-30923 Doc# 3954 Filed: 12/20/01 Entered: 12/21/01 14:41:00 Page 5 of 15

Since the commencement of Debtor's Chapter 11 case, Plaintiffs have continued with discovery against defendant Betz and have copied over 60,000 pages of documents, most of which are relevant to Plaintiffs' cases against Debtor. Most of the documents were produced in other litigation alleging exposure to Chromium 6. Plaintiffs estimate that their review of documents produced by Betz will be completed by the end of January 2002. Plaintiffs have been served with requests for production, requests for admissions, and interrogatories by Betz. Plaintiffs in the Adams case have filled out questionnaires for Betz that are approximately 50 pages and go into great detail regarding the claims of Plaintiffs. These questionnaires were used in previous litigation involving claims of exposure to Chromium 6 in which Debtor was a defendant.

Plaintiffs' attorneys have spent thousands of hours working on the Adams case in preparation to proceed to trial in the near future. Plaintiffs have retained experts located in Los Angeles who have agreed to aid in the case. The majority of all witnesses for Plaintiffs are from Southern California. Defendant Betz has its California offices in Los Angeles. Moreover, the injuries suffered by the Plaintiffs occurred in Southern California. Finally, at least ten cases similar to the Plaintiffs' cases have been filed and/or litigated in the Los Angeles courts, almost all of which are the subject of the Motion for Abstention.

Plaintiffs have spent tens of thousands of dollars in preparation for litigating their claims in the Los Angeles Courts. There have been several status conferences held by Judge Mohr, who has indicated that he would like the stay lifted against Debtor so that Debtor could be joined for the purposes of litigating the claims against Debtor, which involve substantially the same issues as the litigation being pursued against Betz. In addition, notwithstanding the pendency of its bankruptcy case, Debtor has had counsel present to observe the proceedings at all of the hearings that have taken place since the commencement of its Chapter 11 case. At the present time, Plaintiffs will be ready to conduct the trial of test cases in Adams no later than the summer of 2002.

**B. OTHER CHROMIUM LITIGATION CLAIMS.**

The actions pending in the Los Angeles Superior Court brought by moving parties are related to a number of cases brought by about 1,035 individuals claiming damages for personal injury, wrongful death, and loss of consortium arising out of exposure to Chromium 6 against

KLEIN, DENATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
POST OFFICE BOX 11172
BAKERSFIELD, CALIFORNIA 93389-1172

Debtor and Betz (the "Additional Chromium Claimants"). As set forth in the Motion for Abstention filed on or about December 6, 2001, the cases of the Additional Chromium Claimants have been deemed related cases and their prosecution is being coordinated and heard before a single judge of the Los Angeles County Superior Court in the same division as the cases being pursued by the Chromium Claimants. Many of these cases have been pending for more than six years and substantial amounts of pre-trial discovery have been conducted. Further, law and motion practice has been engaged in to narrow the issues for trial.[4] After almost 5 years of discovery in these cases, 20 trial plaintiffs were selected for trial and, had Debtor not commenced its Chapter 11 case, these plaintiffs' cases would have gone to trial on July 2, 2001 in the Complex Litigation Division, Department 323 of the Central Civil West Branch of the Los Angeles Superior Court.[5]

As set forth in the Motion for Abstention and the Declaration of Joy L. Robertson filed in support of the Motion for Abstention, the claims of the Additional Chromium Claimants are substantially the same as the claims brought by the Chromium Claimants.

**1. Voluminous Discovery Has Been Conducted in the Related Cases.**

The Additional Chromium Claimants have conducted an extremely large volume of discovery over the years their cases have been pending. As a result, the Los Angeles Superior Court has intimate knowledge of the discovery process in these matters and the extensive law and motion conducted regarding discovery issues. Additionally, over the past six (6) years in the Aguayo v. Pacific Gas & Electric case, numerous depositions have been taken by the parties and numerous experts have been deposed. In addition to these experts, nearly five hundred (500) witnesses have been deposed in the case. (See Exhibit 7 attached to the Robertson Decl.) Moreover, thousands of documents have been produced by both sides.

