T. SCOTT BELDEN, State Bar No. 184387
KLEIN, DeNATALE, GOLDNER,
 COOPER, ROSENLIEB & KIMBALL, LLP
4550 California Avenue, Second Floor
Bakersfield, California 93309
P.O. Box 11172
Bakersfield, California 93389-1172
Telephone: (661) 395-1000
Facsimile: (661) 326-0418

Bankruptcy Counsel
for Chromium Claimants

FILED
DEC 20 2001
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br>a California corporation,<br><br>Debtor,<br><br>Federal I.D. No. 94-0742640 | Bankruptcy Case No.<br>01-30923 SFM11-Chapter 11<br>[Assigned to: Judge Dennis Montali]<br><br>**OPPOSITION TO MOTION TO WITHDRAW REFERENCE**<br><br>DATE: January 3, 2002<br>TIME: 1:30 a.m..<br>PLACE: 235 Pine Street, 22nd Floor<br>San Francisco, CA |

Chromium Claimants hereby file the following opposition to the Motion to Withdraw Reference filed by Pacific Gas & Electric Company ("Debtor"):

## I.
## INTRODUCTION

The Motion to Withdraw Reference filed by Debtor is a thinly-veiled effort to "remove" the pending state court matters involving the claims of 232 individuals exposed to Chromium 6 (the "Chromium Claimants") against Debtor to federal court.[1] Absent the Chapter 11 bankruptcy filing of Debtor, there would be no grounds whatsoever to have these matters heard by a United States

---

[1] The Chromium Claimants filing this Opposition are about 232 individuals exposed to Chromium 6 that are parties to three lawsuits pending in the Los Angeles County Superior Court. See Declaration of Michael Dolan in Support of Motion for Relief From Automatic Stay.

00165416.DOC    1

District Court. The Chromium Claimants have filed a Motion for Relief From Automatic Stay to allow these matters to be litigated in the proper forum–the Los Angeles County Superior Court, a forum where these matters have been pending for several years. As the Los Angeles Superior Court is the proper forum for litigating these cases, the Court should deny the Motion to Withdraw Reference filed by Debtor.

## II.

## ARGUMENT

Chromium Claimants recognize that their claims against Debtor include "personal injury" and/or "wrongful death" claims within the meaning of 28 U.S.C. Section 157. However, Debtor's assertion that it inexorably follows from this characterization that the Chromium Claimants' claims must be tried in the District Court instead of some other forum is without basis and, indeed, is contrary to the law.

**A. SECTION 157(b)(5) DOES NOT MANDATE TRANSFER TO THE DISTRICT COURT.**

Debtor cites 28 U.S.C. Section 157(b)(5) and Local Bankruptcy Rule 9015-2(d) for its proposition that the Chromium Claimants' claims must be tried in the United States District Court for the Northern District of California. However, neither of these mandate this result and, based upon the Motion for Abstention and Motion for Relief From Automatic Stay brought by the Chromium Claimants, the Bankruptcy Court should not transfer these matters to the District Court and instead should abstain and grant relief from the automatic stay.

28 U.S.C. Section 157(b)(5) provides as follows:

> The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

Nothing in this provision precludes the court from determining the propriety of abstention and, if (as is the case here) abstention is appropriate, the matter should be left in the state court where the action is pending and not transferred to the District Court. See In re Pan American Corp., 950 F.2d 839, 844 (2d Cir. 1991). Only where abstention does not occur should adjudication in

00165416.DOC 2

the District Court take place. Id. Moreover, where state law tort theories predominate, the court may exercise its discretion and decline to exercise jurisdiction in the interest of comity with state courts and respect for state law. Kadel v. Thompson, 84 B.R. 878, 881-882 (N.D. Ga. 1988). In other words, Section 157(b)(5) does not mandate removal of state court claims to District Court, but rather designates which court, as between Bankruptcy Court and District Court should hear personal injury claims against the debtor and designates the venue for such proceedings. In re United Air Lines, Inc., 128 B.R. 339, 341 (S.D.N.Y. 1991).

Local Bankruptcy Rule 9015-2(f) reaffirms the power of the Bankruptcy Court to decline to certify a matter to the District Court and instead abstain from hearing the matter and grant relief from stay. It provides in pertinent part that "Nothing contained in this rule shall be construed to preclude the entry of any order of remand or abstention." Therefore, the Court has the power under Section 157 and Local Bankruptcy Rule 9015-2(f) to decline to certify the matter to the District Court and instead abstain and grant relief from the automatic stay.

**B. ABSTENTION AND RELIEF FROM STAY WILL FURTHER JUDICIAL ECONOMY.**

The Motion for Abstention amply sets forth the bases for this Court (or the District Court) to abstain from liquidating the Chromium Claimants' claims. As demonstrated by that Motion, the Chromium Claimants' claims are largely consolidated in a single Los Angeles County Superior Court Division, the claims are all founded in state law, the parties have performed substantial amounts of discovery and had proceeded almost to the point of trial readiness on several test cases at the time Debtor commenced its Chapter 11 case. Moreover, the majority of the parties and witnesses are located in Southern California. See generally Declaration of Joy Robertson in Support of Motion for Abstention and Declaration of Michael Dolan in Support of Motion for Relief From Automatic Stay.

Debtor claims that the interests of economy and efficiency will be advanced by transferring this matter to the District Court. To the contrary, economy and efficiency will be advanced by the Court abstaining and allowing the matters to proceed in the state court. Moreover, as demonstrated in the Chromium Claimants' Motion for Relief From Stay, a balancing of hardships tips sharply in

favor of the state court's hearing these matters.

