WALTER J. LACK, State Bar No. 57550
GARY A. PRAGLIN, State Bar No. 101256
JOY L. ROBERTSON, State Bar No. 165150
ELIZABETH A. HERNANDEZ, State Bar No. 204322
**ENGSTROM, LIPSCOMB & LACK**
A Professional Corporation
Sixteenth Floor
10100 Santa Monica Boulevard
Los Angeles, California 90067-4107
(310) 552-3800

THOMAS V. GIRARDI, State Bar No. 36603
**GIRARDI & KEESE**
1126 Wilshire Boulevard
Los Angeles, California 90017
(213) 977-0211

EDWARD L. MASRY, State Bar No. 31016
**MASRY & VITITOE**
5707 Corsa Avenue, Second Floor
Westlake Village, California 91362
(818) 991-8900

Attorneys for Claimants/Plaintiffs

**FILED**

DEC 2 1 2001

UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re | Bankruptcy Case No. 01-30923 SFM11 - Chapter 11 [Assigned to: Judge Dennis Montali] |
| PACIFIC GAS AND ELECTRIC COMPANY, a California corporation, | |
| Debtor. | **DECLARATION OF JOY L. ROBERTSON FILED IN SUPPORT OF CLAIMANTS' OPPOSITION TO MOTION TO CERTIFY AND TRANSFER THE PERSONAL INJURY CHROMIUM CLAIMS** |
| Federal I.D. No. 94-0742640 | |
| | [Filed Concurrently With The Appendix of Non-Federal Cases] |
| | DATE: January 3, 2002 TIME: 1:30 p.m. PLACE: 235 Pine Street 22nd Floor San Francisco, CA |

ENGSTROM,
LIPSCOMB
& LACK

Case: 01-30923    Dec.3,00.Joy L. Robertson Filed In Support Of Claimants' Opposition to Motion to Certify and Transfer Case #01-30923 SFM11
153

I, JOY L. ROBERTSON, declare:

1.      I am an attorney at law, duly licensed to practice law before all of the Courts of the State of California, including this Court herein. I am an associate in the law firm of Engstrom, Lipscomb & Lack, counsel of record for Claimants herein. I am one of the attorneys of record for plaintiffs in the Aguayo, Acosta, Aguilar, Baldonado, Boyd, Puckett, Bowers, and Miller cases. I have been working on these cases since their inception. In total, I have been working on the litigation against Pacific Gas & Electric Company for over seven years now. In addition, I worked on the related case of Anderson, et al. v. Pacific Gas & Electric Company, et al. since its inception. I have personal, first hand knowledge of the facts set forth herein, and if called upon to testify as a witness, I could and would testify competently thereto.

2.      This Declaration is being filed in support of the Claimants' Opposition to Motion to Certify and Transfer the Personal Injury Chromium Claims.

3.      The law offices of Engstrom, Lipscomb & Lack, Girardi & Keese, and Masry and Vititoe represent a total of 1,035 plaintiffs in eight (8) separate lawsuits filed against PG&E for injuries sustained as a result of exposure to chromium 6.

4.      The eight cases are: Acosta, et al. v. Pacific Gas & Electric Company, et al., Case Number BC 161669; Aguayo, et al. v. Pacific Gas & Electric Company, et al., Case Number BC 123749; Aguilar, et al. v. Pacific Gas & Electric Company, et al., Case Number BC 158588; Baldonado, et al. v. Pacific Gas & Electric Company, et al., Case Number BC 239104; Bowers, et al. v. Pacific Gas & Electric Company, et al., Case Number MC 012543; Boyd, et al. v. Pacific Gas & Electric Company, et al., Case Number BC 249693; Puckett, et al. v. Pacific Gas & Electric Company, et al., Case Number

ENGSTROM,
LIPSCOMB
& LACK

::ODMA\GRPWISE\ELLDOM.ELLPO.Documents:159934.1       2
Declaration of Joy L. Robertson Filed In Support Of Claimants' Opposition to Motion to Certify and Transfer Case No. 30923 SFM11
153

1  BC 247763; and Miller v. Pacific Gas & Electric Company, et al., Case Number BC

2  262238.  All of these cases were filed in the Los Angeles Superior Court.

3

4       5.     Each of these 1,035 plaintiffs is a creditor to PG&E.  Each plaintiff has filed

5  a Proof of Claim form. There are approximately 811 personal injury claims, 210 wrongful

6  death claims and 168 claims for loss of consortium.  (Attached hereto as Exhibit "1" is a

7  true and correct copy of a breakdown of the types of clams.)  Every case seeks punitive

8  damages.

9

10       6.     The vast majority of plaintiffs are in the Acosta, Aguayo and Aguilar cases.

11  These three (3) cases have been deemed related cases.  A total of 911 plaintiffs are in

12  these 3 related cases.  The remaining 124 plaintiffs are in the Baldonado, Bowers, Boyd,

13  Puckett and Miller cases.

14

15       7.     Litigation against PG&E for chromium 6 contamination has been pending in

16  state court for the past 8 years.  The original case entitled Anderson, et al., v. Pacific Gas

17  & Electric Company, et al. was filed on January 26, 1994.  This case spawned the movie

18  Erin Brockovich.  The Anderson case involved 650 plaintiffs who sued PG&E for injuries

19  after being exposed to chromium 6 at PG&E's Hinkley Compressor Station.  This case

20  was ultimately settled by PG&E for $333,000,000.00 after a seven month trial (binding

21  arbitration) before three distinguished retired judges.

22

23       8.     The related cases have been pending in Los Angeles for more than 6 years.

24  The Aguayo case was filed against PG&E in March of 1995.  The Acosta and Aguilar

25  cases were filed in November of 1996 and May of 1997, respectively.  The Baldonado,

26  Bowers, Boyd, Puckett and Miller cases were filed more recently and include plaintiffs

27  who were unaware of the contamination until they saw the Erin Brockovich movie.  The

28  Baldonado case was filed on October 25, 2000 in the Los Angeles Superior Court and was

ENGSTROM,
LIPSCOMB
& LACK

Case: 01-30923  Dec...  L. Roberson 9123 In Support Of Claimants' Opposition to Motion to Certify and Transfer Case #01-30923 SFM11

153

1  deemed related to the <u>Aguayo</u>, <u>Aguilar</u> and <u>Acosta</u> cases.  <u>Bowers</u>, <u>Boyd</u>, <u>Puckett</u> and

2  <u>Miller</u> were filed after PG&E declared bankruptcy and thus Notice of Related Cases could

3  not be filed in order to officially deem these cases related to the <u>Aguayo</u>, <u>Aguilar</u>, and

4  <u>Acosta</u> cases.

5

6      9.     After numerous demurrers in the <u>Aguayo</u>, <u>Aguilar</u>, and <u>Acosta</u> cases, the

7  legal issues surrounding the sufficiency of the pleadings have now been resolved.

8

9      10.     After almost 5 years of discovery in these cases, 20 trial plaintiffs were

10  selected for the first trial.  A pre-trial schedule was in place and expert witnesses were

11  being deposed at the time PG&E filed for bankruptcy.

12

13      11.     During the year 2000, the cases were transferred to the Los Angeles

14  Superior Court, Central Civil West Division, to take advantage of that Court's Complex

15  Litigation Program.  The <u>Aguayo</u> case was assigned to the Honorable Carolyn B. Kuhl

16  who has already ruled on a variety of complex pre-trial motions.  The Central Civil West

17  Division is a specially designed court dedicated exclusively to the trial of complex or

18  lengthy cases, modeled after the Federal system where one judge handles the case from

19  cradle to grave.

20

21      12.     Attached hereto as Exhibit "2" is a true and correct copy of a handwritten

22  note dated January 14, 1966 from Dick Stark to Harry Prudhomme, PG&E's Pipeline

23  Operations Manager.

24

25      13.     Attached hereto as Exhibit "3" are true and correct copies of excerpts

26  from PG&E's expert, Ronald R. Cavagrotti, taken on June 8, 2000.

27  / / /

28  / / /

ENGSTROM,
LIPSCOMB
& LACK

14.     On April 6, 2001, PG&E filed for reorganization under Chapter 11.
Thereafter, each of the chromium claimants filed a Proof of Claim form with the
Bankruptcy Court. The claim form set forth the amount of each claim and also provided a
brief summary of the chromium litigation cases.

15.     From the time of the initial filing of the <u>Aguayo</u> case in March of 1995, this
case has been extremely active. The goal of the parties was to eventually get to trial on a
small number of test cases.

16.     On February 16, 1996, Judge Wisot was appointed Special Master in the
<u>Aguayo</u> and related cases and acted in that capacity until early 1998. (Attached hereto
as Exhibit "4" is a true and correct copy of the order appointing Judge Wisot as Special
Master). Judge Wisot held Status Conferences on a monthly basis to decide all parties'
motions and to attempt to steer the case toward a trial involving Test Plaintiffs. Justice
Wiener replaced Judge Wisot as the Special Master on the cases. Judge Wiener's first
status conference was held on May 28, 1998. Since that time, Judge Wiener had been
holding monthly status conferences as well. The status conferences have largely
included discovery disputes and matters related to getting these cases to trial in a timely
fashion.

17.     Through participation in the monthly status conferences, the parties agreed
and the court ordered the selection of a test plaintiff population. In November of 1996,
150 plaintiffs were selected to serve as representatives of the entire plaintiff population.
Discovery as to the remaining plaintiffs was stayed and defendants immediately began
conducting discovery for the 150 Test Plaintiffs. Beginning in March of 1997,
defendants began deposing the 150 Test Plaintiffs. By March of 1998, more than 150
depositions of Test Plaintiffs had been completed by the parties.
/ / /

ENGSTROM,
LIPSCOMB
& LACK

18.     On September 16, 1998, Justice Wiener held a status conference. This hearing addressed the matter of selecting trial plaintiffs. Justice Wiener ordered that the trial plaintiffs would consist of twenty (20) plaintiffs. Two (2) alternate plaintiffs were also selected. (Attached hereto as Exhibit "5" is a true and correct copy of the Order from the September 16, 1998 hearing.)

19.     In order to select the trial plaintiffs, the following procedure was utilized:

- Four (4) plaintiffs were randomly selected from the Aguayo action;
- Seven (7) plaintiffs were selected by plaintiffs from the Aguayo action;
- Three (3) plaintiffs were selected by plaintiffs from the Aguilar and Acosta actions; and
- Six (6) plaintiffs were selected by defendants from all three (3) actions.

Plaintiffs selected one alternate from any of the three actions and defendant selected one alternate from any of the three actions. Thus, a total of twenty-two (22) plaintiffs were selected by the parties.

20.     The Aguayo test plaintiff trial was scheduled to begin July 2, 2001 in Judge Kuhl's courtroom. There are now eighteen (18) Test Plaintiffs. The current eighteen (18) Test Plaintiffs were exposed at either Hinkley or Kettleman. Some of the Kettleman plaintiffs were exposed at Camp Kettleman, PG&E's on-site housing, where the on-site water well was contaminated.

21.     The Test Plaintiffs were chosen by both parties (10 by plaintiffs and 8 by defendant). The Test Plaintiffs chosen by plaintiffs are:

| | | |
|---|---|---|
| 1. | Violet Brand (deceased) | Lung Cancer |
| 2. | Ted Chenoweth (deceased) | Prostate Cancer |
| 3. | Paul Clark (deceased) | Lung Cancer |
| 4. | Greg Daniel | Hodgkins Disease |

ENGSTROM,
LIPSCOMB
& LACK

Case: U.S. ... Decl. of Joy L. Robertson Filed In Support Of Claimants' Opposition to Motion to Certify and Transfer Case 601-30923 SFM11
153

| | | |
|---|---|---|
| 5. | Solomon Hedges (deceased) | Stomach Cancer |
| 6. | Theodore Nason (deceased) | Kidney Cancer |
| 7. | John Speth (deceased) | Stomach Cancer |
| 8. | Charles Speth (deceased) | Leukemia |
| 9. | Ruth Ann Vaughn | Crohns Disease |
| 10. | Kimberly Whitson | Lymphoma |

22.     The illnesses of the remaining eight (8) Test Plaintiffs tend to be less serious. All living Test Plaintiffs are also making claims for fear of cancer as a result of their exposure. All living Test Plaintiffs are also making a claim for future medical monitoring as a result of their exposure.

23.     A significant amount of pre-trial discovery has already been conducted for these twenty-two (22) plaintiffs. All of the trial plaintiffs have responded to a Supplemental Plaintiff Questionnaire which was propounded by PG&E. The depositions of the trial plaintiffs started in February of 1999.

24.     On February 19, 1999, the parties held a meet and confer to discuss pre-trial scheduling. At the time of the meet and confer, plaintiffs' Motion For Trial Preference was scheduled to be heard on February 24, 1999. However, in exchange for plaintiffs taking their motion off calendar, the parties agreed to a pre-trial schedule which included a November 16, 1999 trial date. This schedule met with the recommendation of the Special Master (Attached hereto as Exhibit 6 is a true and correct copy of the Recommendation of the Special Master Regarding Pre-Trial Schedule.)

/ / /

/ / /

ENGSTROM,
LIPSCOMB
& LACK

Decl. of Joy L. Robertson Filed In Support Of Claimants' Opposition to Motion to Certify and Transfer-Case #01-30923 SFM11

Case: 01-30923   Doc# 3983   Filed: 12/21/01   Entered: 12/28/01 14:43:00   Page 7 of
153

25.     Hundreds of depositions have been taken by the parties. A total of approximately 400 depositions had been completed at the time PG&E declared bankruptcy. (Attached hereto as Exhibit "7" is a true and correct copy of an Index of Witness Depositions taken in <u>Aguayo v. Pacific Gas & Electric Company</u>, Los Angeles Superior Court case number BC 123749.)

26.     Prior to the Bankruptcy filing, the parties already entered into three different stipulations regarding Case Management Orders which governed various phases of written discovery in the state court actions. The first Case Management Order was issued on April 2, 1996. The second Case Management Order was issued on November 25, 1996. The third Case Management Order was issued on February 21, 1997. (Attached hereto as Exhibits "8" through "10" are true and correct copies of the Stipulation of the Parties and Case Management Order Numbers One through Three.) The Orders cover issues of discovery, depositions, production of records, issuance of subpoenas and information authorizations, Motions, experts, and pre-trial preparation. (See Exhibits 8-10.)

27.     At the time of the Bankruptcy filing, the Honorable Carolyn Kuhl of the Los Angeles Superior Court, Central Civil West, Department 323, had already issued an Order regarding the briefing schedule of the parties, including the schedule for defense motions. (Attached hereto as Exhibit "11" is a true and correct copy of a Notice of Ruling Re Order Schedule for Defense Motions.)

28.     The following matters were pending at the time of the Bankruptcy filing:
- PG&E's fourteen (14) Motions for Summary Judgment or Summary Adjudication (See Exhibit 11.)
- Plaintiffs' Motion to Shift the Burden of Proof
- Motions in Limine

ENGSTROM,
LIPSCOMB
& LACK

Decl. of Joy L. Robertson Filed In Support Of Claimants' Opposition to Motion to Certify and Transfer Case #01-30923 SFM11

1      •     Pre-Trial Conference Issues

2      •     Depositions of defendant's medical experts (approximately twenty (20) days

3           of depositions)

4

5     29.     Approximately forty-eight (48) days of experts' depositions have been

6 completed by the parties. (Attached hereto as Exhibit "12" is a true and correct copy of

7 a list of plaintiffs' experts and defendant's experts who have been deposed thus far.)

8

9     30.     Since the initial case entitled <u>Anderson, et al. v. Pacific Gas & Electric</u>

10 <u>Company</u>, case number BCV 00822, was filed on January 26, 1994, counsel for both

11 parties have taken and defended expert depositions based upon the standard set forth in

12 <u>People v. Kelly</u>, (1976) 17 Cal. 3d 24.

13

14     31.     Prior to April 6, 2001 when PG&E filed for bankruptcy, Claimants were in

15 the process of opposing PG&E's fourteen (14) Motions for Summary Judgment or

16 Summary Adjudication. Most of these Oppositions were already completed by the

17 plaintiffs. <u>Claimants were also prepared to begin the trial scheduled for July 2, 2001 at the</u>

18 <u>time PG&E filed for bankruptcy.</u>

19

20     32.     The trial estimate was six (6) months for the <u>Aguayo</u> case. In the <u>Anderson</u>

21 case, it took seven (7) months of time to try the first 39 Test cases to a panel of Judges.

22 Realistically, with <u>Aguayo</u> being a jury trial, the trial could conceivably last longer than

23 six (6) months.

24 / / /

25 / / /

26 / / /

27 / / /

28

ENGSTROM,
LIPSCOMB
& LACK

::ODMA\GRPWISE\ELLDOM.ELLPO.Documents:159934.1

9

1       33.      Claimants filed a Motion for Abstention on December 6, 2001 which is

2 scheduled to be heard by the Bankruptcy Court on January 3, 2002, the same day as

3 PG&E's Motion to Certify and Transfer the Personal Injury Chromium Claims.

5      I declare under penalty of perjury that the foregoing is true and correct.

7      Executed this 18th day of December, 2001 at Los Angeles, California.

9                        _JOY L. ROBERTSON_

ENGSTROM,
LIPSCOMB
& LACK

::ODMA\GRPWISE\ELLDOM.ELLPO.Documents:159934.1           10

Decl. of Joy L. Robertson Filed In Support Of Claimants' Opposition to Motion to Certify and Transfer-Case #01-30923 SFM11

Case: 01-30923    Doc# 3983    Filed: 12/21/01    Entered: 12/28/01 14:43:00    Page 10
of 153

000011

Case: 01-30923    Doc# 3983    Filed: 12/21/01    Entered: 12/28/01 14:43:00    Page 11
of 153
**EXHIBIT 1**

## EXHIBIT 1

## LIST OF CLAIMANTS' CASES PENDING AGAINST PG&E

| CASE NAME | DATE FILED | NO. OF PLAINTIFFS | NO. OF LOSS OF CONSORTIUM ONLY CLAIMS | NO. OF PERSONAL INJURY CLAIMS | NO. OF WRONGFUL DEATH CLAIMS |
|---|---|---|---|---|---|
| AGUAYO | 3/15/95 | 334 | 53 | 274 | 68 |
| ACOSTA | 11/27/96 | 403 | 74 | 325 | 26 |
| AGUILAR | 10/4/96 | 174 | 16 | 130 | 89 |
| BALDONADO | 10/25/00 | 66 | 18 | 34 | 18 |
| BOYD | 5/2/01 | 15 | 4 | 8 | 4 |
| PUCKETT | 3/30/01 | 2 | 1 | 1 | 0 |
| BOWERS | 4/20/01 | 40 | 2 | 38 | 5 |
| MILLER | 11/21/01 | 1 | | 1 | |
| TOTALS = | | 1035 | 168 | 811 | 210 |

::ODMA\GRPWISE\ELLDOM.ELLPO.Documents:158893.1

000012

**EXHIBIT 2**

G40460878

Harry Prudhomme                                1/14/66

For the Past 15 Years We Have Been
Contaminating the Soil and Subterranean Water
with 15 Tons of Chromate. The Chromate
was used in treating the Water in our
Hinkley Compressor Station Cooling Towers.
Water from the Tower Basins was piped
to an "Evaporative Pond" where some pure
water evaporated and the remainder of
the water and chromate soaked into
the ground.

We became aware that chromate
was in the aquifer when the well on
the property we're proposing to lease showed
20 ppm chromate. The US Public Health
Service has established 0.05 ppm as the
maximum for potable water. We have tested
water from wells in the outlying area and
have found 0.5 to 1.8 ppm.

To clear up the contamination we have
started treating all of our waste water with
$SO_2$ which converts the chromate from a
soluble state to an insoluble state. We are
also trying to introduce solid disulfite
which reacts the same way that the $SO_2$ does.
Having treated the underground water for
several months we seem to have hit a

P00160188



EXHIBIT

PLATEAU -- WE CAN'T LOWER THE ROSS
WELL SHOW BELOW 6ppm.

WE NOW WANT TO DRILL SOME WELLS
ON OUR PROPERTY AND DETERMINE EXACTLY
THE NATURE OF THE UNDERGROUND STRUCTURE
AND WATER ALSO WE WANT TO QUANTITATIVELY
DETERMINE THE EFFECT OF THE BISULFITE
TREATMENT.

THE ROSS PROPERTY LEASE WILL ASSURE
US THAT NO-ONE ELSE WILL USE THE
HEAVILY CONTAMINATED WATER AND WILL
HELP IN INVESTIGATION AND TREATMENT
OF THE UNDERGROUND WATER.

AMOS BECHTOLD AND BOB OWENS OF
CLAIMS AND BILL CHANEY OF ENGINEERING
RESEARCH ARE AWARE OF AND INFAVOR
OF LEASING THE ROSS PROPERTY

DICK STARK

540460879

**EXHIBIT 3**
of 153

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

DANNY AGUAYO, an individual,      )
et al.,                           )
                                  )
          Plaintiffs,             )
                                  )
     vs.                          )        No. BC 123749
                                  )           BC 158588
BETZ LABORATORIES, INC., a        )           BC 161669
California corporation, et al.,)
                                  )
          Defendants.             )
_____)
                                  )
AND RELATED CASES.                )
_____)

**CERTIFIED COPY**

DEPOSITION OF RONALD R. CAVAGROTTI

Los Angeles, California

Thursday, June 8, 2000

BIEHL & BELL, et al.
Certified Shorthand Reporters

bnbetal@pacbell.net
telephone 714.539.4300
facsimile 714.539.4244

LAURIE HELD-BIEHL
CSR NO. 6781
JOB NO. 201220

34.  a.    For each medical condition or injury listed below, check all boxes that apply.

Have you ever had the condition listed?

Do you claim the condition Was Caused by the Site(s)?

| Yes | No | Don't Know | | Yes | No |
|---|---|---|---|---|---|
| | | | Scarlet fever, erysipelas | | |
| | | | Rheumatic fever | | |
| | | | Frequent or severe headaches | | |
| | | | Dizziness or fainting spells | | |
| | | | German measles | | |
| | | | Hearing loss | | |
| | | | Chronic or frequent colds | | |
| | | | Sinusitis | | |
| | | | Hay fever | | |
| | | | Head injury | | |
| | | | Skin diseases | | |
| | | | Thyroid condition | | |
| | | | Tuberculosis | | |
| | | | AIDS/HIV positive | | |
| | | | Asthma | | |
| | | | Pneumonia | | |
| | | | Bronchitis | | |
| | | | Shortness of breath | | |
| | | | Chest Pains | | |
| | | | Chronic cough | | |
| | | | Heart conditions | | |
| | | | High blood pressure | | |
| | | | Anemia or low blood count | | |
| | | | Diabetes | | |
| | | | Liver conditions | | |
| | | | Numbness of extremities | | |
| | | | Stomach conditions | | |
| | | | Colitis | | |
| | | | Crohn's Disease | | |
| | | | Ulcerative Colitis | | |
| | | | Tropical disease | | |
| | | | Gallbladder conditions | | |
| | | | Jaundice or hepatitis | | |
| | | | Adverse reaction to serum, drug or medicine | | |
| | | | Piles or rectal disease | | |
| | | | Painful urination | | |
| | | | Kidney stone or blood in urine | | |
| | | | Sugar or albumin in urine | | |
| | | | Bone, joint or other deformity | | |
| | | | Gum conditions | | |
| | | | Orthodontial conditions | | |
| | | | Recurrent back or neck pain | | |
| | | | Paralysis (including infantile) | | |
| | | | Epilepsy, fits or seizures | | |

Case: 01-30923    Doc# 3983    Filed: 12/21/01    Entered: 12/28/01 14:43:00    Page 18
of 153

1    collected.

2    BY MR. PRAGLIN:

3        Q    If you assume that data was collected on a

4    daily basis for every tower that was in operation in

5    Hinkley, at least once a day, would you agree that a

6    considerable amount was missing by the time you saw the

7    file?

