

LATHAM & WATKINS
    Michael S. Lurey (State Bar No. 48235)
    Ernest J. Getto (State Bar No. 55662)
    Kirk A. Wilkinson (State Bar No. 128367)
    Cynthia H. Cwik (State Bar No. 141234)
633 West Fifth Street, Suite 4000
Los Angeles, California 90071-2007
Telephone: (213) 485-1234
Facsimile: (213) 891-8763

TATRO • COFFINO • ZEAVIN • BLOOMGARDEN LLP
    Rene Tatro (State Bar No. 78383)
1875 Century Park East, Suite 1220
Los Angeles, California 90067
Telephone: (310) 229-2491

Attorneys for Pacific Gas and Electric Company,
Debtor and Debtor in Possession

FILED
JAN - 2 2002
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PACIFIC GAS AND ELECTRIC COMPANY, a California corporation,<br><br>Debtor<br><br>Federal I.D. No. 94-0742640 | Bankruptcy Case No. 01-30923 SFM11<br><br>Chapter 11<br><br>DECLARATION OF ERNEST J. GETTO IN OPPOSITION TO CLAIMANTS' MOTION FOR RELIEF FROM STAY<br><br>PRELIMINARY HEARING:<br>Date: January 3, 2002<br>Time: 1:30 p.m.<br>Place: 235 Pine Street, 22nd Floor<br>       San Francisco, CA |

Latham & Watkins
ATTORNEYS AT LAW
LOS ANGELES

Declaration of Ernest J. Getto in Opposition to
Claimants' Motion for Relief From Stay

# DECLARATION OF ERNEST J. GETTO

I, Ernest J. Getto, declare as follows:

1. I am an attorney licensed to practice law in the state of California and a member of the law firm of Latham & Watkins, counsel for Pacific Gas & Electric Company in fifteen pending personal injury lawsuits concerning alleged exposure to hexavalent chromium ("chrome six") in soil, air or groundwater at or near PG&E's Gas Compressor Stations in Kettleman, Topock and Hinkley, California. By virtue of the foregoing, I have first hand knowledge of the following facts, and if called as a witness, could and would testify competently thereto under oath.

2. On April 6, 2001 PG&E filed for reorganization under Chapter 11 of the United States Bankruptcy Code. On September 20, 2001, PG&E filed its Plan of Reorganization (the "Plan").

3. By the claims bar date of September 6, 2001, PG&E received claims from approximately 1,250 individuals (the "Claimants") alleging that exposure to chrome six caused personal injuries (the "Claims" or the "Chromium Claims"). The vast majority of the Claimants are also plaintiffs in fifteen state court lawsuits pending against PG&E. The Chromium Claims are treated in Class 9 of the Plan, to be paid in cash and notes to the extent, if any, they are allowed (on the later of the effective date or when the Claims are allowed).

4. Approximately 1,035 disputed, unsecured Claims were filed by the law firm of Engstrom, Lipscomb & Lack. These proofs of claim are identical to each other except for the amount claimed. The one-page narrative in the proof of claim provides a general description of the litigation history, some of the cases pending at the time the proof of claim was filed, the types of injuries alleged by all Claimants, the historical use of chromium and the alleged pathways of exposure. The injuries and exposure of each particular Claimant is not described in the proof of claim. The amounts sought in the proofs of claim range from approximately $10,000 to $10 million, and total more than $500 million for these approximately 1,035 Claims. A true and correct copy of one example of these proofs of claim is attached as Exhibit B.

///

**Latham & Watkins**
ATTORNEYS AT LAW
LOS ANGELES

Declaration of Ernest J. Getto in Opposition to
Claimants' Motion for Relief From Stay

Case: 01-30923   Doc# 4105   Filed: 01/02/02   Entered: 01/07/02 16:22:00   Page 2 of 8

5. More than 200 disputed, unsecured Claims were filed by the Law Offices of Michael Dolan (excluding duplicate Claims filed by the Claimants). These proofs of claim were filed for an unknown amount with no description of the alleged exposure, injury or damages of the individual Claimants. A true and correct copy of one example of these proofs of claim is attached as Exhibit C.

6. Fewer than 25 Claims were filed by other individuals or their counsel, some seeking recovery in an unspecified amount and others seeking up to $10 million.

7. On November 14, PG&E filed its Motion to Certify and Transfer the Personal Injury Chromium Claims to the District Court for the Northern District of California pursuant to 28 U.S.C. Section 157(b)(5) and Local Rule 9015-2(d). On November 14, PG&E also filed its Objections describing the legal and factual deficiencies of the Chromium Claims that PG&E will raise by motions to disallow the Claims.

