THOMAS SANSONETTI
Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

KARL J. FINGERHOOD
Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 514-7519
Facsimile: (202) 514-2583

DAVID W. SHAPIRO
United States Attorney

DOUGLAS K. CHANG, HI No. 02922
Assistant U.S. Attorney
450 Golden Gate Avenue, 10th Fl.
San Francisco, CA 94102
Telephone: (415) 436-7200
Facsimile: (415) 436-7234

Attorneys for the United States of America

FILED
MAR 20 2002
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### (San Francisco Division)

In re:                                ) Bankr. No. 01-30923 DM
                                      )
PACIFIC GAS AND ELECTRIC CO.,         ) Chapter 11
a California corporation,             )
                                      ) Date: March 27, 2002
            Debtor.                   ) Time: 9:30 a.m.
                                      ) Place: 235 Pine St, 22nd Floor
                                      )        San Francisco, CA
                                      ) Judge: Hon. Dennis Montali

**UNITED STATES' LIMITED RESPONSE
REGARDING PG&E's MOTION FOR ORDER DETERMINING PROCEDURES FOR
ESTIMATING CERTAIN CLAIMS FOR PLAN FEASIBILITY PURPOSES**

COMES NOW, the United States of America, by and through undersigned counsel, on behalf of the United States Environmental Protection Agency ("EPA") and hereby files this limited response regarding PG&E's Motion for an Order Determining Procedures for Estimating Certain Claims for Plan Feasibility Purposes ("Estimation Motion").

1  PG&E's Estimation Motion seeks to estimate certain claims,
2  including environmental claims, "for the limited purpose of
3  judging the feasibility of the Plan pursuant to Section
4  1129(a)(11) of the Bankruptcy Code, and not for the purpose of
5  adjudicating these claims or binding any claimholders to any
6  resolution of their claims on the merits". Estimation Motion at
7  p.1, lines 11-13. As the processes PG&E is proposing are non-
8  binding, the United States takes no position as to the relief
9  requested by PG&E in its motion.[1]/ The United States reserves
10 all of its rights with respect to its Proof of Claim filed in
11 this matter.
12     The United States files this response for the limited
13 purpose of correcting what it perceives as an incomplete
14 description by PG&E of the United States' claim, particularly its
15 claim filed with respect to the Casmalia Site.[2]/
16     In the Estimation Motion, PG&E states that "EPA has filed a
17 claim in this bankruptcy case maintaining its authority to direct
18 PG&E regarding PG&E's allocated share of costs at Casmalia."
19 Estimation Motion at p.1, lines 3-4. The United States' claim
20 against the debtor for the Casmalia Site is not limited as the

---

[1]/  Although debtor's counsel has been very reliable in the past about serving undersigned counsel for the United States with copies of its pleadings either by telefax or electronic mail, undersigned counsel has no record of being served with the Estimation Motion and only received a copy through the State of California Attorney General's Office.

[2]/  The United States disagrees with many of the alleged "facts" related to the Casmalia Site set forth in both the Estimation Motion and the supporting declaration of Ianthan Annand. The United States also disputes PG&E's characterization of its obligations at the Casmalia Site under the existing partial Consent Decree and otherwise.

-2-

debtor suggests. The Proof of Claim makes no reference to PG&E's "allocated share of costs". In fact, it is well established that Section 107 of CERCLA imposes joint and several liability against responsible parties. See E.g. Fireman's Fund Ins. Co. v. City of Lodi, 271 F.3d 911, 948 (9th Cir. 2002). The United States stated in its Proof of Claim that it believed that it was not obligated to file a claim for the injunctive requirements under the partial Consent Decree entered with respect to the Casmalia Site referenced in the Proof of Claim. Moreover, and without taking any position as to how feasibility should be determined, the United States asserted in its Proof of Claim that the debtor was liable, pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607, for response costs incurred and to be incurred at the Casmalia Resources Superfund Site. See Proof of Claim of the United States on behalf of the United States Environmental Protection Agency and the Department of Interior at ¶ 5.

In addition, the United States alleged that the United States Department of Interior ("DOI") was conducting a pre-assessment of whether there has been any injury to, destruction of, or loss of natural resources under the trusteeship of the United States in connection with the Casmalia Site. To the extent DOI determines that there has been any injury, loss and or destruction of natural resources in connection with the Casmalia Site, the Debtor will be liable for any such damages, including the reasonable costs of assessing such injury, destruction or loss. Id.

1  PG&E asks the Court to value claims which fail to
2  incorporate a specific dollar amount at zero for feasibility
3  estimation purposes. Since such claims or liabilities are ones
4  for which the reorganized debtor (and/or one of the newly created
5  entities) may ultimately be liable, they cannot and should not be
6  ignored for purposes of determining the plan's feasibility. The
7  United States reserves the right to object at confirmation to the
8  plan's feasibility on such grounds.
9  Dated: March 20, 2002

   Respectfully submitted,

   DAVID W. SHAPIRO
   United States Attorney

   /s/ Karl J. Fingerhood
   KARL J. FINGERHOOD
   Trial Attorney,
   Environmental Enforcement Section
   Environment & Natural Resources Div.
   U.S. Department of Justice
   P.O. Box 7611
   Washington, D.C. 20044-7611
   (202) 514-7519
   (202) 514-2583 Telefax

19 OF COUNSEL:

20 LEWIS MALDONADO
   Office of Regional Counsel
21 U.S. Environmental Protection Agency
   75 Hawthorne Street
22 San Francisco, CA 94105-3901

# CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that, on the 20th day of March 2002, the foregoing LIMITED RESPONSE REGARDING PG&E's MOTION TO ESTIMATE CLAIMS FOR FEASIBILITY PURPOSES was caused to be served on the parties or attorneys listed below by sending a copy thereof by telefax to the number indicated, as well as sending a copy by Federal Express Overnight Delivery addressed to the following:

Counsel for Debtor:

> James L. Lopes, Esq.
> Howard, Rice, Nemerovski, Canady, Falk & Rabkin
> Three Embarcadero Center, 7th Floor
> San Francisco, CA 94111-4065
>
> (Telefaxed to (415) 217-5910)

Counsel for PG&E Corporation:

> Michael P. Kessler, Esq.
> Weil, Gotschal & Manges, LLP
> 767 Fifth Avenue
> New York, NY 10153
>
> (Telefaxed to (212) 310-8007)

Counsel for Official Committee of Unsecured Creditor:

> Paul S. Aronzon, Esq.
> Millbank, Tweed & Hadley
> 601 S. Figueroa St., 30th Floor
> Los Angeles, CA 90017
>
> (Telefaxed to (213) 629-5063)

Counsel for the United States Trustee:

> Patricia A. Cutler, Esq.
> Office of United States Trustee
> 250 Montgomery Street, Suite 1000
> San Francisco, CA 94104
>
> (Telefaxed to (415) 705-3379)

*/s/ Karl J. Fingerhood*
KARL J. FINGERHOOD