COOLEY GODWARD LLP
MARTIN S. SCHENKER (109828)
LINDA F. CALLISON (167785)
One Maritime Plaza
20th Floor
San Francisco, CA 94111-3580
Telephone: (415) 693-2000
Facsimile: (415) 951-3699

JAMES L. LOPES (63678)
WILLIAM J. LAFFERTY (120814)
JULIE B. LANDAU (162038)
HOWARD, RICE, NEMEROVSKI, CANADY,
FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111-4065
Telephone: (415) 434-1600
Facsimile: (415) 217-5910

PACIFIC GAS AND ELECTRIC COMPANY
ROGER PETERS (77743)
DAVID FLEISIG (99669)
P.O. Box 7442
San Francisco, CA 94120
Telephone: (415) 973-6695
Facsimile: (415) 972-5220

Attorneys for Debtor and Debtor in Possession
PACIFIC GAS AND ELECTRIC COMPANY

FILED
MAY 1 0 2002
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re

PACIFIC GAS AND ELECTRIC COMPANY,
a California Corporation,

Debtor.

Federal I.D. No. 94-074260

Case No. 01-30923 DM

Chapter 11 Case

**NOTICE OF MOTION AND MOTION OF DEBTOR TO AUTHORIZE THE RETENTION OF EXPERTS WITHOUT FURTHER ORDER OF THE COURT**

Date: May 30, 2002
Time: 1:30 p.m.
Place: 235 Pine Street, 22nd Floor
San Francisco, California
Judge: Hon. Dennis Montali

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

748377 v1/SF
G1G901!.DOC

Case: 01-30923   Doc# 6407   Filed: 05/10/02   Entered: 05/10/02 15:36:00   Page 1 of 8

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on May 30, 2002, at 1:30 p.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Dennis Montali, located at 235 Pine Street, 22nd Floor, San Francisco, California, Pacific Gas and Electric Company, the debtor and debtor in possession in the above-captioned Chapter 11 case ("PG&E"), will and hereby does move the Court for entry of an Order Authorizing the Retention of Experts (the "Motion").

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the record of this case, and any evidence presented at or prior to the hearing on this Motion.

PLEASE TAKE FURTHER NOTICE that pursuant to Rule 9014-1(c)(2) of the Bankruptcy Local Rules for the Northern District of California, any written opposition to the Motion and the relief requested herein must be filed with the Bankruptcy Court and served upon appropriate parties (including counsel for PG&E, the Office of the United States Trustee, and the Official Committee of Unsecured Creditors) at least five (5) days prior to the scheduled hearing date. If there is no timely objection to the requested relief, the Court may enter an order granting such relief without further hearing.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

748377 v1/SF
61G99!! DOC

1.

MOTION TO AUTHORIZE THE RETENTION OF EXPERTS

Case: 01-30923   Doc# 6407   Filed: 05/10/02   Entered: 05/10/02 15:36:00   Page 2 of 8

# MEMORANDUM OF POINTS AND AUTHORITIES

The above-captioned debtor hereby moves this Court for the entry of an order authorizing the retention of certain experts without further order of the Court on the basis that such experts are not "professionals" under section 327 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330.

## I. INTRODUCTION.

In connection with the upcoming confirmation hearing on its plan of reorganization, the Debtor anticipates that upon the advice of its counsel it will need to retain certain experts, primarily with regard to regulatory, feasibility, and financial issues raised by its plan of reorganization (the "Experts"). Initially, the Experts are expected to act solely in a consulting capacity. At some point, however, certain of the Experts may offer opinion testimony in proceedings before this Court, at which time their identities will be disclosed in accordance with this Court's procedure. The great weight of authority holds that persons hired as experts in litigation are not "professionals" whose retention must be approved by order of the Court. Out of an abundance of caution, however, the Debtor requests that the Court specifically authorize the Debtor to retain the Experts without requiring a separate application for each such Expert.

## II. DISCUSSION.

### A. The Experts Are Not "Professionals" Under Section 327 of the Bankruptcy Code.

Section 327 states:

> The trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons . . . to represent or assist the trustee in carrying out the trustee's duties under this title.

It is well established that persons hired to provide expert opinion and/or testimony are not "professionals" under section 327. *See, e.g., In re That's Entertainment Marketing Group, Inc.*, 168 B.R. 226, 229-231; *In re Babcock Dairy Co. of Ohio, Inc.*, 70 B.R. 691, 692-94. If an individual is determined to be a "professional" within the meaning of section 327, the individual may not be hired until application is made to this Court demonstrating, among other things, that his or her employment is necessary to the estate. *See id.* at 229. In determining whether an individual is a "professional" and thus is subject to these requirements, courts generally employ

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

748377 v1/SF
G1G99H.DOC

2.

