1  JAMES L. LOPES (No. 63678)
2  JEFFREY L. SCHAFFER (No. 91404)
   KENNETH A. NEALE (No. 126904)
3  HOWARD, RICE, NEMEROVSKI, CANADY,
       FALK & RABKIN
4  A Professional Corporation
   Three Embarcadero Center, 7th Floor
5  San Francisco, California 94111-4065
   Telephone:   415/434-1600
6  Facsimile:   415/217-5910

7  Attorneys for Debtor and Debtor in Possession
   PACIFIC GAS AND ELECTRIC COMPANY
8

FILED

02 JUN 14 AM 11: 17

U.S. BANKRUPTCY COURT
NORTHERN DIST. OF CA.
SAN FRANCISCO, CA.

9                 UNITED STATES BANKRUPTCY COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                    SAN FRANCISCO DIVISION

12

13  In re                                    No. 01 30923 DM

    PACIFIC GAS AND ELECTRIC                 Chapter 11 Case
14  COMPANY, a California corporation,
                                             [NO HEARING SCHEDULED]
15              Debtor.

16  Federal I.D. No. 94-0742640

17

18  DEBTOR'S EX PARTE APPLICATION FOR ORDER MODIFYING THE AUTOMATIC
    STAY AND ORDER THEREON; SUPPORTING MEMORANDUM OF POINTS AND
19                          AUTHORITIES

20     [SUPPORTING DECLARATION OF JUAN M. JAYO FILED SEPARATELY]

21

22

23

24

25

26

27

28

Case: 01-30923    Doc# 7264    Filed: 06/14/02    Entered: 06/14/02 13:46:00    Page 1 of
11

# EX PARTE APPLICATION

Pacific Gas and Electric Company, the debtor and debtor in possession in the above-captioned Chapter 11 case ("PG&E" or the "Debtor"), hereby submits this application ("this Application") for entry of an order modifying the automatic stay under Section 362(a) of the United States Bankruptcy Code (11 U.S.C. §362(a)) to enable the named defendants in that certain civil action, known as <u>California Department of Toxic Substance Control v. Brighton Oil Company, et al.</u>, filed on or about January 4, 2002 in the United States District Court for the Eastern District of California (Case No. CIV S-02-0018 GEB JFM) (the "Action") to assert and pursue their cross-claims against PG&E for contribution, equitable indemnity and declaratory relief up to the point of entry of judgment on such cross-claims in the Action.

This Application is based on the facts and law set forth herein, including the accompanying Memorandum of Points and Authorities, which is incorporated by reference herein, the Declaration of Juan M. Jayo filed concurrently herewith, and the record of this case.

The Committee has reviewed this Application, and its signature following the Memorandum of Points and Authorities below evidences that it has no objection to the granting of the relief sought herein. Furthermore, as explained in more detail below, PG&E previously has stipulated to relief from stay in the Action with the California Department of Toxic Substances Control and has filed cross-claims in the Action against each of the named defendants. Thus, the relief requested should not have a material effect on the bankruptcy estate or its creditors. Accordingly, this Application is being submitted <u>ex parte</u> on notice to the Committee and the United States Trustee without scheduling a hearing, and the Debtor submits that there has been sufficient notice and opportunity for hearing as is appropriate under the particular circumstances.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
&RABKIN
A Professional Corporation

Case: 01-30923    Doc# 7264    Filed: 06/14/02    Entered: 06/14/02 13:46:00    Page 2 of 11

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Pacific Gas and Electric Company, the debtor and debtor in possession in the above-captioned Chapter 11 case (the "Debtor" or "PG&E"), submits this Memorandum of Points and Authorities In Support of the Application. The purpose of the Application is to allow certain defendants in the Action (as defined below) to assert and pursue their cross-claims against PG&E for contribution, equitable indemnity and declaratory relief up to the point of entry of judgment on such cross-claims in the Action; provided, however, that the Non-PG&E Defendants shall not be allowed to enforce, collect, assess or recover any money judgment or settlement against PG&E that may be entered in the Action.

