JAMES L. LOPES (No. 63678)
JANET A. NEXON (No. 104747)
GARY M. KAPLAN (No. 155530)
HOWARD, RICE, NEMEROVSKI, CANADY,
    FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4065
Telephone:   415/434-1600
Facsimile:   415/217-5910

Attorneys for Debtor and Debtor in Possession
PACIFIC GAS AND ELECTRIC COMPANY

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| In re | Case No. 01-30923 DM |
|---|---|
| PACIFIC GAS AND ELECTRIC COMPANY, a California corporation, | Chapter 11 Case |
| Debtor. | [NO HEARING REQUESTED] |
| Federal I.D. No. 94-0742640 | |

STIPULATION REGARDING ALLOWANCE OF CLAIM OF LEHMAN BROTHERS INC.

This Stipulation Regarding Allowance of Claim of LEHMAN BROTHERS INC. ("Stipulation") is entered into by and between Pacific Gas and Electric Company, the debtor and debtor in possession in the above-referenced bankruptcy case ("PG&E" or "Debtor") and LEHMAN BROTHERS INC. ("Claimant"), as follows:

### RECITALS

A.   On April 6, 2001 (the "Petition Date"), PG&E filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the above-captioned Court. The Debtor is a debtor in possession and is operating its business pursuant to 11 U.S.C. §§ 1107 and 1108.

B.   Claimant has filed an unsecured, non-priority Proof of Claim in PG&E's bankruptcy case in the total amount of $108,379.52, assigned claim number 6390 (the "Claim") based on services provided prior to the Petition Date.

-1-

1     C.     PG&E asserts certain objections to the Claim.

2     D.     By this Stipulation, Claimant and PG&E seek to fully resolve Claimant's Claim against PG&E without further litigation, under the terms set forth below.

PG&E and Claimant now agree as follows:

## STIPULATION

1. Claimant's Claim, claim number 6390 shall be allowed as an unsecured, non-priority claim in the amount of $84,420.62 and shall be treated like other allowed general unsecured claims in PG&E's bankruptcy case. All other claims of Claimant shall be disallowed in their entirety.

2. Claimant represents that other than the Claim, it has neither filed nor asserted any other claim against PG&E or its bankruptcy estate.

3. Each person executing this Stipulation represents that it has full authority and capacity to make the commitments contained in this Stipulation. Claimant represents and warrants that it has neither assigned nor transferred all or any portion of the Claim.

4. Each party shall bear its own costs and attorneys' fees in this matter.

5. This Stipulation shall be effective upon PG&E obtaining any required Bankruptcy Court approval for entering into and performing its obligations under the Stipulation, and if no such approval is necessary, upon filing with the Bankruptcy Court.

Dated: 5/2, 2002     PACIFIC GAS & ELECTRIC COMPANY

By: _____

Name: Ben Shaffer

Title: Manager Accounts Payable

Dated: May 1, 2002     LEHMAN BROTHERS INC.

By: _____

Name: CArorcars /rdoum (Print)

Title: V.P. (Print)

Case: 01-30923   Doc# 7737   Filed: 06/20/02   Entered: 06/25/02 13:26:00   Page 2 of 4



**Pacific Gas and Electric Company**

March 20, 2002

Mr. Carmine Padovano
Lehman Brothers Inc.
399 Park Avenue – 6th Floor
New York, NY 10022

Re: Bankruptcy Proof of Claim No. 6390

Dear Carmine:

Attached for your review is a Stipulation Regarding Allowance of Claim, which reflects our recent agreement on the value of your claim. Please carefully read the Stipulation before signing and dating where indicated, and return it as soon as possible to:

Carol Jung
PG&E
77 Beale Street, Rm 645B
Mail Code B6AP
San Francisco, CA 94105

Also enclosed is a copy of the Bankruptcy Court's January 8, 2002 Notice of Order Authorizing Settlement of Claims, which the Court has directed to be sent to any person entering into a stipulation on the value of their claim. As you can see from the Notice, the Bankruptcy Court has authorized PG&E to reach settlement on the value of pre-petition claims filed against PG&E without further approval from the Court where (with certain exceptions) the value of any such settled claims is $100,000 or less, or in other certain circumstances.

Please be aware, however, that the Order Authorizing Settlement of Claims does *not* **permit PG&E to start paying any pre-petition claims at this time** (including yours). Instead, unless the Court otherwise orders, your settled claim will be paid pursuant to the finalized Plan of Reorganization (POR) after the Bankruptcy Court confirms the POR and the POR becomes effective.

Again, thank you for your patience and cooperation. Please contact me if you have any questions.

Sincerely,

Carol Jung
Claims Resolution
415/973-2370

Enclosures

## Notice of Court Order Authorizing Settlement of Claims

PLEASE TAKE NOTICE that on January 8, 2002, the Bankruptcy Court in the Chapter 11 bankruptcy case of Pacific Gas and Electric Company ("PG&E") entered an order (the "Order") authorizing PG&E to settle certain pre-petition claims filed against PG&E. The Order does NOT permit PG&E to pay any pre-petition claims.

In particular, the Order authorizes PG&E to settle the following claims without further Court order:

(i) any claim where the proposed allowed amount of such claim is $100,000 or less; and

(ii) any claim where the proposed allowed amount exceeds $100,000 but is no more than $5 million, and is the lesser of (a) 110% of the amount of such claim as scheduled in PG&E's Amended and Restated Schedules filed herein on July 2, 2001 (the "Schedules"), and (b) $500,000 more than the amount of such claim as set forth on the Schedules.

To the extent any proposed settlement does not meet the criteria set forth above, PG&E is required to provide written notice of such proposed settlement to counsel for the Official Committee of Unsecured Creditors (the "Committee") and the United States Trustee. If the Committee or the United States Trustee objects to the proposed settlement within ten calendar days after receipt of PG&E's notice, PG&E must file a motion and obtain the approval of the Bankruptcy Court before entering into the proposed settlement. Such a motion must be on at least twenty days' written notice to the Committee and the United States Trustee. If either the Committee or the United States Trustee does not object to the proposed settlement, PG&E may enter into the settlement without a Court order.

To the extent any proposed settlement would result in an allowed claim in excess of $5 million, PG&E must file a motion and obtain the approval of the Bankruptcy Court before entering into the proposed settlement. Such motion must be on at least 20 days' notice to the Committee, the United States Trustee and the Special Notice List as defined in the Case Management Order Revised June 14, 2001 entered in this case (as amended or supplemented).

Any party in interest who wishes to object to any such motion for approval of a settlement must file a written objection or response to the motion at least five (5) calendar days prior the hearing on the motion.

PG&E will file with the Court and serve on counsel for the Committee and the United States Trustee each signed stipulation settling a claim. PG&E will file and serve such stipulations in groups of 50 or more.

You may obtain a copy of the Bankruptcy Court's Order through the "Pacific Gas & Electric Company Chapter 11 Case" link accessible through the Bankruptcy Court's website **(www.canb.uscourts.gov)** (the Order is posted as Docket No. 4113), or by written request by mail to Howard, Rice, Nemerovski, Canady, Falk & Rabkin, Attn: Jerome Ferrer, Three Embarcadero Center, 7th Floor, San Francisco, California 94111-4065, or by e-mail request to jferrer@hrice.com.

WD 011702/1-1419903/42/970175/v1