THOMAS J. ANTON, State Bar No. 060450
ANTON & ASSOCIATES
1605 "G" Street
Bakersfield, CA 93301
Telephone: (661) 327-7051
Facsimile: (661) 327-4755

MICHAEL P. DOLAN, State Bar No. 142576
Attorney at Law
1315 "L" Street
Bakersfield, CA 93301
Telephone: (661) 631-2181
Facsimile: (661) 631-1917

State Court Counsel for Kearney Claimants

T. SCOTT BELDEN, State Bar No. 184387
DAWN BITTLESTON, State Bar No. 198875
KLEIN, DeNATALE, GOLDNER,
 COOPER, ROSENLIEB & KIMBALL, LLP
4550 California Avenue, Second Floor
Bakersfield, California 93309
Telephone: (661) 395-1000
Facsimile: (661) 326-0418

Bankruptcy Counsel for Kearney Claimants

**FILED JUL 26 2002**
**UNITED STATES BANKRUPTCY COURT**
**SAN FRANCISCO, CA**

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br>a California corporation,<br><br>Debtor,<br><br>Federal I.D. No. 94-0742640 | Case No. 01-30923<br><br>Chapter 11<br>[Assigned to: Judge Dennis Montali]<br><br>**MOTION TO EXTEND TIME TO FILE PROOF OF CLAIM BY KEARNEY MINORS**<br><br>DATE: August 28, 2002<br>TIME: 9:30 p.m.<br>PLACE: 235 Pine Street, 22nd Floor<br>    San Francisco, California |

/ / /

/ / /

/ / /

00189132.DOC

# TABLE OF CONTENTS

| | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| I. INTRODUCTION | 1 |
| II. FACTUAL SUMMARY | 2 |
|     HISTORY OF KEARNEY ACTION AND KEARNEY CLAIMS | 2 |
|     PROOF OF CLAIM BAR DATE | 4 |
|     THE ACTIONS OF THE KEARNEY MINORS IN BANKRUPTCY COURT | 5 |
| III. ARGUMENT | 6 |
|     A. THE COURT HAS DISCRETION TO ALLOW THE CLAIMS FILED BY THE KEARNEY MINORS BECAUSE THEY ARE INFANTS UNDER RULE 3002(c)(2) | 6 |
|         1. The Kearney Claimants are Infants Within the Meaning of Bankruptcy Rule 3002(c)(2) | 6 |
|         2. The Interests of Justice Would be Served by Extending the Time to File the Proofs of Claim | 7 |
|             a. Notice Should Not be an Factor In Determining Whether a Motion to Extend Should be Granted | 8 |
|             b. It Would be Unjust to Impute The Knowledge and Notice to State Court Counsel To The Kearney Minors | 8 |
|             c. The Extension Should be Allowed So that the Kearney Minors May be Afforded Their Due Process Rights | 10 |
|             d. Public Policy Considerations Weigh in Favor of Granting the Motion | 11 |
|         3. It Will Not Unduly Delay the Administration of the Case to Extend the Time to File the Minors' Proofs of Claims | 11 |
|     B. THE KEARNEY MINORS INADVERTENTLY FAILED TO FILE THEIR PROOFS OF CLAIM PRIOR TO THE BAR DATE BECAUSE OF THE EXCUSABLE NEGLECT OF THE PARTIES AND STATE COURT COUNSEL AND EVENTS BEYOND THEIR OWN CONTROL | 13 |
| IV. CONCLUSION | 14 |

KLEIN, DENATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
POST OFFICE BOX 11172
BAKERSFIELD, CALIFORNIA 93389-1172

# TABLE OF AUTHORITIES

Page

### Federal Statute

Federal Rule of Bankruptcy Procedure, Rule 3001 . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Federal Rules of Bankruptcy Procedure, Rule 3002 . . . . . . . . . . . . . . . 1,2,6,7,8,11,12,13

Federal Rules of Bankruptcy Procedure, Rule 3003 . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Federal Rules of Civil Procedure, section 17(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

### Federal Cases

In re Anderson-Walker,
  798 F.2d 1285, 1287 (9th Cir 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Chemetron v. Jones,
  72 F.3d 341, 346 (3d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

In re Davis,
  243 B.R. 127, 130 (Bankr. M.D. Ala. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . 6,7

