FILED
02 AUG 23 AM 9:15
U.S. BANKRUPTCY COURT
NORTHERN DIST. OF CA.
SAN FRANCISCO, CA.

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtor.<br><br>Federal I.D. No. 94-0742640 | Case No. 01-30923 DM<br><br>Chapter 11 Case<br><br>ORDER RE: DISCOVERY PROTOCOL AND SCHEDULING |

Case: 01-30923   Doc# 9762   ORDER RE: DISCOVERY PROTOCOL AND SCHEDULING  Filed: 08/23/02   Entered: 08/23/02 12:13:00   Page 1 of 9

9762

Pursuant to Title 11 of the United States Code, Section 105, and Rules 7026(b)(2) and 9014 of the Federal Rules of Bankruptcy Procedure ("FRBP"), the Court adopts the following Discovery Protocol in connection with confirmation proceedings concerning the Plan of Reorganization Under Chapter 11 of the Bankruptcy Code for Pacific Gas & Electric Company ("PG&E") (dated April 19, 2002) filed by PG&E and Corp. on March 7, 2002 (the "PG&E Plan"), and the California Public Utilities Commission's Plan of Reorganization Under Chapter 11 of the Bankruptcy Code for Pacific Gas and Electric Company filed by CPUC on April 15, 2002 (the "CPUC Plan"). For purposes herein, PG&E and co-proponent PG&E Corporation ("Corp.") are collectively referred to as the "PG&E Plan Proponents"[1] and each of PG&E, Corp. and the California Public Utilities Commission ("CPUC" or the "Commission") are each individually referred to as a "Proponent" and are collectively referred to as the "Proponents."

Discovery procedures set forth in the Federal Rules of Bankruptcy Procedure shall be available only to the Proponents, the Official Committee of Unsecured Creditors (the "Committee"), the United States Trustee ("UST") and to those persons or entities, other than the Proponents, who timely filed and served objections to confirmation of either or both the PG&E Plan or the CPUC Plan in compliance with this Court's May 20, 2002 Scheduling Order ("Objectors"). Objectors who object to the PG&E Plan are referred to herein as "PG&E Plan Objectors," and Objectors who object to the CPUC Plan are referred to herein as "CPUC Plan Objectors." The Proponents, the Committee, UST and the Objectors are collectively referred to herein as the "Parties." Any Party which is not a Proponent is referred to herein as a "Nonproponent."

**A.   DEPOSITION PROTOCOL**

The following protocol shall apply to depositions:

---

[1]   For purposes of this Discovery Protocol, the PG&E Plan Proponents shall be considered one Party.

-1-

ORDER RE: DISCOVERY PROTOCOL AND SCHEDULING
Case: 01-30923   Doc# 9762   Filed: 08/23/02   Entered: 08/23/02 12:30:00   Page 2 of 9

1. Counsel for the Committee, Milbank, Tweed, Hadley & McCloy, LLP ("Committee Counsel") shall be responsible for coordinating the scheduling of all percipient and expert depositions and the Parties shall follow the Discovery Scheduling Procedure set forth in Exhibit A hereto in addition to the provisions of this Order.

2. Each Party shall notify Committee Counsel and the other Proponents of the date, time and location the witnesses it intends to call at trial will be available for deposition in accordance with the schedule set forth in Sections B & C below.

3. Except in circumstances where a deposition is sought by a Nonproponent and not also by a Proponent or unless otherwise agreed by the Proponent that is not affiliated with the deponent, the examination of each non-expert deponent shall begin with one seven-hour day of questioning by that Proponent (for purposes of this Protocol, time taken for a lunch break during a deposition is not counted against the seven-hour period, however time taken for other reasonable breaks during a deposition is counted against the seven-hour period). If a deposition of a non-expert deponent is sought by a Nonproponent and not also by a Proponent, the examination of such non-expert deponent shall begin with questioning by the Non-Proponent seeking the deposition. Only Parties and their agents, or anticipated expert witnesses and their agents, may attend depositions, and Parties shall participate in such depositions only in accordance with the Discovery Scheduling Procedure set forth in Exhibit A hereto.

4. Normally, the Court expects that non-expert depositions will conclude within two seven-hour days per witness, provided, however, that further time is permitted when necessary.

5. All Parties should attempt to coordinate their questioning of deponents, and should avoid using multiple examiners to cover similar subject matter.

