1  THOMAS J. ANTON, State Bar No. 060450
   ANTON & ASSOCIATES
2  1605 "G" Street
   Bakersfield, CA 93301
3  Telephone: (661) 327-7051
   Facsimile: (661) 327-4755
4

5  MICHAEL P. DOLAN, State Bar No. 142576
   Attorney at Law
6  1315 "L" Street
   Bakersfield, CA 93301
7  Telephone: (661) 631-2181
   Facsimile: (661) 631-1917

8  State Court Counsel for Kearney Minor Children

9  T. SCOTT BELDEN, State Bar No. 184387
   DAWN BITTLESTON, State Bar No. 198875
10 KLEIN, DeNATALE, GOLDNER,
     COOPER, ROSENLIEB & KIMBALL, LLP
11 4550 California Avenue, Second Floor
   Bakersfield, California 93309
12 P.O. Box 11172
   Bakersfield, California 93389-1172
13 Telephone: (661) 395-1000
   Facsimile: (661) 326-0418

15 Bankruptcy Counsel for Kearney Minor Children

**FILED**

AUG 23 2002

UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br>a California corporation,<br><br>Debtor,<br><br>Federal I.D. No. 94-0742640 | Bankruptcy Case No.<br>01-30923 SFM11-Chapter 11<br>[Assigned to: Judge Dennis Montali]<br><br>**REPLY TO DEBTOR'S OPPOSITION TO MOTION TO EXTEND TIME TO FILE PROOF OF CLAIM BY KEARNEY MINORS**<br><br>DATE: August 28, 2002<br>TIME: 9:30 a.m..<br>PLACE: 235 Pine Street, 22nd Floor<br>San Francisco, California |

/ / /

00192611.DOC                                    1

# I.

# INTRODUCTION

Pacific Gas & Electric's ("Debtor") untimely Opposition does not controvert that (1) the Kearney Minors are "infants" within the scope of Rule 3002, or (2) that the Motion need not have been filed prior to the Claims Bar Date in order to grant the relief requested by the Kearney Minors.[1] Moreover, Debtor does not controvert the California law principles set forth by the Kearney Minors limiting and defining the power of minors to enter into contracts of representation with attorneys or an attorney's ability to act on behalf of or bind a minor. Thus, it is undisputed that the Court has the power to grant the Motion and extend the time for filing the Kearney Minors' claims. For the reasons set forth herein and in the Motion, the Court should exercise its discretion and grant the Motion.

Much of Debtor's Opposition attempts to negate counsels' statements of the reasons why they did not file proofs of claims for the Kearney Minors prior to the Claims Bar Date, implying that there was a conscious decision to file claims for some minors and not file claims for others, including the Kearney Minors. Yet, the exhibits offered by Debtor make it clear that the only minor claims filed by the minors' state court attorneys (or the minors' parents) were those that were sent to them by Debtor. The Kearney Minors' state court attorneys ("State Court Counsel") were sent hundreds of proof of claim forms for the <u>Adams v. PG&E</u> and <u>Alderson PG&E</u> plaintiffs with directions that they be returned no later than September 5, 2001. They did so, returning each of the claims that were forwarded to them. Counsel would have had no reason to file claims for some plaintiffs and not for others. That assertion by Debtor simply does not make sense. Thus, the "record" is entirely consistent with the actions and explanations of counsel regarding their actions.

---

[1] The Court's Order stated that any Opposition by Debtor had to be served "so as to be received by August 16, 2002." Debtor served the Opposition **by mail** on August 16, 2002. Therefore, counsel for the Kearney Minors would not have received it by August 16, 2002 as ordered. Compounding matters, Debtor did not serve any of the Kearney Minors' attorneys, apparently using the wrong service list. Therefore, counsel for the Kearney Minors did not get the Opposition and the Declaration of Kirk Wilkinson until August 20, 2002, although, upon request of counsel for the Kearney Minors, the Opposition was sent via facsimile late on August 19, 2002.

00192611.DOC  2

Finally, the discussion relating to the ability of counsel and parents of the Kearney Children to file a claim on their behalf is a red herring and misses the point. The issue is not whether a proof of claim **could** have been filed, but whether the absence of such a filing because of circumstances completely beyond the control of the Kearney Minors should be imputed to them. Rule 3002 was designed to remediate the harsh effects of strict application of the Claims Bar Date and the interests of justice merit application of the Rule. Moreover, even if the Court believes that such conduct should be imputed, the failure to file the formal proofs of claim was the result of excusable neglect and relief should be granted under Rule 9006(b)(1). Finally, relief under this Rule is also warranted because the filing of the claims by these children was beyond their reasonable control.

