THOMAS J. ANTON, State Bar No. 060450
ANTON & ASSOCIATES
1605 "G" Street
Bakersfield, CA 93301
Telephone: (661) 327-7051
Facsimile: (661) 327-4755

MICHAEL P. DOLAN, State Bar No. 142576
Attorney at Law
1315 "L" Street
Bakersfield, CA 93301
Telephone: (661) 631-2181
Facsimile: (661) 631-1917

State Court Counsel for Kearney Minor Children

T. SCOTT BELDEN, State Bar No. 184387
DAWN BITTLESTON, State Bar No. 198875
KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 California Avenue, Second Floor
Bakersfield, California 93309
P.O. Box 11172
Bakersfield, California 93389-1172
Telephone: (661) 395-1000
Facsimile: (661) 326-0418

Bankruptcy Counsel for Kearney Minor Children

FILED
SEP - 4 2002
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
POST OFFICE BOX 11172
BAKERSFIELD, CALIFORNIA 93389-1172

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

In re

PACIFIC GAS AND ELECTRIC COMPANY, a California corporation,

Debtor,

Federal I.D. No. 94-0742640

Bankruptcy Case No. 01-30923 SFM11-Chapter 11
[Assigned to: Judge Dennis Montali]

**NOTICE OF ORDER GRANTING MOTION TO EXTEND TIME TO FILE PROOFS OF CLAIM BY KEARNEY MINORS**

DATE: August 28, 2002
TIME: 9:30 a.m..
PLACE: 235 Pine Street, 22nd Floor
San Francisco, California

NOTICE IS HEREBY GIVEN that the ORDER GRANTING MOTION TO EXTEND TIME TO FILE PROOFS OF CLAIM BY KEARNEY MINORS annexed hereto was

signed by the Honorable Dennis Montali, Judge of the United States Bankruptcy Court, on August 23, 2002 and filed by the Clerk's office on August 23, 2002.

Dated: August 28, 2002

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP

By ______________________________
T. Scott Belden, Bankruptcy Counsel
for Kearney Minors

KLEIN, DENATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
POST OFFICE BOX 11172
BAKERSFIELD, CALIFORNIA 93389-1172

Case: 01-30923 Doc# 10032 Filed: 09/04/02 Entered: 09/06/02 14:20:00 Page 2 of 8

FILED

02 AUG 23 PM 3:52

U.S. BANKRUPTCY COURT
NORTHERN DIST. OF CA.
SAN FRANCISCO, CA.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re<br><br>PACIFIC GAS AND ELECTRIC COMPANY, a California corporation,<br><br>Debtor. | Bankruptcy Case No. 01-30923DM<br><br>Chapter 11 |
|---|---|

ORDER GRANTING MOTION TO EXTEND TIME TO FILE PROOFS OF CLAIM BY KEARNEY MINORS

The court has considered the Motion To Extend Time To File Proofs Of Claim By Kearney Minors[1] ("Motion") and the Opposition thereto filed by Pacific Gas and Electric Company ("Debtor"). No purpose would be served by awaiting a reply from counsel for the Kearney Minors, nor hearing oral argument on the Motion. The issues are fully developed in the Motion and Opposition and the court would prefer to dispose of the matter expeditiously. The Motion is dropped from the court's August 28, 2002 calendar.

Debtor argues that the Kearney Minors could have filed proofs

---

[1] Joseph J. Barajas, Ramon G. Barajas, Jr., Brenda L. Bays, William Bays, Ryan P. Becerra, Jeffrey Bednarz, Jr., Tammy D. Brock, Joshua T. Cleary, Sarah Cleary, Ken-Beau Crafts, Justine Crigler, Kaycee Crooks, Patrick Crooks, Jillian R. Mahoney, Kolton Munger, Kory Munger, Kyle Munger, Veronica Nelson, Davoughna Thompson, Adam Turner, Grace Turner, Jamie Turner, and Sarah A. Turner.

of claim without having guardians appointed for them and that counsel for the Kearney Minors filed proofs of claim on behalf of other adults and minors. Debtor further correctly notes that the parents of some or all of the Kearney Minors, as well as their counsel, had knowledge of the claims bar date in the Chapter 11 case. Notwithstanding the foregoing facts and contentions, this court must follow Fed. R. Bankr. P. 3002(c)(2) ("Rule 3002(c)(2)"), incorporated for Chapter 11 cases by Fed. R. Bankr. P. 3003(c)(3), which gives the court the discretion to extend the time for filing claims by the Kearney Minors as "infants" if to do so would be "[i]n the interest of justice and ... will not unduly delay the administration of the case...."

For the court to permit twenty-three children to join hundreds of other children and adults in pending litigation[2] against a solvent debtor who is determined to defeat their claims would plainly be in the interest of justice; to deny them the right to do so would be an injustice and render the exception to the deadline for filing claims a somewhat meaningless remedy.

The only consideration that would cut against an "interest of justice" rationale for granting the Motion would be whether extending the time to file proofs of claim by the Kearney Minors would unduly delay the administration of this Chapter 11 case. Debtor erroneously argues (without supporting evidence) that

---

[2] By granting the Motion the court expects that the Kearney Minors will seek relief from stay as other similar claimants have successfully done so earlier in this case. The court is not granting such relief at this time since it has not been requested; before counsel for the Kearney Minors goes to the expense and effort of requesting such relief from stay, such counsel should confer with counsel for Debtor to see if an appropriate stipulation can be reached.

allowing the late claims would prejudice Debtor "... by the unnecessary months of delay and the additional time and costs imposed to defend these late cases." Opposition 12:14-16. But the reference to "cases" in the Opposition refers to the underlying litigation; the reference to "case" in Rule 3002(c)(2) pertains to the Chapter 11 case. Since the chromium claims will pass through under both proposed plans of reorganization for Debtor, there is absolutely no negative impact on the administration of this Chapter 11 case.