/ / /

/ / /

---

4 See Declaration of Joy Robertson, attached has Exhibit "A" to the Request for Judicial Notice filed herewith.

5 See Declaration of Joy Robertson, at para. 33.

KLEIN, DENATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
POST OFFICE BOX 11172
BAKERSFIELD, CALIFORNIA 93389-1172

Case: 01-30923 Doc# 3954 Filed: 12/20/01 Entered: 12/21/01 14:41:00 Page 7 of 15

2. **Remaining Pre-Trial Matters.**

Prior to April 6, 2001, the Los Angeles Superior Court issued an Order regarding the briefing schedule of the parties, including the schedule for defense motions. (See Exhibit 11 to the Declaration of Joy Robertson.) At the time of the bankruptcy filing, the following matters were pending before the Los Angeles Superior Court:

a) Fourteen (14) Motions for Summary Judgment or Summary Adjudication filed by Debtor;

b) Plaintiffs' Motion to Shift the Burden of Proof;

c) Motions in Limine;

d) Pre-Trial Conference Issues; and

e) Depositions of defendant's medical experts.

(Declaration of Joy Robertson, ¶ 29.)

**C. BANKRUPTCY PROCEEDINGS.**

The Chromium Claimants and Additional Chromium Claimants have filed proofs of claim in Debtor's Chapter 11 case. Debtor has estimated in its Disclosure Statement for Plan of Reorganization filed on September 20, 2001 (the "Disclosure Statement") that its total liability stemming from Chromium Claims will be about $160 million. (See Page 20 of the Disclosure Statement.) Moreover, Debtor listed the current Chromium litigation to which it was a party on the date it commenced its Chapter 11 case. This list reflects that the Chromium Claimants and the Additional Chromium Claimants comprise eight of the Chromium litigation matters currently pending and the vast majority of the individuals who have filed proofs of claim in Debtor's case alleging damages for Chromium exposure.[6]

On or about November 15, 2001, Debtor filed a Motion to Withdraw Reference and an Omnibus Objection to the claims filed by all of the Chromium Claimants. The hearing on the

---

6 Joy Robertson indicates that her firm represents 1,035 claimants. (See Declaration of Joy Robertson, at para. 15.) Thomas Anton and Michael Dolan represent an additional 232 claimants. (See Declaration of Michael Dolan, at para.1) Debtor indicates that there were about 1,250 proofs of claim filed in Debtor's case alleging claims based upon Chromium exposure. (See Motion to Withdraw Reference, at p. 4.)

KLEIN, DENATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
POST OFFICE BOX 11172
BAKERSFIELD, CALIFORNIA 93389-1172

Motion to Withdraw Reference is currently set for January 3, 2002.

On December 6, 2001, the Additional Chromium Claimants filed a Motion for Abstention seeking to have this Court and the District Court abstain from hearing the issues relating to the determination of the Additional Chromium Claimants' claims. On that same date, the moving parties filed a Notice of Joinder joining in the relief being requested by the Additional Chromium Claimants. The motion for abstention is also set for hearing on January 3, 2002.

**III.**

**ARGUMENT**

CAUSE EXISTS TO GRANT RELIEF FROM THE AUTOMATIC STAY SO THAT THE CLAIMS OF THE CHROMIUM CLAIMANTS MAY BE LIQUIDATED BY THE LOS ANGELES SUPERIOR COURT.

11 USC section 362(d)(1) provides that the Bankruptcy Court may grant relief from the automatic stay "for cause". Whether "cause" exists is determined on a case by case basis and has been found in circumstances where the interests of justice and judicial economy weigh in favor of the liquidation of state law claims against a debtor in a state forum and not in the Bankruptcy Court. See In re Castlerock Properties, 781 F.2d 159, 163 (9th Cir. 1986). A variety of cases have analyzed whether or not cause exists for granting relief from the automatic stay where state court litigation is pending at the time a bankruptcy case is filed. [7]

In In re Marvin Johnston's Auto Services, Inc. 192 B.R. 1008 (Bankr. N.D. Ala 1996), the court stated as follows with respect to granting relief from the automatic stay to allow a creditor to proceed with state court litigation against the debtor:

> "Cause" for granting relief from stay may exist if the equities in a particular case dictate that a lawsuit, or some similar pending action, should proceed in a forum other than the bankruptcy court for the purpose of liquidating the claim on which the lawsuit is premised.

/ / /

[7] It must be noted that the Court should consider the instant motion for relief from stay notwithstanding the pending Motion to Withdraw Reference filed by Debtor. In re Hudgins, 102 B.R. 495, 497 (Bankr. ED Va. 1989).