The case relied upon by Debtor has no application to this matter. In <u>AH Robins v. Piccinin</u>, 788 F.2d 994 (4th Cir. 1986), the Debtor was faced with thousands of lawsuits in locations spread throughout the United States. Here, in contrast, the Debtor is faced with 10 lawsuits, all but one of which are venued in the Los Angeles County Superior Court. (See Disclosure Statement and Plan of Reorganization filed by Debtor on September 20, 2001.)

Debtor also ignores the fact that a nonbankrupt entity, BetzDearborn, Inc., ("Betz") is a party to the state court actions. Therefore, if the claims against Debtor are tried in the District Court, the Chromium Claimants will still be forced to proceed against Betz in the Los Angeles County Superior Court.

Debtor also cites the risk of inconsistent judgments as grounds for transferring the matters. As the cases are largely consolidated before a single division of the Los Angeles Superior Court, this risk has been minimized. Additionally, the doctrines of Res Judicata, Collateral Estoppel, and Law of the Case will further minimize any risk of inconsistent results.

Debtor's argument that the District Court will be familiar with the medical standards to be used is not persuasive. First, it is presumptuous of Debtor to assert that a state court trial court judge is in a worse position than a federal judge to deal with evidentiary issues arising out of state law claims. Perhaps the real motive for the motion lies in Debtor's assertion that the federal standard for expert witness testimony will apply to these actions. This claim is indicative of the fact that the instant Motion is no more than a ploy to have the matter heard before a District Court Judge in San Francisco instead of by a state court judge in Los Angeles. The Court should reject this effort, refuse to certify the matter to the District Court, and instead abstain and grant the Motion for Relief From Automatic Stay filed concurrently with this Opposition.

/ / /

/ / /

/ / /

/ / /

/ / /

## III.

## CONCLUSION

Based upon the foregoing, the Court should deny the Motion, abstain from hearing the Chromium Claims, and grant relief from the automatic stay.

Date: December 19, 2001

          KLEIN, DeNATALE, GOLDNER,
          COOPER, ROSENLIEB & KIMBALL, LLP

By: _____
    T. Scott Belden, Bankruptcy Counsel
    for Chromium Claimants

KLEIN, DeNATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
POST OFFICE BOX 11172
BAKERSFIELD, CALIFORNIA 93389-1172

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
POST OFFICE BOX 11172
BAKERSFIELD, CALIFORNIA 93389-1172

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF KERN

I am employed in the county of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 4550 California Avenue, Bakersfield, California 93309.

On **December 19, 2001**, I served the foregoing document described as follows:

**OPPOSITION TO MOTION TO WITHDRAW REFERENCE**

[X] by placing the true copies thereof addressed as follows:
[ ] by placing the original addressed as follows:

**SEE ATTACHED PROOF OF SERVICE LIST**

[X] **BY MAIL** I enclosed such document in sealed envelope(s) with the name(s) and address(es) of the person(s) served as shown on the envelope(s) and caused such envelope(s) to be deposited in the mail at Bakersfield, California. The envelope(s) was/were mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY FACSIMILE** I placed such document in a facsimile machine (pursuant to *California Rules of Court*, Rule 2003(3)) on _____, with the fax number of (661)326-0418. Upon facsimile transmission of the document, I obtained a report from the transmitting facsimile machine stating that the facsimile transmission was complete and without error. A copy of the transmission report is attached to this Proof of Service pursuant to *California Rules of Court*, Rule 2008(e).

[ ] **BY OVERNIGHT SERVICE**

[ ] **BY PERSONAL SERVICE** I caused such envelope(s) to be delivered by hand to the offices of the addressee(s).

Executed on **December 19, 2001**, at Bakersfield, California.

[ ] (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X] (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Rozemma Rucker                                  *Rozemma Rucker* (signature)
_____                        _____
Type or Print Name                               Signature

00165416.DOC                           6

KLEIN, DENATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
POST OFFICE BOX 11172
BAKERSFIELD, CALIFORNIA 93389-1172

# PROOF OF SERVICE LIST

PACIFIC GAS AND ELECTRIC COMPANY
P. O. BOX 7442
SAN FRANCISCO, CA 94120

JAMES L. LOPES, ESQ.
HOWARD, RICE, NEMEROVSKI, ET AL.
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4065

LINDA STANLEY
UNITED STATES TRUSTEE
STEPHEN JOHNSON
250 MONTGOMERY STREET, SUITE 1000
SAN FRANCISCO, CA 94104-3333

ERNEST J. GETTO, ESQ.
LATHAM & WATKINS
633 WEST FIFTH, SUITE 4000
LOS ANGELES, CA 90071-2007

THOMAS V. GIRARDI, ESQ.
GIRARDI & KEESE
1126 WILSHIRE BLVD.
LOS ANGELES, CA 90017

EDWARD L. MASRY, ESQ.
MASRY & VITITOE
5707 CORSA AVENUE, 2ND FLOOR
WESTLAKE VILLAGE, CA 91362

RENE TATRO, ESQ.
CRAIG S. BLOMGARDEN, ESQ.
TATRO, COFFINO, ZEAVIN, BLOOMGARDEN
1875 CENTURY PARK EAST, SUITE 1220
LOS ANGELES, CA 90067

THOMAS J. ANTON, ESQ.
ANTON & ASSOCIATES
1605 "G" STREET
BAKERSFIELD, CA 93301

MICHAEL P. DOLAN
ATTORNEY AT LAW
1315 "L" STREET
BAKERSFIELD, CA 93301