8        A    Yes.

9        Q    And would the same be true for Kettleman if the

10   sampling was on the same frequency as I just described

11   for Hinkley?

12       A    Yes.

13       Q    And do you think that you have adequate data on

14   which to do a reliable reconstruction of the amount of

15   chromium that was used at the Hinkley and Kettleman

16   stations?

17       A    Yes.

18       Q    Would you agree that if you had all of the data

19   that had existed as it was taken by PG&E, that the data

20   set would have been more reliable?

21       MR. WILKINSON:  Objection.  Vague, incomplete

22   hypothetical.

23           Go ahead.

24       THE WITNESS:  If I had more data I would have more

25   confidence in it; so to that extent, that may translate

| | |
|---|---|
| 1 | concentrations in drift, and possibly others who might |
| 2 | use this information if they were trying to understand |
| 3 | impacts to groundwater. |
| 4 | Q So you knew that it would be relied upon by |
| 5 | PG&E's other experts, correct? |
| 6 | A Yes. |
| 7 | Q Do you understand in this case that PG&E |
| 8 | disagrees with the amount of chromium that the |
| 9 | plaintiffs in this case say they were exposed to? |
| 10 | A I don't know that firsthand. |
| 11 | Q Do you know that from the Anderson case, that |
| 12 | the plaintiffs said there was more chromium than PG&E |
| 13 | said? |
| 14 | A I believe we had a disagreement on the mass of |
| 15 | chromium that was used at the cooling towers in that |
| 16 | case. |
| 17 | Q And it was your opinion that 26 tons of |
| 18 | chromium was used at Hinkley, correct? |
| 19 | A Approximately, yes. |
| 20 | Q And you swore to that opinion, right? |
| 21 | A I testified to that opinion under oath. |
| 22 | Q You knew you were under oath? |
| 23 | A Yes. |
| 24 | Q And when you say "tons," is that tons as |
| 25 | powder? |

**Biehl & Bell, et al.**

```
 1    It's not based on any new data?
 2        MR. WILKINSON:  Misstates the testimony, vague and
 3    compound.
 4            Go ahead.
 5        THE WITNESS:  It's a different assumption and
 6    necessarily, it's based on additional data.
 7            As I'm thinking about it, it's possible, at
 8    least for the cycles of concentration, since Mr. Wilber
 9    was attempting to locate as much information as possible
10    about that, that he may have come up with the new data
11    that constitutes the reason to change the cycles of
12    concentration.
13            But as far as the chromium concentrations
14    themselves, that's something that I would have -- I
15    would have had myself and come up with.
16    BY MR. PRAGLIN:
17        Q    And then on Kettleman, your opinion about the
18    estimated mass of chromium being between 66,515 and
19    78,166 pounds is roughly between 33 and 39 tons of
20    chromium; is that right?
21        A    That's correct.
22        MR. WILKINSON:  Gary, at some point I need to make
23    one phone call; so whenever you get --
24        MR. PRAGLIN:  Sure.  Let me just finish up this
25    area.  I'm almost done.
```

**Biehl & Bell, et al.**

000019

Case: 01-30923    Doc# 3983    Filed: 12/21/01    Entered: 12/28/01 14:43:00    Page 21 of 153

**EXHIBIT 4**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 02/16/96 | | DEPT. 28 |
| HONORABLE FRANCES ROTHSCHILD JUDGE | J. BOADA | DEPUTY CLERK |
| HONORABLE JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| #8 | | |
| J. CHAVEZ - CSL   Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| 8:30 am | BC113000<br>KATHERINE ADAMS<br>VS<br>BETZ LABORATORIES, INC.(Compton<br><br>r/t BC123749<br>NO STIP - ELIAS | Plaintiff<br>Counsel<br><br>Defendant<br>Counsel | no appearances |

**NATURE OF PROCEEDINGS:**

ORDER OF COURT RE CASE MANAGEMENT ORDER

Pursuant to stipulation of Counsel, the Court, having
appointed Keith Wisot as Discovery Referee in the
above-referenced case(s), further authorizes him in
connection with same to prepare a Discovery Case
Management Order.  This Court's Order of 1-31-96
setting a Status Conference re Case Management Order
on 3-7-96 at 8:30 A. M. in Department 28 is vacated,
and said Status Conference is advanced to this date
and placed Off Calendar, to be re-calendared after
Judge Wisot has prepared the Discovery Case Management
Order and it has been accepted by the Parties or
approved by this Court.

The Court gives Notice of Ruling to all interested
Parties via the Court's Minute Order.

A copy of this Minute Order is sent via U. S. Mail to:

HONORABLE G. KEITH WISOT          ROBERT D. WILSON
c/o J*A*M*S/Endispute             Haight, Brown & Bonesteel
350 South Figueroa Street         1620 26th Street
Suite 990                         Suite 4000 North
Los Angeles, California           Santa Monica, California
90071                             90406

MINUTES ENTERED
02/16/96
COUNTY CLERK

000020

Case: 01-30923    Doc# 3983    Filed: 12/21/01    Entered: 12/28/01 14:43:00    Page 23
of 153

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| **TE:** 02/16/96 | **DEPT.** 28 |

| | | | |
|---|---|---|---|
| ..ABLE FRANCES ROTHSCHILD | JUDGE | J. BOADA | **DEPUTY CLERK** |
| NORABLE | JUDGE PRO TEM | | **ELECTRONIC RECORDING MONITOR** |
| 3 | | | |
| J. CHAVEZ - CSL | Deputy Sheriff | NONE | Reporter |

| | | |
|---|---|---|
| 3:30 am | BC113000<br>KATHERINE ADAMS<br>VS<br>BETZ LABORATORIES, INC.(Compton<br><br>r/t BC123749<br>NO STIP - ELIAS | Plaintiff<br>Counsel<br><br>Defendant<br>Counsel | no appearances |

**NATURE OF PROCEEDINGS:**

WILLIAM S. DAVIS
Arter & Hadden
700 South Flower Street
Suite 3000
Los Angeles, California
90017

THOMAS V. GIRARDI
Girardi & Keese
1126 Wilshire Boulevard
Los Angeles, California
90017

JILL P. McDONELL
Engstrom, Lipscomb & Lack
3250 Wilshire Boulevard
Suite 2100
Los Angeles, California
90010

EDWARD L. MASRY
Masry & Vittitoe
10850 Riverside Drive
Suite 605
North Hollywood, Calif.
91602

GREGORY C. READ
Sedgwick, Detert, Moran
One Embarcadero Center
Sixteenth Floor
San Francisco, California
94111

WALTER J. LACK
Engstrom, Lipscomb & La
3250 Wilshire Boulevard
Suite 2100
Los Angeles, California
90010

PAGE 10    DEPT. 28

000021

Case: 01-30923    Doc# 3983    Filed: 12/21/01    Entered: 12/28/01 14:43:00    Page 24
of 153

Case: 01-30923    Doc# 3983    Filed: 12/21/01    Entered: 12/28/01 14:43:00    EXHIBIT 55
of 153

1  LATHAM & WATKINS
   Ernest J. Getto (State Bar No. 55662)
2     Michael G. Romey (State Bar No. 137993)
      Kirk A. Wilkinson (State Bar No. 128367)
3  633 West Fifth Street, Suite 4000
   Los Angeles, California  90071-2007
4  Telephone: (213) 485-1234
   Facsimile: (213) 891-8763
5

6  Tatro • Coffino •Macklin • Bloomgarden
      Rene Tatro (State Bar No. 78383)
7     Craig S. Bloomgarden (State Bar No. 110241)
   1875 Century Park East, Suite 1220
8  Los Angeles, California 90087
   Telephone: (310) 229-2490
9  Facsimile: (310) 229-2491

10  Attorneys for Defendant
    Pacific Gas and Electric Company
11

12            SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                     COUNTY OF LOS ANGELES

14

15  DANNY AGUAYO, an individual, et al.,        *Aguayo v. Betz*      CASE NO. BC 123749
                                                *Aguilar v. PG&E*     CASE NO. BC 158588
16                                              *Acosta v. Betz*      CASE NO. BC 161669
                   Plaintiffs,
17                                              **ORDER RE:**

18       v.                                     **1. TEST PLAINTIFF SELECTION**

19  BETZ LABORATORIES, INC., et al.,            **2. *ACOSTA* QUESTIONNAIRE RESPONSES**

20                                              **3. FURTHER HEARINGS**

21                 Defendants.                  **4. MOTION FOR MONETARY SANCTIONS**

22                                              **HEARING DATE:  SEPTEMBER 16, 1998**

23

24

25

26

27

28

LATHAM & WATKINS    LA_DOCS\264211.3
ATTORNEYS AT LAW
LOS ANGELES

000022

After briefing and argument by counsel for all parties at hearing in these consolidated matters on September 16, 1998 it is hereby ORDERED that:

1. <u>Test Plaintiff Selection.</u> Twenty (20) test plaintiffs shall be selected for the first test trial in these matters. Two alternative plaintiffs shall also be selected. The selection shall be performed as follows:

a. On or by October 1, 1998, plaintiffs' counsel shall identify all plaintiffs to be dismissed from the <u>Acosta</u> and <u>Aguilar</u> actions, including those plaintiffs subject to the Court's orders regarding preconception exposure.

b. Defendants are allowed to take the depositions of (10) plaintiffs in order to assist them in the selection process. The depositions are not to exceed one hour in length. The depositions are to be taken at the area where the plaintiffs reside. The parties are to cooperate to minimize any inconvenience to the deponents.

c. On or by October 9, 1998, four (4) plaintiffs shall be selected from the <u>Aguayo</u> action at random through the following process. Seven (7) plaintiffs shall be randomly selected and the respective parties, plaintiffs, PG&E, and the collective Betz defendants, are each given the right to concurrently strike one randomly selected plaintiff. If either defendant eliminates the same person eliminated by plaintiffs, plaintiffs may strike another randomly selected plaintiff.

 d. On October ~~19~~ 26, 1998, the following shall occur:

i. plaintiffs shall select seven (7) plaintiffs from the <u>Aguayo</u> action and defendants shall select three (3) plaintiffs from the <u>Aguayo</u> action (as agreed upon by the defendants).

ii. plaintiffs shall select a total of three (3) from the <u>Acosta</u> and <u>Aguilar</u> actions; defendants shall select three (3) from the <u>Acosta</u> and <u>Aguilar</u> actions (as agreed upon by the defendants).

iii. plaintiffs shall select one (1) alternative plaintiff from any of the three actions; defendants shall select one (1) alternative plaintiff from any of three action (as agreed upon by the defendants).

THAM & WATKINS
ATTORNEYS AT LAW
LOS ANGELES

LA_DOCS\264211.3

1

000023

1    2.    _Acosta_ Questionnaire Responses. Not later than November 15, 1998, the

2    plaintiffs in the _Acosta_ action are to serve upon defendants verified questionnaire responses.

3    Those plaintiffs in _Acosta_ who did not serve a verified questionnaire response on or before

4    November 15, 1998 shall be dismissed with prejudice on December 1, 1998, unless such plaintiffs

5    can show good cause as to why they should not be dismissed.

6    3.    Further Hearings. The following additional hearings are scheduled:

7    a.    October 14, 1998 at 9:00 a.m., at the law offices of plaintiffs'

8    counsel, Engstrom, Lipscomb & Lack, 10100 Santa Monica Boulevard, 16th Floor, Los

9    Angeles, California, 90067. This hearing is to be limited to discovery disputes.

10    b.    November 18, 1998 at 9:00 a.m., at the law offices of defendant

11    PG&E's counsel, Latham & Watkins, 633 West Fifth Street, Suite 4000, Los Angeles,

12    California, 90071.

13    c.    December 16, 1998 at 9:00 a.m., at the law offices of plaintiffs'

14    counsel, Engstrom, Lipscomb & Lack.

15    d.    January 21, 1999 at 9:00 a.m., at the law offices of defendant

16    Betz's counsel, Chapin, Fleming, McNitt, Shea & Carter, 501 West Broadway, Suite

17    1500, San Diego, California, 92101.

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

Case: 01-30923    Doc# 3983    Filed: 12/21/01    Entered: 12/28/01 14:43:00    Page 28
of 153

4. <u>Motion for Monetary Sanctions</u>. With respect to plaintiffs' motion for monetary sanctions, the Court reserves ruling on this motion to a later date.

DATED: September 28, 1998

_Howard B. Wiener_
Justice Howard B. Wiener, *Retired*

Approved as to form:

_[signature]_
Michael G. Romey
Counsel for Pacific Gas &
Electric Company

_____
Jill P. McDonell
Counsel for Plaintiffs

_____
Edward D. Chapin
Counsel for the Betz defendants

Case: 01-30923    Doc# 3983    Filed: 12/21/01    Entered: 12/28/01 14:43:00    Page 29 of 153

1

2        **4.**    **Motion for Monetary Sanctions.  With respect to plaintiffs' motion for**

3    **monetary sanctions, the Court reserves ruling on this motion to a later date.**

4

5    DATED: September __, 1998

6

7    _____

8                     Justice Howard B. Wiener

9

10

11   Approved as to form ~~and content~~:

12

13   _____

14   Michael G. Romey
     Counsel for Pacific Gas &

15   Electric Company

16

17

18   _____
     Jill P. McDonell

19   Counsel for Plaintiffs

20

21

22

23   _____
     Edward D. Chapin
     Counsel for the Betz defendants

24

25

26

27

28

ATHAM & WATKINS  LA_DOCS\264211.2-3RED
ATTORNEYS AT LAW
LOS ANGELES

**3**

000026

Case: 01-30923    Doc# 3983    Filed: 12/21/01    Entered: 12/28/01 14:43:00    Page 30
of 153

4. <u>Motion for Monetary Sanctions</u>.  With respect to plaintiffs' motion for monetary sanctions, the Court reserves ruling on this motion to a later date.

DATED:  September __, 1998

_____
Justice Howard B. Wiener

Approved as to form:

_____
Michael G. Romey
Counsel for Pacific Gas &
Electric Company

_____
Jill P. McDonell
Counsel for Plaintiffs

_____
Edward D. Chapin
Counsel for the Betz defendants

LATHAM & WATKINS
ATTORNEYS AT LAW
LOS ANGELES
LA_DOCS\264211.2

3

000027

Case: 01-30923    Doc# 3983    Filed: 12/21/01    Entered: 12/28/01 14:43:00    Page 31
of 153

<u>Service List</u>

<u>Aguayo v. Betz Laboratories, Inc., et al. and related matters.</u>

Gary A. Praglin, Esq.
Jill P. McDonell, Esq.
Joy Robertson, Esq.
Engstrom, Lipscomb & Lack
10100 Santa Monica Blvd., 16th Floor
Los Angeles, CA 90067-4107
310/552-3800 fax: 310/552-9434
Attorneys for Plaintiffs,

Thomas V. Girardi, Esq.
Girardi & Keese
1126 Wilshire Blvd.
Los Angeles, CA 90017
213/977-0211 fax: 213/481-1554
Attorneys for Plaintiffs,

Edward L. Masry, Esq.
Masry & Vititoe
10850 Riverside Drive, Suite 605
Toluca Lake, CA 91602
818/755-4888 818/766-1444
Attorneys for Plaintiffs,

Edward D. Chapin, Esq.
Douglas Simpson, Esq.
Chapin, Fleming, McNitt, Shea & Carter
501 West Broadway, 15th Floor
San Diego, CA 92101
619/232-4261 fax: 619/232-4840
Attorneys for Defendant,
Betz Laboratories, Inc.,

000028

<u>Service List – Continued …</u>

<u>Aguayo v. Betz Laboratories, Inc., et al. and related matters.</u>

Ernest Getto, Esq.
Kirk Wilkinson, Esq.
Susan P. Welch, Esq.
Kathleen O. Truman, Esq.
Latham & Watkins
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071
213/485-1234 fax: 213/891-8763
**Attorneys for Defendants,**
**Pacific Gas & Electric**

Rene Tatro, Esq.
Tatro, Coffino, Zeavin & Bloomgarden
1875 Century Park East, Suite 1220
Los Angeles, CA 90065
310/229-2490 fax: 310/229-2491
**Attorneys for Defendants,**
**Pacific Gas & Electric**

Gregory C. Read, Esq.
Nicholas M. Heldt, Esq.
Sedgwick, Detert, Moran & Arnold
One Embarcadero Center, 16th Floor
San Francisco, CA 94111-3765
415/781-7900 fax: 415/781-2635
**Attorneys for Defendants,**
**Pacific Gas & Electric**

Courtesy Copy to:

Los Angeles Superior Court
Central District – Dept. 28
111 No. Hill Street
Los Angeles, CA 90012

000029

**EXHIBIT 6**



COPY

1  WALTER J. LACK, State Bar No. 57550
2  GARY A. PRAGLIN, State Bar No. 101256
   JOY L. ROBERTSON, State Bar No. 165150
3  JILL P. MCDONELL, State Bar No. 162612
   **ENGSTROM, LIPSCOMB & LACK,**
4  A Professional Corporation
   10100 Santa Monica Blvd., 16th Floor
5  Los Angeles, California 90067-4107
   (310) 552-3800
6
7  THOMAS V. GIRARDI, State Bar No. 31016
   **GIRARDI & KEESE**
   1126 Wilshire Boulevard
8  Los Angeles, California 90017
   (213) 977-0211
9
   EDWARD L. MASRY, State Bar No. 36603
10 **LAW OFFICES OF MASRY & VITITOE**
   5707 Corsa Drive, Second Floor
11 Westlake Village, California 91362
   (818) 991-8900
12
13 Attorneys for Plaintiffs
14
15         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
16              **FOR THE COUNTY OF LOS ANGELES**
17
18 DANNY AGUAYO, an individual; et al.,  )   CASE NO.  BC 123749
19                          Plaintiffs,  )
                                         )   **RECOMMENDATION OF**
20        vs.                            )   **SPECIAL MASTER**
                                         )   **REGARDING PRE-TRIAL**
21 BETZ LABORATORIES, INC., etc., et     )   **SCHEDULE**
   al.                                   )
22                       Defendants.     )
                                         )
23 _____      )
                                         )
24 AND RELATED MATTERS                   )
   _____      )
25
26
27
28
   SOFTSOL-79004-1                    1

**RECOMMENDATION OF SPECIAL MASTER
REGARDING PRE-TRIAL SCHEDULE**

000030

Case: 01-30923    Doc# 3983    Filed: 12/21/01    Entered: 12/28/01 14:43:00    Page 35 of 153

On February 19, 1999 the parties held a meet and confer to discuss pre-trial scheduling. Plaintiffs' Motion For Trial Preference is currently set to be heard on February 24, 1999 at 8:30 a.m. in Department 28 of the above entitled court located at 111 North Hill Street, Los Angeles, California. During said meet and confer, the parties agreed that in exchange for plaintiffs' taking their Motion For Trial Preference off calendar, the pre-trial schedule would be as follows:

- **May 17, 1999:**    Simultaneous Exchange of List of Expert Witnesses
- **June 15, 1999:**    Simultaneous Exchange of Lists of Supplemental and Rebuttal Experts
- **July 15, 1999:**    Non-Expert Discovery Cut-Off
- **September 15, 1999:** Expert Discovery Cut-Off
- **October 1, 1999:**    *Kelly-Frye* and Summary Judgment Motions Filed
- **October 22, 1999:**    Opposition to *Kelly-Frye* and Summary Judgment Motions
- **November 5, 1999:**    Reply to *Kelly-Frye* and Summary Judgment Motion Oppositions.
- **November 15, 1999:**    Anticipated Hearing on *Kelly-Frye* Motions
- **November 16, 1999:**    Trial

The above described pre-trial schedule has been agreed upon by all parties and meets with the recommendation of the Special Master.

DATED: February 2 7, 1999

_____
HONORABLE HOWARD B. WIENER (RET.)
SPECIAL MASTER, PRESIDING

///
///

**RECOMMENDATION OF SPECIAL MASTER
REGARDING PRE-TRIAL SCHEDULE**

000031

1   Based upon the recommendation of Justice Wiener, IT IS SO ORDERED.

2

3   DATED: February 24, 1999

4
                                            _Sholeschut_
5                                           THE HONORABLE FRANCES ROTHSCHILD

6   Approved as to Form and Content:

7   DATED: February 19, 1999            ENGSTROM, LIPSCOMB & LACK

8

9                                           _Walter Lack_
10                                          WALTER J. LACK
                                            GARY A. PRAGLIN
11                                          JILL P. MCDONELL
                                            JOY L. ROBERTSON
12                                          Attorneys for Plaintiffs

13  DATED: February 19, 1999            CHAPIN, FLEMING, McNITT,
                                            SHEA & CARTER
14

15

16                                          _Edward D. Chapin_
17                                          EDWARD D. CHAPIN
                                            LAWRENCE SHEA
18                                          Attorneys for Defendant,
                                            Betz Laboratories, Inc.