8. On December 6, 2001, Claimants filed their Motion to Abstain asking this Court to recommend that the District Court abstain from hearing the Chromium Claims. On December 20, 2001, PG&E opposed the Abstention Motion because the abstention and venue decisions are vested in the district court under Section 1334(c)(1) and Section 157(b)(5).

9. Information obtained from discovery in the pending state court lawsuits confirms that Claimants seek to recover for approximately 200 different conditions ranging from headaches and sinus infections to leukemia and Hodgkin's disease because of alleged exposure to chrome six. The Claimants also seek to recover for more than 20 different types of cancer they attribute to chrome six exposure. A list identifying the number of Claimants alleging that they have each of the conditions is provided as Exhibit A. As set forth on Exhibit A, the most frequently alleged injuries purportedly caused by chromium include common ailments such as bronchitis (317 Claimants), colds (230), headaches (505), nose bleeds (338) and rashes (288).

10. As described more fully in its Objections, PG&E is prepared to proceed with a series of motions that will challenge the pending Claims on the grounds set forth in its Objections. PG&E anticipates filing several rounds of medical causation motions for summary judgment regarding specific cancers and other illnesses, on the grounds that Claimants cannot

Latham & Watkins
ATTORNEYS AT LAW
LOS ANGELES

Declaration of Ernest J. Getto in Opposition to
Claimants' Motion for Relief From Stay
2

Case: 01-30923   Doc# 4105   Filed: 01/02/02   Entered: 01/07/02 16:22:00   Page 3 of 8

establish that alleged exposure to chromium from PG&E caused the specific conditions alleged. PG&E anticipates that these motions will focus upon many of the more serious conditions for which Claimants' counsel place the highest value, including Claims for cervical/ovarian cancer (31), breast cancer (24), prostate cancer (14), non-Hodgkin's lymphoma (23), colon/rectal/bowel cancer (15), Hodgkin's disease (5), kidney cancer (5), leukemia (1) lupus (11) and Crohn's disease (5). PG&E also anticipates filing motions for summary judgment on the grounds that the claims should be disallowed because exposure to environmental (as opposed to occupational) levels of chromium cannot establish medical causation for any of the common or serious ailments alleged. Additionally, PG&E will move to disallow all, or nearly the Claims to the extent that they allege cancer or other serious diseases based on ingestion of chromium because there are no epidemiological studies that show orally ingested chromium causes adverse health effects.

11. PG&E is currently a defendant in fifteen state court lawsuits pending before multiple courts in Los Angeles and San Bernadino County.[1] The complaints in the various lawsuits filed by Claimants assert causes of action for negligence, strict liability, fraud, wrongful death and other common law causes of action.

---

[1] These cases are: (1) <u>Aguayo v. Pacific Gas and Electric Company</u>, filed March 15, 1995, in Los Angeles County Superior Court, (2) <u>Aguilar v. Pacific Gas and Electric Company</u>, filed October 4, 1996, in Los Angeles County Superior Court, (3) <u>Acosta, et al. v. Betz Laboratories, Inc.</u>, et al., filed November 27, 1996, in Los Angeles County Superior Court, (4) <u>Adams v. Pacific Gas and Electric Company and Betz Chemical Company</u>, filed on July 25, 2000, in Los Angeles County Superior Court, (5) <u>Baldonado vs. Pacific Gas and Electric Company</u>, filed On October 25, 2000, in Los Angeles County Superior Court, (6) <u>Gale v. Pacific Gas and Electric Company</u>, filed on January 30, 2001, in Los Angeles County Superior Court, (7) <u>Monice v. Pacific Gas and Electric Company</u>, filed March 15, 2001, in San Bernardino County Superior Court, (8) <u>Fordyce v. Pacific Gas and Electric Company</u>, filed March 16, 2001 in San Bernardino County Superior Court, (9) <u>Puckett v. Pacific Gas and Electric Company</u>, filed March 30, 2001, in Los Angeles County Superior Court, (10) <u>Alderson, et al. v. PG&E Corporation, Pacific Gas and Electric Company, Betz Chemical Company</u>, et al., filed April 11, 2001, in Los Angeles County Superior Court, (11) <u>Bowers, et al. v. Pacific Gas and Electric Company</u>, et al, filed April 20, 2001, (12) <u>Boyd, et al. v. Pacific Gas and Electric Company, et al.</u>, filed May 2, 2001, in Los Angeles County Superior Court, (13) <u>Martinez, et al. v. Pacific Gas and Electric Company</u> filed June 29, 2001 in San Bernardino County Superior Court, (14) <u>Kearney v. Pacific Gas and Electric Company</u>, filed November 15, 2001 in Los Angeles County Superior Court and (15) <u>Miller v. PG&E</u> filed November 21, 2001 in Los Angeles County Superior Court.