MOTION TO AUTHORIZE THE RETENTION OF EXPERTS

Case: 01-30923   Doc# 6407   Filed: 05/10/02   Entered: 05/10/02 15:36:00   Page 3 of 8

either a "quantitative" or "qualitative" test to determine whether a prospective employee in a bankruptcy case is a "professional" within the meaning of section 327.

Under the quantitative test, an individual must play a "central role" in the administration of the estate to be a professional under section 327. *See, e.g., In re That's Entertainment*, 168 B.R. at 230 (only the retention of professionals whose duties are central to the administration of the estate require prior court approval under section 327); *In re Sieling Assoc. Ltd. Partnership*, 128 B.R. 721, 723 (Bankr. E.D. Va. 1991) (same); *In re Johns-Manville Corp.*, 60 B.R. 612, 620 (Bankr. S.D.N.Y. 1986) (same). Similarly, under the qualitative test, an individual is considered professional only if he or she is permitted to exercise discretion and autonomy in addressing the administration of the estate. *See, e.g., In re Fretheim*, 102 B.R. 298, 299 (Bankr. D. Conn. 1989). Under either test, courts uniformly hold that experts hired to assist in litigation are not professionals within the meaning of section 327.

### 1. The Experts Are Not "Professionals" Under Section 327 Because They Do Not Play a Central Role in the Administration of the Estate.

In this case, the Debtor is not seeking to retain experts who will play a central role in the administration of the estate. Instead, the Experts will be retained for the limited purpose of consulting with the Debtor regarding discrete topics relating to financial and/or regulatory issues. If necessary, some of the Experts may be asked to provide opinion testimony regarding these topics in a proceeding before this Court. As such, the Experts are not "professionals" under section 327.

The case law is in accord. In *In re That's Entertainment*, the court determined that an accountant hired as an expert witness was not a "professional" within the meaning of section 327. In reaching that conclusion, the court analyzed the following factors:

(1) Whether "the duties involved are central to the administration of the estate;"

(2) Whether the expert would be "in a position to formulate strategy or to manage the estate and the liabilities of the estate; and

(3) Whether the expert's duties would include any of the following:

    (a) Assisting in the negotiation of the debtor's plan;

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

748377 v1/SF
G1G901!.DOC

3.

MOTION TO AUTHORIZE THE RETENTION OF EXPERTS

Case: 01-30923   Doc# 6407   Filed: 05/10/02   Entered: 05/10/02 15:36:00   Page 4 of 8

(b) Assisting in the adjustment of the debtor/creditor relationship;

(c) Disposing of the assets of the estate; or

(e) Acquiring assets on behalf of the estate.

*In re That's Entertainment*, 168 B.R. at 230 (citing *Matter of D'Lites of America, Inc.*, 108 B.R. 352 (Bankr. N.D. Ga. 1989); *In re Sieling Associates*, 128 B.R. at 723.

Applying the same analysis, the Experts are not "professionals" under section 327. Although the Experts will play a tangential role in proceedings to *evaluate* the plan of reorganization, they will not play any role whatsoever in the *administration* or *management* of the estate; in fact, they will not be involved in any such administration or management at all. Moreover, the Experts will be in no position to formulate strategy regarding the reorganization plan. Finally, the duties of the Experts will not even remotely include the type of professionals' duties listed above, such as plan negotiations, acquiring and disposing assets, or adjusting creditor relationships.

2. **The Experts Are Not Professionals Under Section 327 Because They Do Not Exercise Autonomy or Independent Discretion.**

Courts that employ a *qualitative* analysis focus on whether the individual "is to be given discretion or autonomy in some part of the administration of the debtor's estate." *In re Fretheim*, 102 B.R. 298, 299 (Bankr. D. Conn. 1989). In *In re Fretheim*, the court noted that the purpose of section 327 is to "prevent conflicts which 'erode the confidence of other parties in the administration of . . . [the] estate to say nothing of public confidence in the administration of justice in bankruptcy courts.'" *Id.* (citing *In re Intech Capital Corp*, 87 B.R. 232, 236 (Bankr. D. Conn. 1988). Accordingly, because experts do not act with autonomy or discretion, they are not subject to the types of conflicts that might result in an unjust situation. *Id.*

Likewise, here, the Experts will exercise no autonomy or independent discretion regarding the administration of PG&E's estate. In fact, courts have held that because the attorneys who employ experts are themselves subject to approval under section 327, requiring further approval of experts would unnecessarily and impermissibly meddle in those attorneys' strategy considerations. As the court stated in *In re Argus Group 1700, Inc.*:

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

748377 v1/SF
G1G901!.DOC

4.

MOTION TO AUTHORIZE THE RETENTION OF EXPERTS

Case: 01-30923   Doc# 6407   Filed: 05/10/02   Entered: 05/10/02 15:36:00   Page 5 of 8

> This Court should not and will not impose its judgment on the strategy and tactics to be employed to defend the Debtors . . . . They are determined by counsel who has been approved by the Court as disinterested and free of conflict and whose compensation and cost reimbursements are tied to its proper exercise of discretion and responsibility in managing that litigation.