## II.

## BACKGROUND AND STATEMENT OF FACTS[1]

On or about January 4, 2002, the California Department of Toxic Substances Control ("DTSC") filed a civil action against PG&E (and 21 other named defendants), known as <u>California Department of Toxic Substance Control v. Brighton Oil Company, et al.</u>, in the United States District Court for the Eastern District of California (Case No: CIV S-02-0018 GEB JFM) (the "Action"). (A copy of the complaint in the Action is attached as Exhibit A to the Jayo Declaration.) The Action arises out of hazardous substance contamination at a former waste oil processing facility located in Rancho Cordova, Sacramento County, California (the "Site"). The complaint states three causes of action against PG&E and the other defendants (hereinafter, the "Non-PG&E Defendants"). <u>First</u>, the complaint seeks a declaratory and monetary judgment that each of the defendants is jointly and severally liable to DTSC for all costs that have been or will be incurred by DTSC

---

[1] Unless otherwise expressly noted, the evidentiary basis for the facts contained herein is set forth in the Declaration of Juan M. Jayo filed concurrently herewith (hereafter referred to as the "Jayo Declaration" and cited as the "Jayo Decl.").

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
&RABKIN
A Professional Corporation

in responding to the release and/or threatened release of hazardous substances from the Site

pursuant to applicable provisions of the Comprehensive Environmental Response,

Compensation and Liability Act ("CERCLA"). Second, DTSC seeks preliminary and

permanent injunctions against each of the defendants requiring it to take actions necessary to

abate the release and threatened release of hazardous substances at or from the Site pursuant

to Section 25358.3 of the California Health and Safety Code. Third, DTSC seeks

preliminary and permanent injunctions against each of the defendants requiring it to abate

the public nuisance arising from the contamination of the Site pursuant to Sections 58009(b)

and 58010 of the California Health and Safety Code and Section 3494 of the California Civil

Code. These claims are based on allegations that defendants on one or more occasions

arranged for material containing hazardous substances to be disposed of or treated at the Site

and that these hazardous substances caused and/or contributed, and continue to cause and/or

contribute, to the contamination of the Site.

Because PG&E believed that the first cause of action in the complaint was likely

not subject to the automatic stay under Section 362(a) of the Bankruptcy Code by virtue of

the so-called "police and regulatory power exception" provided in Section 362(b)(4) of the

Bankruptcy Code, and therefore, that it would be more time- and cost-efficient for PG&E to

respond to all three causes of action at once, PG&E entered into that certain "Stipulation Re

Automatic Stay And Order Thereon" with DTSC (the "Stipulation"). This Court approved

the Stipulation on March 26, 2002.

Subsequent to the Court's approval of the Stipulation, PG&E filed counterclaims

and cross-claims for contribution, equitable indemnity and declaratory relief against DTSC

and each of the Non-PG&E Defendants in the Action. (A copy of PG&E's Answer, Cross-

Claims and Counterclaims to Plaintiff's First Amended Complaint is attached as Exhibit B

to the Jayo Declaration.) In CERCLA actions of this nature, it is typical for all defendants in

the action to cross-claim against each other for contribution and equitable indemnity.

Notwithstanding this fact and that some of the Non-PG&E Defendants have brought cross-

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

1   claims against PG&E in the Action,[2] it is PG&E's position that the Non-PG&E Defendants

2   may not take any such action without first obtaining relief from the automatic stay. PG&E

3   has made its position clear to all Non-PG&E Defendants in a letter sent to each such party.

4   (A copy of one of these letters is attached as Exhibit C to the Jayo Declaration.) PG&E also

5   informed the Non-PG&E Defendants that PG&E would seek an order from this Court that

6   would allow all parties in the action to pursue a cross-claim against PG&E, subject to certain

7   limitations. Pursuant to the Application, PG&E is seeking such an order.