In re Davis,
  237 B.R. 177 (M.D. Ala. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Myers v. Hurley Motor Company, 273 U.S. 18, 47 S.Ct. 277, 71 L.Ed. 515 (1923) . . . . . . . . 7

Pioneer Investment Services, Co. v. Brunswick Asso. LLP,
  507 U.S. 380, 389 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

In re Pizza of Hawaii,
  761 F.2d 1374, 1381 (9th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

In re Sambo's,
  754 F.2d 811 (9th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

In re Uiterwyk,
  105 B.R. 103, 105 (Bankr. M.D. Fla. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . 10

### State Statute

California Business & Professions Code, section 6125 . . . . . . . . . . . . . . . . . . . . . . . . . . 9

California Code of Civil Procedure, section 352 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

California Code of Civil Procedure, section 372 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

California Family Code, section 6602 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

California Family Code, section 6701 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
POST OFFICE BOX 11172
BAKERSFIELD, CALIFORNIA 93389-1172

State Cases

J.W. v. Superior Court,
    17 Cal.App.4th 958, 965 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

Morgan v. Morgan,
    220 Cal.App.2d 665, 674 (1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

State of California v. Superior Court,
    86 Cal.App.3d 475, 482 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
POST OFFICE BOX 11172
BAKERSFIELD, CALIFORNIA 93389-1172

00189132.DOC

iii

# I.

# INTRODUCTION

The Kearney Minors are children who have asserted claims against Pacific Gas & Electric Company, Inc. ("Debtor") arising out of exposure to Chromium 6. Their cases are related to and a part of the claims made by other claimants and plaintiffs that were the subject of prior Motions for Relief From Automatic Stay and Abstention.

There is no dispute that the Kearney Minors were minors on the date that Debtor filed its Chapter 11 case and that they were minors on the Claims Bar Date ordered by this Court. All but one is a minor today and all have filed proofs of claim, albeit after the Claims Bar Date.

The Federal Rules of Bankruptcy Procedure expressly recognize the problems faced by minors with claims against a bankruptcy estate and have provided a mechanism for remediating the harsh results of strict adherence to a claims bar date. The Rules provide that in the interests of justice and if it would not unduly delay the administration of a case, the Bankruptcy Court may extend the time for filing proofs of claim for minor-creditors of a bankruptcy estate.

The concept of "interests of justice" in the context of Rule 3002(c)(2) has not been fleshed out by the case law and, indeed, it appears that there is only one reported case discussing this provision. However, given the difference in language and purpose, it does not appear to require a finding of excusable neglect. Rather, it requires that the interests of justice would be served by allowing the otherwise late filed claims and such allowance would not unduly delay administration of the case.

There are a myriad of facts and factors present here that compel the conclusion that the interests of justice would be better served by granting the Motion than to deny it and sustain Debtor's Objection. The Court must remember that granting the Motion will only serve to allow the claimants to attempt to prove their claims on the merits. Debtor has transferred many of the Chromium Claims to the District Court and hundreds of others are being tried in the Los Angeles County Superior Court. Debtor has expressed great confidence in its ability to swiftly defeat these claims on their merits. If the Motion is granted, the claims of the Kearney Claimants will be included among the other Chromium Claims for a determination of the merits of those claims.

KLEIN, DeNATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
POST OFFICE BOX 11172
BAKERSFIELD, CALIFORNIA 93389-1172

00189132.DOC 1

California and Federal law clearly establish that the Kearney Claimants are "infants" within the meaning of Rule 3002 and the fact that this Motion was filed beyond the Claims Bar Date does not prevent the Court from exercising its discretion in granting the Motion. As will be demonstrated in this Motion, the facts and circumstances presented here cry out for application of this result to ameliorate the potentially devastating effect strict application of the Claims Bar Date would have on these children. Accordingly, the Kearney Minors request that the Court grant this Motion and overrule the Objection. Alternatively, to the extent the Court finds that factual disputes exist, the Kearney Minors request that the Court continue the matter and conduct an evidentiary hearing on those facts the Court believes to be in dispute.