## B. DISCLOSURE OF NON-EXPERT WITNESSES

1. No later than August 15, 2002, Proponents shall file and serve on all other Parties a disclosure identifying the name, title and business address of each non-expert witness the Party intends to call at trial. On or before September 16, 2002, a Proponent may

file and serve a supplemental designation of non-expert witnesses whom the Proponent in good faith determined after August 15, 2002 that it intends to call at trial. For each witness identified by a Proponent, the Proponent's disclosure shall also include a brief summary of the subject matter of such witness' expected testimony. No later than August 22, 2002, Proponents shall provide information concerning the availability for deposition of those non-expert witnesses identified on August 15, 2002. Availability for deposition of Proponents' non-expert witnesses identified thereafter shall be provided at the same time they are identified.

2. No later than September 16, 2002, Nonproponents shall file and serve on all other Parties a disclosure identifying the name, title and business address of each non-expert witness the Party intends to call at trial. On or before October 28, 2002, a Nonproponent may file and serve a supplemental designation of non-expert witnesses whom the Nonproponent in good faith determined after September 16, 2002 that it intends to call at trial. For each witness identified by a Nonproponent, the Nonproponent's disclosure shall also include a brief summary of the subject matter of such witness' expected testimony. No later than September 23, 2002, Nonproponents shall provide information concerning the availability for deposition of those non-expert witnesses identified on September 16, 2002. Availability for deposition of Nonproponents' non-expert witnesses identified thereafter shall be provided at the same time they are identified.

C. **EXPERT WITNESS DISCLOSURES**

The following expert witness disclosures shall be made in addition to the service and filing of written direct testimony of expert witnesses, which shall be scheduled at a later date:

1. The CPUC and any other Party intending to offer direct expert testimony in support of the CPUC Plan at the confirmation hearing shall serve the disclosures required under FRBP 7026(a)(2)(A) & (B) with respect to such experts, together with a statement indicating the date, time and location such expert will be available for deposition, on all other Parties no later than September 20, 2002.

2. The PG&E Plan Proponents and any other Party intending to offer expert testimony to rebut or contradict the testimony of an expert disclosed pursuant to Section C.1 above or otherwise in opposition to confirmation of the CPUC's Plan shall serve the disclosures required under FRBP 7026(a)(2)(A) & (B) with respect to such experts, together with a statement indicating the date, time and location such expert will be available for deposition, on all other Parties no later than October 4, 2002.

3. The CPUC shall serve the disclosures required under FRBP 7026(a)(2)(A) & (B) with respect to the testimony of any expert witness it intends to offer solely to rebut or contradict the testimony of a non-rebuttal expert disclosed pursuant to Section C.2 above, together with a statement indicating the date, time and location such expert will be available for deposition, on all other Parties no later than October 14, 2002.

4. The PG&E Plan Proponents and any other Party intending to offer direct expert testimony in support of the PG&E Plan at the confirmation hearing shall serve the disclosures required under FRBP 7026(a)(2)(A) & (B) with respect to such experts, together with a statement indicating the date, time and location such expert will be available for deposition, on all other Parties no later than October 18, 2002.

5. The CPUC and any other Party intending to offer expert testimony to rebut or contradict the testimony of an expert disclosed pursuant to Section C.4 above or otherwise in opposition to confirmation of the PG&E Plan shall serve the disclosures required under FRBP 7026(a)(2)(A) & (B) with respect to such experts, together with a statement indicating the date, time and location such expert will be available for deposition, on all other Parties no later than October 29, 2002.

6. The PG&E Plan Proponents shall serve the disclosures required under FRBP 7026(a)(2)(A) & (B) with respect to the testimony of any expert witness they intend to offer solely to rebut or contradict the testimony of a non-rebuttal expert disclosed pursuant to Section C.5 above, together with a statement indicating the date, time and location such expert will be available for deposition, on all other Parties no later than November 8, 2002.

D.  OTHER DISCOVERY MECHANISMS

1.  <u>Demands for Inspection</u>.  A Party may propound demands for inspection of documents on any other Party; however, a Party may respond in writing to any duplicative demands for inspection by reference to previous responses and objections, and shall not be required to produce documents responsive to duplicative requests if the non-privileged responsive documents have previously been made available to the Parties in a data room or document repository.  Any Party may elect to produce documents by making them available for inspection and copying at a data room or document repository in San Francisco, California.

2.  <u>Subpoenas for Documents</u>.  Subject to the limitations on such discovery provided under the Federal Rules of Bankruptcy Procedure, any Party may subpoena documents from a person or entity that is not a Party.

3.  <u>Other Written Discovery</u>.

(a) The total number of requests for admission that may be propounded by a Party on any other Party shall not exceed 25.  Subparts to requests shall count against the limit of 25 requests.

(b) The total number of written interrogatories that may be propounded by a Party on any other Party shall not exceed 25.  Subparts to interrogatories shall count against the limit of 25 interrogatories.