## II.

## DISCUSSION

### A. The Actions of State Court Counsel are Entirely Consistent with the Record.

Debtor's extrapolates from the fact that proofs of claim were filed by counsel for some of the minors in <u>Adams</u> and <u>Alderson</u> that there was some scheme or conscious decision to file claims for some claimants, while omitting others and that State Court Counsel's explanations are inconsistent with the record. As an initial matter, there would have been no reason whatsoever for State Court Counsel or the minors' parents, with knowledge of the Claims Bar Date and the need for the Kearney Minor Children to file such claims, to consciously elect to forego filing some claims while at the same time filing others. That proffered explanation simply makes no sense.

The Exhibits offered by Debtor and the Supplemental Declaration of Thomas J. Anton make clear what has already been offered as the reasons that claims were not filed on behalf of the Kearney Minors and show the consistent thread. Specifically, each of the claims filed by the parents/guardians of the Kearney Minors and State Court Counsel on or around the Claims Bar Date were the preprinted forms forwarded to them by Debtor. Each of these forms stated "Due by September 5, 2001." State Court Counsel and parents processed the hundreds of forms that were sent to them and returned them by the date indicated. See, e.g., Exhibit "G" to the Declaration of Kirk Wilkinson.

/ / /

The claims submitted for the Kearney Minors, on the other hand, were copies of forms created by Tom Anton's office, with the name of each of the claimants individually typed onto the particular form. See Exhibit "B" to the Declaration of Kirk Wilkinson. These individuals were not listed on Debtor's Schedules of Assets and Liabilities and were not sent pre-printed forms. Therefore, a modified version of the form was presented to Debtor.

The timing of the filing of these claims is also entirely consistent with the explanation offered by State Court Counsel. Claims were filed before guardian ad litems were approved for two separate reasons. For those filed on or around the Claims Bar Date, those proof of claim forms were among those forward to counsel due to the fact that the claimant was listed on Debtor's Schedules of Assets and Liabilities. For those filed in or around April (Patrick Crooks), those claims were filed after (1) the Court stated that those who did not file proofs of claim would not be entitled to pursue claims against Debtor, and (2) it became clear that (a) the claims did not appear to be tolled as they were under state law, and (b) no legitimate argument could be made that informal proofs of claim had been filed before the claims bar date. See Declaration of Thomas J. Anton, para. 7. Once this was ascertained, claims were immediately filed. However, even prior to that date, Debtor was clearly on notice of the claims of the Kearney Minor Children through (1) the action that was filed in November 16, 2001, and (2) the Motions for Abstention and Relief From Automatic Stay.

The fact that the claims were filed in April 2002 prior to approval of many of the guardians ad litem does not reflect that counsel was aware **in September 2001** that they could or should file claims on behalf of the minors. Rather, it was a decision made after it was determined that proofs of claim needed to be immediately filed. Debtor can hardly criticize counsel for filing these claims when it was determined to be necessary even absent the approval of the guardian ad litem forms and at the same time claim that counsel waited too long to file them. Thus, the explanations offered by counsel are consistent with the record and these explanations provide a reasonable basis for counsel's failure to file proofs of claim on or before the Claims Bar Date.

**B.      The Standard Under Rule 3002 is Not the Same as That For Relief Under Rule 9006.**

Debtor's assertion that the Court should view the standard under Rule 3002 under the lens of Rule 9006 is wrong. (Opposition, at pages 11-12.) If that were the case, Rule 3002 would be

00192611.DOC                                4
Case: 01-30923    Doc# 9849    Filed: 08/23/02    Entered: 08/28/02 13:04:00    Page 4 of 9

mere surplusage.

Moreover, the language of Rule 9006 specifically refers to relief upon a showing of excusable neglect. The Kearney Minors have sought relief in part under Rule 9006 and that aspect of the Motion should be viewed under that standard. However, Rule 3002(c)(2) does not contain "excusable neglect" language. Instead, it provides that the Court may grant an extension where the interests of justice would be advanced and granting the extension would not unduly delay the administration of the case. Fed.R.Bankr.Proc. 3002(c)(2).