Finally, the court finds it unnecessary to consider "excusable neglect" notwithstanding Debtor's suggestion that those standards, including accountability for errors of legal counsel, should be considered because only one bankruptcy court has published a decision construing the "interest of justice" provisions of Rule 3002(c)(2). Before the first case was reported there were no cases dealing with the "interest of justice" and that court did not revert to "excusable neglect." Nor will this court, as the factors relevant to such inquiry appear to have no applicability to considerations for extending time for minors to file late claims.

The Motion is GRANTED, and the time for the Kearney Minors to file their proofs of claim is extended, nunc pro tunc, to the dates on which their claims were actually filed.

Dated: August 23, 2002

Dennis Montali
United States Bankruptcy Judge

I, the undersigned, a regularly appointed and qualified clerk in the office of the Bankruptcy Judge of the United States Bankruptcy Court for the Northern District of California, at San Francisco, hereby certify:

That I, in the performance of my duties as such clerk, served a copy of the foregoing document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's Office, or by facsimile to the facsimile numbers listed below, at San Francisco, California, on the date shown below.

Dated: August 23, 2002

Dorothy A. Timo
Dorothy A. Timo

Ernest J. Getto, Esq. (fax-213-891-8763)
Latham & Watkins
633 West Fifth St., Ste. 4000
Los Angeles, CA 90071-2007

Gary M. Kaplan, Esq. (fax-415-217-5910)
Howard, Rice, Nemerovski, Canady, Falk & Rabkin
Three Embarcadero Ctr., 7th Fl.
San Francisco, CA 94111-4024

Thomas J. Anton, Esq. (fax-661-327-4755)
Anton & Associates
1605 "G" St.
Bakersfield, CA 93301

Michael P. Dolan, Esq. (fax-661-631-1917)
1315 "L" St.
Bakersfield, CA 93301

T. Scott Belden, Esq. (fax-661-326-0418)
Klein, DeNatale, Goldner, Cooper, Rosenlief & Kimball, LLP
4550 California Ave., 2nd Fl.
Bakersfield, CA 93309

Robert Jay Moore, Esq. (fax-213-629-5063)
Milbank, Tweed, Hadley & McCloy
601 S. Figueroa St., 30th Fl.
Los Angeles, CA 90017-5735

Stephen L. Johnson, Esq. (fax-415-705-3379)
Office of the United States Trustee
250 Montgomery St., Ste. 1000
San Francisco, CA 94104

KLEIN, DENATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
POST OFFICE BOX 11172
BAKERSFIELD, CALIFORNIA 93389-1172

**PROOF OF SERVICE**

I am employed in the county of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 4550 California Avenue, Bakersfield, California 93309.

On **August 29, 2002**, I served the foregoing document described as follows:

**NOTICE OF ORDER GRANTING MOTION TO EXTEND TIME TO FILE PROOFS OF CLAIM BY KEARNEY MINORS**

[X] by placing the true copies thereof addressed as follows:

[ ] by placing the original addressed as follows:

**SEE ATTACHED LIST**

[X] **BY MAIL** I enclosed such document in sealed envelope(s) with the name(s) and address(s) of the person(s) served as shown on the envelope(s) and caused such envelope(s) to be deposited in the mail at Bakersfield, California. The envelope(s) was/were mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY FACSIMILE** I placed such document in a facsimile machine (pursuant to *California Rules of Court,* Rule 2003(3)) on ______________, with the fax number of (661)326-0418. Upon facsimile transmission of the document, I obtained a report from the transmitting facsimile machine stating that the facsimile transmission was complete and without error. A copy of the transmission report is attached to this Proof of Service pursuant to *California Rules of Court,* Rule 2008(e).

[ ] **BY OVERNIGHT SERVICE**

[ ] **BY PERSONAL SERVICE** I caused such envelope(s) to be delivered by hand to the offices of the addressee(s).

Executed on **August 29, 2002**, at Bakersfield, California.

[ ] (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X] (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Rozemma Rucker ______________________ Rozemma Rucker

Type or Print Name ______________________ Signature

Case: 01-30923 Doc# 10032 Filed: 09/04/02 Entered: 09/06/02 14:20:00 Page 7 of 8

GARY M. KAPLAN, ESQ.
JAMES L. LOPES, ESQ.
HOWARD, RICE, NEMEROVSKI, ET AL.
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4065

ERNEST J. GETTO, ESQ.
KIRK A. WILKINSON, ESQ.
LATHAM & WATKINS
633 WEST FIFTH STREET, SUITE 4000
LOS ANGELES, CA 90071-2007

LINDA STANLEY
STEPHEN JOHNSON
UNITED STATES TRUSTEES OFFICE
250 MONTGOMERY STREET, SUITE 1000
SAN FRANCISCO, CA 94104-3333

PAUL S. ARONZON, ESQ.
ROBERT JAY MOORE, ESQ.
(ATTYS FOR OFFICIAL CREDITORS COMMITTEE)
MILBANK, TWEED, HADLEY & McCLOY
601 FIGUEROA STREET, 30TH FLOOR
LOS ANGELES, CA 90017-5735

EVAN C. HOLLANDER, ESQ.
WHITE & CASE LLP
1155 AVENUE OF THE AMERICAS
NEW YORK, NY 10036

STEVEN L. CRANE, ESQ.
MICHELIZZI, SCHWABACHER,
 WARD & BIANCHI
767 WEST LANCASTER BLVD.
LANCASTER, CA 93534-3135

TODD DUNCAN
BNY WESTERN TRUST
700 SOUTH FLOWER STREET, 5TH FLOOR
LOS ANGELES, CA 90017