KLEIN, DENATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
POST OFFICE BOX 11172
BAKERSFIELD, CALIFORNIA 93389-1172

Case: 01-30923 Doc# 3954 Filed: 12/20/01 Entered: 12/21/01 14:41:00 Page 9 of 15

The Marvin Court looked to the factors of judicial economy, costs of defense, specialized expertise of the non-bankruptcy forum and the extent to which the trial of the case in a non-bankruptcy forum would interfere with the progress of a bankruptcy case in determining if whether cause existed to lift the stay.

In determining whether cause existed to grant a creditor relief from the automatic stay to enable it to continue with the litigation of a case pending outside of the Bankruptcy Court, the courts in In re Johnson 115 B.R. 634, 636 (Bankr. D. Minn. 1989) and In re Curtis 40 B.R. 795 (Bankr. D. Utah 1984) cited the following generally recognized factors:

1. Whether the conduct of the defense will impose a financial burden on the debtor or the estate;

2. Whether judicial economy favors the continuation of the action in the tribunal in which it was commenced, to fix and liquidate the claim which then may be made against the debtor's estate, and to avoid a multiplicity of suits and proceedings involved in the same subject matter;

3. Whether the state court litigation has progressed to trial readiness, with the likelihood that investment of resources in trial preparation would be wasted if the trial were deferred;

4. Whether the issues presented are governed solely by state law, or should be adjudicated by a specialized tribunal with expertise in the subject matter;

5. Whether the bankruptcy litigation involves other parties for whom the bankruptcy court lacks jurisdiction, and whether full relief may be accorded to all such non-debtor parties without the debtor's presence in the lawsuits;

6. Whether the creditor has a probability of success on the merits;

7. Whether the interests of the debtor in the estate would be better served by the resolution of threshold bankruptcy law issues in the bankruptcy court before the court and the parties address the issue of the forum where the claim against the debtor be fixed; and

8. Whether the relief sought would be partial or complete resolution of the issues.

See In re Johnson, supra, (citing In re Holtkamp, 669 F.2d 505 (7th Cir. 1982), In re McGraw, 18 B.R. 140 (Bankr. W.D. Wis. 1982), In re Fiedler, 34 B.R. 602 (Bankr. D. Colo. 1983), In re Lahman Mfg, 31 B.R. 195 (Bankr. D.S.D. 1983), In re Bock Laundry Machine Co., 37 B.R. 564 (Bankr. N.D. Ohio 1984).

/ / /

KLEIN, DENATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
POST OFFICE BOX 11172
BAKERSFIELD, CALIFORNIA 93389-1172

Case: 01-30923 Doc# 3954 Filed: 12/20/01 Entered: 12/21/01 14:41:00 Page 10 of 15

In In re Holtkamp, supra, the Seventh Circuit stated that the Court must make two determinations when evaluating whether cause exists to allow state court litigation to liquidate claims against a debtor: First, whether allowing the litigation to proceed will result in "no great prejudice" to the debtor and the estate. Second, whether a balancing of the respective hardships which would result from the grant or the denial of relief from stay favors the debtor or the creditor. In re Holtkamp, supra 669 F.2d at 507.

An evaluation of the Chromium Claimants' claims against Debtor in view of the factors set forth above and a balancing of the hardships weighs heavily in favor of granting relief from stay.

**1. FINANCIAL BURDEN TO THE ESTATE OF RELIEF FROM STAY.**

There will be no additional significant financial burden on Debtor or the estate caused by allowing the matters to be litigated in the Los Angeles County Superior Court. The evidence is clear that all but one of the actions against Debtor are pending in the Los Angeles Superior Court. Based upon the Omnibus Objections filed by Debtor, it is also clear that the validity of the Chromium Claimants' and Additional Chromium Claimants' claims will have to be litigated. Moreover, Debtor has counsel that has been participating in the Los Angeles litigation and has monitored the case against its co-defendant, Betz, following the commencement of its case. Finally, there are a number of pending law and motion matters that have been briefed by Debtor utilizing state law standards that would have to be completely reaccomplished if the matters were transferred to the District Court or heard by the Bankruptcy Court. Accordingly, there is no additional financial burden imposed on the Debtor by allowing the state court actions to proceed and, indeed, the estate will likely benefit financially by keeping the matters in the Los Angeles County Superior Court.