19

20  DATED: February 19, 1999            LATHAM & WATKINS

21

22
                                            _Ernest Getto_
23                                          ERNEST J. GETTO
                                            SUSAN P. WELCH
24                                          Attorneys for Defendant,
                                            Pacific Gas & Electric Company

25

26

27

28

SOFTSOL-79004-1                     3

RECOMMENDATION OF SPECIAL MASTER
REGARDING PRE-TRIAL SCHEDULE

000032

EXHIBIT 7

**EXHIBIT 7**

## INDEX OF WITNESS DEPOSITIONS IN

## AGUAYO v. PACIFIC GAS & ELECTRIC COMPANY

## L.A.S.C. CASE NUMBER BC 123749

| | DATE | WITNESS |
|---|---|---|
| 1. | 03/06/95 | CHARLIE HAVER |
| 2. | 05/15/95 | KENNETH B. COULTER |
| 3. | 08/23/95 | SHELTON GRAY |
| 4. | 08/23/95 | DOUG PATTERSON |
| 5. | 10/12/95 | CLARENCE MCBRIDE |
| 6. | 11/20/96 | PAUL RYKEN |
| 7. | 11/20/96 | MANUEL GARCIA |
| 8. | 11/22/96 | GLORIA MUNOZ |
| 9. | 11/24/96 | ALCARIO MELENDEZ |
| 10. | 11/26/96 | JACKLYN L. DEPUE |
| 11. | 11/26/96 | DONALD BILL DEPUE |
| 12. | 11/26/96 | ELIZABETH A. ARREDONDO |
| 13. | 03/03/97 | ANTONIO ORTIZ GUTIERREZ, SR. |
| 14. | 03/03/97 | DERRYL VALK |
| 15. | 03/04/97 | MIGUEL VILLARREAL |
| 16. | 03/04/97 | ANTONIO GOMEZ, II |
| 17. | 03/05/97 | ERNEST D. SIERRA |
| 18. | 03/06/97 | MARTIN ARUNDELL |

000033

# EXHIBIT 7

## INDEX OF WITNESS DEPOSITIONS IN

## AGUAYO v. PACIFIC GAS & ELECTRIC COMPANY

## L.A.S.C. CASE NUMBER BC 123749

| | DATE | WITNESS |
|---|---|---|
| 19. | 03/06/97 | ROBERT ARUNDELL |
| 20. | 03/06/97 | ROBERT O. BANBURY |
| 21. | 03/10/97 | GABRIEL CRUZ |
| 22. | 03/10/97 | VICTORIA GOLD |
| 23. | 03/11/97 | BILLY HOWARD TERRY, JR. |
| 24. | 03/13/97 | TRACI HARE |
| 25. | 03/14/97 | BILLIE DUNN |
| 26. | 03/19/97 | JOSEPH ANTHONY ARDITO |
| 27. | 03/20/97 | EMERY W. HATHAWAY |
| 28. | 03/21/97 | JOHN JOSEPH KURPELL |
| 29. | 03/26/97 | CURTIS L. TALLY |
| 30. | 04/01/97 | DARLENE SILVA |
| 31. | 04/02/97 | JOE SILVA |
| 32. | 04/02/97 | JAMES HARE |
| 33. | 04/02/97 | JOE SILVA |
| 34. | 04/03/97 | JANET MAYES |
| 35. | 04/04/97 | JULIE VINSON |

000034

EXHIBIT 7

## INDEX OF WITNESS DEPOSITIONS IN

## AGUAYO v. PACIFIC GAS & ELECTRIC COMPANY

## L.A.S.C. CASE NUMBER BC 123749

|     | DATE     | WITNESS                     |
| --- | -------- | --------------------------- |
| 36. | 04/08/97 | ERNEST RUBEN ARMIJO         |
| 37. | 04/08/97 | ARNOLD BURNS ARNOLD, JR.    |
| 38. | 04/08/97 | ROBERT BURNS ARNOLD, SR.    |
| 39. | 04/09/97 | DIANE MARIE RUIZ            |
| 40. | 04/09/97 | HARVEY LEROY KELLER         |
| 41. | 04/10/97 | CHERYL ANN LYTLE            |
| 42. | 04/10/97 | NANCY ANN CARMODY           |
| 43. | 04/11/97 | DONALD RAY RUPE             |
| 44. | 04/11/97 | ISABEL CARMODY              |
| 45. | 04/14/97 | ELLIS S. POUDRIER           |
| 46. | 04/15/97 | BRENDA LEE BRADFORD         |
| 47. | 04/15/97 | SHERRI WHITE                |
| 48. | 04/16/97 | DANNY FLOYD LYTLE           |
| 49. | 04/22/97 | DEANNIE PICCIOTTI           |
| 50. | 04/24/97 | REBA FRANCIS AGEE           |
| 51. | 04/23/97 | ERMOGENE PICCIOTI           |
| 52. | 05/07/97 | CHRISTIAN EDWARD PARIS      |
| 53. | 05/08/97 | SHAWN CARL VARNER           |

000035

# EXHIBIT 7

## INDEX OF WITNESS DEPOSITIONS IN

## AGUAYO v. PACIFIC GAS & ELECTRIC COMPANY

## L.A.S.C. CASE NUMBER BC 123749

| | DATE | WITNESS |
|---|---|---|
| 54. | 05/12/97 | JO-ANNE E. ZUBIRI |
| 55. | 05/13/97 | SUMMER BROWN |
| 56. | 05/13/97 | STACI WHEAT |
| 57. | 05/16/97 | DESERIE CHAVARRIA |
| 58. | 05/20/97 | WENDI WOMACK HOWARD |
| 59. | 05/21/97 | WILLIE GUERRERO |
| 60. | 05/27/97 | CHRYSI EDMONSON - CANERDAY |
| 61. | 05/28/97 | KIMBERLY ANN SHATTUC |
| 62. | 05/29/97 | MINNIE GRIFFIN |
| 63. | 05/30/97 | MINNIE GRIFFIN |
| 64. | 06/03/97 | WILLIAM BARRY TOWNS |
| 65. | 06/04/97 | RAUL S. CHAVARRIA |
| 66. | 06/05/97 | DOLORES CHAVARRIA |
| 67. | 06/10/97 | RUBEN ARREDONDO |
| 68. | 06/11/97 | RAMON GRIEGO |
| 69. | 06/13/97 | MARIO GOMEZ |
| 70. | 06/18/97 | SHEILA WELCH |

000036

Case: 01-30923    Doc# 3983    Filed: 12/28/01    Entered: 12/28/01 14:43:00    Page 42

EXHIBIT 7

## INDEX OF WITNESS DEPOSITIONS IN

## AGUAYO v. PACIFIC GAS & ELECTRIC COMPANY

## L.A.S.C. CASE NUMBER BC 123749

| | DATE | WITNESS |
|---|---|---|
| 71. | 06/20/97 | EVAN ROHRER |
| 72. | 06/23/97 | STEVEN BELMONT |
| 73. | 06/24/97 | DENNIS PANOO |
| 74. | 06/25/97 | MARYLOU MARTINEZ |
| 75. | 06/25/97 | DANIELLE ELISE SIERRA |
| 76. | 06/26/97 | ROBERT LEE YANCEY |
| 77. | 06/30/97 | MARK SHATTUCK |
| 78. | 06/30/97 | JOY PICKELL |
| 79. | 07/01/97 | PAUL KARPOWICZ |
| 80. | 07/08/97 | CHARLES LANE HOWELL |
| 81. | 07/09/97 | BRENT W. CHETTLE |
| 82. | 07/17/97 | MICHAEL HILL |
| 83. | 07/17/97 | KENNETH FIDLER |
| 84. | 07/18/97 | RAMON GRIEGO |
| 85. | 07/22/97 | CHARLES JORDAN |
| 86. | 07/23/97 | EDWARD CAMPBELL |
| 87. | 07/28/97 | SONNY NOLAND |
| 88. | 07/29/97 | MICHAEL O'BRYAN |

000037

# EXHIBIT 7

## INDEX OF WITNESS DEPOSITIONS IN

## AGUAYO v. PACIFIC GAS & ELECTRIC COMPANY

## L.A.S.C. CASE NUMBER BC 123749

| | DATE | WITNESS |
|---|---|---|
| 89. | 07/29/97 | JOSEPHA WEILAGE |
| 90. | 07/30/97 | RUBEN ARREDONDO |
| 91. | 07/30/97 | LINDA WAGAMON |
| 92. | 07/31/97 | CHERIE WAGAMON |
| 93. | 08/06/97 | CARL PIERCY |
| 94. | 08/07/97 | FRED FEUILLE |
| 95. | 08/07/97 | KENNETH CARLTON FIDLER |
| 96. | 08/11/97 | BRIAN HAYGOOD |
| 97. | 08/11/97 | KALVIN BO HAYGOOD |
| 98. | 08/11/97 | ROSA SIERRA |
| 99. | 08/14/97 | DAVID HENRY MOHAMMED |
| 100. | 08/14/97 | DONALD DIVINE |
| 101. | 08/15/97 | ROBERT GARZA |
| 102. | 08/18/97 | MANUEL TORRES |
| 103. | 08/18/97 | TAWNYA HENDERSON |
| 104. | 08/18/97 | ANTONIO GUTIERREZ, JR. |
| 105. | 08/19/97 | LINDA TERRY |

## EXHIBIT 7

### INDEX OF WITNESS DEPOSITIONS IN

### AGUAYO v. PACIFIC GAS & ELECTRIC COMPANY

### L.A.S.C. CASE NUMBER BC 123749

| | DATE | WITNESS |
|---|---|---|
| 106. | 08/26/97 | BETTY MCBRIDE |
| 107. | 08/20/97 | MARIE TUGGLE |
| 108. | 08/21/97 | SUZANNA CHAVARRIA |
| 109. | 08/22/97 | EDWIN JAMES |
| 110. | 08/22/97 | ROBERT PONTECORVO |
| 111. | 08/25/97 | MICHAEL SERPA |
| 112. | 08/26/97 | VINCENT HOGAN |
| 113. | 08/28/97 | JANE ANN DIXON |
| 114. | 08/27/97 | MARY MARGARET WRIGHT-SMITH |
| 115. | 08/27/97 | DENISE ESPINOZA |
| 116. | 08/28/97 | BERNARD MANUEL ROBLES |
| 117. | 08/28/97 | ROBERT GARZA |
| 118. | 09/04/97 | DONNA KROMM |
| 119. | 09/05/97 | DONNA LUSARDI |
| 120. | 09/05/97 | LUCY F. TURNER |
| 121. | 09/10/97 | DAVID EDWARD SAHLSTROM |
| 122. | 09/11/97 | CHRISTY DAWN LOPEZ |
| 123. | 09/16/97 | CHERI BECKER |

000039

Case: 01-30923   Doc# 3983   Filed: 12/28/01   Entered: 12/28/01 14:43:00   Page 45 of 153

**EXHIBIT 7**

**INDEX OF WITNESS DEPOSITIONS IN**

**AGUAYO v. PACIFIC GAS & ELECTRIC COMPANY**

**L.A.S.C. CASE NUMBER BC 123749**

| | DATE | WITNESS |
|---|---|---|
| 124. | 09/17/97 | LISA NICOLE SWENNING |
| 125. | 09/18/97 | ANGIE COTA |
| 126. | 09/22/97 | HANSEN LOREN DANIEL |
| 127. | 09/25/97 | JOHNNY EDWARD AUSTIN |
| 128. | 10/07/97 | TAYLOE JOHN EDWARD |
| 129. | 10/09/97 | BETTY DAME |
| 130. | 10/16/97 | THOMAS K. WRIGHT |
| 131. | 10/30/97 | ROBERT CURRIE |
| 132. | 11/04/97 | LINDA LUCY FALK-FELLER |
| 133. | 11/07/97 | KENNETH L. BOONE |
| 134. | 11/10/97 | JOHN EDWARD TAYLOE |
| 135. | 11/10/97 | DEE DEE GOMEZ |
| 136. | 11/11/97 | RUBYE BICKLEY |
| 137. | 11/13/97 | JOE L. SANDOVAL |
| 138. | 11/13/97 | SUSAN SAVAGE |
| 139. | 11/13/97 | SEAN FENNELL |
| 140. | 11/25/97 | ERNEST RODRIGUEZ |
| 141. | 12/02/97 | JUNE HENSON |

000040

Case: 01-30923   Doc# 3983   Filed: 12/28/01   Entered: 12/28/01 14:43:00   Page 46 of 153

## EXHIBIT 7

## INDEX OF WITNESS DEPOSITIONS IN

## AGUAYO v. PACIFIC GAS & ELECTRIC COMPANY

## L.A.S.C. CASE NUMBER BC 123749

| | DATE | WITNESS |
|---|---|---|
| 142. | 12/09/97 | DERRYL DUANE VALK |
| 143. | 12/09/97 | CASANDRA MARIE VALK |
| 144. | 12/18/97 | MICHAEL PEIRANO |
| 145. | 12/18/97 | JOHN ANTONE PEIRANO |
| 146. | 12/19/97 | SUSAN SAVAGE |
| 147. | 12/04/97 | LORETTA JEAN ROGERS |
| 148. | 12/05/97 | AMY STRONG |
| 149. | 12/05/97 | MARY STRONG |
| 150. | 12/09/97 | DARRYL VALK |
| 151. | 12/19/97 | ERIC ESCALANTE |
| 152. | 01/8/98 | SONNY NOLAND |
| 153. | 01/06/98 | KIRK JEFFERSON |
| 154. | 01/08/98 | CASSANDRAVALK |
| 155. | 01/14/98 | ELLIS POUDRIER |
| 156. | 01/15/98 | GLENN MIDDLEBROOK |
| 157. | 01/21/98 | JOAN LATHROP |
| 158. | 01/26/98 | CHRISTINE BIORN |

Case: 01-30923   Doc# 3983   Filed: 12/28/01   Entered: 12/28/01 14:43:00   Page 47

000041

## EXHIBIT 7

## INDEX OF WITNESS DEPOSITIONS IN

## AGUAYO v. PACIFIC GAS & ELECTRIC COMPANY

## L.A.S.C. CASE NUMBER BC 123749

|      | DATE     | WITNESS                      |
|------|----------|------------------------------|
| 159. | 01/27/98 | KATHERINE SHIPLEY            |
| 160. | 01/27/98 | JULIE ANN HENSON             |
| 161. | 01/27/98 | JOAN HENSON                  |
| 162. | 01/27/98 | MARION SHIPLEY               |
| 163. | 01/28/98 | ROBERT MERLE SHIPLEY         |
| 164. | 02/03/98 | CARLOS Z. HERNANDEZ          |
| 165. | 02/04/98 | VANESSA HUNT                 |
| 166. | 02/10/98 | ANTHONY MONIZ                |
| 167. | 02/11/98 | WILLIAM JEWELL TOWNS         |
| 168. | 02/12/98 | RUTH ANN VAUGHN              |
| 169. | 02/16/98 | MONIZ, ANTHONY               |
| 170. | 02/17/98 | MARTHA VAUGHN                |
| 171. | 02/18/98 | RICKY LEE CUNNINGHAM         |
| 172. | 02/20/98 | KRISTIE DEE SANDOVAL         |
| 173. | 02/25/98 | ANTONIO ORITZ GUTIERREZ, SR. |
| 174. | 03/05/98 | RUTH ANN VAUGHN              |
| 175. | 03/05/98 | WILLIAM JEWELL TOWNS         |
| 176. | 03/11/98 | THOMAS K. WRIGHT             |

000042

Case: 01-30923    Doc# 3983    Filed: 12/28/01    Entered: 12/28/01 14:43:00    Page 48

# EXHIBIT 7

## INDEX OF WITNESS DEPOSITIONS IN

## AGUAYO v. PACIFIC GAS & ELECTRIC COMPANY

## L.A.S.C. CASE NUMBER BC 123749

| | DATE | WITNESS |
|---|---|---|
| 177. | 03/12/98 | ALICIA VILLARREAL |
| 178. | 03/13/98 | JOSEPH L. SANDOVAL |
| 179. | 03/14/97 | BILLIE DUNN |
| 180. | 03/16/98 | CLAY DEVALLE |
| 181. | 03/23/98 | LEE HELEN ROZZELL |
| 182. | 03/31/98 | ALICIAL VILLARREA |
| 183. | 04/01/98 | MARY STRONG |
| 184. | 04/21/98 | LILLIAN MELENDEZ |
| 185. | 04/28/98 | CHRISTINA CHAVARRIA |
| 186. | 04/29/98 | JOSE CHAVARRIA |
| 187. | 05/13/98 | SHRILEY LORENZ |
| 188. | 06/03/98 | BILLY WEILAGE |
| 189. | 07/15/98 | RAMON ARREDONDO |
| 190. | 07/21/98 | SOLOMON RUSSELL HEDGES, JR. |
| 191. | 07/22/98 | RAMON ARREDONDO |
| 192. | 08/04/98 | CURT RUSSELL |
| 193. | 08/05/98 | PAUL C. HEILMAN |

000043

## EXHIBIT 7

## INDEX OF WITNESS DEPOSITIONS IN

## AGUAYO v. PACIFIC GAS & ELECTRIC COMPANY

## L.A.S.C. CASE NUMBER BC 123749

| | DATE | WITNESS |
|------|----------|----------------------|
| 194. | 8/12/98 | DAVID GILBERT |
| 195. | 08/13/98 | DAVID GILBERT |
| 196. | 08/19/98 | LINDA STERNBERG |
| 197. | 08/27/98 | STEVEN ENKE, PH.D. |
| 198. | 09/02/98 | DAVIS, DWIGHT |
| 199. | 09/03/98 | DAVIS, DWIGHT |
| 200. | 09/09/98 | VICTOR C. FURTADO |
| 201. | 09/10/98 | VICTOR C. FURTADO |
| 202. | 09/16/98 | JACK McKENZIE |
| 203. | 09/17/98 | JACK McKENZIE |
| 204. | 09/24/98 | DENNIS L. WOOD |
| 205. | 09/25/98 | DENNIS L. WOOD |
| 206. | 09/29/98 | HARRY H. PRUDHOMME |
| 207. | 09/30/98 | HARRY H. PRUDHOMME |
| 208. | 10/01/98 | HARRY H. PRUDHOMME |
| 209. | 10/19/98 | LYNDEL CASEY |
| 210. | 10/19/98 | DON KEITH TODD |
| 211. | 10/20/98 | DARLA ANN MARIE WINN |

000044

Case: 01-30923   Doc# 3983   Filed: 12/21/01   Entered: 12/28/01 14:43:00   Page 50 of 153

# EXHIBIT 7

## INDEX OF WITNESS DEPOSITIONS IN

## AGUAYO v. PACIFIC GAS & ELECTRIC COMPANY

## L.A.S.C. CASE NUMBER BC 123749

|     | DATE     | WITNESS                           |
|-----|----------|-----------------------------------|
| 212.| 10/20/98 | ERNESTO GERARDO                   |
| 213.| 10/20/98 | VELIA SALAS                       |
| 214.| 10/20/98 | DEPOSITION ELIA SALAS             |
| 215.| 10/21/98 | DEPOSITION  ERNEST ESPINOSA       |
| 216.| 10/22/98 | DEPOSITION  VIRGIE ARLENE SANTINO |
| 217.| 10/22/98 | CHAD MARTIN                       |
| 218.| 10/23/98 | PACO ORNELAS                      |
| 219.| 10/23/98 | ROBERT BEVINGTON                  |
| 220.| 10/29/98 | LARRY LYONS                       |
| 221.| 12/02/98 | RICHARD R. STARK                  |
| 222.| 12/03/98 | TODD R. HOGENSON                  |
| 223.| 12/08/98 | JAMES M. PICKELL                  |
| 224.| 01/12/99 | CARMEN SARNO                      |
| 225.| 01/13/99 | WILLIAM R. COOK                   |
| 226.| 01/11/99 | HAL HERSH                         |
| 227.| 02/17/99 | ERNEST GERARDO                    |
| 228.| 03/04/99 | CURTIS TALLEY                     |

000045

Case: 01-30923   Doc# 3983   Filed: 12/21/01   Entered: 12/28/01 14:43:00   Page 51 of 153

# EXHIBIT 7

## INDEX OF WITNESS DEPOSITIONS IN

## AGUAYO v. PACIFIC GAS & ELECTRIC COMPANY

## L.A.S.C. CASE NUMBER BC 123749

| | DATE | WITNESS |
|---|---|---|
| 229. | 03/16/99 | ROSA LINDA KINDLER BRITT |
| 230. | 03/18/99 | BILLY HOWARD TERRY |
| 231. | 03/19/99 | PAMELA KRAHL, M.D. |
| 232. | 03/04/99 | MARY ANN COUNRTYMAN |
| 233. | 03/25/99 | ISABEL CARMODY |
| 234. | 03/30/99 | TED CHENOWETH |
| 235. | 03/31/99 | TED CHENOWETH |
| 236. | 04/01/99 | ERNEST ESPINOSA |
| 237. | 04/01/99 | MIKE TUNE |
| 238. | 04/04/99 | ERIC JOHNSON |
| 239. | 04/05/99 | ERNEST ESPINOSA |
| 240. | 04/06/99 | RHILLA HEDGES |
| 241. | 04/07/99 | RUSSELL LEROY HEDGES |
| 242. | 04/12/99 | WARREN MCGOWAN |
| 243. | 04/13/99 | WARREN MCGOWAN |
| 244. | 04/20/99 | CRAIG WALTON |
| 245. | 04/21/99 | JOE MAYFIELD |
| 246. | 04/22/99 | JOE MAYFIELD |

000046

Case: 01-30923    Doc# 3983    Filed: 12/28/01    Entered: 12/28/01 14:43:00    Page 52
of 153

# EXHIBIT 7

## INDEX OF WITNESS DEPOSITIONS IN

## AGUAYO v. PACIFIC GAS & ELECTRIC COMPANY

## L.A.S.C. CASE NUMBER BC 123749

| | DATE | WITNESS |
|---|---|---|
| 247. | 04/27/99 | DONALD OLIVEIRA |
| 248. | 04/27/99 | RAMON CAYOT |
| 249. | 05/05/99 | DHIRENDRA J. PATEL, M.D. |
| 250. | 05/06/99 | KEN JACKSON, MD. |
| 251. | 05/07/99 | DON ARLAN ANDERSON, DO. |
| 252. | 05/11/99 | ELLIS POUDRIER |
| 253. | 05/11/99 | PACO ORNELAS |
| 254. | 05/18/99 | CHAD MARTIN |
| 255. | 05/18/99 | GREGORY E. DANIEL |
| 256. | 05/19/99 | SAMUEL B. RUSH, MD. |
| 257. | 05/20/99 | CHARLES STAUBLE |
| 258. | 05/20/99 | HENRY STEPHEN NELSON, M.D. |
| 259. | 05/24/99 | LONI MAYFIELD |
| 260. | 05/25/99 | GEORGE L. GETTY, JR. MD. |
| 261. | 05/26/99 | ANNABELL TALLEY |
| 262. | 05/26/99 | BRIAN E. HANCOCK, M.D. |
| 263. | 05/26/99 | THERESA LAM, M.D. |

000047

Case: 01-30923   Doc# 3983   Filed: 12/21/01   Entered: 12/28/01 14:43:00   Page 53 of 153

**EXHIBIT 7**

## INDEX OF WITNESS DEPOSITIONS IN

## AGUAYO v. PACIFIC GAS & ELECTRIC COMPANY

## L.A.S.C. CASE NUMBER BC 123749

| | DATE | WITNESS |
|---|---|---|
| 264. | 05/27/99 | LINDA GERARDO |
| 265. | 05/27/99 | ALBERT WILBURN, M.D. |
| 266. | 05/27/99 | MITCHELL ANDREW MOOS, M.D. |
| 267. | 05/27/99 | ERIC NASH, MD. |
| 268. | 05/27/99 | ERNEST GERARDO |
| 269. | 05/28/99 | SHARON VALK |
| 270. | 06/08/99 | WILLIAM WATSON, MD. |
| 271. | 06/08/99 | ROMAN P. BUKACHEVSKY, MD. |
| 272. | 06/09/99 | EVELYN MENDOZA, M.D. |
| 273. | 06/09/99 | JOSE VELASQUEZ DE JESUS, M.D. |
| 274. | 06/09/99 | THOMAS MORGAN, M.D. |
| 275. | 06/09/99 | STEVEN MCALLEN, M.D. |
| 276. | 06/10/99 | ANTHONY ANDREW, M.D. |
| 277. | 06/14/99 | MOHAMMAD A. KAZMI, M.D. |
| 278. | 06/14/99 | DONALD HAGERMAN, M.D. |
| 279. | 06/14/99 | VALERIE POUDRIER |
| 280. | 06/15/99 | MARIA ORNELAS |
| 281. | 06/16/99 | ROBERT ROSENBERG, MD. |

000048

**EXHIBIT 7**

## INDEX OF WITNESS DEPOSITIONS IN

## AGUAYO v. PACIFIC GAS & ELECTRIC COMPANY

## L.A.S.C. CASE NUMBER BC 123749

|      | DATE     | WITNESS                    |
|------|----------|----------------------------|
| 282. | 06/16/99 | APRIL LAMBIRTH             |
| 283. | 06/17/99 | SOLOMON R. HEDGES, SR.     |
| 284. | 06/17/99 | WILDA J. HEDGES            |
| 285. | 06/17/99 | SALLY VAUGHT               |
| 286. | 06/18/99 | THOMAS FELSTED, MD.        |
| 287. | 06/22/99 | HARVEY SUDDY               |
| 288. | 06/22/99 | MARK DONALDSON, MD.        |
| 289. | 06/23/99 | BARBARA W. STEWART, MD.    |
| 290. | 06/23/99 | DARRELL KLINGMAN           |
| 291. | 06/23/99 | DENNIS WOOD                |
| 292. | 06/23/99 | L. THOMAS HACKETT, MD.     |
| 293. | 06/24/99 | CHAUNCEY SMITH, M.D.       |
| 294. | 06/25/99 | JACK C. SAVAGE             |
| 295. | 06/26/99 | GORDAN THURSTON, MD.       |
| 296. | 06/28/99 | RICHARD WEINBURG, MD.      |
| 297. | 06/28/99 | GLEN E. HAMILTON           |
| 298. | 06/28/99 | RICHARD STARK              |

# EXHIBIT 7

## INDEX OF WITNESS DEPOSITIONS IN

## AGUAYO v. PACIFIC GAS & ELECTRIC COMPANY

## L.A.S.C. CASE NUMBER BC 123749

| | DATE | WITNESS |
|---|---|---|
| 299. | 06/29/99 | GEOFFREY ALAN SAUNDERS |
| 300. | 06/29/99 | JAMES E. ADRIAN, MD. |
| 301. | 06/29/99 | FRANK W. BERRY, JR. , MD. |
| 302. | 06/29/99 | MAN-SIAK MAK, MD. |
| 303. | 06/30/99 | CHARLES ROBERT WINN |
| 304. | 06/30/99 | MATTHEWS, M.D. |
| 305. | 06/30/99 | DIPAK VORA, MD. |
| 306. | 06/30/99 | RICHARD A. CLARKE |
| 307. | 06/30/99 | GEORGE DAVID HEDGES |
| 308. | 06/30/99 | MARIE OLIVERIA |
| 309. | 06/30/99 | TOM CHENG, M.D. |
| 310. | 06/30/99 | NANDA BISWAS, M.D. |
| 311. | 06/30/99 | TRINIDAD FLORES SANDOVAL |
| 312. | 06/30/99 | NUR P. MATTHEWS, M.D. |
| 313. | 07/01/99 | GREGORY J. WALKER |
| 314. | 07/01/99 | VIR KUMAR NANDA, MD. |
| 315. | 07/06/99 | PAUL ANTHONY GREEN |
| 316. | 07/06/99 | MICHAEL J. HAMES |