Latham & Watkins
ATTORNEYS AT LAW
LOS ANGELES

Declaration of Ernest J. Getto in Opposition to
3 Claimants' Motion for Relief From Stay

Case: 01-30923   Doc# 4105   Filed: 01/02/02   Entered: 01/07/02 16:22:00   Page 4 of 8

12. The first lawsuits concerning personal injuries allegedly caused by chromium exposure at PG&E's Hinkley Compressor Station were filed in 1993. Ultimately the claims of approximately 650 plaintiffs were consolidated in an action commonly known as Anderson v. PG&E. The parties agreed to proceed with mediation including certain arbitration procedures. Articles regarding the science issues and questions regarding the process in Anderson v. PG&E are attached as Exhibit D.

13. While the Anderson case was pending, the same plaintiffs' counsel filed cases on behalf of thousands of additional plaintiffs beginning in March 1995. The parties refer to the largest of these consolidated cases as Aguayo. The Aguayo case was assigned to Judge Francis Rothschild, who was assisted by retired judge Keith Wisot and subsequently retired judge Howard Wiener as discovery referees. In November 2000 Aguayo was assigned to Judge Carolyn Kuhl in Los Angeles Superior Court. There were once more than 2,500 plaintiffs in Aguayo (including the consolidated Acosta and Aguilar cases), more than 1,500 who were pursuing claims against PG&E (with the remaining plaintiffs suing only the chemical supplier commonly known as Betz). There are now approximately 925 plaintiffs remaining in the consolidated Aguayo action against PG&E.

14. There are now eighteen Aguayo trial test cases that have been subject to percipient discovery and partial expert discovery, ten chosen by plaintiffs, six by defendants and two at random. These eighteen cases are not representative of the 1,250 Claims. They were not randomly selected by a statistically appropriate method. Instead, plaintiffs' counsel was permitted to select a majority. As a result, half of the eighteen test plaintiffs claim to have contracted cancer from chrome six exposure whereas only approximately fifteen percent of the 1,250 Claims involve cancer. At the time PG&E filed for reorganization under Chapter 11, there were fourteen summary judgment motions and related motions in limine pending in these test cases. Plaintiffs' experts were deposed on the subjects raised in PG&E's motions and discovery of PG&E's experts was underway. No oppositions were filed by plaintiffs and the substantive motions against the test cases had not been heard by Judge Kuhl. PG&E estimates that it would take approximately six months to complete trial preparation of the test plaintiff cases, if any, that

Latham & Watkins
ATTORNEYS AT LAW
LOS ANGELES

Declaration of Ernest J. Getto in Opposition to
4 Claimants' Motion for Relief From Stay

Case: 01-30923   Doc# 4105   Filed: 01/02/02   Entered: 01/07/02 16:22:00   Page 5 of 8

survive PG&E pending motions.

15. These same counsel have continued to file additional cases against PG&E (Baldonado, Gale, Puckett, Bowers, Boyd and Miller). Many of these actions have not been served, consolidated or subject to any discovery because of the automatic stay.

16. In July 2000, April 2001 and November 2001, counsel Thomas Anton and Michael Dolan brought additional chromium cases against PG&E on behalf of more than 200 individuals. The Adams case was assigned to Judge Kuhl so that it could be coordinated with the Aguayo proceedings. Plaintiffs' counsel exercised their peremptory challenge to Judge Kuhl under California law, and Adams was assigned to Judge Mohr in Los Angeles Superior Court. While Adams has been stayed against PG&E, it has been proceeding against co-defendant Betz. Betz's statute of limitations demurrer was sustained with leave to amend and the Third Amended Complaint in Adams is due January 17, 2002, with a hearing on any demurrer to the Third Amended Complaint set for March 11, 2002. Adams is in the early stages of written discovery, no depositions have been taken and no expert discovery has been conducted. Alderson was recently consolidated with Adams. No responsive pleadings have been filed in Alderson pending resolution of the statute of limitations issues in Adams. Kearney was filed by the same counsel in November 2001 and has not been served.

17. The Martinez, Monice and Fordyce actions pursued by three separate counsel on behalf of approximately fifteen plaintiffs are pending in San Bernardino County Superior Court. No responsive pleadings were filed by PG&E before the Chapter 11 case was filed and no discovery has been taken.