199 B.R. 525, 533 n. 17 (Bankr. E.D. Penn. 1996) (accord *In re Babcock*, 70 B.R. at 693 ("The trustee and the attorney for the trustee are in a better position" to evaluate the hiring of experts). Accordingly, because the attorneys – and not the Experts themselves – will exercise discretion and autonomy in the conduct of these proceedings, the Experts are not professionals within the meaning of section 327.

Moreover, other courts examining this issue have concluded that experts are not professionals under section 327. *See, e.g., In re Ponce Marine Farm, Inc.*, 259 B.R. 484, 494 (Bankr. D.P.R. 2001) (wetlands expert not a professional); *In re Napoleon*, 233 B.R. 910, 913 (Bankr. D.N.J. 1999) (experts used in malpractice litigation not professionals); *In re First American Health Care of Georgia, Inc.*, 208 B.R. 996, 998 (Bankr. S.D. Ga. 1996) (accountant retained as expert witness); *In re Sieling*, 128 B.R. at 723 (toxicology consultant); *In re Babcock*, 70 B.R. at 691 (Bankr. N.D. Ohio 1987) (expert witnesses are tangential to the administration of the estate).

Although the cases cited above involved experts hired for litigation collateral to the reorganization proceedings, the result should be no different here.[1] The policies expressed in those cases apply with as much force to experts hired for the purpose of providing testimony during the reorganization proceedings as those whose testimony is limited to collateral proceedings. Whether retained for collateral litigation or for the reorganization proceeding itself, an expert witness "is not in the position to formulate strategy or to manage the estate and the liabilities of the estate." *In re That's Entertainment*, 168 B.R. at 230.[2] Moreover, this Court has already approved the retention of the debtor's attorneys, and those attorneys must be allowed to

---

[1] Research has uncovered no cases in which, like here, the expert to be retained was offering opinion testimony in connection with a contested plan of reorganization.

[2] *In re That's Entertainment* states that an expert "who is retained solely to testify as an expert witness in collateral litigation" does not qualify as a "professional" under 327. Nothing in the case, however, indicates that its holding or logic are limited to experts retained for collateral litigation.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

748377 v1/SF
G1G901!.DOC

5.

MOTION TO AUTHORIZE THE RETENTION OF EXPERTS

exercise their best judgment by retaining the experts they believe best represent the debtor. This district has stated:

> Although the litigation itself could be considered central to the administration of the estate, the attorney controls the litigation – the expert witness merely offers evidence in that case. Further, the attorneys are required to be approved by the court under § 327. Such approval is required in part because the position carries with it responsibility and discretion to effectively carry out the necessary litigation. These responsibilities include engaging necessary expert witnesses for the litigation.

*Id.* at 230 n.4. In sum, the Experts' roles could not be more clear or more limited: they will be retained for the purpose of offering opinion testimony on discrete topics into evidence. The Experts will have no autonomy, discretion, or responsibility with regard to the administration of the estate.[3]

### III. CONCLUSION.

The great weight of authority dictates that persons hired as experts in litigation are not "professionals" under section 327 of the Bankruptcy Code. Accordingly, the Debtor respectfully requests that this Court issue an order authorizing the retention of experts without further order of the Court.

---

[3] If this Court determines that the Debtor must seek advance approval of its experts, it should, at a minimum, exercise its discretion under section 105 and allow the Debtor to file the identities of those experts under seal. Otherwise, the Debtor will be forced to reveal the identities of its experts even if they are not selected to testify at trial. This would be prejudicial, as the identities of a party's non-testifying expert consultants are protected under the work product doctrine. *See* 8 Charles Alan Wright, et al., Federal Practice and Procedure § 2032 (Civil 2d 1994) (the "prevailing view" is that the identity of consulting experts is protected); *Ager v. Jane C. Stormont Hosp. & Training School for Nurses*, 622 F.2d 496, 503 (10th Cir. 1980); *United States v. Bell*, 1994 WL 665295 at *4 (N.D. Cal. 1994); *In re Pizza Time Theatre Securities Litigation*, 113 F.R.D. 94 (N.D. Cal. 1986) ("a lawyer's decision about which experts to consult, but not to call as a witness, also is a matter that implicates values that the work product doctrine was designed to protect.").

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO
748377 v1/SF
G1G90!!.DOC
6.
MOTION TO AUTHORIZE THE RETENTION OF EXPERTS

Case: 01-30923   Doc# 6407   Filed: 05/10/02   Entered: 05/10/02 15:36:00   Page 7 of 8

Dated: May __, 2002

COOLEY GODWARD LLP
MARTIN S. SCHENKER (109828)
LINDA F. CALLISON (167785)

By: /s/ Martin Schenker
Martin S. Schenker

Attorneys for Debtor
PACIFIC GAS AND ELECTRIC COMPANY