8

9                            **III.**

10                      **ARGUMENT**

11        There are good reasons why the Court should modify the automatic stay to allow

12   the Non-PG&E Defendants to assert and pursue cross-claims for contribution, equitable

13   indemnity and declaratory relief up to the point of entry of judgment on such cross-claims in

14   the Action..

15        First and foremost, as discussed above, PG&E is already defending the Action

16   against the DTSC and pursuing its own counterclaims against the DTSC and its own cross-

17   claims against the Non-PG&E Defendants. Allowing the Non-PGE Defendants to pursue

18   their own cross-claims against PG&E will not add any material complexity or cost to

19   PG&E's administration of the case. On the contrary, it will allow such claims to be resolved

20   in the most efficient manner possible, i.e., at the same time as the other claims in the case

21   that PG&E is pursuing or must defend — many of which involve substantially the same

22   issues and facts[3] — are resolved.

23        Second, since PG&E has already filed cross-claims against each of the Non-

24   ————————————————

25      [2]PG&E has informed these defendants that their action is in violation of the automatic stay.

26      [3] For example, in response to PG&E's cross-claims, many of the Non-PG&E

27   Defendants have asserted equitable indemnity as an affirmative defense. Such defendants would likely assert the same claim as a cross-claim against PG&E, and in fact, two Non-PG&E Defendants already have done so, notwithstanding that such cross-claims were filed

28   in violation of the automatic stay.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
&RABKIN
A Professional Corporation

EX PARTE APPLICATION FOR RELIEF FROM STAY

1  PG&E Defendants, it is fair that these defendants be allowed to pursue their similar claims
2  against PG&E. If these defendants were not allowed to do so, it is likely that they would
3  petition the Court for relief from the automatic stay separately. It would be a waste of the
4  Debtor's resources if it were forced to respond to as many as 21 separate petitions for relief
5  from the automatic stay. It would also be also be a significant strain on this Court's time and
6  resources if this were to occur.

7        Finally, allowing the Non-PG&E Defendants to pursue their cross-claims for
8  contribution, equitable indemnity and declaratory relief against PG&E up to the point of
9  entry of a judgment, but no further, would have the benefit of allowing the prepetition claims
10 of the Non-PG&E Defendants to be resolved and/or liquidated and would not affect the
11 assets of the estate because such claims would be handled pursuant to the approved plan of
12 reorganization. Further, there is little to be gained by delaying the resolution/liquidation of
13 these claims because both of the proposed plans of reorganization in this case provide that
14 environmental claims of the type that the Non-PG&E Defendants would assert against
15 PG&E would be pass-through claims that are to be decided on the merits in non-bankruptcy
16 forums.

17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
&RABKIN
A Professional Corporation

# IV.

## CONCLUSION

For all of the foregoing reasons, PG&E respectfully requests that this Court make and enter its order granting the Application in the form attached hereto.

DATED: June 13, 2002

Respectfully,

HOWARD, RICE, NEMEROVSKI, CANADY,
    FALK & RABKIN
A Professional Corporation

By: _JEFFREY L. SCHAFFER_

JEFFREY L. SCHAFFER

Attorneys for Debtor and Debtor in Possession
PACIFIC GAS AND ELECTRIC COMPANY

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS HAS NO OBJECTION TO THE FOREGOING APPLICATION AND THE RELIEF REQUESTED THEREIN

MILBANK, TWEED, HADLEY & McCLOY

_____

Attorneys for OFFICIAL COMMITTEE OF
UNSECURED CREDITORS

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

## IV.

## CONCLUSION

For all of the foregoing reasons, PG&E respectfully requests that this Court make and enter its order granting the Application in the form attached hereto.