## II.

## FACTUAL SUMMARY

The Kearney Minor Children[1] are the minor plaintiffs in the <u>Elaine I. Kearney et.al vs. Pacific Gas & Electric, et.al.</u> ("Kearney Claimants") matter currently pending in the Los Angeles County Superior Court as case number BC262031.[2] The Kearney Claimants are seeking damages for injuries sustained as a result of exposure to Chromium 6 and their claims are related to the other Chromium claims filed against the Debtor. The Kearney matter is closely related to the <u>Adams v. Pacific Gas & Electric Company, et. al.</u>, BC 233962 ("<u>Adams</u>") and <u>Alderson v. PG&E, et.al.</u>, BC 248532 ("<u>Alderson</u>") lawsuits filed by other Chromium Claimants. The <u>Adams</u> and <u>Alderson</u> matters have been consolidated and it is believed that the Kearney matter will also be consolidated with the <u>Adams</u> and <u>Alderson</u> matters in the near future.

/ / /

/ / /

---

[1] This Motion is being filed on behalf of Joseph J. Barajas, Ramon G. Barajas, Jr., Brenda L. Bays, William Bays, Ryan P. Becerra, Jeffrey Bednarz, Jr., Tammy D. Brock, Joshua T. Cleary, Sarah Cleary, Ken-Beau Crafts, Justine Crigler, Kaycee Crooks, Patrick Crooks, Jillian R. Mahoney, Kolton Munger, Kory Munger, Kyle Munger, Veronica Nelson, Davoughna Thompson, Adam Turner, Grace Turner, Jamie Turner, and Sarah A. Turner. These children shall collectively be called the "Kearney Minors."

[2] Pacific Gas & Electric has been dismissed as a party to that action due to the automatic stay.

00189132.DOC

2

# HISTORY OF KEARNEY ACTION AND KEARNEY CLAIMS

Pursuant to the agreement Thomas Anton & Associates and The Law Offices of Michael Dolan ("State Court Counsel") had with the parents of the Kearney Minor Children, all of the Kearney Minor Children except Jeffrey Bednarz were originally named as plaintiffs in the Alderson, et.al. v. PG&E, et.al. matter which was originally filed on or about March 2001 in Los Angeles Superior Court. However, the Los Angeles Superior Court returned the original of the Alderson Complaint with a large white sticker over the file stamp. The Court returned the original Complaint because the Applications and Orders for Appointment of Guardian Ad Litem for the minor plaintiffs were not submitted with the Complaint. Due to the potential running of the statute of limitations for a number of the adult plaintiffs in the Alderson matter, on or about April 11, 2001, the Alderson Complaint was re-filed in Los Angeles Superior Court under case number BC 248532 without the minor children that had previously been parties to that action being named as Plaintiffs.

It was believed that the necessity of filing a Complaint against Debtor or the other defendant, Betz Chemical Corporation on behalf the Kearney Minor Children for the damages for injuries caused by their exposure to Chromium 6 was less urgent, since under California law the applicable statute of limitations is tolled during their minority. However, the process of obtaining the Application and Order for Appointment of Guardian Ad Litem for each minor commenced in June 2001. All possible efforts were made to obtain the Applications and Orders for Appointment of Guardian Ad Litem from the person applying to the court to represent the interests of the minor children ("applicant") by October 2001. These efforts were complicated by the fact that the Kearney Minors were located in several different states. The Applications and Orders for Appointment of Guardian Ad Litem were forwarded to and signed by each applicant between June 2001 and September 2001, except William Bays whose Application was signed on January 3, 2002.

On November 15, 2001, State Court Counsel filed the Elaine I. Kearney et.al vs. PG &E Corporation, et al. matter pending in the Los Angeles County Superior Court, case number BC262031 against Debtor and others. Concurrently with the filing of the Complaint, an Application and Order for Appointment of Guardian Ad Litem was submitted to the Court on behalf of each minor child, except William Bays, which was subsequently submitted and approved. Due to errors

in the applications perceived by the Los Angeles County Superior Court, many of the applications were returned for corrections and resubmission. The first series of applications were approved and guardians ad litem appointed on December 11, 2001. The remainder were appointed over the next several months and two of the applications remain pending as of the date of this Motion. Please see collectively Exhibits "A" through "E" to the Declaration of Thomas J. Anton filed herewith.

Since not all of the minors have guardians ad litem appointed to represent their interests, the Court has not issued a summons. Furthermore, the retainer agreement entered into between the parents for the minor children and State Court Counsel have not been submitted to the Court for approval as the guardian ad litem process has not been completed. It is anticipated that this process will be complete prior to the hearing on the Motion.