4.  <u>Service of Written Discovery</u>.  Subject to any limitations set forth in an applicable protective order, all written discovery requests propounded by Parties as well as any written responses thereto shall be served on all Parties at the time such request or response is made.

5.  <u>Written Discovery Cut Off</u>.  No Party may propound written discovery after October 8, 2002.

E.  **SCOPE OF DISCOVERY**

Proponents, the Committee and the US Trustee may seek discovery regarding any matter, not privileged, that is relevant to the Court's consideration of the PG&E Plan or the

-5-

CPUC Plan. Each Objector may seek discovery relevant to any matter, not privileged, raised in its written objections to either the PG&E Plan or the CPUC Plan. This provision shall be liberally construed in favor of a broad scope of discovery.

F. **INTERIM PROTECTIVE ORDER**

The Proponents shall serve their proposed form(s) of protective order on all Parties on or before August 26, 2002 and the Court will hold a hearing regarding the entry of a protective order on September 4, 2002 at 1:30 p.m. Until such time as the Court enters a protective order governing the use and dissemination of information produced or furnished in discovery in the above-captioned action or September 26, 2002, whichever is earlier, all documents, written discovery responses, and deposition testimony produced or furnished in the above-captioned action in response to any deposition notice, subpoena or other discovery request related to plan confirmation proceedings and which has been labeled by a Party with the designation "Confidential — *In Re Pacific Gas and Electric Co.*, No. 01 30923 DM (Bankr. N.D. Cal.)" or otherwise designated "Confidential" by a Party (collectively, "Confidential Confirmation Discovery Information") shall be used by Parties receiving such Confidential Confirmation Discovery Information solely for the purpose of conducting litigation of the above-captioned action and for no other purpose whatsoever. No Party may disseminate Confidential Confirmation Discovery Information to any other person who is not also a Party, except that a Party may provide Confidential Confirmation Discovery Information to consultants, expert witnesses or other agents it has retained for purposes of the above-captioned litigation who have received a copy of this Protocol and executed a copy of Exhibit B hereto, which executed copy counsel of record for such Party shall retain.

G. **DISCOVERY DISPUTES**

If any dispute arises concerning discovery, the Parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be so resolved, the Party seeking to obtain the discovery may request the Court to schedule a telephonic conference concerning the dispute. A Party requesting such a conference should contact Virginia Belli, Judge Montali's Courtroom Deputy (415-268-2323), to obtain a date and

time. Any dispute arising between October 4 and October 18, 2002 will be handled by Chief Judge Edward Jellen. A Party requesting a telephonic conference during that time period should contact Raenna Abreu, Judge Jellen's Judicial Assistant (510-879-3525).

As soon as a telephonic conference is scheduled, the Party requesting the conference shall provide the Court (and Chief Judge Jellen at U.S. Bankruptcy Court, 1300 Clay Street — Second Floor, Oakland, CA 94612, during the dates indicated above) with a written summary of the dispute and a confirmation of the date and time of the telephonic conference, with copies served promptly on all other Parties by e-mail or facsimile. If a Party desires to transmit the letter to the Court via facsimile, the Party should request from the Courtroom Deputy or Judicial Assistant permission to fax the letter directly to chambers.

The Court will make telephonic conference arrangements with Court Conference Center and all Parties desiring to participate on the conference should follow the procedures for telephonic conferences as published on the Court's website at http://www.canb.uscourts.gov, click on Pacific Gas and Electric Company Chapter 11 Case, then Instructions for Telephonic Appearances.

### H. MODIFICATIONS OF DISCOVERY PROCEDURES

Any Party seeking relief from or modification to any provision of this Order shall try first to obtain agreement, which agreement if reached shall be binding without further order of the Court (except for changes to the hearing, status conference, and trial dates referenced herein), from the Parties who would be affected by such relief or modification. If an agreement cannot be reached in good faith on an informal basis, the Party seeking such relief or modification may bring the matter to the Court's attention by contacting the Courtroom Deputy by telephone or by writing a letter to the Court. Such requests for relief or modification shall be granted by the Court upon reasonable and appropriate notice and a showing of good cause.

### I. FURTHER STATUS CONFERENCE

The Court will convene a further status conference on Wednesday, September 25, 2002 at 9:30 a.m. to discuss procedures for the confirmation trial.

**J. TRIAL DATE**

The confirmation trial shall commence on Tuesday, November 12, 2002.

IT IS SO ORDERED.

Date: August 23, 2002

_____
DENNIS MONTALI

HONORABLE DENNIS MONTALI
UNITED STATES BANKRUPTCY JUDGE

-8-
ORDER RE: DISCOVERY PROTOCOL AND SCHEDULING