Nothing in the Debtor's opposition supports its claim that the interests of justice would not be best served by allowing the claims of the Kearney Minors to be heard on their merits along with the claims of the <u>Alderson</u> and <u>Adams</u> claimants. Debtor's repeated claims that the Kearney Minors' parents or state court attorneys could or should have filed proofs of claim do not address whether the interests of justice would be served by allowing their claims to be heard on their merits. The Bankruptcy Code and Rules have numerous protections designed to protect the interests of children, one of which is Rule 3002(c)(2). This Rule gives the Court express authority to extend the time to file claims for minors even absent a showing of excusable neglect.

It must be remembered that the Kearney Minors are children that were ages three to seventeen on the date of the Claims Bar Date. While Debtor notes that Rule 3002(c)(2) allows the "infants" themselves to file a proof of claim, clearly that was a physical impossibility for most and a practical impossibility for all of the Kearney Minors. Debtor cannot contend that three year old Veronica Nelson had the capacity and ability to file a proof of claim on her own. Moreover, even seventeen year old Ramon Barajas, Jr., cannot be reasonably expected to have filed a proof of claim on his own. To the contrary, it is clear that the filing or lack of filing a proof of claim was wholly out of the control of the Kearney Minors. These liabilities comprise an extremely small percentage of Debtor's overall debt and Debtor has expressed extreme confidence that Debtor will prevail on the merits of these claims. Clearly, the interests of justice weigh in favor of allowing the Kearney Minors the opportunity to prove their cases on the merits and against providing the Debtor with the benefit of a technical default of those claims. This is especially true when there is a Rule that gives the Court express authority to grant the relief under this narrow set of circumstances.

Moreover, Debtor has proffered no real claim that the administration of the case would be delayed, much less unduly delayed by deeming these claims timely filed. All of the <u>Adams</u> and <u>Alderson</u> claims were listed as disputed and contingent on Debtor's Schedules of Assets and Liabilities. Therefore, none of these claimants were allowed to vote on confirmation of Debtor's Chapter 11 Plan or the Plan submitted by the California Public Utilities Commission. Thus, deeming these claims timely by granting the Motion would have no delaying effect on the administration of the Debtor's Chapter 11 case. Therefore, the requirements of Rule 3002(c)(2) are met here and the Motion should be granted.

C. **Even if Notice of a Claims Bar Date to Parents or Counsel was Sufficient Notice to the Minors, Such Notice Does Not Weigh Against Granting the Motion.**

As noted in the Kearney Minor Claimants' opening papers, notice does not appear to be a significant consideration when determining whether to grant a motion under Rule 3002. The only case to discuss this Rule, <u>In re Davis</u>, 243 B.R. 127 (Bankr. M.D. Ala. 1999), did not weigh notice as a relevant consideration when it concluded that a late filed claim should be allowed under Rule 3002(c)(2). Instead, it focused on the fact that the claim was for the benefit of a minor and that the requirements of Rule 3002(c)(2) were otherwise met. The Court also noted the provisions placed in the Bankruptcy Code especially for the protection of interests of children.

Debtor cites the Seventh Circuit decision in <u>In re Chicago, Rock Island & Pacific Railroad Co.</u>, 788 F.2d 1280 (7th Cir. 1986) in support of the proposition that notice of the need to file a proof of claim provided to a parent is sufficient "constitutional notice" to bar a minor's later claim. However, the very next sentence in that opinion goes on to state:

> Furthermore, there is an escape hatch in the rule. The reorganization court has, as we shall see, the power to forgive a late claim, and this escape hatch, while not open here for reasons to be explained later, is sufficient in our view to quell any constitutional objection to the absence of a formal tolling provision. <u>Id.</u> at 1283.

Thus, the Court noted that the minor (Dyche) had an opportunity to file a motion to allow the late filed claim, but had not done that in the eight years his attorney was aware that his claim was time-barred:

/ / /

00192611.DOC 6

> No later than March 30, 1984, Dyche's lawyer knew that Dyche's claim had been time-barred since December 31, 1975, eight years earlier. It behooved him to ask for leave to file a late claim just as soon as possible. <u>This would not have been a futile gesture; one of the equitable powers of the reorganization court is to relieve a claimant from the consequences of having missed the deadline in filing the claim.</u> . . . Dyche has yet to ask for such leave. Id. at 1284.

Therefore, the Court in <u>In re Chicago, Rock Island</u> recognized that the Court's power to allow a late filed claim upon request alleviated the fact that a claims bar date may occur during the claimant's minority. As the claimant in that case did not file such a motion, his arguments were rejected.