**2. JUDICIAL ECONOMY WEIGHS IN FAVOR OF RELIEF FROM STAY.**

The majority of the claims and cases of the Chromium Claimants have been or will be consolidated before the same division of the Los Angeles Superior Court. The Los Angeles County Superior Court is familiar with these cases as the Court has been involved in the actions for several years. As noted in the Declaration of Joy Robertson, the test cases have proceeded almost to the point of trial readiness. Trying these matters in the Bankruptcy Court or District Court would not further judicial economy in that a new judge would have to become familiar with these complex

KLEIN, DENATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
POST OFFICE BOX 11172
BAKERSFIELD, CALIFORNIA 93389-1172

cases and it is likely that the trials of the cases would be delayed for a lengthy period of time. Indeed, consolidation of these actions, a purported goal of the Debtor in seeking to withdraw the reference, has already occurred in the Los Angeles County Superior Court or will occur if relief is granted.

**3. PROGRESS OF LITIGATION IN STATE FORUM.**

As noted above, counsel for the Additional Chromium Claimants has indicated that, after several years of discovery, the test plaintiffs have been selected by counsel and the matter has proceeded almost to the point of trial readiness. With respect to the Chromium Claimants' actions, these matters too will be ready for trial by the summer of 2002 as substantial discovery has taken place in those cases as well. Therefore, the matters have achieved significant progress towards trial readiness. Accordingly, this factor weighs in favor of granting relief from the automatic stay.

**4. THE LITIGATION INVOLVES EXCLUSIVELY STATE LAW ISSUES.**

The Ninth Circuit has affirmed that a clear congressional mandate exists favoring the resolution of state law claims in state court. In re Castlerock Properties, supra, 781 F.2d at 163. The claims presented by the Chromium Claimants are for personal injuries, fraud, and wrongful death, all of which are state law claims. None of the claims involve bankruptcy issues, nor do they involve issues of federal law. Accordingly, this factor weighs in favor of granting relief from the automatic stay.

**5. COMPLETE RELIEF MAY NOT BE AFFORDED DUE TO PRESENCE OF OTHER DEFENDANTS**

Another factor mandating relief from stay is the fact that there is a defendant in the Chromium litigation other than Debtor. Specifically, Betz is a party to the actions brought both by the Chromium Claimants and the Additional Chromium Claimants. (See Declaration of Michael Dolan and Declaration of Joy Robertson, Exhibit 8.) If the cases are not heard in the Los Angeles Superior Court, the Plaintiffs will either have to litigate their cases twice or they will not be able to get complete relief.

/ / /

/ / /

KLEIN, DENATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
POST OFFICE BOX 11172
BAKERSFIELD, CALIFORNIA 93389-1172

Case: 01-30923 Doc# 3954 Filed: 12/20/01 Entered: 12/21/01 14:41:00 Page 12 of 15

**6. PROBABILITY OF SUCCESS ON MERITS.**

In each of the pending Chromium actions, the claimants have survived demurrers and the matters have proceeded to the trial-readiness stage with respect to a large number of test plaintiffs. The survival of these claims to this stage is evidence of the possibility of their success. The fact that Debtor has paid similarly situated claimants $333,000,000.00 (See Declaration of Joy Robertson, ¶ 11) is further evidence of the probability of success. Therefore, this factor weighs in favor of granting relief from the automatic stay.

**7. THERE ARE NO THRESHOLD BANKRUPTCY LAW ISSUES.**

There are no threshold bankruptcy law issues to be decided. Indeed, the fact that there are no bankruptcy law issues involved in resolving the Chromium claims is demonstrated by the Debtor's Motion to Withdraw Reference and transfer these cases to the United States District Court for the Northern District of California. Yet, there is no more reason for the District Court to decide these claims than there is for the Bankruptcy Court to determine them. Absent the commencement of Debtor's Chapter 11 case, there would not even be a basis for the claims to be heard in the United States District Court. Debtor is merely taking advantage of its bankruptcy filing to "remove" all of these cases to a court that otherwise would have no jurisdiction to try these claims.

As is demonstrated above, all of the factors considered by courts in determining the propriety of granting relief from the automatic stay to proceed with state court claims weigh in favor of granting such relief.