000050

Case: 01-30923   Doc# 3983   Filed: 12/28/01   Entered: 12/28/01 14:43:00   Page 56

EXHIBIT 7

## INDEX OF WITNESS DEPOSITIONS IN

## AGUAYO v. PACIFIC GAS & ELECTRIC COMPANY

## L.A.S.C. CASE NUMBER BC 123749

| | DATE | WITNESS |
|---|---|---|
| 317. | 07/06/99 | GILBERT ZINI, MD. |
| 318. | 07/07/99 | LOUISE A. ENRIQUE, MD. |
| 319. | 07/08/99 | RUTH ANN VUAGHN |
| 320. | 07/07/99 | PETE ALTAMIRANO |
| 321. | 07/07/99 | ERIC JEFFEREY SCHULTZ, MD. |
| 322. | 07/07/99 | TERRY VAUGHN |
| 323. | 07/07/99 | CONSTANTINE A. MICHAS, MD. |
| 324. | 07/08/99 | BARBARA LEE MONTAGUE, MD. |
| 325. | 07/08/99 | JACK HINTON |
| 326. | 07/08/99 | VINCENT MEAGHER |
| 327. | 07/08/99 | RUTH ANN VAUGHN |
| 328. | 07/09/99 | MICHAEL THIRMAN, MD. |
| 329. | 07/09/99 | BRUCE W. HONEYMOON, MD. |
| 330. | 07/09/99 | JOHN ULTMANN, MD. |
| 331. | 07/09/99 | MARVIN BENNETT |
| 332. | 07/12/99 | ROBERT WARREN SPAULDING, MD. |
| 333. | 07/13/99 | ALAN KAPLAN, MD. |

000051

# EXHIBIT 7

## INDEX OF WITNESS DEPOSITIONS IN

## AGUAYO v. PACIFIC GAS & ELECTRIC COMPANY

## L.A.S.C. CASE NUMBER BC 123749

| | DATE | WITNESS |
|---|---|---|
| 334. | 07/13/99 | BRAD A. VOLPI, MD. |
| 335. | 07/13/99 | LARRY L. STEWART, MD. |
| 336. | 07/13/99 | HOWARD NELSON, JR. |
| 337. | 07/13/99 | DANIEL R. SUCHY |
| 338. | 07/14/99 | DAVID P. BURKE |
| 339. | 07/14/99 | NICOLA M. SPIRTOS, MD. |
| 340. | 07/14/99 | LEWIS GERALD FOX |
| 341. | 07/15/99 | LYNDELL HAMILTON |
| 342. | 07/15/99 | WILLIAM C. HOPE |
| 343. | 07/15/99 | RUBEN DE LOS SANTOS, MD. |
| 344. | 07/19/99 | JAMES L. EDWARDS, MD. |
| 345. | 07/22/99 | SAMUEL C. OOMMEN, M.D. |
| 346. | 07/22/99 | ANCEL ROGERS, MD. |
| 347. | 07/26/99 | ROBERT COOK |
| 348. | 07/27/99 | KATHLEEN DANIEL |
| 349. | 07/27/99 | WENDY DANIEL |
| 350. | 07/27/99 | GARY DANIEL |
| 351. | 07/27/99 | MARION EDWARD JONES |

000052

# EXHIBIT 7

## INDEX OF WITNESS DEPOSITIONS IN

## AGUAYO v. PACIFIC GAS & ELECTRIC COMPANY

## L.A.S.C. CASE NUMBER BC 123749

| | DATE | WITNESS |
|---|---|---|
| 352. | 07/28/99 | CALLETANO GUTIERREZ |
| 353. | 07/29/99 | ROBERT COOK |
| 354. | 07/29/99 | ALAN YUEN, MD. |
| 355. | 07/29/99 | EUGENE MORONG, MD. |
| 356. | 07/30/99 | GARLAND B. SUPERNAW |
| 357. | 08/02/99 | RHILLA HEDGES |
| 358. | 08/03/99 | BILLY TERRY, SR. |
| 359. | 08/03/99 | KATHERYN C. TERRY |
| 360. | 08/05/99 | RICHARD A. MESSIAN, MD. |
| 361. | 08/19/99 | RICHARD VAN WYHE |
| 362. | 08/23/99 | VICTOR L. MOORE |
| 363. | 08/26/99 | WILLIAM NELSON LEWIS |
| 364. | 09/14/99 | JOSEPH AZALDE, M.D. |
| 365. | 09/14/99 | YORKE JACOBSON, M.D. |
| 366. | 09/29/99 | LILLIAN MELENDEZ |
| 367. | 09/30/99 | LILLIAN MELENDEZ |
| 368. | 09/30/99 | DANIEL GRIFFIN |

000053

# EXHIBIT 7

## INDEX OF WITNESS DEPOSITIONS IN

## AGUAYO v. PACIFIC GAS & ELECTRIC COMPANY

## L.A.S.C. CASE NUMBER BC 123749

| | DATE | WITNESS |
|---|---|---|
| 369. | 12/02/99 | ALAN MAYO, PH.D. |
| 370. | 12/03/99 | ALAN MAYO, PH.D. |
| 371. | 12/06/99 | JACK MATSON, PH.D. |
| 372. | 12/01/99 | JACK MATSON, PH.D. |
| 373. | 12/16/99 | KARL WILBUR, P.E. |
| 374. | 12/21/99 | DAVIS FORD |
| 375. | 02/28/00 | ROBERT J. MUNOZ |
| 376. | 03/04/00 | KIM MARIE WHITSON |
| 377. | 03/07/00 | THEODORE M. NASON, JR. |
| 378. | 03/08/00 | CAROLYN NASON WOOD |
| 379. | 03/09/00 | GEORGE NASON |
| 380. | 03/13/00 | ROGER PAUL CLARK |
| 381. | 03/14/00 | RAUL ALVAREZ, JR. |
| 382. | 03/15/00 | RAUL ALVAREZ, JR. |
| 383. | 03/13/00 | LEONARD FRANCIS SPETH |
| 384. | 03/14/00 | MARIE CLARK TUGGLE |
| 385. | 03/17/00 | RODNEY BRAND |
| 386. | 03/20/00 | CHARLOTTE JOHNSON |

000054

# EXHIBIT 7

## INDEX OF WITNESS DEPOSITIONS IN

## AGUAYO v. PACIFIC GAS & ELECTRIC COMPANY

## L.A.S.C. CASE NUMBER BC 123749

| | DATE | WITNESS |
|---|---|---|
| 387. | 03/21/00 | LISA SPETH-JONES |
| 388. | 03/20/00 | JANICE SPETH |
| 389. | 03/23/00 | SUSEN SPETH-BRIGANTI |
| 390. | 03/27/00 | JOSE ROSARIO SOTO, JR. |
| 391. | 03/29/00 | LAURIE SPETH-FELDMAN |
| 392. | 03/29/00 | CATHERINE SPETH-WILLIAMS |
| 393. | 03/23/00 | RODNEY CLARK |
| 394. | 03/31/00 | BERNARD MANUEL ROBLES |
| 395. | 04/05/00 | JOHN W. SPETH |
| 396. | 04/06/00 | BRIDGET FERNANDEZ CALDERA |
| 397. | 04/06/00 | F.T. BUCHANAN, MD. |
| 398. | 04/11/00 | ROBERT SPETH |
| 399. | 04/11/00 | LINDA LEE WRIGHT |
| 400. | 04/11/00 | DONNA JEAN COCHRAN |
| 401. | 04/13/00 | DANIEL ROZZELL |
| 402. | 04/17/00 | JAMES PATRICK SPETH |
| 403. | 04/17/00 | PHILLIP SPETH |

000055

Case: 01-30923    Doc# 3983    Filed: 12/28/01    Entered: 12/28/01 14:43:00    Page 61
of 153

# EXHIBIT 7

## INDEX OF WITNESS DEPOSITIONS IN

## AGUAYO v. PACIFIC GAS & ELECTRIC COMPANY

## L.A.S.C. CASE NUMBER BC 123749

| | DATE | WITNESS |
|---|---|---|
| 404. | 04/17/00 | ROBERT ANDERSON MCLELLAN |
| 405. | 04/19/00 | DANIEL SPETH |
| 406. | 04/19/00 | DONALD SPETH |
| 407. | 04/24/00 | RONALD N. WONG, MD. |
| 408. | 04/25/00 | KIM MARI WHITSON |
| 409. | 04/27/00 | CLARK BOLI |
| 410. | 05/03/00 | ANTONIA ALVAREZ |
| 411. | 05/04/00 | LIONEL RANGEL, MD. |
| 412. | 05/04/00 | GAYNOR DAWSON |
| 413. | 05/04/00 | ROGER HEREDIA, M.D. |
| 414. | 05/22/00 | DEVRAJ SHARMA, PH.D. |
| 415. | 05/23/00 | DEVRAJ SHARMA, PH.D. |
| 416. | 05/30/00 | TOMAS GARCIA, M.D. |
| 417. | 05/30/00 | WILLIE D. EWING, M.D. |
| 418. | 06/01/00 | ADRIAN BROWN |
| 419. | 06/01/00 | TAK K. CHOW, M.D. |
| 420. | 06/07/00 | ROGER GRUAMANN, D.O. |
| 421. | 06/07/00 | JESSIE MUNOZ |

000056

Case: 01-30923   Doc# 3983   Filed: 12/28/01   Entered: 12/28/01 14:43:00   Page 62 of 153

# EXHIBIT 7

## INDEX OF WITNESS DEPOSITIONS IN

## AGUAYO v. PACIFIC GAS & ELECTRIC COMPANY

## L.A.S.C. CASE NUMBER BC 123749

---

| | DATE | WITNESS |
|---|---|---|
| 422. | 06/08/00 | THOMAS E. GODFREY, M.D. |
| 423. | 06/08/00 | FRED ROSENFELT, M.D. |
| 424. | 06/08/00 | RON CAVAGROTTI |
| 425. | 06/08/00 | DAVID BYRUM, P.E. |
| 426. | 06/09/00 | DAVID BYRUM, P.E. |
| 427. | 06/12/00 | IDA MARIA ROBLES |
| 428. | 06/12/00 | JENNIFER MICHELLE SANDOVAL |
| 429. | 06/13/00 | ERIC NEIL SORENSEN, M..D. |
| 430. | 06/13/00 | RULON DOUGLAS OWEN, D.O. |
| 431. | 06/14/00 | KRISHNA MOORTHY, MD. |
| 432. | 06/14/00 | KRISHNA MOORTHY, MD. |
| 433. | 06/15/00 | AHSAN KALIM BAJWA, M..D. |
| 434. | 06/16/00 | JOHN SHIELDS, M.D. |
| 435. | 06/19/00 | NOLA WETTERMAN |
| 436. | 06/20/00 | ELIZABETH FERNANDES, M.D. |
| 437. | 06/21/00 | TERRENCE DOUGLAS MCCORKLE |
| 438. | 06/22/00 | HILDA ANN MINDLING |

000057

Case: 01-30923    Doc# 3983    Filed: 12/28/01    Entered: 12/28/01 14:43:00    Page 63 of 153

# EXHIBIT 7

## INDEX OF WITNESS DEPOSITIONS IN

## AGUAYO v. PACIFIC GAS & ELECTRIC COMPANY

## L.A.S.C. CASE NUMBER BC 123749

| | DATE | WITNESS |
|---|---|---|
| 439. | 06/22/00 | MARILYN SPETH |
| 440. | 06/28/00 | CHATTEN COWHERD |
| 441. | 06/30/00 | ALAN MAYO, PH.D. |
| 442. | 07/06/00 | BRUCE JAMES |
| 443. | 07/07/00 | GERARD E. GLENN, M.D. |
| 444. | 07/10/00 | LEE HANSEN, PH.D. |
| 445. | 07/10/00 | CAMILLE SEARS |
| 446. | 07/11/00 | CAMILLE SEARS |
| 447. | 07/11/00 | LEE HANSEN, PH.D. |
| 448. | 07/11/00 | WILLIAM EDWARD HANKS, M.D. |
| 449. | 07/11/00 | WILLIAM P. CRIEGER, M.D. |
| 450. | 07/12/00 | BURTON CALDER, M.D. |
| 451. | 07/13/00 | DAVID SUDER |
| 452. | 07/18/00 | JOHN GASTON |
| 453. | 07/19/00 | JOHN GASTON |
| 454. | 07/28/00 | DOROTHY DUTCHER |
| 455. | 08/03/00 | BERNARD GARCIA ROBLES |
| 456. | 08/09/00 | JACK MATSON, PH.D. |

000058

**EXHIBIT 7**

## INDEX OF WITNESS DEPOSITIONS IN

## AGUAYO v. PACIFIC GAS & ELECTRIC COMPANY

## L.A.S.C. CASE NUMBER BC 123749

|      | DATE     | WITNESS                         |
|------|----------|---------------------------------|
| 457. | 08/30/00 | CHRISTIAN SEIGNOUR              |
| 458. | 01/11/01 | DEVRAJ SHARMA, PH.D.            |
| 459. | 02/07/01 | JAMES GEORGE DAHLGREN, M.D.     |
| 460. | 02/09/01 | RICHARD CORLIN, M.D.            |
| 461. | 02/12/01 | RICHARD CORLIN, M.D.            |
| 462. | 02/15/01 | SANDER GREENLAND, PH.D.         |
| 463. | 02/16/01 | SANDER GREENLAND, PH.D.         |
| 464. | 02/20/01 | JAMES GEORGE DAHLGREN, M.D.     |
| 465. | 02/20/01 | MAX COSTA, PH.D.                |
| 466. | 02/21/01 | MAX COSTA, PH.D.                |
| 467. | 02/22/01 | RODGER BICK, M.D.               |
| 468. | 02/23/01 | RODGER BICK, M.D.               |
| 469. | 02/26/01 | FRANK OWEN HOFFMAN, PH.D.       |
| 470. | 02/27/01 | JAMES RUTTENBER, Ph.D., M.D.    |
| 471. | 02/28/01 | JAMES RUTTENBER, Ph.D., M.D.    |
| 472. | 02/27/01 | FRANK OWEN HOFFMAN, PH.D.       |
| 473. | 02/28/01 | DANIEL TEITELBAUM, M.D.         |

000059

# EXHIBIT 7

## INDEX OF WITNESS DEPOSITIONS IN

## AGUAYO v. PACIFIC GAS & ELECTRIC COMPANY

## L.A.S.C. CASE NUMBER BC 123749

| | DATE | WITNESS |
|---|---|---|
| 474. | 03/01/01 | DANIEL TEITELBAUM, M.D. |
| 475. | 03/20/01 | STEVEN PATIERNO, PH.D. |
| 476. | 03/21/01 | STEVEN PATIERNO, PH.D. |
| 477. | 03/22/01 | SEYMOUR GRUFFERMAN, M.D. |
| 478. | 03/28/01 | SILVIO DEFLORA |
| 479. | 03/28/01 | SILVIO DEFLORA |

000060

Case: 01-30923    Doc# 3983    Filed: 12/21/01    Entered: 12/28/01 14:43:00    Page 66 of 153

EXHIBIT 8
of 153

COPY

ORIGINAL FILED

MAY - 9 1996

LOS ANGELES
SUPERIOR COURT

RECEIVED
APR 03 1996
J·A·M·S
ENDISPUTE

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| DANNY AGUAYO, an individual, et al., | Case No. BC 123 749 |
| Plaintiffs, | Related Case No. BC 113 000 |
| | ASSIGNED TO: Judge Frances Rothschild |
| vs. | |
| BETZ LABORATORIES, INC., etc., et al. | STIPULATION OF THE PARTIES AND [PROPOSED] CASE MANAGEMENT ORDER NUMBER ONE |
| Defendants. | |

This case management order shall govern the conduct of the initial phase of written discovery in this matter, as amended by subsequent rulings of the Court, including additional case management orders. All discovery not permitted by this case management order is stayed while the parties conduct the written discovery specified herein. The parties anticipate that additional case management orders will be issued by the Court to address the timing and scope of additional written discovery, depositions, expert discovery, trial preparation, and trial as appropriate.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

LATHAM & WATKINS
ATTORNEYS AT LAW
LOS ANGELES

000061

# I.

## WRITTEN DISCOVERY

A.    Plaintiff Questionnaire

1.    In lieu of interrogatories, plaintiffs shall answer under penalty of perjury a questionnaire in the form attached as Exhibit A hereto.  Plaintiffs' counsel shall provide complete written responses to the questionnaire without objections ("responses") by at least 100 plaintiffs on May 15, 1996, and on the first business day of each month beginning on June 1, 1996, and continuing until plaintiffs' counsel has provided responses by all Kettleman plaintiffs on or before February 1, 1997, and responses by all plaintiffs on or before August 1, 1997.  As part of the 100 responses provided each month, plaintiffs' counsel shall provide responses by at least 30 non-Kettleman plaintiffs.

2.    Defendants may move for sanctions, including terminating sanctions, against:  (a) any Kettleman plaintiff who does not respond to the questionnaire in full, under oath by February 1, 1997; and (b) any non-Kettleman plaintiff who does not respond to the questionnaire in full, under oath by August 1, 1997.

3.    Plaintiffs shall provide an authorization and waiver in the form attached to the questionnaire permitting defendants to obtain copies of records from any health care providers, employers, military branches and educational institutions identified in the questionnaire responses without notice to plaintiffs under California Code of Civil Procedure Sections 1985.3 and 1985.4, to the extent applicable.  Defendants may obtain the records described in this paragraph from third parties by presenting the authorization and waiver, subpoena, or other notice acceptable to the third party at any time after an executed authorization and waiver is obtained from any individual plaintiff.  Copies of documents produced by a third party pursuant to this procedure shall be made available to other parties at their own expense.

4.    Service of the questionnaire shall not prejudice defendants' right to serve additional written discovery, by questionnaire, interrogatories, or document requests

LATHAM & WATKINS
ATTORNEYS AT LAW
LOS ANGELES

000062

upon any plaintiff during any additional discovery phases, subject to the provisions of future case management orders.

**B. Production Of Documents By Defendants**

1. In order to facilitate written discovery, PG&E voluntarily will provide Plaintiffs various documents regarding the Kettleman, Topock, and Hinkley compressor stations. Such documents will be provided on a rolling basis on May 31, 1996, July 15, 1996, and August 30, 1996. On or before October 1, 1996, PG&E shall provide a log identifying documents withheld on the basis of the attorney-client privilege, the attorney work product doctrine, or any other privilege from those boxes of documents voluntarily produced by PG&E.

2. After receiving these documents, plaintiffs may propound up to 50 requests for production of documents to PG&E on October 15, 1996. Within 30 days after service by hand (35 days if served by mail), the parties shall meet and confer concerning PG&E's objections to the requests for production. On or before January 15, 1997, PG&E shall produce any additional documents responsive to the document requests, including any objections reserved or modifications agreed upon during the parties' meet and confer process.

3. Plaintiffs may propound up to 50 requests for production of documents to Betz. Within 45 days after service, the parties shall meet and confer concerning Betz' objections to the requests for production, and the timing for production of documents.

4. The production of documents pursuant to this case management order shall not prejudice plaintiffs' right to serve specific requests for production of documents upon defendants during any additional discovery phases, subject to the provisions of future case management orders.

**C. Interrogatories To Defendants**

1. On May 1, 1996 plaintiffs may serve (or specify from interrogatories previously served) up to 100 written interrogatories to PG&E. Within 45 days after

000063

Case: 01-30923   Doc# 3983   Filed: 12/21/01   Entered: 12/28/01 14:43:00   Page 70 of 153

service, the parties shall meet and confer concerning defendants' objections to the interrogatories, and the sequence for answering interrogatories. Defendants shall respond to the interrogatories, including any objections reserved or modifications agreed upon during the parties' meet and confer process, in three equal installments on September 30, 1996, November 1, 1996 and December 16, 1996.

2. On May 1, 1996 plaintiffs may serve (or specify from interrogatories previously served) up to 100 written interrogatories to Betz. Within 45 days after service, the parties shall meet and confer concerning Betz' objections to the interrogatories, and the sequence for answering the interrogatories.

3. Service of up to 100 interrogatories to PG&E and to Betz as set forth herein shall not prejudice plaintiffs' right to serve additional interrogatories upon defendants during any additional discovery phases, subject to the provisions of future case management orders.

## II.

## NON-BINDING MEDIATION

Beginning in or before January 1997, the parties shall meet and confer concerning the format for a non-binding mediation. During March 1997, the parties shall conduct a non-binding mediation before a mutually acceptable mediator or mediators to resolve this matter in its entirety, or to resolve any portion of this matter upon which the parties can agree. If a mediator or mediators cannot be agreed upon by the parties, Judge Wisot shall preside over the non-binding mediation.

## III.

## FUTURE CASE MANAGEMENT ORDERS

If the parties cannot resolve this matter through non-binding mediation, then during April 1997 the parties shall meet and confer concerning the conduct of additional written discovery, deposition discovery, medical examinations, expert discovery and trial of this matter for purposes of negotiating a case management order addressing these issues by May 1, 1997. If the parties cannot reach agreement upon the terms of a future case

LATHAM & WATKINS
ATTORNEYS AT LAW
LOS ANGELES

-4-

000064

management order governing these issues, any disputes concerning such a case management order will be presented to Judge Wisot in writing, on or before May 1, 1997, subject to the terms of Paragraph IV.C. below.

## IV.

## DISPUTE RESOLUTION

A.  <u>Motions</u>

Except as specified herein, all motions concerning this action shall be presented to and determined by Judge Rothschild (or any other Judge of the Superior Court hereafter assigned to this matter (the "Court")).

B.  <u>Discovery Disputes</u>

Any disputes concerning discovery under this case management order (including disputes concerning the production of documents or the responses to questionnaires or interrogatories) or any future case management order, shall be presented to and determined by Judge Wisot as judge pro tem by agreement of the parties pursuant to California Code of Civil Procedure Sections 638 and 639. Any Order by Judge Wisot shall be deemed the final ruling of the Court for purposes of this action and shall be directly appealable to the extent permitted by California law.

C.  <u>Case Management Order Disputes</u>

Any disputes concerning the terms of this case management order or any future case management order shall be presented to and determined by Judge Wisot in accordance with the terms of the Court's reference. Any Order of Judge Wisot recommending a resolution of disputes among the parties concerning the terms of future case management orders shall be subject to review by the Court upon request by any party within 20 days after the entry of such an Order by Judge Wisot.

/ / / /

/ / / /

/ / / /

/ / / /

LATHAM & WATKINS
ATTORNEYS AT LAW
LOS ANGELES

-5-

000065

# V.

# ADDITIONAL TERMS

**A.     Amendments To Or Relief From Order**

Any party may seek to amend this Order by noticed motion at any time. Any party may seek relief from the deadlines imposed by this order by noticed motion, or by stipulation of the parties, at any time. All motions or stipulations concerning the case management order pursuant to this paragraph shall conform with the requirements of the California Code of Civil Procedure, and shall be filed with Judge Wisot for his ruling subject to review pursuant to Paragraph IV.C. above.

**B.     Status Conferences**

Beginning on the effective date of this Order, Judge Wisot will schedule and notify counsel of status conferences. Judge Wisot shall also hold status conferences upon written request of any party. No party may request a status conference more often than once in every calendar quarter.