18. More than half of the remaining Chromium Claims allege exposure near Kettleman City, California, in Kern County at the Fresno County border in the Eastern District of California. The Hinkley claims allege exposure in San Bernardino County, within the Central District of California. The only reason that most of the civil lawsuits could be brought in the Los Angeles Superior Court is that Betz, originally a co-defendant in most of the civil suits, had a sales office in Los Angeles. Subsequently, however, the majority of the Claims against Betz

///

Latham & Watkins
ATTORNEYS AT LAW
LOS ANGELES

Declaration of Ernest J. Getto in Opposition to
5   Claimants' Motion for Relief From Stay

Case: 01-30923   Doc# 4105   Filed: 01/02/02   Entered: 01/07/02 16:22:00   Page 6 of 8

1 have been settled and Betz is currently a co-defendant in civil complaints by approximately 200 of the 1,250 Claimants.

19. More than 900 of the Claimants who are plaintiffs in <u>Aguayo</u>, <u>Acosta</u> and <u>Aguilar</u> have answered written questionnaires in lieu of interrogatories that provide information regarding their residential history and current residence address. The written discovery responses given under oath confirm that the <u>Aguayo</u> Claimants are predominately from Central California, where the Kettleman claims arose. More than 450 of the Claimants reside in Central California, with more than 300 of these Claimants in Kings, Kern and Fresno Counties. According to the discovery responses, fewer than 25 of the <u>Aguayo</u> plaintiffs currently reside in Los Angeles County, and there are approximately 160 residing in Northern California, approximately 140 in Southern California and approximately 175 residing out of state. Based upon the discovery taken in <u>Aguayo</u>, the majority of witnesses who have been deposed are residents of Central California, where the Kettleman claims arose, Northern California where PG&E's offices are located and the Hinkley area, San Bernardino County near Barstow where the Hinkley claims arose. Other witnesses have moved out of state. Few of the potential witnesses are residents of Los Angeles.

20. Other Claimants represented by the law offices of Michael Dolan are still in the process of answering written discovery served by Betz. Written discovery responses for the approximately 100 <u>Adams</u> Claimants were due to be served upon Betz's counsel by December 27, 2001, but have not been received by PG&E. The civil complaints in <u>Adams</u>, <u>Alderson</u> and <u>Kearney</u> identify Hinkley residents and out of state residents, but they do not identify any alleged ties to Los Angeles.

Executed this 2nd day of January 2002 at San Francisco, California. I declare under penalty of perjury of the laws of the United States and the State of California that the foregoing is true and correct.

_____
Ernest J. Getto

Latham & Watkins
ATTORNEYS AT LAW
LOS ANGELES

Declaration of Ernest J. Getto in Opposition to
6   Claimants' Motion for Relief From Stay

Case: 01-30923   Doc# 4105   Filed: 01/02/02   Entered: 01/07/02 16:22:00   Page 7 of 8

have been settled and Betz is currently a co-defendant in civil complaints by approximately 200 of the 1,250 Claimants.

19. More than 900 of the Claimants who are plaintiffs in <u>Aguayo</u>, <u>Acosta</u> and <u>Aguilar</u> have answered written questionnaires in lieu of interrogatories that provide information regarding their residential history and current residence address. The written discovery responses given under oath confirm that the <u>Aguayo</u> Claimants are predominately from Central California, where the Kettleman claims arose. More than 450 of the Claimants reside in Central California, with more than 300 of these Claimants in Kings, Kern and Fresno Counties. According to the discovery responses, fewer than 25 of the <u>Aguayo</u> plaintiffs currently reside in Los Angeles County, and there are approximately 160 residing in Northern California, approximately 140 in Southern California and approximately 175 residing out of state. Based upon the discovery taken in <u>Aguayo</u>, the majority of witnesses who have been deposed are residents of Central California, where the Kettleman claims arose, Northern California where PG&E's offices are located and the Hinkley area, San Bernardino County near Barstow where the Hinkley claims arose. Other witnesses have moved out of state. Few of the potential witnesses are residents of Los Angeles.

20. Other Claimants represented by the law offices of Michael Dolan are still in the process of answering written discovery served by Betz. Written discovery responses for the approximately 100 <u>Adams</u> Claimants were due to be served upon Betz's counsel by December 27, 2001, but have not been received by PG&E. The civil complaints in <u>Adams</u>, <u>Alderson</u> and <u>Kearney</u> identify Hinkley residents and out of state residents, but they do not identify any alleged ties to Los Angeles.

Executed this 2nd day of January 2002 at Los Angeles, California. I declare under penalty of perjury of the laws of the United States and the State of California that the foregoing is true and correct.

_Ernest J. Getto_
Ernest J. Getto

Latham & Watkins
ATTORNEYS AT LAW
LOS ANGELES

Declaration of Ernest J. Getto in Opposition to
Claimants' Motion for Relief From Stay

6