DATED: June ___, 2002

Respectfully,

HOWARD, RICE, NEMEROVSKI, CANADY, FALK & RABKIN
A Professional Corporation

By: _____
JEFFREY L. SCHAFFER

Attorneys for Debtor and Debtor in Possession
PACIFIC GAS AND ELECTRIC COMPANY

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS HAS NO OBJECTION TO THE FOREGOING APPLICATION AND THE RELIEF REQUESTED THEREIN

MILBANK, TWEED, HADLEY & McCLOY

_____

Attorneys for OFFICIAL COMMITTEE OF UNSECURED CREDITORS

WD 060702/1/127/997116/v1

EX PARTE APPLICATION FOR RELIEF FROM STAY
-6-

Case: 01-30923    Doc# 7264    Filed: 06/14/02    Entered: 06/14/02 13:46:00    Page 8 of 11

## ORDER

Upon consideration of the foregoing Stipulation, and good cause appearing therefor,

IT IS HEREBY ORDERED that:

1.    The Stipulation is approved; and

2.    The automatic stay pursuant to Section 362(a) of the United States Bankruptcy Code (11 U.S.C. §362(a)), to the extent otherwise applicable to the Action, is hereby modified to allow the Non-PG&E Defendants to assert and pursue their cross-claims against PG&E for contribution, equitable indemnity and declaratory relief up to the point of entry of judgment on such cross-claims in the Action, such that the Action may be prosecuted to judgment; provided, however, that nothing herein shall be deemed to allow the Non-PG&E Defendants to enforce, collect, assess or recover any money judgment or settlement against PG&E that may be entered in the Action.

Dated:      JUN 1 4 2002

DENNIS MONTALI

_____
UNITED STATES BANKRUPTCY JUDGE

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
&RABKIN
A Professional Corporation

# PROOF OF SERVICE BY MAIL

I am employed in the City and County of San Francisco, State of California. I am over the age of eighteen (18) years and not a party to the within action; my business address is Three Embarcadero Center, 7th Floor, San Francisco, California 94111-4065.

I am readily familiar with the practice for collection and processing of documents for mailing with the United States Postal Service of Howard, Rice, Nemerovski, Canady, Falk & Rabkin, A Professional Corporation, and that practice is that the documents are deposited with the United States Postal Service with postage fully prepaid the same day as the day of collection in the ordinary course of business.

On June 13, 2002, I served the following document(s) described as follows:

1.    DEBTOR'S EX PARTE APPLICATION FOR ORDER MODIFYING THE AUTOMATIC STAY AND ORDER THEREON; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES;

2.    DECLARATION OF JUAN JAYO IN SUPPORT OF DEBTOR'S EX PARTE APPLICATION FOR ORDER MODIFYING THE AUTOMATIC STAY; AND

3.    [PROPOSED] ORDER GRANTING DEBTOR'S EX PARTE APPLICATION FOR ORDER MODIFYING THE AUTOMATIC STAY

on the persons listed below by placing the document(s) for deposit in the United States Postal Service through the regular mail collection process at the law offices of Howard, Rice, Nemerovski, Canady, Falk & Rabkin, A Professional Corporation, located at Three Embarcadero Center, 7th Floor, San Francisco, California, to be served by mail addressed as follows:

Evan Hollander
White & Case
1155 Avenue of the Americas
New York, NY 10036
[Counsel for BNY Western Trust]

-8-

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

1   BNY Western Trust
2   Attn: Mr. Todd Duncan
3   700 South Flower, 5th Floor
    Los Angeles, CA 90017

4   Robert Jay Moore
5   Paul S. Aronzon
    Milbank, Tweed, Hadley & McCloy LLP
6   601 South Figueroa Street
7   Los Angeles, California 90017
    [Counsel for Official Committee of Unsecured Creditors]

8   Office of the U.S. Trustee
9   Attn: Stephen Johnson
10  250 Montgomery Street, Suite 1000
    San Francisco, CA 94104-3401

11          I declare under penalty of perjury that the foregoing is true and correct. Executed

12  at San Francisco, California on June 13, 2002.

13

14                                        _____
15                                              Gigi Francisco-Ferrer

16  WD 060702/1-1419925/127/997116/v1

17

18

19

20

21

22

23

24

25

26

27

28

-9-