## PROOF OF CLAIM BAR DATE

According to the Debtor's Objection to the proofs of claim filed by the minor children, the Claim Bar Date for non-governmental claimants was September 5, 2001 (the "Claims Bar Date"). The Kearney Minor Children did not receive a proof of claim form from the Court or from the Debtor. Through State Court Counsel's representation of other Chromium Claimants, they received preprinted proof of claim forms with Debtor's name, case number, and claimant name already printed on them. Upon receipt of these forms, they were completed and submitted to the Bankruptcy Court for filing.

On or about May 8, 2001 and July 12, 2001, the Debtor published a Notice of Bar Date in select publications. According to the Omnibus Objection, these publications were: (1) The Wall Street Journal, (2) the San Francisco Chronicle, (3) the Los Angeles Times, (4) the Bakersfield Californian, (5) the Fresno Bee, (6) the Modesto Bee, (7) the Press Democrat (Santa Rosa), (8) the Sacramento Bee, (9) the San Jose Mercury News, and (10) the Stockton Record. However, the Kearney Minors, their parents, and their guardians ad litem reside in Barstow (San Bernardino County), Hesperia (San Bernardino County), Hinkley (San Bernardino County), New Berry Springs (San Bernardino County), and Salinas (Monterey County), California; Higley, Arizona; Herrin, Illinois; Barstow, Kansas; Overton, Nevada; Beaverton, Canby, and Oregon City, Oregon; and West Hurricane, Utah.

The Bar Date lapsed prior to the Application and Order for Appointment of Guardian Ad Litem were completed by the applicants, returned to State Court Counsel, and approved by the Los Angeles County Superior Court. The Kearney Minor's State Court Counsel do not specialize in bankruptcy law and it was unknown that the Kearney Minors had to file a proof of claim since they were unaware that the claims period was not tolled during the children's minority, no proofs of claim had been sent to them or the Kearney Minors, the lawsuit was filed after the Claims Bar Date, and the guardian ad litem forms had not been received, submitted, and approved by the Los Angeles County Superior Court.

Debtor estimated in its Disclosure Statement in support of its Plan of Reorganization filed September 20, 2001 that its total liability stemming from the Chromium Claims was about $160 million.

## THE ACTIONS OF THE KEARNEY MINORS IN BANKRUPTCY COURT

On or about November 16, 2001, Debtor filed its Motion to Certify and Transfer the Personal Injury Chromium Claims seeking the transfer of over a thousand Chromium Claims that had been filed in Debtor's case to the United States District Court. That Motion was opposed by the Chromium Claimants and on or about December 6, 2001, a Motion for Abstention was filed. The Motion for Abstention was joined by the plaintiffs in, among other actions, the Kearney State Court Action. Also, on December 6, 2001, the Chromium Claimants, including the Kearney Minors, filed a Motion for Relief from Automatic Stay seeking to have the Court approve the continuation of the State Court Actions to liquidate the Chromium Claimants claims against Debtor and others.

On January 3, 2002, the Court conducted a hearing on the Motion to Certify, the Motion for Abstention, and the Motion for Relief From Stay. All of the Motions were granted in part and denied in part. Pertinent to this matter was the Court's ruling that any claimant that had not previously filed a proof of claim would not get relief from stay as requested. At the time of the hearing, it was not clear who would fall into that category.

From January through March 2002, Debtor's counsel and counsel for the Chromium Claimants exchanged lists of individuals whose names the respective parties believed should be appended to the various orders and the Court entered its Order Denying Certain Claimants' Motion

for Relief From Stay. After the Court entered this Order, the Kearney Minors' State Court counsel filed the proofs of claim for the Kearney plaintiffs that had not previously filed such a claim with the Bankruptcy Court. The majority of these were filed in or about April 1, 2002; whereas, the proof of claim for Patrick Crooks was forwarded to the Court in early July 2002.