This case is different because the Kearney Minors are asking for leave from the Court to allow a late file claim. They are, in the words of the <u>In re Chicago, Rock Island</u> Court, utilizing the "escape hatch" provided in Rule 3002(c)(2). The Court should allow them the use of this "escape hatch" to alleviate the harsh and potentially unconstitutional result of strict application of the claims bar date where their lack of filing proofs of claim was entirely beyond their individual control.

**D.     Relief Is Also Appropriate Under Rule 9006.**

   1.     <u>Counsel and the Parent's Conduct Reflects Excusable Neglect</u>.

The Supreme Court in <u>Pioneer Investments v. Bruinswick</u>, 507 U.S. 380, 123 L.Ed. 2d 74, 113 S.Ct. 1489 (1993) stated that relief under Rule 9006(b)(1) was permitted, were appropriate, to accept filings "caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." <u>Id.</u> at 388. The purpose of the requirement that the neglect be "excusable" is to deter parties from "freely ignoring court-ordered deadlines in the hopes of winning a permissive reprieve under Rule 9006(b)(1)." <u>Id.</u> at 395. Factors for consideration of this aspect of the rule are (1) prejudice to the debtor and impact on the proceedings, (2) length of the delay, (3) reasons for the delay, (4) whether the delay was in the reasonable control of the movant, and (5) whether the moving party acted in good faith. <u>Id.</u>

This is clearly not a matter where State Court Counsel or the parents of the Kearney Minor Children, with full knowledge a Claims Bar Date flouted the Rules or a Court Order. The fact that they returned the proofs of claim that were forwarded to them cannot be construed as a knowing decision to file some claims under the risk that others would be barred. Accrual, tolling, and representation matters involving minors and their claims in state court versus bankruptcy court are

by no means clear and, in fact are rather convoluted, especially for attorneys not versed in bankruptcy procedures. Neither State Court Counsel nor the parents received proofs of claim for these individuals, nor were these claims listed in Debtor's Schedules of Assets and Liabilities. Under state law the claims were undisputedly tolled, no lawsuits were pending, and the guardian ad litem forms had not been received and processed. Given these circumstances, the failure to file the claims must be considered as within the realm of excusable neglect, inadvertence or mistake.

Moreover, the delay was very short once it was determined that no argument could be made for informal proofs of claim prior to the Claims Bar Date and that only one of the Kearney Claimants had filed a formal proof of claim. Nonetheless, within about two months of the Claims Bar Date, pleadings that could serve as informal proofs of claim were filed with the Bankruptcy Court. Additionally, as discussed above, there will be no undue prejudice to Debtor and allowing these claim will not adversely impact the Debtor's Chapter 11 proceedings. Finally, the Kearney Minors and State Court Counsel have acted in good faith. Therefore, even if the Court elects to impute the action or inaction of State Court Counsel and the Kearney Minor parents to the children,[2] the Court should grant relief under Rule 9006(b)(1).

2.  Timely Filing of the Claims Was Entirely Beyond the Control of the Minors.

The Court must remember that the parties involved in this matter are the Kearney Minors, not their parents or state court counsel. It is their claims that would be foreclosed if the Court does not grant the Motion, not their parents' claims. Clearly, the failure to file formal proofs of claim was beyond the reasonable control of the Kearney Minors, irrespective of the conduct of their counsel or their parents. The law allows the Court to grant them relief under the circumstances presented and the Court should exercise that discretion. Certainly, the minors did not flout a Court Order and all of the other factors deemed relevant by <u>Pioneer</u> (prejudice to debtor, control, bad faith on the part of the minors) weigh in favor of such relief. Accordingly, the Court should grant the Motion on those grounds.

/ / /

---

[2] The Motion and authorities cited therein make it clear that imputation would be inappropriate. See Motion, at page 9-10.

# III.

## CONCLUSION

The interests of justice merit application of Rule 3002. Moreover, it would not delay the administration of Debtor's Chapter 11 case to allow the extensions requested in the Motion. Also, relief is warranted under Rule 9006(b)(1). Accordingly, the Court should grant the Motion and allow the claims of the Kearney Minors to be heard on their merits.

Dated: August 22, 2002

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP

By _____
T. Scott Belden, Bankruptcy Counsel
for Kearney Minors

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
POST OFFICE BOX 11172
BAKERSFIELD, CALIFORNIA 93389-1172