**8. A BALANCING OF THE RELATIVE HARDSHIPS ALSO WEIGHS IN FAVOR OF GRANTING RELIEF FROM STAY.**

In In re Todd Shipyards Corp., 92 B.R. 600 (Bankr. D. N.J. 1988), the Bankruptcy Court was presented with a situation similar to that present here. In Todd Shipyard, the debtor was a large corporation against which approximately 100 pre-petition personal injury and wrongful death lawsuit were pending. The Bankruptcy Court there concluded that a balancing of the hardships weighed in favor of granting relief from stay to allow the moving party's state law action to proceed forward. In so concluding, the Bankruptcy Court noted that:

/ / /

KLEIN, DENATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
POST OFFICE BOX 11172
BAKERSFIELD, CALIFORNIA 93389-1172

Case: 01-30923 Doc# 3954 Filed: 12/20/01 Entered: 12/21/01 14:41:00 Page 13 of 15

> The automatic stay was never intended to preclude a determination of tort liability and attendant damages. It was merely intended to prevent a prejudicial dissipation of the debtor's assets. Id. at 603 (citing In re Bock Laundry, supra, at 567).

Moreover, the Court noted that the personal injury claims could not be tried in the bankruptcy court in any event. Id. at 604 (citing 28 U.S.C. Section 157(b)(5)).

Similarly, in In re Bock Laundry, 37 B.R. 564 (Bankr. N.D. Ohio 1984), the Court held that it was proper to allow personal injury litigation to proceed, noting that since the plaintiffs had filed claims in the debtor's case, the issue of liability would have to be litigated in some forum. The Court concluded that modifying the stay to allow the liquidation of the plaintiffs' claims would not affect the estate and that such relief should be granted. Id. at 567.

As in the Bock Laundry and Todd Shipyard cases, the balance of the hardships tilts sharply in favor of granting the Chromium Claimants and Additional Chromium Claimants relief from the automatic stay to liquidate their claims in the Los Angeles County Superior Court. As noted above, the plaintiffs and witnesses are primarily located in Southern California. Moreover, the litigation of the plaintiffs' claims has proceeded through discovery and to the pre-trial phase. Importantly, several Plaintiffs have died during the pendency of their cases, a fact that weighs strongly in favor of granting relief from stay.

The issues involved in the cases are state law issues that cannot be tried in the Bankruptcy Court and should not be tried in the District Court due to the progress of the cases, the location of witnesses, and the state law nature of the issues. While Debtor will incur litigation expenses, Debtor will be required to incur such expenses irrespective of the forum in which the litigation proceeds. In any event, incurrence of litigation expenses does not weigh against the liquidation of personal injury claims in state court. See In re Todd Shipyard, supra, at 603 (incurrence of litigation expenses do not constitute an injury sufficient to justify enjoining litigation against the debtor). Moreover, complete relief cannot be afforded in the Bankruptcy Court and the Plaintiffs would be forced to try two separate proceedings in different fora to obtain complete relief. Finally, Debtor has litigation counsel with respect to the Los Angeles Superior Court proceedings and it would not prejudice the Debtor to have the litigation proceed in that forum.

/ / /

KLEIN, DENATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
POST OFFICE BOX 11172
BAKERSFIELD, CALIFORNIA 93389-1172

Case: 01-30923 Doc# 3954 Filed: 12/20/01 Entered: 12/21/01 14:41:00 Page 14 of 15

In short, there will be no hardship whatsoever on Debtor if the actions were allowed to proceed in Los Angeles Superior Court instead of this Court or the District Court. The hardship, instead, would be on the claimants–the parties least able to afford this burden. Therefore, the Court should grant the relief requested and allow the matters to proceed in the Los Angeles Superior Court.

## IV.

## CONCLUSION

Based upon the above, the Los Angeles Superior Court is the appropriate forum to liquidate the claims of the Chromium Claimants and the Additional Chromium Claimants. Therefore, the Court should grant the Motion for Abstention filed by the Additional Chromium Claimants and modify the automatic stay to allow the Chromium Claimants and Additional Chromium Claimants to litigate their actions pending before the Los Angeles County Superior Court.

DATED: December 19, 2001

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP

By: ______________________
T. Scott Belden, Bankruptcy Counsel
for Chromium Claimants

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
POST OFFICE BOX 11172
BAKERSFIELD, CALIFORNIA 93389-1172

Case: 01-30923 Doc# 3954 Filed: 12/20/01 Entered: 12/21/01 14:41:00 Page 15 of 15