**C.     Joint Privilege Of Communication**

The Court hereby establishes and permits the existence of a joint defense privilege, such that all communications, including all written and oral communications, cost sharing, and other exchanges of information among defense counsel, and among defendants, shall not be deemed a waiver of the attorney-client privilege, the protection afforded by the attorney work product doctrine, or any other privilege to which a party may be entitled. The Court likewise establishes and permits the existence of a joint plaintiffs' privilege.

**D.     Marking Of Documents**

All documents produced by any party hereto shall be bates stamped (from 0000001 onwards) and identified by "P" for plaintiffs, "PG" for PG&E, and "B" for Betz.

All documents produced by non-parties pursuant to subpoena shall be bates stamped (from 0000001 onwards) and identified by the initials of the non-party producing the document. Documents produced by non-parties pursuant to the subpoena shall be

LATHAM & WATKINS
ATTORNEYS AT LAW
LOS ANGELES

-6-

000066

marked by the party subpoenaing the documents. Copies of documents produced by a non-party pursuant to subpoena shall be made available to other parties at their own expense.

**E.    Venue & Severance**

This case management order is without prejudice to any motion the parties may make, including motions regarding change of venue, severance of claims or parties, or summary judgment.

The parties, through their counsel of record, hereby stipulate to entry of Case Management Order Number 1.

DATED: April 2, 1996                    ENGSTROM, LIPSCOMB & LACK


By: _Walter Lack_ ⟨kaw⟩
    Walter J. Lack
    Attorneys for Plaintiffs

DATED: April 2, 1996                    GIRARDI & KEESE


By: _Thomas Girardi_ ⟨kaw⟩
    Thomas V. Girardi
    Attorneys for Plaintiffs

DATED: April 2, 1996                    LATHAM & WATKINS


By: _Kirk A. Wilkinson_
    Kirk A. Wilkinson
    Attorneys for Defendant
    Pacific Gas and Electric Company

DATED: April 2, 1996                    HAIGHT, BROWN & BONESTEEL


By: _Steven Hoch_ ⟨kaw⟩
    Steven Hoch
    Attorneys for Defendant
    Pacific Gas and Electric Company

000067

DATED: April 2, 1996

ARTER & HADDEN

By: _Donald Erickson_
Donald C. Erickson
Attorneys for Defendant
Betz Laboratories, Inc.

Based upon the foregoing stipulation of the parties, and my review of the issues set forth therein with counsel for the parties, I recommend Case Management Order Number 1 for entry by Judge Rothschild.

DATED: April ___, 1996

G. KEITH WISOT, DISCOVERY MASTER

Based upon the foregoing stipulation of the parties, and the recommendation of Judge Wisot, Case Management Order Number 1, is entered as an Order of the Los Angeles Superior Court.

DATED: April ___, 1996

THE HONORABLE FRANCES ROTHSCHILD
LOS ANGELES SUPERIOR COURT JUDGE

Case: 01-30923    Doc# 3983    Filed: 12/21/01    Entered: 12/28/01 14:43:00    Page 75
of 153

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| AGUAYO, et al. <br> Plaintiffs, <br><br> v. <br><br> BETZ LABORATORIES, INC., et al. <br> Defendants. | Case No. BC 123 749 <br><br> Related Case No. BC 113 000 |

## PLAINTIFF QUESTIONNAIRE

TO BE ANSWERED UNDER PENALTY OF PERJURY BY ALL PLAINTIFFS

### INSTRUCTIONS

Please complete this questionnaire in pen (not in pencil). Your responses are being given under penalty of perjury, and you must give complete and accurate answers. If the space provided is inadequate for your answer, please complete your answer on one of the supplemental pages at the end of this booklet and specify the question number to which you are providing further answers.

In answering this questionnaire, the term "Site(s)" shall mean the Kettleman, Hinkley or Topock compressor stations operated by Pacific Gas & Electric Company or any one of them applicable to your claims in this lawsuit and your response to these questions.

-9-

000069

<u>PLAINTIFF QUESTIONNAIRE</u>

## I.  <u>BACKGROUND</u>

1.  Your full name: _____
    First        Middle        Last

    Address: _____
    Street Address                Apt. No.

    _____
    City            State      Zip

2.  Are you responding to these questions on your own behalf or on behalf of any person(s) you represent or are a guardian for? (NOTE: IF YOU REPRESENT ONE OR MORE PLAINTIFF(S) AND YOU ARE YOURSELF A PLAINTIFF, YOU MUST COMPLETE <u>SEPARATE</u> QUESTIONNAIRES FOR YOURSELF AND FOR EACH OF THE PERSONS YOU REPRESENT.)

    ___ I am responding on my own behalf. (Go to question 3)
    ___ I am responding on behalf of another plaintiff.

    a.  If you are responding for another plaintiff, please state the following for the plaintiff on whose behalf you are responding.

        Full name: _____
        First        Middle        Last

        Address: _____
        Street Address                Apt. No.

        _____
        City            State      Zip

    b.  Please indicate all of the following which apply to the plaintiff on whose behalf you are responding:

        ___ Living      ___ Incompetent
        ___ Deceased   ___ Other (specify: _____ )
        ___ Minor

    c.  Please state the plaintiff's relationship to you.

        _____

    d.  If the plaintiff on whose behalf you are responding is deceased, please state the following:

        Date of death: _____

        Place of death (state, county, address): _____

        _____

-10-
1

000070

Case: 01-30923  Doc# 3983  Filed: 12/21/01  Entered: 12/28/01 14:43:00  Page 77 of 153

Name of doctor/clinic/hospital, if any: _____ ● _____

_____

Cause of death: _____

e.    If an autopsy was performed, please attach a copy of the autopsy report, or provide the name and address of the doctor, clinic, or hospital conducting the autopsy:

_____

_____

**(IF YOU ARE RESPONDING ON BEHALF OF ANOTHER PLAINTIFF, ANSWER THE REMAINING QUESTIONS ON BEHALF OF THAT PERSON AND NOT ON BEHALF OF YOURSELF.)**

**IF YOU DO NOT KNOW THE ANSWER TO A PARTICULAR QUESTION, PLEASE WRITE "I DO NOT KNOW" IN THE SPACE PROVIDED FOR THAT QUESTION. DO NOT LEAVE ANY QUESTIONS BLANK.**

3.    If you have ever been known by another name, please list the other names and dates of use below. (Please complete your answer on the supplemental pages provided if additional space is required.)

|                          | From     | To      |
| Prior Names              | Mo./Yr.  | Mo./Yr. |
| _____ | _____  | _____ |
| _____ | _____  | _____ |
| _____ | _____  | _____ |

4.    Please provide the following identification information.

a.    Driver's license number and state: _____

b.    Social security number: _____ - ___ - _____

c.    If you have ever had any other social security number, please state the number, the years you used that number and the name you had when you used it.

_____

_____

5.    What is your current marital status?

___ Married                    ___ Separated/Divorced
___ Widowed                    ___ Single (never married) (go to question 6)

a.    Please state your spouse's name, date of birth and occupation(s).

_____

-\\-

2

000071

Case: 01-30923    Doc# 3983    Filed: 12/21/01    Entered: 12/28/01 14:43:00    Page 78 of 153

b.    When and where were you married?

| Month/Year | City | State |
|---|---|---|

6.    Please provide the name, place of birth and date of birth of each child, living or deceased, born to you, fathered by you or adopted by you. Please indicate below if you have no children. (If you have or had more than 4 children, please complete your response on the supplemental pages provided.)

___ I have no children born to me, fathered by me or adopted by me (go to question 7).

| | Name | Place of Birth (City, State, Hospital) | M/D/Y of Birth | Adopted Yes/No |
|---|---|---|---|---|
| Child 1. | _____ | _____ | _____ | _____ |
| Child 2. | _____ | _____ | _____ | _____ |
| Child 3. | _____ | _____ | _____ | _____ |
| Child 4. | _____ | _____ | _____ | _____ |

7.    Please state all of your educational experience below beginning with your elementary school.

| Degree Received | Name of School/Institution | City and State of School/Institution | Date Degree Received |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

8.    Are you currently employed?    ___ Yes        ___ No  (go to question 9)

If yes, please provide the following information (and an authorization for employment records in the form provided).

a.    Name of employer: _____

b.    City/State of employment: _____

c.    Start date of employment: _____

d.    Duties: _____

e.    Name of supervisor/boss: _____

f.    Gross pay (before taxes) per week: $_____

g.    Average number of work hours per week: _____

-12-

3

000072

Case: 01-30923    Doc# 3983    Filed: 12/21/01    Entered: 12/28/01 14:43:00    Page 79 of 153

h. If you took a pre-employment physical before you went to work for your current employer, state the name of the examining doctor.

_____

i. Please describe any sort of medical benefits your present job gives you, including the name and group number of any insurance carrier and any personal insurance number.

_____

_____

9. Were you ever employed at a place different from any employment described in response to question 8?

___ Yes          ___ No  (go to question 10)

If yes, please provide the information requested below for each previous employer since high school.  (If you have more than two previous employers after high school, please complete your response on the supplemental pages by providing all the information requested below for all additional previous employers.  Please provide an authorization to obtain employment records from each employer in the form provided.)

a. <u>Employer 1 (most recent previous employer)</u>

Name: _____

City/State of employment: _____

Dates of employment: _____

Duties: _____

Name of supervisor/boss: _____

What was your reason for leaving this job?

_____

Gross pay (before taxes) per week at time of departure: $ _____

Average number of hours worked per week: _____

If you took a pre-employment physical before you went to work for this employer, state the name of the examining doctor.

_____

Please describe any sort of medical benefits this job gave you, including the name and group number of any insurance carrier and any personal insurance number.

_____

_____

-13-

4

000073

**b.** **Employer 2 (next most recent previous employer)**

Name: _____

City/State of employment: _____

Dates of employment: _____

Duties: _____

Name of supervisor/boss: _____

What was your reason for leaving this job?

_____

Gross pay (before taxes) per week at time of departure: $ _____

Average number of hours worked per week: _____

If you took a pre-employment physical before you went to work for this employer, state the name of the examining doctor.

_____

Please describe any sort of medical benefits this job gave you, including the name and group number of any insurance carrier and any personal insurance number.

_____

_____

10. Have you ever been in military service? _____ Yes _____ No (go to question 11)

a. If yes, state the dates served: from _____ to _____
                                          (Mo./Yr.)        (Mo./Yr.)

b. In what branch of the service did/do you serve?

_____ Army          _____ Marines
_____ Navy          _____ Other (specify: _____ )
_____ Air Force

c. For each military assignment, please state the city, station and country where you were assigned and the dates you were assigned there. (Please complete your response on the supplemental pages provided if additional space is required. Please provide a military records authorization in the form provided or obtain a records authoirization from the Veterans Administration).

_____

_____

_____

_____

5
~\4~

Case: 01-30923    Doc# 3983    Filed: 12/21/01    Entered: 12/28/01 14:43:00    Page 81
of 153

11. Have you ever been injured or become ill at your job? ___ Yes ___ No (go to question 12)

If yes, please explain the injury(ies) or illness(es), including where it/they occurred and the date(s) it/they occurred.

_____

_____

12. Have you ever brought a worker's compensation claim against any employer?

___ Yes ___ No (go to question 13)

If yes, please provide for each such claim the name of the employer against whom you brought the claim, the date the claim was brought, the reason the claim was brought, the amount of the claim and the resolution of the claim. (Please use supplemental pages to provide additional information if necessary.)

_____

_____

_____

13. Have you ever received disability benefits?

___ Yes ___ No (go to question 14)

If yes, please provide the requested information (Please use supplemental pages to provide additional information if necessary.)

a       From which employer? _____

b.      When? _____

c.      How much?_____

d.      Please state the reason(s) you received the benefits.

_____

_____

14. Have you ever been a plaintiff or a defendant in a civil lawsuit (including a class action suit) other than this lawsuit? (If more than one such lawsuit, please complete your response on the supplemental pages by providing all the information requested below for all other lawsuits.)

___ Yes ___ No (go to question 15)

If yes, please provide the information requested below for each such lawsuit.

a.      Name of action: _____

        Case No.: _____ Court: _____

b.      Were you a plaintiff _____ or defendant _____? (Check one)

6

000075

c.  What were the circumstances (type) of the action?

_____

_____

d.  How was the case resolved?  ___ Settlement  ___ Dismissal  ___ Verdict

e.  Please provide the name and address of your attorney on the case:

_____

_____

f.  Did you recover any money?  No____  Yes____  If yes, how much?  $_____

## II.  EXPOSURE

15.  Please state each of your residence addresses from 1952 to the present and the dates you lived at each address, beginning with your current address. (If you have had more than two residences from 1952 to the present, please complete your response on the supplemental pages by providing all the information requested below for all other residences.)

a.  Residence 1 (Current Residence)

Name: _____

Street address: _____

City: _____ State: _____ Zip: _____

Dates of residence: _____

b.  Residence 2

Name: _____

Street address: _____

City: _____ State: _____ Zip: _____

Dates of residence: _____

16.  Did you ever reside within 1 mile of any of the following?

Yes No                                             Address of Residence

__  __  Mine (what kind? _____) _____

__  __  Factory/plant (what kind? _____) _____

__  __  Power plant (what kind? _____) _____

__  __  Power lines                        _____

__  __  Agricultural area                  _____

7

– \6 –

000076

Case: 01-30923   Doc# 3983   Filed: 12/21/01   Entered: 12/28/01 14:43:00   Page 83 of 153

17. Circle any and all of the following which you have used, handled or otherwise been exposed to or currently use, handle or are otherwise exposed to while engaged in any job, duty, hobby or other activity at home or at work.

| | | |
|---|---|---|
| Acids | Coal | Nickel |
| Ammonia | Crop Dust & Sprays | Paints, thinners, turpentine |
| Agent Orange | DDT | Paint removers |
| Arsenic | Degreaser materials | Pesticides or Fungicides |
| Asbestos | Dyes & stains | Sealers |
| Asphalt & tar | Fiberglass | Solvents |
| Beryllium | Flea collars, powders or sprays | Sulfur |
| Benzene | Insulation foam | Swimming pool chemicals |
| Cadmium | Lead | Tobacco leaves |
| Caustic or lye | Malathion | Weed killers |
| Chlorine | Mercury | Welding fumes |
| Chloroform | Munitions gas & smoke | X-Ray or radioactive materials |

For each substance you circled above, please describe the location, the frequency (how often) and the duration (how long) of your contact with the substance.

_____

_____

_____

18. Did you ever reside at the Kettleman compressor station?

___ Yes          ___ No (go to question 19)

a.    What are the dates you resided at Kettleman? _____

b.    Where did you reside at Kettleman? _____

c.    Did you pay rent?   ___ Yes          ___ No

      If yes, how much?  $_____

19. In this lawsuit, do you claim to have suffered any damage or injury because of exposure to Chromium VI?

___ Yes          ___ No (go to question 20)

8

~17~

000077

Case: 01-30923     Doc# 3983     Filed: 12/21/01     Entered: 12/28/01 14:43:00     Page 84 of 153

a.　If yes, please state each location of exposure, each date of exposure, and the total duration (in seconds, minutes, hours, days or years as applicable) of your exposure.

_____

_____

_____

b.　If yes, please indicate below all means by which you claim you were exposed to Chromium VI.

| Yes | No | |
|-----|-----|-----|
| __ | __ | By inhaling |
| __ | __ | By drinking |
| __ | __ | By eating |
| __ | __ | By bathing |
| __ | __ | By contact with the skin other than through bathing |
| __ | __ | Other (specify: _____) |

For each method of exposure that you have checked "yes" above, please provide a full explanation or description.

_____

_____

_____

_____

_____

_____

20.　In this lawsuit, do you claim to have suffered any damage or injury because of exposure to substance(s) other than Chromium VI?

___ Yes　　　　___ No (go to question 21)

a.　If yes, please describe each such substance, each location of exposure and each date of exposure, and the total duration (in seconds, minutes, hours, days or years as applicable) of your exposure.

_____

_____

_____

000078

Case: 01-30923　　Doc# 3983　　Filed: 12/21/01　　Entered: 12/28/01 14:43:00　　Page 85 of 153

**b.**  If yes, please indicate below all means by which you claim you were exposed to substances other than Chromium VI.

|  Yes | No |  |
|------|-----|----|
| ___ | ___ | By inhaling |
| ___ | ___ | By drinking |
| ___ | ___ | By eating |
| ___ | ___ | By bathing |
| ___ | ___ | By contact with the skin other than through bathing |
| ___ | ___ | Other (specify: _____ ) |

For each method of exposure that you have checked "yes" above, please provide a full explanation or description.

_____

_____

_____

_____

_____

_____

**21.**  Have you ever been tested for:

Yes     No

____  ____  the effects of substances in water on your health
____  ____  the effects of airborne substances on your health

**a.**  If you have been tested for the effects of water on your health, please provide the following.

How many times? _____

Who conducted the test(s)? _____

Where? _____

When? _____

Did you receive results?  ___ Yes     ___ No

If yes, please describe the results. _____

_____

_____

Do you have a copy of the results?  ___ Yes     ___ No

**b.**  If you have been tested for the effects of airborne substances on your health, please provide the following.

What substances were you tested for? _____

Who conducted the test(s)? _____

Case: 01-30923   Doc# 3983   Filed: 12/21/01   Entered: 12/28/01 14:43:00   Page 86 of 153

Where? ● _____ ● _____

When? _____

Did you receive results? ___ Yes ___ No

If yes, please describe the results. _____

_____

_____

Do you have a copy of the results? ___ Yes ___ No

22. Have you been contacted by anyone who said that they were doing a study of health problems at or near the Site(s) or seen the results of any such study? (Please complete your answer on supplemental pages if additional space is required.)

___ Yes ___ No (go to question 23)

If yes, who contacted you or who conducted the study and what were the results, if any?

_____

_____

## III. HEALTH BACKGROUND

### A. Family Health

23. To the best of your knowledge, has any of your blood relatives (including your children, parents, grandparents, aunts, uncles, brothers or sisters), whether currently living or deceased, ever had cancer? If yes, please provide the name of the relative, his/her relationship to you, whether he/she is a maternal or paternal relative and a description of the cancer.

_____

_____

_____

_____

24. To the best of your knowledge, has any of your blood relatives, whether currently living or deceased, ever suffered from any major illness or condition other than cancer (e.g. asthma, emphysema, heart disease, high blood pressure, tuberculosis, etc.)? If yes, please provide the name of the relative, his/her relationship to you, whether he/she is a maternal or paternal relative and a description of the illness or condition.

_____

_____

_____

_____

11

-20-

000080

25. To the best of your knowledge, has any of your blood relatives, whether living or deceased, ever suffered from any emotional or mental problems (e.g., depression, schizophrenia)? If yes, please provide the name of the relative, his/her relationship to you and a brief description of his/her emotional or mental problem.

_____

_____

_____

**B.** **Lifestyle**

26. Have you ever used tobacco products? ____ Yes ____ No (go to question 27)

   a. If yes, when did you start? _____

   b. Do you <u>currently</u> use any tobacco products? ___ Yes ___ No

   If no, when did you quit? _____

   c. Please state whether you use or used the following and when you used them (check all that apply).

   Dates Of Use

   ____ Cigarettes       From _____ to _____
   ____ Cigars           From _____ to _____
   ____ Pipe             From _____ to _____
   ____ Snuff            From _____ to _____
   ____ Chewing tobacco  From _____ to _____

   d. On average, how many cigarettes do or did you smoke per day:

   ____ None              ____ 2 packs
   ____ Less than 1 pack  ____ 3 packs
   ____ 1 pack            ____ More than 3 packs

   e. On average, how many cigars do or did you smoke per day:

   ____ None               ____ 2-3 cigars
   ____ Less than 1 cigar  ____ More than 3 cigars
   ____ 1-2 cigars

   f. On average, how many pipefulls of tobacco do or did you smoke per day:

   ____ None                  ____ 1-2 pipefulls
   ____ Less than 1 pipefull  ____ 2-3 pipefulls
   ____ 1 pipefull            ____ More than 3 pipefulls

   g. On average, how much chewing tobacco or snuff do or did you use per day?

   _____

   h. When was the last time you used one of the tobacco products stated above?

   _____

12

-21-

000081

Case: 01-30923    Doc# 3983    Filed: 12/21/01    Entered: 12/28/01 14:43:00    Page 88 of 153

i.   Was there ever a time when you used the above stated tobacco products in greater or lesser quantities than the averages described above? If so, please describe when and how much you used.

_____

_____

27.  Do you or did you drink alcoholic beverages?  ___ Yes  ___ No (go to question 28)

a.   If yes, what do or did you drink? (Check all that apply)

___ Beer                    ___ Mixed drinks or liquor
___ Wine

b.   On average, how much do or did you drink per day?

___ Less than 1 drink    ___ 5-6 drinks
___ 1-2 drinks           ___ More than 6 drinks
___ 3-4 drinks

c.   Was there ever a time when you drank more or less than the averages described above? If so, please describe when and how much you drank.

_____

_____

C.   General Health & Medical History

28.  Please provide the following information concerning your birth.

a.   Were you adopted?              ___ Yes  ___ No

b.   Were you a premature baby?      ___ Yes  ___ No

c.   Were you born with any birth defects?  ___ Yes  ___ No

     If yes, please specify: _____

d.   What was your weight and length at birth?

     _____ pounds    _____ ounces         _____ inches

e.   Where were you born?

___ At home
___ In a hospital (name/address _____)
___ Other (please specify: _____)

f.   If there were any complications with your mother's pregnancy with you or your birth, please explain.

_____

**13**
-22-

000082

29. Please provide the following information concerning your current height and weight.

   a. height: _____ feet _____ inches          weight: _____ pounds

   b. What is the most (excluding pregnancies) and the least you have weighed in the last five years ?

      Most: _____ pounds    Least: _____ pounds

30. Have you ever been under general anesthetic?    ___ Yes          ___ No (go to question 31)

   a. If yes, how many times? _____

   b. When was the first time? _____    Most recent time? _____

31. Have you ever had X-rays taken?    ___ Yes          ___ No (go to question 32)

   a. If yes, approximately how many X-rays have you had taken?

      _____ dental X-rays          _____ body X-rays

   b. When was your first X-ray? _____    Most recent x-ray? _____

32. Did you ever have any specific allergies to:

   | Yes | No | | Explain/Specify (When Diagnosed and by Whom) |
   |-----|-----|------|----|
   | ____ | ____ | Drugs (Penicillin, etc.) | _____ |
   | ____ | ____ | Dust | _____ |
   | ____ | ____ | Chemicals | _____ |
   | ____ | ____ | Food | _____ |
   | ____ | ____ | Animal | _____ |
   | ____ | ____ | Pollen | _____ |
   | ____ | ____ | Other | _____ |

33. Have you ever used:

   | No | Yes Now | Yes Past | | Identify Drug, Reasons for Use and Any Prescribing Doctor |
   |-----|-----|-----|------|----|
   | ____ | ____ | ____ | Sedatives, sleeping pills, tranquilizers | _____ |
   | ____ | ____ | ____ | Stimulants | _____ |
   | ____ | ____ | ____ | Birth control pills | _____ |

000083

Case: 01-30923    Doc# 3983    Filed: 12/21/01    Entered: 12/28/01 14:43:00    Page 90 of 153

34.  a.  For each medical condition or injury listed below, check all boxes that apply.

Have you ever had the condition listed?