## III.

## ARGUMENT

### A. THE COURT HAS DISCRETION TO ALLOW THE CLAIMS FILED BY THE KEARNEY MINORS BECAUSE THEY ARE INFANTS UNDER RULE 3002(c)(2)

Federal Rules of Bankruptcy Procedure, Rule 3002(c)(2) provides that the Bankruptcy Court may allow late filed claims of an infant in the "interest of justice and if it will not unduly delay the administration of the case." *See also* In Re Bernard J. Davis, 243 B.R. 127, 130 (M.D. Ala. 1999). Bankruptcy Rule 3003(c)(3) makes this rule applicable to Chapter 11 proceedings. Such an extension of time need not be granted or sought prior to the expiration of the time set for filing proofs of claim because Rule 3003(c)(3) provides that "Notwithstanding the expiration of [the time fixed for filing a proof of claim], a proof of claim may be filed to the extent and under such conditions as stated in Rule 3002(c)(2)..." Fed.R.Bank.Proc. 3003(c)(3); See Id., 3002(c)(2); In re Davis, 237 B.R. 177 (M.D. Ala. 1999).

#### 1. The Kearney Claimants are Infants Within the Meaning of Bankruptcy Rule 3002(c)(2)

Neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure appear to define the term "infant." However, Black's Law Dictionary defines the terms "Infancy," and "Minority" coextensively, as follows:

> Infancy. Minority; the state of a person who is under the age of legal majority, –at common law, twenty-one years; now, generally, 18 years. Black's Law Dictionary, Sixth Edition 1990, page 777.[3]

/ / /

---

[3] Further, it defines the term "Infant" by referring to the definitions of "Child; Infancy; Minor." Found at Exhibit "A" to the Request for Judicial Notice filed herewith.

In <u>Myers v. Hurley Motor Company</u>, 273 U.S. 18, 47 S.Ct. 277, 71 L.Ed. 515 (1923), the United States Supreme Court used the term infant as being the stage before a child reaches the age of majority, stating that a Court "will do justice to the adult without disregarding or impairing the principle that allows an infant, upon arriving at the age of majority, to disaffirm contracts made during infancy." <u>Id.</u> at 278. Indeed, in the <u>Myers</u> case, the "infant" in question was twenty years old. <u>Id.</u> at 277.

Under California law a minor is an individual under the age of eighteen. Cal. Fam Code section 6500. Conversely, an "adult" is an individual "who is 18 years or older." Finally, California Family Code section 6502 provides that after 1972, any statute, contract, or similar item that uses the words, "age of majority," "age of minority," "adult," "minor" or words of similar intent, shall use the age of eighteen as the point of demarcation. Cal. Fam Code Section 6502.

Finally, as discussed below, the only apparent decision discussing Rule 3002 uses the term "minor" synonymously with the term "infant." <u>See generally,</u> <u>In re Davis</u>, 243 B.R. 127 (Bankr. M.D. Ala. 1999).

Based upon the above California, Federal, and bankruptcy authorities discussing the term "infant," the Court must conclude that the Kearney Claimants, who are all under the age of eighteen or were on the Claims Bar Date are "infants" within the scope of Bankruptcy Rule 3002(c)(2).[4]

2.  **The Interests of Justice Would be Served by Extending the Time to File the Proofs of Claim**

As noted by the Court in <u>In re Davis</u>, 243 B.R. 127 (Bankr. M.D. Ala. 1999):

The Bankruptcy Rules recognized that problems might arise if infants and incompetent persons were rigidly held to the claims bar dates established for other creditors. Congress relaxed the bar date for infants in two respects: First, the bar date for filing claims of infants may be extended 'in the interest of justice' and 'if it will not unduly delay the administration of the case.' Second, the bar date for filing claims of infants, unlike claims of governmental units, may be extended even after the time for filing has expired. " <u>Id.</u> 130.

For several reasons, the Kearney Minors respectfully submit that the interests of justice would be served by extending the time for the Kearney Minors to file their proofs of claim and

---

[4] See Exhibits "A" through "E" to the Declaration of Thomas J. Anton filed herewith.

deem the claims timely filed. Such interests would not be served by denying the Kearney Minors the ability to have these claims determined on their merits.

First, it does not appear that notice is a relevant consideration as to whether it would be "just" to extend the time for a minor to file a proof of claim under Rule 3002(a)-such an extension should be given if justice warrants even in the event of such notice. Second, to the extent the Court deems it a relevant consideration, Debtor the Kearney Minors did not get actual notice of the Claims Bar Date. Third, the notice provided to the state court attorneys of the Kearney Minors should not be imputed to the Kearney Minors because guardians ad litem had not been appointed authorizing the Kearney Minors' parents to act on their behalf and contract with an attorney to act on their behalf in the litigation involving Debtor. Finally, it would be unjust to deprive the Kearney Minors of the ability to attempt to prove their claims against the Debtor when such claims are tolled under California law and the Bankruptcy Rules allow for an extension.