Do you claim the condition Was Caused by the Site(s)?

| Yes | No | Don't Know | | Yes | No |
|---|---|---|---|---|---|
| | | | Scarlet fever, erysipelas | | |
| | | | Rheumatic fever | | |
| | | | Frequent or severe headaches | | |
| | | | Dizziness or fainting spells | | |
| | | | German measles | | |
| | | | Hearing loss | | |
| | | | Chronic or frequent colds | | |
| | | | Sinusitis | | |
| | | | Hay fever | | |
| | | | Head injury | | |
| | | | Skin diseases | | |
| | | | Thyroid condition | | |
| | | | Tuberculosis | | |
| | | | AIDS/HIV positive | | |
| | | | Asthma | | |
| | | | Pneumonia | | |
| | | | Bronchitis | | |
| | | | Shortness of breath | | |
| | | | Chest Pains | | |
| | | | Chronic cough | | |
| | | | Heart conditions | | |
| | | | High blood pressure | | |
| | | | Anemia or low blood count | | |
| | | | Diabetes | | |
| | | | Liver conditions | | |
| | | | Numbness of extremities | | |
| | | | Stomach conditions | | |
| | | | Colitis | | |
| | | | Crohn's Disease | | |
| | | | Ulcerative Colitis | | |
| | | | Tropical disease | | |
| | | | Gallbladder conditions | | |
| | | | Jaundice or hepatitis | | |
| | | | Adverse reaction to serum, drug or medicine | | |
| | | | Piles or rectal disease | | |
| | | | Painful urination | | |
| | | | Kidney stone or blood in urine | | |
| | | | Sugar or albumin in urine | | |
| | | | Bone, joint or other deformity | | |
| | | | Gum conditions | | |
| | | | Orthodontial conditions | | |
| | | | Recurrent back or neck pain | | |
| | | | Paralysis (including infantile) | | |
| | | | Epilepsy, fits or seizures | | |

15

- 24 -

000084

Case: 01-30923   Doc# 3983   Filed: 12/21/01   Entered: 12/28/01 14:43:00   Page 91
of 153



| | | | | Do you claim the condition Was Caused by the Site(s)? | |
|---|---|---|---|---|---|

Have you ever had the condition listed?

| Yes | No | Don't Know | | Yes | No |
|---|---|---|---|---|---|
| | | | Car, train, sea, air sickness | | |
| | | | Sleeping disorders | | |
| | | | Loss of memory or amnesia | | |
| | | | Periods of unconsciousness | | |
| | | | Amoebic parasites | | |
| | | | Extreme fatigue/lethargy | | |
| | | | Eating disorder | | |
| | | | Episodes of shock | | |
| | | | Malaria | | |
| | | | Cholera | | |
| | | | Typhoid | | |
| | | | Respiratory system injury | | |
| | | | Heart/circulation system injury | | |
| | | | Immune system injury | | |
| | | | Nervous system injury | | |
| | | | Impairment of sexual relations | | |
| | | | Miscarriage(s) | | |
| | | | Child(ren) with birth defects | | |
| | | | Cancer: Brain | | |
| | | | Cancer: Breast | | |
| | | | Cancer: Cervical | | |
| | | | Cancer: Lymph node | | |
| | | | Cancer: Prostate | | |
| | | | Cancer: Skin | | |
| | | | Cancer: Nasopharynx | | |
| | | | Cancer: Kidney | | |
| | | | Cancer: Lung | | |
| | | | Cancer: Melanoma | | |
| | | | Cancer: Other (specify) | | |
| | | | Birth Defect (specify type) | | |
| | | | Airway: Obstruction | | |
| | | | Attention Deficit Disorder | | |
| | | | Bone: Degeneration | | |
| | | | Breast: Fibroids | | |
| | | | Breast: Lumps | | |
| | | | Chronic Fatigue Syndrome | | |
| | | | Cleft pallet | | |
| | | | Club feet | | |
| | | | Scleroderma | | |
| | | | Cyst: Ovarian | | |
| | | | Cyst: Uterus | | |
| | | | Epstein Barr Syndrome | | |
| | | | Hans Schuller Christian Disease | | |
| | | | Heart Attack | | |
| | | | Heart Failure: Congestive | | |
| | | | Hodgkin's Disease | | |

16

-25-

| Have you ever had the condition listed? | | | | Do you claim the condition Was Caused by the Site(s)? | |
|---|---|---|---|---|---|
| Yes | No | Don't Know | | Yes | No |
| | | | Lung: Calcifications/Scarring | | |
| | | | Lung: Scarcidosis | | |
| | | | Lupus | | |
| | | | Mental Retardation | | |
| | | | Organic Brain Syndrome | | |
| | | | Oshgood Slaughter's bone disease | | |
| | | | Osteomyelitis | | |
| | | | Raynaud's Syndrome | | |
| | | | Rheumatoid Arthritis | | |
| | | | Seizures | | |
| | | | Low white cell count | | |

b.  If you have ever had any injury or medical condition which required medical treatment other than those specified in response to question 34a, which you **DO NOT CLAIM** in this lawsuit was caused by the Site(s), please describe each such injury or condition.

_____

_____

_____

_____

## IV.  CLAIMS

### A.  Physical and Medical Injuries

35.  a.  Please provide a "Description" of each item you checked "Yes" in question 34a which **YOU CLAIM IN THIS LAWSUIT WAS CAUSED BY THE SITE(S)**, including the dates that you had each condition, the circumstances or other details surrounding each condition, and the person treating you for each condition. (Please use the supplemental pages provided if additional space is required.)

Injury or condition (specify from question 34a list): _____

Description: _____

_____

_____

_____

000086

Injury or condition (specify from question 34a list): _____

Description: _____

_____

_____

_____

Injury or condition (specify from question 34a list): _____

Description: _____

_____

_____

_____

Injury or condition (specify from question 34a list): _____

Description: _____

_____

_____

_____

Injury or condition (specify from question 34a list): _____

Description: _____

_____

_____

_____

b. Do you claim that you have suffered any physical injury or medical condition which **YOU CLAIM IN THIS LAWSUIT WAS CAUSED BY THE SITE(S)** other than those checked in response to question 34a?
___ Yes ___ No

If your answer is "Yes," identify and describe each additional injury or medical condition you claim was caused by the Site(s):

_____

_____

_____

-27-

18

000087

36.	Do you claim to have suffered any physical pain and/or physical restrictions as a result of any of the physical injuries and medical conditions you checked "yes" in question 34a above and which **YOU CLAIM IN THIS LAWSUIT WAS CAUSED BY THE SITE(S)?** If yes, please describe fully and exactly the alleged pain and/or restrictions, including the dates and duration of the pain and/or restrictions.

_____

_____

_____

37.	Do you claim to have children with birth defects caused by the Site(s)?

___ Yes	___ No (go to question 38)

Are any of them plaintiffs in this lawsuit?	___No ___Yes.  Please provide their names.

_____

38.	Please provide the requested information for each doctor, hospital or clinic with whom or where you received advice or treatment regarding <u>any</u> medical condition from 1952 to the present.  (If more than two such doctors or clinics, please complete your answer on the supplemental pages by providing all the information requested below for all other doctors/clinics.  Please provide an authorization to obtain the records from each doctor/ clinic/hospital in the form provided.)

a.	<u>Doctor/Clinic/Hospital 1</u>

Name: _____

Address: _____

_____

Date(s) of treatment: _____

Diagnosis or conclusion: _____

Treatment: _____

Cost of treatment: _____

b.	<u>Doctor/Clinic/Hospital 2</u>

Name: _____

Address: _____

_____

Date(s) of treatment: _____

Diagnosis or conclusion: _____

_-28-_

19

000088

Treatment: _____

Cost of treatment: _____

c. Did you personally pay any of the above expenses for treatment of your physical injuries/conditions which **YOU CLAIM IN THIS LAWSUIT WERE CAUSED BY THE SITE(S)?**

___ Yes          ___ No (go to question 39)

If yes, how much? $_____

Were you reimbursed for any of these expenses?   ___ Yes          ___ No

If yes, by whom? _____   How much? $_____

**B.**    Emotional and Psychological Injuries

39.    **DO YOU CLAIM IN THIS LAWSUIT** that you have suffered any of the following emotional or psychological injuries/conditions as a result of living or working at or near the Site(s)?  For each injury/condition you check "yes" below, please describe the type of injury/condition and the period of time which you suffered such injury/condition.  (Please use the supplemental pages if additional space is required.)

Yes    No

___    ___    Fear of developing cancer or other disease

Description and duration of injury: _____

_____

_____

_____

___    ___    Has any medical doctor or other health care practitioner ever told you that it is more likely than not you will develop cancer because of the site?

If yes, when were you told this? _____

If yes, by what doctor(s)? _____

What diagnosis or reasons were provided?

_____

_____

___    ___    Emotional distress

Description and duration of injury: _____

_____

_____

_____

-29-
20

000089

| Yes | No |
| --- | --- |
| ___ | ___ | Other (specify: _____ )

Description and duration of injury: _____
_____
_____
_____

40. Please provide the following information for each counselor or therapist who has examined you for the emotional and psychological injuries **YOU CLAIM WERE CAUSED BY THE SITE(S)** in question 39. (If more than two such persons, please complete your response on the supplemental pages by providing all the information requested below for all counselors/therapists. Please provide an authorization to obtain the records from each counselor/therapist in the form provided.)

   a. <u>Counselor/Therapist 1</u>

   Name: _____

   Street address: _____

   City: _____ State:____ Zip:_____

   Date(s) of treatment: _____

   Diagnosis or conclusion: _____

   Treatment: _____

   Cost of treatment: $_____

   b. <u>Counselor/Therapist 2</u>

   Name: _____

   Street address: _____

   City: _____ State:____ Zip:_____

   Date(s) of treatment: _____

   Diagnosis or conclusion: _____

   Treatment: _____

   Cost of treatment: $_____

   c. **Did you personally pay any of the above costs for treatment of your emotional or psychological injuries described in this section?**

   ___ Yes          ___ No (go to question 41)

   If yes, how much? $_____

21

000090

Were you reimbursed for any of these expenses? ___ Yes ___ No

If yes, by whom? _____ How much? $ _____

## C. Wages and Employment

41. Do you claim that any of the injuries described in questions 34a, 35 or 39 which **YOU CLAIM WERE CAUSED BY THE SITE(S)** caused you to be absent from work and thereby lose wages?

    ___ Yes         ___ No (go to question 42)

    a.  If yes, how much lost wages do you claim     $ _____ total

    b.  Please provide the following information for each of the work absences you claim was caused by the Site(s). (If more than 2 absences, please complete your response on the supplemental pages by providing all of the information requested below for all absences.)

        Absence 1

        Dates of absence: _____

        Employer: _____

        Weekly wage before absence: $_____ per week

        Absence was: ___ Paid                    ___ Unpaid

        Reasons for absence: _____

        _____

        Absence 2

        Dates of absence: _____

        Employer: _____

        Weekly wage before absence: $_____ per week

        Absence was: ___ Paid                    ___ Unpaid

        Reasons for absence: _____

        _____

42. Do you claim that any of the injuries described in questions 34a, 35 or 39 which **YOU CLAIM WERE CAUSED BY THE SITE(S)** caused you to change occupations?

    ___ Yes         ___ No (go to question 43)

22

000091

a. If yes, what health reason(s) do you claim caused you to change occupations?

_____

_____

b. If yes, do you claim that the change in occupation caused you to lose wages?

___ Yes     ___ No

If yes, please explain the nature and amount of your lost wages.

_____

_____

**D.    Other Claims**

43. Other than the claims asserted in your responses to questions 35 through 42 of this questionnaire, do you claim to have suffered any other injury or damage which **YOU CLAIM IN THIS LAWSUIT WAS CAUSED BY THE SITE(S)**?

___ Yes       ___ No

If yes, please describe each of the other claim(s) that you make in this lawsuit.

_____

_____

_____

_____

32

23

000092



## SUPPLEMENTAL ANSWERS

(For each supplemental answer, please record the question number before providing the supplemental response. Use as many lines as necessary to provide a complete response to the question.)

<u>Employer No.</u> ___

Name: _____

City/State of employment: _____

Dates of employment: _____

Duties: _____ _____

Name of supervisor/boss: _____

What was your reason for leaving this job?

_____

Gross pay (before taxes) per week at time of departure: $ _____ ____

Average number of hours worked per week: _____

If you took a pre-employment physical before you went to work for this employer, state the name of the examining doctor.

_____

Please describe any sort of medical benefits (for example, insurance) this job gave you.

_____

_____

-33-

000093

Case: 01-30923    Doc# 3983    Filed: 12/21/01    Entered: 12/28/01 14:43:00    Page 100 of 153

# SUPPLEMENTAL ANSWERS

(For each supplemental answer, please record the question number before providing the supplemental response. Use as many lines as necessary to provide a complete response to the question.)

Employer No. ___

Name: _____

City/State of employment: _____

Dates of employment: _____

Duties: _____

Name of supervisor/boss: _____

What was your reason for leaving this job?

_____

Gross pay (before taxes) per week at time of departure: $ _____

Average number of hours worked per week: _____

If you took a pre-employment physical before you went to work for this employer, state the name of the examining doctor.

_____

Please describe any sort of medical benefits (for example, insurance) this job gave you.

_____

_____

-34-

000094

# SUPPLEMENTAL ANSWERS

(For each supplemental answer, please record the question number before providing the supplemental response. Use as many lines as necessary to provide a complete response to the question.)

Residence No. ____

Name: _____

Street address: _____

City: _____ State: _____ Zip: __

Dates of residence: _____

Residence No. ____

Name: _____

Street address: _____

City: _____ State: _____ Zip: __

Dates of residence: _____

Residence No. ____

Name: _____

Street address: _____

City: _____ State: _____ Zip: __

Dates of residence: _____

Residence No. ____

Name: _____

Street address: _____

City: _____ State: _____ Zip: __

Dates of residence: _____

-35-

000095

# SUPPLEMENTAL ANSWERS

(For each supplemental answer, please record the question number before providing the supplemental response. Use as many lines as necessary to provide a complete response to the question.)

Doctor/Clinic/Hospital No. ___

Name: _____

Address: _____

_____

Date(s) of treatment: _____

Diagnosis or conclusion: _____

Treatment: _____

Cost of treatment: _____

Doctor/Clinic/Hospital No. ___

Name: _____

Address: _____

_____

Date(s) of treatment: _____

Diagnosis or conclusion: _____

Treatment: _____

Cost of treatment: _____

_36_

000096



# SUPPLEMENTAL ANSWERS

(For each supplemental answer, please record the question number before providing the supplemental response.  Use as many lines as necessary to provide a complete response to the question.)

Doctor/Clinic/Hospital No. ___

Name: _____

Address: _____

_____

Date(s) of treatment: _____

Diagnosis or conclusion: _____

Treatment: _____

Cost of treatment: _____

Doctor/Clinic/Hospital No. ___

Name: _____

Address: _____

_____

Date(s) of treatment: _____

Diagnosis or conclusion: _____

Treatment: _____

Cost of treatment: _____

_37_

000097

# SUPPLEMENTAL ANSWERS

(For each supplemental answer, please record the question number before providing the supplemental response. Use as many lines as necessary to provide a complete response to the question.)

<u>Doctor/Clinic/Hospital No.</u> ___

Name: _____

Address: _____

_____

Date(s) of treatment: _____

Diagnosis or conclusion: _____

Treatment: _____

Cost of treatment: _____

<u>Doctor/Clinic/Hospital No.</u> ___

Name: _____

Address: _____

_____

Date(s) of treatment: _____

Diagnosis or conclusion: _____

Treatment: _____

Cost of treatment: _____

_38_



(For each supplemental answer, please record the question number before providing the supplemental response. Use as many lines as necessary to provide a complete response to the question.)

Injury or condition (specify from question 34a list): _____

Description: _____

_____

_____

_____

Injury or condition (specify from question 34a list): _____

Description: _____

_____

_____

_____

Injury or condition (specify from question 34a list): _____

Description: _____

_____

_____

_____

Injury or condition (specify from question 34a list): _____

Description: _____

_____

_____

_____

_39_



# SUPPLEMENTAL ANSWERS

(For each supplemental answer, please record the question number before providing the supplemental response. Use as many lines as necessary to provide a complete response to the question.)

Injury or condition (specify from question 34a list): _____

Description: _____

_____

_____

_____

Injury or condition (specify from question 34a list): _____

Description: _____

_____

_____

_____

Injury or condition (specify from question 34a list): _____

Description: _____

_____

_____

_____

Injury or condition (specify from question 34a list): _____

Description: _____

_____

_____

_____



# SUPPLEMENTAL ANSWERS

(For each supplemental answer, please record the question number before providing the supplemental response. Use as many lines as necessary to provide a complete response to the question.)

Injury or condition (specify from question 34a list): _____

Description: _____

_____

_____

_____

Injury or condition (specify from question 34a list): _____

Description: _____

_____

_____

_____

Injury or condition (specify from question 34a list): _____

Description: _____

_____

_____

_____

Injury or condition (specify from question 34a list): _____

Description: _____

_____

_____

_____

-41-

000101



# SUPPLEMENTAL ANSWERS

(For each supplemental answer, please record the question number before providing the supplemental response. Use as many lines as necessary to provide a complete response to the question.)

| Question # | Supplemental Answer |
|---|---|
|  |  |

-42-

000102



# SUPPLEMENTAL ANSWERS

(For each supplemental answer, please record the question number before providing the supplemental response. Use as many lines as necessary to provide a complete response to the question.)

| Question # | Supplemental Answer |
|---|---|
| | |

-43-

000103

Case: 01-30923    Doc# 3983    Filed: 12/21/01    Entered: 12/28/01 14:43:00    Page 110
of 153

# SUPPLEMENTAL ANSWERS

**(For each supplemental answer, please record the question number before providing the supplemental response. Use as many lines as necessary to provide a complete response to the question.)**

| Question # | Supplemental Answer |
|------------|---------------------|
|            |                     |

-44-

000104



# SUPPLEMENTAL ANSWERS

(For each supplemental answer, please record the question number before providing the supplemental response.   Use as many lines as necessary to provide a complete response to the question.)

| Question # | Supplemental Answer |
|---|---|
|  |  |

-45-

000105

Case: 01-30923     Doc# 3983     Filed: 12/21/01     Entered: 12/28/01 14:43:00     Page 112 of 153



# SUPPLEMENTAL ANSWERS

(For each supplemental answer, please record the question number before providing the supplemental response. Use as many lines as necessary to provide a complete response to the question.)

| Question # | Supplemental Answer |
| --- | --- |
| | |

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

AGUAYO, et al.
    Plaintiffs,

v.

BETZ LABORATORIES, INC., et al.
    Defendants.

)
)
)
)
)
)
)
)
)
)

Case No. BC 123 749

Related Case No. BC 113 000

Questionnaire Verification by Plaintiff

STATE OF California
COUNTY OF _____ (Print county in which questionnaire is signed)

    I, _____ PLAINTIFF (Print your full name) declare under penalty of perjury under the laws of the State of California, that I am a Plaintiff in the above-titled action and that the foregoing Answers to the Plaintiff Questionnaire are within my personal knowledge and are true and correct.

DATED: _____, _____ _____
                                PLAINTIFF (Sign your full name)

-47-

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

|  |  |  |
|---|---|---|
| AGUAYO, et al.<br>　　　　Plaintiffs,<br><br>v.<br><br>BETZ LABORATORIES, INC., et al.<br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. BC 123 749<br><br>Related Case No. BC 113 000<br><br>Questionnaire Verification by Guardian |

STATE OF California
COUNTY OF _____ (Print county in which questionnaire is signed)

      I, _____ PLAINTIFF (Print your full name) as guardian ad litem for PLAINTIFF _____ (print full name of plaintiff for whom you are acting as guardian) declare under penalty of perjury under the laws of the State of California, that I am a Plaintiff in the above-titled action and that the foregoing Answers to the Plaintiff Questionnaire are within my personal knowledge and are true and correct.

DATED: _____, _____ _____
                         PLAINTIFF (Sign your full name)

_-48-_

000108

**PATIENT:**

**TO:**

I hereby authorize, Haight, Brown & Bonesteel and/or Latham & Watkins on behalf of Pacific Gas and Electric Company (PG&E), their agents or representatives, and Arter & Hadden on behalf of Betz Laboratories, Inc., their agents or representatives, and my attorneys, Engstrom, Lipscomb & Lack, their agents or representatives, to inspect, review and obtain copies of all records, reports, bills and correspondence relating to the care and treatment of the undersigned, to include all records or history, examination, diagnosis, prognosis and treatment; x-rays and x-ray findings, laboratory tests and results thereof, diagnostic tracings, billings and payments made, and any and all other records pertaining to the undersigned.

This authorization shall remain valid until the final resolution of the litigation for which it is sought. A photocopy of this authorization shall be as valid as the original.

I, the undersigned, have been advised that I am entitled to a copy of this authorization and that my counsel will promptly provide a duplicate photocopy of all documents obtained as a result of the use of this authorization.

Date:_____

_____
Patient/Guardian

_﹏49﹏_

000109



**PATIENT:**

**TO:**

    I hereby authorize, Haight, Brown & Bonesteel and/or Latham & Watkins on behalf of Pacific Gas and Electric Company (PG&E), their agents or representatives, and Arter & Hadden on behalf of Betz Laboratories, Inc., their agents or representatives, to inspect, review and obtain copies of all records, reports, files, payroll records, evaluations, memorandums and correspondence relating to the employment of the undersigned.

    This authorization shall remain valid until the final resolution of the litigation for which it is sought. A photocopy of this authorization shall be as valid as the original.

    I, the undersigned, have been advised that I am entitled to a copy of this authorization and that my counsel will promptly provide a duplicate photocopy of all documents obtained as a result of the use of this authorization.

Date:_____

_____
Employee

_SO_

000110

**PATIENT:**

        **AKA**

        **DOB**

**TO:**

    I hereby authorize, Haight, Brown & Bonesteel and/or Latham & Watkins on behalf of Pacific Gas and Electric Company (PG&E"), their agents or representatives, and Arter & Hadden on behalf of Betz Laboratories, Inc., their agent or representatives, to inspect, review and obtain copies of all records, reports, files, evaluations, memorandums and correspondence relating to the student.

    This authorization shall remain valid until the final resolution of the litigation for which it is sought. A photocopy of this authorization shall be as valid as the original.

    I, the undersigned, have been advised that I am entitled to a copy of this authorization and that my counsel will promptly provide a duplicate photocopy of all documents obtained as a result of the use of this authorization.

**Date:**_____       _____

                                       Student's Signaure

_-51-_

# REQUEST PERTAINING TO MILITARY RECORDS

*Please read instructions on the reverse. If more space is needed, use plain paper.*

PRIVACY ACT OF 1974 COMPLIANCE INFORMATION. The following information is provided in accordance with 5 U.S.C. 552a(e)(3) and applies to this form. Authority for collection of the information is 44 U.S.C. 2007, 3101, and 3103, and E.O. 9397 of November 22, 1943. Disclosure of the information is voluntary. The principal purpose of the information is to assist the facility servicing the records in locating and verifying the correctness of the requested records or information to answer your inquiry. Routine uses of the information as established and published in accordance with 5 U.S.C.a(e)(4)(D)

Include the transfer of relevant information to appropriate Federal, State, local, or foreign agencies for use in civil, criminal, or regulatory investigations or prosecution. In addition, this form will be filed with the appropriate military records and may be transferred along with the record to another agency in accordance with the routine uses established by the agency which maintains the record. If the requested information is not provided, it may not be possible to service your inquiry.