### a. Notice Should Not be an Factor In Determining Whether a Motion to Extend Should be Granted.

At the hearing on the Objection filed by Debtor, much of the argument was focused on whether State Court Counsel or the Kearney Minors' parents had notice of the Claims Bar Date. However, notice should not be considered relevant to the question of whether the interests of justice would be served by extending the time for the Kearney Minors to file their claims.

The only Court to apply Rule 3002(c)(2) found that the interests of justice warranted an extension of the time to file a claim on behalf of a child notwithstanding the fact that the creditor had clearly been provided notice of the Claims Bar Date. See generally, In re Davis, supra. Rather than focusing on notice, the Court evaluated whether, in the interests of justice, the creditor should be allowed to file its otherwise untimely claim for the benefit of the minor notwithstanding such notice. As will be more thoroughly discussed below, the interests of justice merit the extension irrespective of whether there was notice of the Claims Bar Date to family members or State Court Counsel. Accordingly, the Court should focus on whether the interests of justice would be advanced here even if it concludes that either State Court Counsel or the Kearney Minors' parents had notice of the Claims Bar Date.

b. **It Would be Unjust to Impute The Knowledge and Notice to State Court Counsel To The Kearney Minors.**

It is a generally accepted principle that in many instances, the knowledge of an individual's attorney or other individual legally empowered to act on their behalf may be imputed to the client. However, to the extent the Court concludes that the issue of notice is relevant, there are ample reasons not to impute the notice of Debtor's bankruptcy case and the Claims Bar Date to the Kearney Minors.

It must be remembered that all of the Kearney Minors are, or were at the time of the Claims Bar Date and notice thereof, legally minors. Under California law, a minor generally cannot represent him or her self in any legal proceeding and must instead act through a guardian or conservator of the estate or guardian ad litem appointed by the Court. Code of Civ. Proc. Section 372; see State of California v. Superior Court, 86 Cal.App.3d 475, 482 (1978) (confirming that a minor must have a guardian ad litem appointed to bring or defend a legal action).[5] For this reason, even if a guardian ad litem is appointed, the relevant statute of limitations for commencing a case against a private party is tolled in favor of a minor until the age of minority. Cal. Civ. Proc. Code section 352.

Once a guardian ad litem has been approved and ordered by the Court, that guardian may obtain counsel to represent the child in the legal proceeding. This is true because, under California law, an attorney's fees agreement purporting to be between or on behalf of a minor is void unless such agreement is approved by the Court in which the litigation is pending. Cal. Fam Code section 6602. Similarly, under California law, a minor cannot enter into a relationship that delegates power to a third person to act on the minor's behalf. Cal. Fam Code section 6701; see Morgan v. Morgan, 220 Cal.App.2d 665, 674 (1963) (minor cannot delegate agency powers to third party). Similarly, counsel is required to appear on behalf of a minor even where a guardian ad litem is appointed because a nonattorney's performance of legal tasks on behalf of a minor constitutes the unauthorized practice of law. See Cal. Bus. & Prof. Code Section 6125; J.W. v. Superior Court,

---

[5] Although not applicable here, the same generally holds true in a federal action. See Fed. R. Civ. Proc. 17(c)

00189132.DOC 9
Case: 01-30923 Doc# 9240 Filed: 07/26/02 Entered: 07/31/02 14:46:00 Page 13 of 18

17 Cal.App.4th 958, 965 (1993).

Thus, the power of State Court Counsel to legally act on behalf and bind the Kearney Minors was effectively nil until the approval of the guardians ad litem by the Los Angeles Superior Court. Messrs. Anton and Dolan have provided that they did not file such claims in part because they had not obtained guardians ad litem to allow them to proceed on behalf of the Kearney Minors. See Declarations of Thomas J. Anton and Michael Dolan filed herewith, at paragraphs 16. Moreover, any contract for services between or on behalf of the Kearney Claimants and Anton and Dolan was void under California law. Thus, it appears that neither Dolan nor Anton, nor any other party, could have been the "authorized agent" for the Kearney Minors allowed to execute their proofs of claim, as required by Federal Rule of Bankruptcy Procedure 3001(c). In any event, the belief of Anton and Dolan required the need to be appointed guardian ad litem to act on their behalf makes it unjust to impute their action or inaction to the Kearney Minors.