## SECTION I—INFORMATION NEEDED TO LOCATE RECORDS (Furnish as much as possible)

| 1. NAME USED DURING SERVICE (Last, first, and middle) | 2. SOCIAL SECURITY NO. | 3. DATE OF BIRTH | 4. PLACE OF BIRTH |
|---|---|---|---|
| | | | |

**5. ACTIVE SERVICE, PAST AND PRESENT** (For an effective records search, it is important that ALL service be shown below)

| BRANCH OF SERVICE (Also, show last organization, if known) | DATES OF ACTIVE SERVICE | | Check one | | SERVICE NUMBER DURING THIS PERIOD |
|---|---|---|---|---|---|
| | DATE ENTERED | DATE RELEASED | OFFICER | ENLISTED | |
| | | | | | |
| | | | | | |
| | | | | | |

**6. RESERVE SERVICE, PAST OR PRESENT**   If "none," check here ▶

| a. BRANCH OF SERVICE | b. DATES OF MEMBERSHIP | | c. Check one | | d. SERVICE NUMBER DURING THIS PERIOD |
|---|---|---|---|---|---|
| | FROM | TO | OFFICER ☐ | ENLISTED ☐ | |

**7. NATIONAL GUARD MEMBERSHIP** (Check one): ☐ a. ARMY   ☐ b. AIR FORCE   ☐ c. NONE

| d. STATE | e. ORGANIZATION | f. DATES OF MEMBERSHIP | | g. Check one | | h. SERVICE NUMBER DURING THIS PERIOD |
|---|---|---|---|---|---|---|
| | | FROM | TO | OFFICER ☐ | ENLISTED ☐ | |

**8. IS SERVICE PERSON DECEASED** ☐ YES ☐ NO   *If "yes," enter date of death.*

**9. IS (WAS) INDIVIDUAL A MILITARY RETIREE OR FLEET RESERVIST** ☐ YES ☐ NO

## SECTION II—REQUEST

**1. EXPLAIN WHAT INFORMATION OR DOCUMENTS YOU NEED; OR, CHECK ITEM 2; OR, COMPLETE ITEM 3**

**2. IF YOU ONLY NEED A STATEMENT OF SERVICE** check here ☐

**3. LOST SEPARATION DOCUMENT REPLACEMENT REQUEST** (Complete a or b, and c.)

| | a. REPORT OF SEPARATION (DD Form 214 or equivalent) ☐ | YEAR ISSUED | This contains information normally needed to determine eligibility for benefits. It may be furnished only to the veteran, the surviving next of kin, or to a representative with veteran's signed release (item 5 of this form). |
|---|---|---|---|
| | b. DISCHARGE CERTIFICATE ☐ | YEAR ISSUED | This shows only the date and character at discharge. It is of little value in determining eligibility for benefits. It may be issued only to veterans discharged honorably or under honorable conditions; or, if deceased, to the surviving spouse. |

c. EXPLAIN HOW SEPARATION DOCUMENT WAS LOST

**4. EXPLAIN PURPOSE FOR WHICH INFORMATION OR DOCUMENTS ARE NEEDED**

**6. REQUESTER**

a. IDENTIFICATION (check appropriate box)
☐ Same person identified in Section I   ☐ Surviving spouse
☐ Next of kin (relationship) _____
☐ Other (specify)

b. SIGNATURE (see instruction 3 on reverse side)   DATE OF REQUEST

**5. RELEASE AUTHORIZATION, IF REQUIRED** (Read instruction 3 on reverse side)

I hereby authorize release of the requested information/documents to the person indicated at right (item 7).

VETERAN SIGN HERE ▶

(If signed by other than veteran show relationship to veteran.)

**7. Please type or print clearly —   COMPLETE RETURN ADDRESS**

Name, number and street, city, State and ZIP code

TELEPHONE NO. (Include area code) ▶

NSN 7540-00-142-9360

STANDARD FORM 180 (Rev. 7-86) Prescribed by NARA (36 CFR 1228.162(a))

# INSTRUCTIONS

1. **Information needed to locate records.** Certain identifying information is necessary to determine the location of an individual's record of military service. Please give careful consideration to and answer each item on this form. If you do not have and cannot obtain the information for an item, show "NA," meaning the information is "not available." Include as much of the requested information as you can. This will help us to give you the best possible service.

2. **Charges for service.** A nominal fee is charged for certain types of service. In most instances service fees cannot be determined in advance. If your request involves a service fee you will be notified as soon as that determination is made.

3. **Restrictions on release of information.** Information from records of military personnel is released subject to restrictions imposed by the military departments consistent with the provisions of the Freedom of Information Act of 1967 (as amended in 1974) and the Privacy Act of 1974. A service person has access to almost any information contained in his own record. The next of kin, if the veteran is deceased, and Federal officers for official purposes, are authorized to receive information from a military service or medical record only as specified in the above cited Acts. Other requesters must have the release authorization, in item 5 of the form, signed by the veteran or, if deceased, by the next of kin. Employers

and others needing proof of military service are expected to accept the information shown on documents issued by the Armed Forces at the time a service person is separated.

4. **Location of military personnel records.** The various categories of military personnel records are described in the chart below. For each category there is a code number which indicates the address at the bottom of the page to which this request should be sent. For each military service there is a note explaining approximately how long the records are held by the military service before they are transferred to the National Personnel Records Center, St. Louis. Please read these notes carefully and make sure you send your inquiry to the right address. Please note especially that the record is not sent to the National Personnel Records Center as long as the person retains any sort of reserve obligation, whether drilling or non-drilling.

(If the person has two or more periods of service within the same branch, send your request to the office having the record for the last period of service.)

5. **Definitions for abbreviations used below:**
NPRC—National Personnel Records Center     PERS—Personnel Records
TDRL—Temporary Disability Retirement List     MED—Medical Records

| SERVICE | NOTE: (See paragraph 4 above.) | CATEGORY OF RECORDS | WHERE TO WRITE | ADDRESS CODE |
|---|---|---|---|---|
| AIR FORCE (USAF) | Except for TDRL and general officers retired with pay, Air Force records are transferred to NPRC from Code 1, 90 days after separation and from Code 2, 180 days after separation. | Active members (includes National Guard on active duty in the Air Force), TDRL, and general officers retired with pay. | | 1 |
| | | Reserve, retired reservist in nonpay status, current National Guard officers not on active duty in Air Force, and National Guard released from active duty in Air Force. | | 2 |
| | | Current National Guard enlisted not on active duty in Air Force. | | 13 |
| | | Discharged, deceased, and retired with pay. | | 14 |
| COAST GUARD (USCG) | Coast Guard officer and enlisted records are transferred to NPRC 6 months after separation. | Active, reserve, and TDRL members. | | 3 |
| | | Discharged, deceased, and retired members (see next item). | | 14 |
| | | Officers separated before 1/1/29 and enlisted personnel separated before 1/1/15. | | 6 |
| MARINE CORPS (USMC) | Marine Corps records are transferred to NPRC between 6 and 9 months after separation. | Active, TDRL, and Selected Marine Corps Reserve members. | | 4 |
| | | Individual Ready Reserve and Fleet Marine Corps Reserve members. | | 5 |
| | | Discharged, deceased, and retired members (see next item). | | 14 |
| | | Members separated before 1/1/1905. | | 6 |
| ARMY (USA) | Army records are transferred to NPRC as follows: Active Army and Individual Ready Reserve Control Group. About 60 days after separation, U.S. Army Reserve Troop Unit personnel. About 130 to 180 days after separation. | Reserve, living retired members, retired general officers, and active duty records of current National Guard members who performed service in the U.S. Army before 7/1/72. | | 7 |
| | | Active officers (including National Guard on active duty in the U.S. Army). | | 8 |
| | | Active enlisted (including National Guard on active duty in the U.S. Army) and enlisted TDRL. | | 9 |
| | | Current National Guard officers not on active duty in the U.S. Army. | | 12 |
| | | Current National Guard enlisted not on active duty in the U.S. Army. | | 13 |
| | | Discharged and deceased members (see next item). | | 14 |
| | | Officers separated before 7/1/17 and enlisted separated before 11/1/12. | | 6 |
| | | Officers and warrant officers TDRL. | | 8 |
| NAVY (USN) | Navy records are transferred to NPRC 6 months after inquiry or complete separation. | Active members (including reservists on duty)—PERS and MED | | 10 |
| | | Discharged, deceased, retired (with and without pay) less than six months, TDRL, drilling and nondrilling reservists. | PERS ONLY | 10 |
| | | | MED ONLY | 11 |
| | | Discharged, deceased, retired (with and without pay) more than six months (see next item)—PERS & MED | | 14 |
| | | Officers separated before 1/1/03 and enlisted separated before 1/1/1885—PERS and MED | | 6 |

*Code 12 applies to active duty records of current National Guard officers who performed service in the U.S. Army after 6/30/72.
Code 13 applies to active duty records of current National Guard enlisted members who performed service in the U.S. Army after 6/30/72.

## ADDRESS LIST OF CUSTODIANS (BY CODE NUMBERS SHOWN ABOVE)—Where to write / send this form for each category of records

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **1** | Air Force Manpower and Personnel Center Military Personnel Records Division Randolph AFB, TX 78150-6001 | **5** | Marine Corps Reserve Support Center 10950 El Monte Overland Park, KS 66211-1408 | **8** | USA MILPERCEN ATTN: DAPC-MSR 200 Stovall Street Alexandria, VA 22332-0406 | **12** | Army National Guard Personnel Center Columbia Pike Office Building 5600 Columbia Pike Falls Church, VA 22041 |
| **2** | Air Reserve Personnel Center Denver, CO 80280-5000 | **6** | Military Archives Division National Archives and Records Administration Washington, DC 20408 | **9** | Commander U.S. Army Enlisted Records and Evaluation Center Ft. Benjamin Harrison, IN 46249-5301 | **13** | The Adjutant General (of the appropriate State, DC, or Puerto Rico) |
| **3** | Commander U.S. Coast Guard Washington, DC 20593-0001 | **7** | Commander U.S. Army Reserve Personnel Center ATTN: DARP-PAS 9700 Page Boulevard St. Louis, MO 63132-5200 | **10** | Commander Naval Military Personnel Command ATTN: NMPC-036 Washington, DC 20370-5036 | **14** | National Personnel Records Center (Military Personnel Records) 9700 Page Boulevard St. Louis, MO 63132 |
| **4** | Commandant of the Marine Corps (Code MMRB-10) Headquarters, U.S. Marine Corps Washington, DC 20380-0001 | | | **11** | Naval Reserve Personnel Center New Orleans, LA 70146-5000 | | |

*U.S. Government Printing Office: 1982 — 342-139/40147     STANDARD FORM 180 BACK (Rev 7-85)

000113

Case: 01-30923   Doc# 3983   Filed: 12/21/01   Entered: 12/28/01 14:43:00   Page 120 of 153

# PROOF OF SERVICE BY MAIL

1013a (3) C.C.P.

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 350 South Figueroa Street, Suite 990, Los Angeles, California 90071.

On April 23, 1996, I served the foregoing document described as **STIPULATION OF THE PARTIES AND CASE MANAGEMENT ORDER NUMBER ONE** on the interested parties in this action, as follows:

STEVEN L. HOCH, ESQ.
HAIGHT, BROWN & BONESTEEL
1620 26TH. ST., #4000N
SANTA MONICA, CA 90406

GREGORY C. READ, ESQ.
SEDGWICK, DETERT, MORAN ET AL.
ONE EMBARCADERO CTR., 16TH FLR.
SAN FRANCISCO, CA 94111

WILLIAM DAVIS, ESQ.
ARTER, HADDEN LAWLER, ET AL.
700 S. FLOWER STREET
30TH FLOOR
LOS ANGELES, CA 90017

WILLIAM MASRY, ESQ.
MASRY & VITITOE
10850 RIVERSIDE DR.
SUITE 605
TOLUCA LAKE, CA 91610-0903

THOMAS GIRARDI, ESQ.
GIRARDI & KEESE
1126 WILSHIRE BLVD.
LOS ANGELES, CA 90017

ERNIE GETTO, ESQ.
LATHAM & WATKINS
633 WEST FIFTH ST., #4000
LOS ANGELES, CA 90071

WALTER LACK, ESQ.
ENGSTROM, LIPSCOMB & LACK
10100 SANTA MONICA BLVD.
16TH FLOOR
LOS ANGELES, CA 90067-4107

HON. FRANCES ROTHSCHILD
LOS ANGELES SUPERIOR COURT
111 N. HILL STREET
DEPARTMENT 28
LOS ANGELES, CA 90012

(X) **BY MAIL:** as follows: I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at Los Angeles, California.

( ) **BY PERSONAL SERVICE:** I delivered such envelope by hand to the above addressee(s).

000114

**(  )  BY OVERNIGHT COURIER:**  I caused the above-referenced document(s) to be delivered to an overnight courier service (Federal Express), for delivery to the above addressee(s).

**(  )  BY FACSIMILE TRANSMISSION:**  I caused the above-referenced document(s) to be transmitted to the above-named person(s) at the telecopy numbers on the attached list.

Executed on April 23, 1996

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.


_Patricia E. Tew_
Patricia E. Tew

000115

**EXHIBIT 9**

ORIGINAL FILE

COPY

NOV 25 1996

LOS ANGELES
SUPERIOR COURT

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

DANNY AGUAYO, an individual, et al.,

          Plaintiffs,

      v.

BETZ LABORATORIES, INC., et al.,

          Defendants.

CASE NO.: BC 123749

[PROPOSED] CASE MANAGEMENT
ORDER NUMBER TWO

       This Case Management Order Number 2 ("CMO 2") shall supplement Case Management Order Number One ("CMO 1") of April, 1996 and govern additional pre-trial procedures among the parties. All discovery not permitted by CMO 1 or CMO 2 is stayed while the parties conduct the discovery specified therein. The parties anticipate that additional case management orders will be issued by the Discovery Master to address the timing and scope of any additional discovery and trial as appropriate.

       1.    By December 31, 1996, plaintiffs' counsel shall provide defendants with a list of the names of all plaintiffs to this action. The list(s) shall specify: (a) whether each person is a "Camp Kettleman Plaintiff" (i.e. someone who is claiming exposure at or near the Kettleman Compressor Station and is asserting claims against PG&E and the Betz defendants) or a "non-Camp Kettleman Plaintiff" (i.e. someone who is asserting claims only against the Betz

000116

1    defendants); and (b) which of the plaintiffs are new plaintiffs (i.e. not identified in the Fourth

2    Amended Complaint).

3          2.    A group of 100 "Camp Kettleman Plaintiffs" (as defined herein and

4    identified in Exhibit 3 to the Fourth Amended Complaint and in the lists attached to plaintiff's

5    October 3, 1996 letter to defendants) shall be selected as test plaintiffs (the "Kettleman Pool") for

6    discovery purposes, as follows:

7          a.    By November 15, 1996, plaintiffs' counsel may designate a total of

8    38 plaintiffs, in the numbers specified from the categories listed below.  The plaintiffs selected

9    from each category shall be Camp Kettleman Plaintiffs from the lists provided to defendants on

10   October 3, 1996, which are referenced by list number below.  Plaintiffs have designated these as

11   the lists of the five most serious injury categories:

12          1     Respiratory Cancer (list # 1)
             4     Other Cancer (list # 2)
13          19    Serious Respiratory Problems (list # 3)
             6     Acute Immunological Disorders (list # 4)
14          8     Female Reproductive Problems (list # 7)

15   If, by November 15, 1996, the number of plaintiffs with claims of "Other Cancers" or

16   gastrointestinal problems under "Acute Immune" has increased such that the percentage of those

17   injuries out of the entire Camp Kettleman Plaintiff population is greater than four percent for

18   Other Cancer and greater than six percent for Acute Immune, plaintiffs may bring a motion

19   before the Discovery Master demonstrating that the addition of new plaintiffs has made the

20   number of plaintiffs selected from these two categories of injuries non-representative, and

21   seeking to select additional plaintiffs from these two lists.

22          b.    By November 1, 1996, counsel for PG&E shall prepare and

23   provide to the other parties a list of the Camp Kettleman Plaintiffs who are not on the five most

24   serious injury categories specified above.  The parties shall promptly agree on the list and

25   prepare the names for the Discovery Master to draw 62 names at random on November 19, 1996.

26   ///

27   ///

28   ///

2

000117

c. By January 15, 1997, plaintiffs shall provide Questionnaire responses for all of the plaintiffs in the Kettleman Pool.

3. A group of 50 "non-Camp Kettleman Plaintiffs" shall be selected as test plaintiffs (the "non-Kettleman Pool") for discovery purposes, as follows:

a. By November 29, 1996, plaintiffs' counsel may designate a total of 19 non-Camp Kettleman Plaintiffs, in the numbers specified from the following categories:

| | |
|---|---|
| 1 | Respiratory Cancer |
| 2 | Other Cancer |
| 9 | Serious Respiratory Problems |
| 3 | Acute Immunological Disorders |
| 4 | Female Reproductive Problems |

b. The remaining 31 plaintiffs in the non-Kettleman Pool shall be selected at random. By November 29, 1996, plaintiffs shall provide Betz with a list of all non-Camp Kettleman Plaintiffs who are not asserting claims in the five categories specified above, and plaintiffs and the Betz defendants shall agree on the list and provide names to be drawn by the Discovery Master at a date also to be set at the November 19, 1996 hearing.

c. By January 15, 1997, plaintiffs shall provide Questionnaire responses for all of the plaintiffs in the non-Kettleman Pool.

4. The next hearing before the Discovery Master is set for November 19, 1996 at 9:00 a.m. Any motions shall be filed and served by November 8, 1996, and any opposition papers shall be filed and served by November 15, 1996.

5. The parties shall meet and confer and propose a schedule for further discovery to the Discovery Master. The deadline for this proposed schedule shall be set at the November 19, 1996 hearing.

///
///
///
///
///
///

3

000118

1  Based upon my review of the pleadings and arguments presented by the parties, I

2  recommend CMO 2 for entry by Judge Rothschild.

3

4  DATED: _11/19_, 1996

5                                              _____

6                                              G. KEITH WISOT, DISCOVERY MASTER

7       Based upon the foregoing and the recommendation of Judge Wisot, CMO 2 is

8  entered as an Order of the Los Angeles Superior Court.

9  DATED: ___NOV 25 1996___, 1996

10                                             _____
                                              THE HONORABLE FRANCES ROTHSCHILD
11                                             LOS ANGELES SUPERIOR COURT JUDGE

12  Presented by:

13

14  _____
   Kathleen O'Prey Truman
15  Latham & Watkins, counsel for
   defendant Pacific Gas & Electric Company
16

17  LA_DOCS\69892.1

18

19

20

21

22

23

24

25

26

27

28

4

000119

Case: 01-30923    Doc# 3983    Filed: 12/21/01    Entered: 12/28/01 14:43:00    Page 127
of 153

# PROOF OF SERVICE BY MAIL

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is that of Latham & Watkins, 633 West Fifth Street, Los Angeles, California 90071.

I served the below listed document(s) described as:

[PROPOSED] CASE MANAGEMENT ORDER NUMBER TWO

on October 28, 1996 on all other parties to this action by placing a true copy of the above document enclosed in a sealed envelope addressed as follows:

Thomas V. Girardi, Esq.
GIRARDI & KEESE
1126 Wilshire Blvd.
Los Angeles, California 90017

Walter J. Lack, Esq.
ENGSTROM, LIPSCOMB & LACK
10100 Santa Monica Blvd., 16th Floor
Los Angeles, California 90067-4107

Donald C. Erickson, Esq.
ARTER & HADDEN
700 So. Flower Street
Los Angeles, CA 90017

☐      I placed such envelope with postage thereon fully prepaid in the United States Mail at , California.

☒      I placed such envelope with postage thereon fully prepaid for deposit in the United States mail in accordance with the office practice of Latham & Watkins for collecting and processing correspondence for mailing with the United States Postal Service. I am familiar with the office practice of Latham & Watkins for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Latham & Watkins personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on October 28, 1996 at Los Angeles, California.

☒      (State) I declare under penalty of perjury that the above is true and correct.

☐      (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Tracy Roybal
(Type or print name)

_____
(Signature)

000120

**EXHIBIT 10**

● COPY

WJC/GRF
38300/TSO

ORIGINAL FILED

FEB 2 1 1997

LOS ANGELES
SUPERIOR COURT

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| DANNY AGUAYO, an individual, et al., | CASE NO.: BC 123749 |
| Plaintiffs, | STIPULATION OF THE PARTIES AND [PROPOSED] CASE MANAGEMENT ORDER NUMBER THREE |
| v. | |
| BETZ LABORATORIES, INC., et al., | |
| Defendants. | |

This Case Management Order Number Three ("CMO 3") shall supplement Case Management Order Number One ("CMO 1") and Case Management Order Number Two ("CMO 2"), and govern additional discovery and other pre-trial procedures among the parties. All discovery not permitted by CMO 1, CMO 2 or CMO 3 (collectively the "CMOs") is stayed while the parties conduct the specified discovery. The parties anticipate that additional case management orders will be issued by the Discovery Master to address the timing and scope of any additional discovery and trial as appropriate.

I. **WRITTEN DISCOVERY**

Pursuant to CMO 2, 150 test plaintiffs (the "Test Plaintiff Pool") have been selected for discovery purposes. The following additional written discovery will be permitted:

000122

### A. Documents

By February 15, 1997, each plaintiff in the Test Plaintiff Pool shall produce all documents in his or her possession, custody or control, obtained from PG&E (other than documents produced by PG&E during the course of this litigation or during the course of Anderson, et al. v. Pacific Gas & Electric Company). Each plaintiff in the Test Plaintiff Pool shall also produce any and all photographs, films and videotapes taken of, or at, the PG&E Hinkley, Topock or Kettleman compressor stations.

By February 15, 1997, each plaintiff in the Test Plaintiff Pool shall produce all medical, employment or education records in his or her possession or in the possession of his or her attorneys or persons acting for such attorneys; however, plaintiffs in the Test Plaintiff Pool shall not be required to request additional records from health care providers, employers or educational institutions, as long as defendants have been provided a release for such records and the record holder has been identified to defendants. Plaintiffs' obligation to produce such records is without prejudice to defendants' right to obtain medical, employment, education, military, or medical insurance records directly from any record holder, pursuant to an appropriately-worded release, subpoena or any other means authorized by applicable law. All plaintiffs shall preserve and may not destroy, discard or otherwise alter any medical, employment, education or other relevant records in their possession or the possession of their attorneys or representatives. This paragraph is without prejudice to the right of defendants to request other types of records, and the parties shall meet and confer regarding such requests, and, if necessary, defendants may seek leave from the Discovery Master to obtain other types of records.

Beginning February 1, 1997, each defendant may serve up to 50 uniform requests for production of documents on plaintiffs and may serve up to 10 additional requests for production of documents on each member of the Test Plaintiff Pool. Beginning February 1, 1997, plaintiffs collectively may serve up to 100 requests for production of documents on each defendant.

000132

Case: 01-30923    Doc# 3983    Filed: 12/21/01    Entered: 12/28/01 14:43:00    Page 131

B.     <u>Requests for Admission</u>

Beginning March 1, 1997, each defendant may serve up to 25 requests for admission on each member of the Test Plaintiff Pool, and plaintiffs may serve up to 25 requests for admission on each defendant.

C.     <u>Interrogatories</u>

Beginning February 1, 1997, each defendant may serve up to 50 uniform interrogatories on plaintiffs and may serve up to 10 additional interrogatories on each member of the Test Plaintiff Pool. Beginning February 1, 1997, plaintiffs collectively may serve up to 100 interrogatories on each defendant.

D.     <u>Releases</u>

In addition to the releases provided for in CMO 1, plaintiffs shall provide appropriately worded records releases that defendants may reasonably request. Additional releases that defendants shall be permitted to request include, but are not limited to, additional releases for medical records, medical insurance records, education records, employment records, military records or records of decedents related to the claims of the wrongful death plaintiffs, and any special releases required by a holder of records. The parties shall meet and confer regarding any request for additional records, and, if necessary, defendants may seek leave from the Discovery Master to obtain additional releases.

E.     <u>Further Discovery</u>

Nothing in the CMOs shall be construed as prejudicing any party's right to serve additional written discovery, including by questionnaire, interrogatories or document requests, upon any other party during any additional discovery phases, subject to the provisions of future case management orders. The discovery cut-off date for all discovery (including written and deposition discovery of both lay and expert witnesses ) shall be addressed in future case management orders.

000123

3

## II.    NON-EXPERT DEPOSITION DISCOVERY

At any time, a party may notice the deposition of any witness who the party reasonably anticipates is going to become unavailable. Any disputes regarding the propriety of such notice shall be presented to the Discovery Master.

Beginning February 28, 1997, the parties may commence taking the depositions of any non-expert witnesses. The location of the depositions of all witnesses (whether parties or not) shall be governed by the California Code of Civil Procedure.

If a non-test plaintiff is deposed during the course of test plaintiff discovery because he or she is related to a test plaintiff, defendants shall not be precluded from deposing that plaintiff regarding his or her claims or other claims after the conclusion of test plaintiff discovery or as provided for in future orders of the Court. Any depositions of a non-test plaintiff shall be limited to one day during test plaintiff discovery, absent stipulation of the parties or leave of the Discovery Master. If defendants subsequently depose a non-test plaintiff for additional days, defendants shall bear the cost of the court reporter and shall bear travel costs for the deponent if the deposition does not take place where the deponent is located.