c. **The Extension Should be Allowed So That the Kearney Minors May be Afforded Their Due Process Rights.**

The requirements of due process require that before a creditor's claim can be disallowed as untimely, the creditor is entitled to actual notice of the claims bar date and have a reasonable opportunity to file a proof of claim. This is true even if a creditor is generally aware of the pendency of a bankruptcy case. In re Uiterwyk, 105 B.R. 103, 105 (Bankr. M.D. Fla. 1989). While publication notice may be appropriate in certain circumstances, it is only appropriate where the creditor is an unknown creditor. Chemetron v. Jones, 72 F.3d 341, 346 (3d Cir. 1995). Otherwise, written notice is required. A "known creditor" is one that is reasonably ascertainable by the debtor. Id. Here, the due process rights of the Kearney Claimants would be offended and it would not be in the interests of justice to deny the Motion due to lack of notice and the legal incapacity they were under at the time of the Claims Bar Date.

The Kearney Claimants were not listed on Debtor's Schedules of Assets and Liabilities and there is no evidence that they were provided direct notice of the Claims Bar Date. Although publication notice of the Claims Bar Date was provided in various newspapers, these newspapers cannot be reasonably concluded as likely have been read where the Kearney Minors reside. Many

00189132.DOC 10

live outside the State of California and most of those living inside of California live in a remote are were not in general circulation in locations where the Kearney Claimants reside. Notably, it does not appear that publication service was made in San Bernardino County, where many of the Chromium Claimants reside. Finally, it is debatable whether the Kearney Minors were actually "unknown" to Debtor given the fact that many of their parents were plaintiffs in the <u>Alderson</u> case.

As noted above, during this period, the Kearney Minors were under a legal incapacity in that they were minors and did not have an "authorized agent" in the form of an attorney empowered to act on their behalf or other guardian ad litem. Allowing them an extension of time to file their claims now that they have authorized legal counsel or will in the near future would address that concern. Indeed, the "problems" associated with minors as creditors appears to be the precise reason that the Bankruptcy Rules afford minors this protection.

### d. Public Policy Considerations Weigh in Favor of Granting the Motion.

In reaching the conclusion that "the interests of justice" required the late filing of a claim in the <u>Davis</u> case, the Court pointed to numerous provisions relating to the establishment, maintenance, and nondischargeability of child and other support provisions. The Court noted that these provisions evidenced Congress' intent to give "extraordinary protections to children under the Bankruptcy Code." <u>Id.</u> at 129. The inclusion of an express provision to allow the late filing of claims by minors is consistent with that policy. Although strict application of limitations periods are warranted in many instances due to the need to ascertain claims and move forward with the administration of the case, here the Rules expressly provide for a deviation from that norm and the circumstances for allowing the application of that Rule are present here. In <u>In re Anderson-Walker</u>, 798 F.2d 1285, 1287 (9th Cir 1986), the Ninth Circuit Court of Appeals noted that: "Bankruptcy courts are courts of equity, and must assure 'that substance will not give way to form, [and] that technical considerations will not prevent substantial justice from being done." Id. (quoting Pepper v. Litton, 308 U.S. 295, 305, 84 L. Ed. 281, 60 S. Ct. 238 (1939) and In re International Horizons, Inc., 751 F.2d 1213, 1216 (11th Cir. 1985)). Under the circumstances presented here, the interests of both compliance with the Bankruptcy Rules and ensuring substantial justice will be served by, in conformance with Rule 3002(c)(2), allowing the late filed claims of Kearney Minors.