Defendants shall use their best efforts to produce former employees and agents without the need of subpoenas. However, all former employees and agents shall be paid witness fees as required by the laws of the State of California, or the laws of the state where the witness resides, whichever is greater. If a defendant cannot produce a former employee or agent, it shall reasonably notify plaintiffs of this fact and provide the last known address and phone number of the witness, if any.

If a deposition notice for a party or an employee of a party contains a request for the production of documents: (a) the deposition notice and document request shall be served at least 30 days prior to the deposition; (b) the party, party-employer and/ or employee shall not be required to produce any documents that have already been produced in the course of this litigation; and (c) the party, party-employer and/ or employee only shall be required to produce documents in the deponent's immediate possession.

000124

4

1         Up to three depositions may take place on any given day, absent stipulation of the

2 parties or leave of the Discovery Master allowing for additional depositions.

3 **III.**    **NON-BINDING MEDIATION**

4         The dates specified in CMO 1 for non-binding mediation shall be modified as

5 follows: Beginning in or before March, 1997, the parties shall meet and confer concerning the

6 format for a non-binding mediation. During May, 1997, the parties shall conduct the non-

7 binding mediation described in CMO 1.

8 **IV.**    **SUBSTANTIVE MOTIONS**

9         This order is without prejudice to any motion(s) the parties may make to the Trial

10 Judge regarding venue, severance of claims or parties, or summary judgment or other dispositive

11 motions. The parties anticipate that any change in venue will not impact the role of the

12 Discovery Master.

13 **V.**    **MODIFICATION AND INTERPRETATION**

14         The CMOs may be modified by order of the Discovery Master or the Trial Judge.

15 Where an issue is not covered by the CMOs, existing California law, including the Code of Civil

16 Procedure, shall apply.

17         The parties, through their counsel of record, hereby stipulate to entry of Case

18 Management Order Number Three.

19 DATED: January **23** 1997

20                    GIRARDI AND KEESE
                    Thomas V. Girardi

21                    ENGSTROM, LIPSCOMB & LACK
                    Walter J. Lack

22                     Gary A. Praglin
                   LAW OFFICES OF MASRY & VITITOE

23                     Edward L. Masry

24

25 By _____

26          Gary A. Praglin
        Attorneys for Plaintiffs

27

28                                **000125**

DATED: January ___, 1997

LATHAM & WATKINS
Ernest J. Getto
Kirk A. Wilkinson
Susan P. Welch
Kathleen O'Prey Truman
MACKLIN & TATRO
Rene Tatro

By_____
Susan P. Welch
Attorneys for Defendants
Pacific Gas and Electric Company

DATED: January 24, 1997

ARTER & HADDEN
Donald C. Erickson
William S. Davis
Stephen T. Swanson

By_____
Donald C. Erickson
Attorneys for Defendant
Betz Laboratories, Inc.

Based upon the foregoing stipulation of the parties, and my review of the issues set forth therein, I recommend Case Management Order Number Three for entry by Judge Rothschild.

DATED: _____, 1997

_____
G. KEITH WISOT, DISCOVERY MASTER

Based upon the foregoing stipulation of the parties, and the recommendation of Judge Wisot, Case Management Order Number Three is entered as an Order of the Los Angeles Superior Court.

DATED: _____, 1997

_____
THE HONORABLE FRANCES ROTHSCHILD
LOS ANGELES SUPERIOR COURT JUDGE

000126

6

DATED: January 23, 1997

LATHAM & WATKINS
Ernest J. Getto
Kirk A. Wilkinson
Susan P. Welch
Kathleen O'Prey Truman
MACKLIN & TATRO
Rene Tatro

By_____
Susan P. Welch
Attorneys for Defendants
Pacific Gas and Electric Company

DATED: January ___, 1997

ARTER & HADDEN
Donald C. Erickson
William S. Davis
Stephen T. Swanson

By_____
Donald C. Erickson
Attorneys for Defendant
Betz Laboratories, Inc.

Based upon the foregoing stipulation of the parties, and my review of the issues set forth therein, I recommend Case Management Order Number Three for entry by Judge Rothschild.

DATED: _____2/12____, 1997

_____
G. KEITH WISOT, DISCOVERY MASTER

Based upon the foregoing stipulation of the parties, and the recommendation of Judge Wisot, Case Management Order Number Three is entered as an Order of the Los Angeles Superior Court. FEB 2 1 1997

DATED: _____, 1997

FRANCES ROTHSCHILD

_____
THE HONORABLE FRANCES ROTHSCHILD
LOS ANGELES SUPERIOR COURT JUDGE

000127

6

## PROOF OF SERVICE BY MAIL

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within cause. My business address is Latham & Watkins, 633 West Fifth Street, Suite 4000, Los Angeles, California 90071-2007.

I served the below listed document(s) described as: **STIPULATION OF THE PARTIES AND [PROPOSED] CASE MANAGEMENT ORDER NUMBER THREE** on January 24, 1997 on the following parties to this cause by mailing a copy of the above document(s) as follows:

Thomas V. Girardi, Esq.
Girardi & Keese
1126 Wilshire Blvd.
Los Angeles, CA 90017

Edward Masry, Esq.
Law Offices of Masry & Vititoe
10850 Riverside Drive, Suite 605
N. Hollywood, CA 91602

Donald Erickson, Esq.
Susan Bergemann, Esq.
Arter & Hadden
700 S. Flower Street
Suite 3000
Los Angeles, CA 90017

Gary Praglin, Esq.
Walter J. Lack, Esq.
Engstrom, Lipscomb & Lack
10100 Santa Monica Blvd.
16th Floor
Los Angeles, CA 90067-4107

I am familiar with the office practice of Latham & Watkins for collecting and processing documents for mailing with the United States Postal Service, which practice is that when documents are deposited with the Latham & Watkins personnel responsible for depositing documents with the United States Postal Service, such documents are delivered to the United States Postal Service that same day in the ordinary course of business with postage thereon fully prepaid. I placed a sealed envelope containing the document(s) in Latham & Watkins' Los Angeles interoffice mail, addressed to the above parties.

I declare under penalty of perjury that the above is true and correct.

Executed on January 24, 1997, at Los Angeles, California.

*Pamela H. Niles*
Pamela H. Niles

HAM & WATKINS
ATTORNEYS AT LAW
LOS ANGELES

000128

**EXHIBIT  11**

f 38CV0'/N850

1   LATHAM & WATKINS
      Ernest J. Getto (State Bar No. 55662)
2     Kirk A. Wilkinson (State Bar No. 128367)
      Cynthia Cwik (State Bar No. 141234)
3     Susan P. Welch (State Bar No. 145952)
    633 West Fifth Street, Suite 4000
4   Los Angeles, California 90071-2007
    Telephone: (213) 485-1234
5   Facsimile: (213) 891-8763

6   TATRO • COFFINO • ZEAVIN •
    BLOOMGARDEN LLP
7     Rene Tatro (State Bar No. 78383)
    1875 Century Park East, Suite 1220
8   Los Angeles, California 90067
    Telephone: (310) 229-2491

9
    Attorneys for Defendant
10  PACIFIC GAS AND ELECTRIC COMPANY

11          SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                  COUNTY OF LOS ANGELES

13
    DANNY AGUAYO, et al.              CASE NOS.
14                                    Aguayo v. Betz     CASE NO. BC 123749
               Plaintiffs,            Aguilar v. PG&E    CASE NO. BC 158588
15         v.                         Acosta v. Betz     CASE NO. BC 161669

16  BETZ LABORATORIES, INC., et al.,  *Assigned to Judge Carolyn Kuhl*
17             Defendants.

18  JESUS AGUILAR, JR., et al.,       **NOTICE OF RULING RE ORDER RE
                                      SCHEDULE FOR DEFENSE MOTIONS**
19             Plaintiffs,

20         v.

21  PACIFIC GAS AND ELECTRIC
22  COMPANY, et al.,

23             Defendants.

24  GILBERT ANTHONY ACOSTA, et al.,
               Plaintiffs,
25         v.

26  BETZ LABORATORIES, INC., et al.,

27             Defendants.

28

000129

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 2, 2001, the Court entered the Order Re Schedule for Defense Motions attached hereto as Exhibit A.

Dated: February 7, 2001

LATHAM & WATKINS
Ernest J. Getto
Kirk A. Wilkinson
Cynthia Cwik
Susan P. Welch

By _____
Kirk A. Wilkinson
Attorneys for Defendants
Pacific Gas & Electric Company

LATHAM & WATKINS
ATTORNEYS AT LAW
LOS ANGELES

LA_DOCS\635069.1 [W97]

2

[NOTICE OF RULE RE ORDER RE SCHEDULE FOR DEFENSE MOTIONS

000130

Case: 01-30923    Doc# 3983    Filed: 12/21/01    Entered: 12/28/01 14:43:00    Page 140 of 153

**EXHIBIT A**

000131

COPY

ORIGINAL FILED

FEB X 2 2001

LOS ANGELES
SUPERIOR COURT

1  LATHAM & WATKINS
        Ernest J. Getto (State Bar No. 55662)
2       Kirk A. Wilkinson (State Bar No. 128367)
        Cynthia Cwik (State Bar No. 141234)
3       Susan P. Welch (State Bar No. 145952)
   633 West Fifth Street, Suite 4000
4  Los Angeles, California 90071-2007
   Telephone: (213) 485-1234
5  Facsimile: (213) 891-8763

6  TATRO • COFFINO • ZEAVIN •
   BLOOMGARDEN LLP
7       Rene Tatro (State Bar No. 78383)
   1875 Century Park East, Suite 1220
8  Los Angeles, California 90067
   Telephone: (310) 229-2491

9

   Attorneys for Defendant
10 PACIFIC GAS AND ELECTRIC COMPANY

RECEIVED

JAN 26 2001

11          SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                    COUNTY OF LOS ANGELES

13

14 DANNY AGUAYO, et al.

                    Plaintiffs,
15
         v.
16 BETZ LABORATORIES, INC., et al.,

17                  Defendants.

18 JESUS AGUILAR, JR., et al.,

19                  Plaintiffs,

20       v.

21 PACIFIC GAS AND ELECTRIC
   COMPANY, et al.,
22
                    Defendants.
23
   GILBERT ANTHONY ACOSTA, et al.,
24
                    Plaintiffs,
25
         v.
26 BETZ LABORATORIES, INC., et al.,

27                  Defendants.

28

**CASE NOS.**

Aguayo v. Betz    CASE NO. BC 123749
Aguilar v. PG&E   CASE NO. BC 158588
Acosta v. Betz    CASE NO. BC 161669

*Assigned to Judge Carolyn Kuhl*

[Proposed] **ORDER RE SCHEDULE FOR DEFENSE MOTIONS**

LA_DOCS\635069.1 [W97]

[PROPOSED] ORDER RE SCHEDULE FOR CERTAIN DEFENSE MOTIONS

000132

1         At the January 24, 2001 status conference in these related matters, Thomas

2   Girardi, Walter Lack and other counsel appeared for plaintiffs and Ernie Getto, Rene Tatro and

3   other counsel appeared for defendants Pacific Gas and Electric Company. The Court set the

4   following schedule for issues related to the following defense motions.

5   <u>Group 1 Motions</u>

6   1.     Overview Brief Regarding Exposure and Medical Causation Issues (including any related
    motions in limine re exposure levels)

7

8   2.     Motion For Summary Judgment On Plaintiffs' Claims That Chromium Causes Hodgkin's
    Disease, Including Motion For Summary Judgment Re Claims of Gregory Daniel; Motion In
    Limine To Exclude Plaintiffs' Expert Testimony Re Hodgkin's Disease

9

10  3.     Motion For Summary Judgment On Plaintiffs' Claims That Chromium Causes Non-
    Hodgkin's Disease, Including Motion For Summary Judgment Re Claims of Kim Whitson;
    Motion In Limine To Exclude Plaintiffs' Expert Testimony Re Non-Hodgkin's Disease

11

12  4.     Motion For Summary Judgment On Plaintiffs' Claims That Chromium Causes Prostate
    Cancer, Including Motion For Summary Judgment Re Claims of Ted David Chenoweth; Motion
    In Limine To Exclude Plaintiffs' Expert Testimony Re Prostate Cancer

13

14  5.     Motion For Summary Judgment On Plaintiffs' Claims That Chromium Causes Kidney
    Cancer, Including Motion For Summary Judgment Re Claims of Theodore M. Nason, Sr.;
    Motion In Limine To Exclude Plaintiffs' Expert Testimony Re Kidney Cancer

15

16  6.     Motion For Summary Judgment On Plaintiffs' Claims That Chromium Causes Leukemia,
    Including Motion For Summary Judgment Re Claims of Charles Speth; Motion In Limine To
    Exclude Plaintiffs' Expert Testimony Re Leukemia

17

18  7.     Motion For Summary Judgment On Plaintiffs' Claims That Chromium Causes
    Esophogeal or Stomach Cancer, Including Motion For Summary Judgment Re Claims of
    Solomon Russell Hedges and John Speth; Motion In Limine To Exclude Plaintiffs' Expert
    Testimony Re Esophogeal/Stomach Cancer

19

20  <u>Schedule for Group 1 Motions:</u>

21  Complete depositions of plaintiffs' experts:        March 1, 2001

22  Group 1 Motions filed:        March 16, 2001

23  Complete depositions of Group 1 defense declarants:        April 27, 2001

24  Oppositions to Group 1 motions filed:        April 30, 2001

25  Replies to Group 1 motions filed:        May 14, 2001

26  Hearing:        May 21, 2001      9:00 a.m.

27

28

LATHAM & WATKINS
ATTORNEYS AT LAW
LOS ANGELES

LA_DOCS\635069.1 [W97]

1

[PROPOSED] ORDER RE SCHEDULE FOR CERTAIN DEFENSE
MOTIONS

**000133**

<u>Miscellaneous Motions</u>

1.    Motion(s) For Summary Judgment Based on Statute of Limitations

2.    Motions For Summary Adjudication Regarding Fraud, Concealment and Negligent Misrepresentation Causes of Action

<u>Schedule for Miscellaneous Motions</u>

Motions filed:         March 26, 2001

Oppositions filed:     April 26, 2001

Replies filed:         May 10, 2001

Hearing:           May 16, 2001        9:00 a.m.

<u>Group 2 Motions</u>

1.    Motion For Summary Judgment On Plaintiffs' Claims That Chromium Causes Crohn's Disease, Including Motion For Summary Judgment Re Claims of Ruth Ann Vaughn; Motion In Limine To Exclude Plaintiffs' Expert Testimony Re Crohn's Disease

2.    Motion For Summary Judgment on Plaintiffs' Claims That Exposure To Environmental Levels Of Chromium Causes Cancer Or Disease; Motion In Limine To Exclude Plaintiffs' Expert Testimony Re Environmental Exposure To Chromium

3.    Motion In Limine To Exclude All Plaintiffs' Expert Testimony That Ingestion Of Or Dermal Exposure To Chromium Causes Cancer or Other Serious Disease

4.    Motion For Summary Adjudication Regarding Plaintiffs' Emotional Distress Cause of Action; Motion In Limine Re Fear of Cancer Claims

5.    Motion In Limine Re Medical Monitoring Claims

<u>Schedule for Group 2 Motions:</u>

Group 2 Motions filed:                     April 5, 2001

Complete depositions of Group 2 defense declarants:     May 10, 2001

Oppositions to Group 2 motions filed:           May 25, 2001

Replies to Group 2 motions filed:             June 8, 2001

Hearing:                            June 15, 2001      9:00 a.m.

        Motions, Oppositions, Replies and related pleadings shall be filed with the Court on the date specified and served by overnight mail for next day delivery, (including Saturday delivery for pleading filed on Friday).

LATHAM & WATKINS
ATTORNEYS AT LAW
LOS ANGELES

LA_DOCS\635069.1 [W97]

2    [PROPOSED] ORDER RE SCHEDULE FOR CERTAIN DEFENSE MOTIONS

000134

Case: 01-30923    Doc# 3983    Filed: 12/21/01    Entered: 12/28/01 14:43:00    Page 144 of 153

1      Defense counsel will provide plaintiffs' counsel a proposed schedule for deposing

2 defense declarants on or before February 7, 2001.

3      The Court has set a further status conference for March 3, 2001 at 2:00 p.m.

4

5    FEB X2 2001        The Honorable Carolyn Kuhl
                    Judge of the Superior Court

6 Submitted by:

7 LATHAM & WATKINS
   Ernest J. Getto
8    Kirk A. Wilkinson
   Cynthia Cwik
9    Susan P. Welch

10 TATRO • COFFINO • ZEAVIN • BLOOMGARDEN
   Rene Tatro
11

12 By          
     Kirk A. Wilkinson
13 Attorneys for Defendant
Pacific Gas and Electric Company

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM & WATKINS
ATTORNEYS AT LAW
LOS ANGELES
LA_DOCS\635069.1 [W97]          3    [PROPOSED] ORDER RE SCHEDULE FOR CERTAIN DEFENSE MOTIONS

000135

Case: 01-30923    Doc# 3983    Filed: 12/21/01    Entered: 12/28/01 14:43:00    Page 145 of 153

# PROOF OF SERVICE
## (Mail)

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within cause. My business address is Latham & Watkins, 633 West Fifth Street, Suite 4000, Los Angeles, California 90071

I served the below listed document(s) described as:

**[PROPOSED] ORDER RE SCHEDULE FOR DEFENSE MOTIONS**

on January 26, 2001 on the following parties to this cause by mailing ☒ a true copy ☐ the original of the above document(s) as follows:

## SEE ATTACHED LIST

I am familiar with the office practice of Latham & Watkins for collecting and processing documents for mailing with the United States Postal Service, which practice is that when documents are deposited with the Latham & Watkins personnel responsible for depositing documents with the United States Postal Service, such documents are delivered to the United States Postal Service that same day in the ordinary course of business with postage thereon fully prepaid. I placed a sealed envelope containing the document in Latham & Watkins' Los Angeles interoffice mail, addressed to the above parties.

I declare under penalty of perjury that the above is true and correct. Executed on January 26, 2001, at Los Angeles, California.

_Marie L. D'Egidio_
Marie L. D'Egidio]

LATHAM & WATKINS
ATTORNEYS AT LAW
LOS ANGELES

**SERVICE LIST**

4

5    Thomas V. Girardi, Esq.

Girardi & Keese

6    1126 Wilshire Blvd.

Los Angeles, CA 90017

7

8    Edward L. Masry, Esq.

Law Offices of Masry & Vititoe

9    5707 Corsa Drive, 2nd Floor

Westlake Village, CA 91362

10

Walter J. Lack, Esq.
Gary A. Praglin, Esq.
Engstrom, Lipscomb & Lack
10100 Santa Monica Blvd., 16th Floor
Los Angeles, CA 90067-4107

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM & WATKINS
ATTORNEYS AT LAW
LOS ANGELES

LA_DOCS\252641.4 [W97]

2

**000137**

# PROOF OF SERVICE
## (Mail)

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within cause. My business address is Latham & Watkins, 633 West Fifth Street, Suite 4000, Los Angeles, California 90071-2007.

I served the below listed document(s) described as:

**NOTICE OF RULING RE ORDER RE
SCHEDULE FOR DEFENSE MOTIONS**

on February 8, 2001, the following parties to this cause by mailing a copy of the above document(s) as follows:

## SEE ATTACHED LIST

I am familiar with the office practice of Latham & Watkins for collecting and processing documents for mailing with the United States Postal Service, which practice is that when documents are deposited with the Latham & Watkins personnel responsible for depositing documents with the United States Postal Service, such documents are delivered to the United States Postal Service that same day in the ordinary course of business with postage thereon fully prepaid. I placed a sealed envelope containing the document(s) in Latham & Watkins' Los Angeles interoffice mail, addressed to the above parties.

I declare under penalty of perjury that the above is true and correct.

Executed on February 8, 2001, at Los Angeles, California.

_Marie D'Egidio_
Marie D'Egidio

LATHAM & WATKINS
ATTORNEYS AT LAW
LOS ANGELES

LA_DOCS\252641.4 [W97]

**000138**

1
2
3
4
5
6
7
8
9
10

Thomas V. Girardi, Esq.
Girardi & Keese
1126 Wilshire Blvd.
Los Angeles, CA 90017

Edward L. Masry, Esq.
Law Offices of Masry & Vititoe
5707 Corsa Drive, 2nd Floor
Westlake Village, CA 91362

Walter J. Lack, Esq.
Gary A. Praglin, Esq.
Engstrom, Lipscomb & Lack
10100 Santa Monica Blvd., 16th Floor
Los Angeles, CA 90067-4107

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LATHAM & WATKINS
ATTORNEYS AT LAW
LOS ANGELES

2

LA_DOCS\252641.4 [W97]

000139

**EXHIBIT 12**

**PLAINTIFF EXPERT DEPOSITIONS:**

| | | |
|---|---|---|
| 1. | 12/02/99 | ALAN MAYO |
| 2. | 12/03/99 | ALAN MAYO |
| 3. | 12/06/99 | JACK V. MATSON |
| 4. | 12/07/99 | JACK V. MATSON |
| 5. | 12/07/99 | JACK V. MATSON |
| 6. | 05/22/00 | DEVRAJ SHARMA |
| 7. | 05/23/00 | DEVRAJ SHARMA |
| 8. | 06/08/00 | DAVID BYRUM |
| 9. | 06/09/00 | DAVID BYRUM |
| 10. | 06/30/00 | ALAN MAYO |
| 11. | 07/10/00 | LEE HANSEN |
| 12. | 07/10/00 | CAMILLE SEARS |
| 13. | 07/11/00 | CAMILLE SEARS |
| 14. | 07/11/00 | LEE HANSEN |
| 15. | 08/09/00 | JACK MATSON |
| 16. | 12/13/00 | W. DAVID BYRUM |
| 17. | 01/11/01 | DEVRAJ SHARMA |
| 18. | 02/07/01 | JAMES GEORGE DAHLGREN |
| 19. | 02/09/01 | RICHARD CORLIN |

::ODMA\GRPWISE\ELLDOM.ELLPO.Documents:158892.1

**000140**

| 20. | 02/12/01 | RICHARD CORLIN |
| 21. | 02/15/01 | SANDER GREENLAND |
| 22. | 02/16/01 | SANDER GREENLAND |
| 23. | 02/20/01 | JAMES GEORGE DAHLGREN |
| 24. | 02/20/01 | MAX COSTA |
| 25. | 02/21/01 | MAX COSTA |
| 26. | 02/22/01 | RODGER BICK |
| 27. | 02/23/01 | RODGER BICK |
| 28. | 02/26/01 | FRANK OWEN HOFFMAN |
| 29. | 02/27/01 | JAMES RUTTENBER |
| 30. | 02/28/01 | JAMES RUTTENBER |
| 31. | 02/27/01 | FRANK OWEN HOFFMAN |
| 32. | 02/28/01 | DANIEL TEITELBAUM |
| 33. | 03/01/01 | DANIEL TEITELBAUM |

**DEFENSE EXPERT DEPOSITIONS**

1.  12/16/99   KARL WILBUR

2.  12/21/99   DAVIS L. FORD

3.  04/27/00   CLARK BOLI

4.  05/04/00   GAYNOR DAWSON

5.  06/01/00   ADRIAN BROWN

6.  06/08/00   RON CAVAGROTTI

7.  06/28/00   CHATTEN COWHERD

8.  07/13/00   DAVID SUDER

9.  07/18/00   JOHN GASTON

10. 07/19/00   JOHN GASTON

11. 08/30/00   CHRISTIAN SEIGNEUR

12. 03/20/01   STEVEN PATIERNO

13. 03/21/01   STEVEN PATIERNO

14. 03/22/01   SEYMOUR GRUFFERMAN

15. 03/28/01   SILVIO DEFLORA