### 3. It Will Not Unduly Delay the Administration of the Case to Extend the Time to File the Minors' Proofs of Claims.

There can be no dispute that extending the time to file proofs of claim to the dates on which the claims were actually filed would not unduly delay the administration of the case. The Disclosure Statement filed by Debtor in September 2001 estimated that the total claims arising out of the Chromium Claims to be $160,000,000.00, a small fraction of their unsecured claims. Debtor was on clear notice of the existence of Chromium claims for many year prior to its Chapter 11 proceeding and, at the very latest, was on notice of the Kearney Minors Claims at the time of the filing of the Motion for Relief From Automatic Stay in December 2001.[6] This was well prior to the final approval of the Disclosure Statement and Plan of Reorganization. All but one of the Kearney Minors' claims were filed prior to, and were thus the subject of, the Objection filed by Debtor. This appears to be the first Objection to Late Filed Claims filed by Debtor. Therefore, this process was not and will not be delayed or impaired by the delay in filing the claims.[7]

In Davis, supra, the Bankruptcy Court found that an extension under Rule 3002(c) should be granted even though the claim was seven months late and the Debtor's Chapter 13 Plan had been confirmed. Moreover, the late filed claim, due to its amount and priority status, had the effect of reducing the payout to general unsecured creditors from 100% to 0%. Allowing the Kearney Minors' claims would have not nearly as drastic effect on the Debtor or Debtor's creditors. Debtor is actively litigating these claims and there should be no real impact on allowing these claims and having them litigated along side the other cases. As Debtor at the same time estimates these claims

---

[6] Indeed, the Kearney Complaint was filed in November 15, 2001 and on November 26, 2001, 11 days after the Kearney action was filed, the Debtor filed a Notice of Filing for Reorganization under Chapter 11 of the U.S. Bankruptcy Code in the Kearney state court action. Such a Complaint, if timely filed, could have been an informal proof of claim and allowed on that basis. In re Sambo's, 754 F.2d 811 (9th Cir. 1985). The Motion for Relief From Stay filed shortly thereafter would have a similar effect. In re Pizza of Hawaii, 761 F.2d 1374, 1381 (9th Cir. 1985).

[7] Further, the Debtor has asserted that the Kearney claims, and all Chromium Claims, lack merit and the Kearney claims can be resolved in the California State Court after relief from stay or in the District Court.

00189132.DOC 12

at $160 million and asserts that they are all meritless, allowing the claims as timely of the Kearney Minors should have no appreciable impact on the Debtor's case or Debtor's other creditors.

Based upon the foregoing, the circumstances presented here merit the application of Rule 3002(c)(2). As such, the Kearney Minors respectfully request that the Court allow as timely their late filed claims.

**B. THE KEARNEY MINORS INADVERTENTLY FAILED TO FILE THEIR PROOFS OF CLAIM PRIOR TO THE BAR DATE BECAUSE OF THE EXCUSABLE NEGLECT OF THE PARTIES AND STATE COURT COUNSEL AND EVENTS BEYOND THEIR OWN CONTROL.**

Rule 9006(b)(1) provides that the court may extend the time for taking action under Rule 3002(c) in Chapter 11 cases if the court finds that the late filing was caused by inadvertence, mistake, carelessness, or intervening circumstances beyond the claimant's control. Pioneer Investment Services, Co. v. Brunswick Asso. LLP, 507 U.S. 380, 389 (1992). This excusable neglect standard is not strictly limited to a late filed claim caused by circumstances beyond the control of the claimant but in some circumstances also applies to inadvertent delays, mistakes construing rules and ignorance of rules. Pioneer, 507 U.S. at 392.

It is clear that the late filing of the claims of the Kearney Minors was completely outside of their individual control. The oldest of the Kearney Minors turned eighteen only a few months ago and the youngest is six. Yet, the effect of the not allowing an extension would be borne by these children notwithstanding their lack of culpability.

Additionally, the facts and circumstances identified above regarding the mistaken belief as to the tolling of the statute of limitations and belief as to power to act on behalf of the Kearney Minors, even if ultimately proved wrong, constitutes excusable neglect, mistake, and inadvertence. That neglect, mistake, and inadvertence cannot and should not be attributable to the Kearney Minors. Whether viewed under the rubric of Rule 3002(c)(2) or Rule 9006(b), either rule supports its application here to alleviate the harsh result to the Kearney Minors that would obtain.

/ / /

/ / /

/ / /

## IV.

## CONCLUSION

Based upon the foregoing, the Kearney Claimants respectfully request that this Court grant their Motion to Extend and allow the late filed claims of the Kearney Minors. Alternatively, to the extent that the Court believes that there are factual disputes precluding a decision at the hearing, the Kearney Minors respectfully request that they be afforded an opportunity to try the factual disputes identified by the Court.

DATED: July 25, 2002

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP

By_____
T. Scott Belden, Bankruptcy Counsel
for the Kearney Minors