PAUL S. ARONZON, SBN 88781
ROBERT JAY MOORE, SBN 77498
MICHAEL I. SOROCHINSKY, SBN 166708
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone: (213) 892-4000
Facsimile: (213) 629-5063

**Attorneys for Official Committee of Unsecured Creditors**

GARY M. COHEN, SBN 117215
AROCLES AGUILAR, SBN 94753
MICHAEL M. EDSON, SBN 177858
CALIFORNIA PUBLIC UTILITIES COMMISSION
505 Van Ness Avenue
San Francisco, California 94102
Telephone: (415) 703-2015
Facsimile: (415) 703-2262

ALAN W. KORNBERG
BRIAN S. HERMANN
PAUL, WEISS, RIFKIND, WHARTON & GARRISON
1285 Avenue of the Americas
New York, New York 10019
Telephone: 212-373-3000
Facsimile: 212-757-3990

**Attorneys for California Public Utilities Commission**

FILED NOV - 7 2002
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br>  a California corporation,<br><br>　　　　　　　　　Debtor.<br><br>Federal I.D. No. 94-0742640 | Case No. 01-30923 DM<br><br>Chapter 11 Case<br><br>Date: [To Be Set]<br>Time: [To Be Set]<br>Place: 235 Pine Street, 22nd Floor,<br>　　　　San Francisco, California |

**JOINT MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND THE CALIFORNIA PUBLIC UTILITIES COMMISSION FOR AN ORDER APPROVING (1) PROCEDURES FOR RESOLICITATION OF PREFERENCES CONCERNING COMPETING PLANS OF REORGANIZATION FOR THE DEBTOR, (2) SUPPLEMENTAL DISCLOSURES IN CONNECTION THEREWITH, AND (3) PROPOSED FORM OF BALLOT**

LA1:#6245975v17

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ...........................................................3
I.   INTRODUCTION ..................................................................................................3
II.  BACKGROUND ....................................................................................................3
III. PROPOSED PROCEDURES FOR RESOLICITATION OF PREFERENCE
     VOTES....................................................................................................................4
IV.  CONCLUSION.......................................................................................................6

LA1:#6245975v17

# NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that, on such date and at such time as the Court may set pursuant to an order shortening time, in the Courtroom of the Honorable Dennis Montali, located at 235 Pine Street, 22nd Floor, San Francisco, California, the Official Committee of Unsecured Creditors appointed in this case (the "Committee") and the California Public Utilities Commission (the "Commission," and together with the Committee, collectively, the "Movants") will and hereby do jointly move the Court (the "Motion") for entry of an order approving (1) procedures for resolicitation of preferences concerning competing plans of reorganization filed by Pacific Gas and Electric Company and its parent PG&E Corp. ("PG&E Plan") and the second amended joint plan of reorganization filed by the Commission and the Committee on November 7, 2002 ("Second Amended Plan")(collectively, the "Plans"); (2) supplemental disclosures in connection therewith, a copy of which is attached hereto as Exhibit "A"; and (3) proposed form of ballot, a copy of which is attached hereto as Exhibit "B".

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, sections 1129(c) and 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), the record in this bankruptcy case (the "Case") and any evidence presented at or before the hearing on this Motion.

LA1:#6245975v17

PLEASE TAKE FURTHER NOTICE that any written opposition to the Motion and the relief requested herein must be filed with the Court and served upon the appropriate parties (including Movants' respective counsel and the Office of the United States Trustee) no later than specified in the Court's order shortening time. If there is no timely objection to the requested relief, the Court may enter an order granting such relief without further hearing.[1]

DATED: November 6, 2002

Respectfully submitted,

PAUL S. ARONZON
ROBERT JAY MOORE
MICHAEL I. SOROCHINSKY
MILBANK, TWEED, HADLEY & McCLOY LLP

By: _____

**Attorneys for the Official Committee of Unsecured Creditors**

GARY M. COHEN
AROCLES AGUILAR
MICHAEL M. EDSON
CALIFORNIA PUBLIC UTILITIES COMMISSION

By: _____ (pro)

-and-

ALAN W. KORNBERG
BRIAN S. HERMANN
PAUL, WEISS, RIFKIND, WHARTON & GARRISON

**Attorneys for the California Public Utilities Commission**

---

[1] This Motion and Supporting Memorandum of Points and Authorities have been filed in furtherance of the Second Amended Plan. By filing this Motion, the Commission does not waive any objections or defenses that it or any other agency, unit, or entity of the State of California may have to this Court's jurisdiction over the Commission or such other agency, unit or entity based upon the Eleventh Amendment or related principles of sovereign immunity or otherwise, all of which are hereby reserved.

LA1:#6245975v17

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to the Court's Order Denying, in Part, the Joint Motion of the California Public Utilities Commission and the Official Committee of Unsecured Creditors for an Order (1) Authorizing the Resolicitation of Votes and Preferences for Movants' Amended Plan of Reorganization for the Debtor, (2) Approving Movants' Supplemental Disclosure in Connection Therewith, (3) Approving Movants' Proposed Form of Ballot, and (4) Authorizing Inclusion of the Official Committee Of Unsecured Creditors' Revised Report And Recommendation in the Solicitation Package ("Order") dated October 21, 2002 in connection with the Joint Motion of the California Public Utilities Commission and the Official Committee of Unsecured Creditors for an Order (1) Authorizing the Resolicitation of Votes and Preferences for Movants' Amended Plan of Reorganization for the Debtor, (2) Approving Movants' Supplemental Disclosure in Connection Therewith, (3) Approving Movants' Proposed Form of Ballot, and (4) Authorizing Inclusion of the Official Committee of Unsecured Creditors' Revised Report and Recommendation in the Solicitation Package (the "Original Resolicitation Motion"), Movants bring this Motion for an order approving procedures for resolicitation of preference votes of <u>all</u> creditors in connection with the competing plans, regardless of how such creditors voted on the competing plans.[2]

## II. BACKGROUND

By Order dated July 9, 2002, this Court terminated PG&E's exclusive right to file a plan of reorganization to allow the Committee to file an alternative plan of reorganization. Since then, the Committee and the Commission have engaged in extensive discussions to improve the

---

[2] At the end of the September 20, 2002 hearing, after the Court concluded that it would allow resolicitation of preference votes consistent with its exchange on the record with Committee's counsel, counsel for PG&E made the rather absurd argument that only creditors who voted in favor of both competing plans should be allowed to recast preference votes. Clearly, given the lopsided voting results in this Case, such a limited resolicitation would render completely meaningless any resolicitation of votes. Only full resolicitation of all creditors with respect to the competing plans would yield meaningful information for the Court to determine creditor preference.

LA1:#6245975v17

original plan of reorganization filed by the Commission (the "Commission Plan") to make it mutually acceptable to each without disrupting the plan confirmation process already in place. The modifications to the Commission Plan agreed to by Movants are the product of those discussions and form the basis for the Second Amended Plan.

The substance of the Commission Plan modifications are described in the Original Resolicitation Motion and will not be repeated herein. Suffice it to say that the Movants believe, and this Court has agreed, that the modifications are significant and warrant a resolicitation of creditor and interest holder preferences.

The Movants suggest the following procedures to implement the preference resolicitation:

### III. PROPOSED PROCEDURES FOR RESOLICITATION OF PREFERENCE VOTES

The Court should order resolicitation of <u>all</u> creditor and interest holder preferences regardless of how such creditors voted on the Plans. First, the Amended Plan is materially different from the original Commission Plan. Accordingly, creditors should be given an opportunity to express their preference in light of the current Second Amended Plan that, in the Committee's opinion, significantly enhances the likelihood of payment in full of all allowed claims without undue delay. Second, the Second Amended Plan changes the treatment of claims. Certain claims that were previously impaired are no longer impaired and vice-versa (e.g. Classes 3 and 14). Third, the adversary proceeding brought by the Commission against PG&E and PG&E Corp. for improper solicitation of PG&E Plan votes is still pending and will likely proceed both as an adversary proceeding and as part of the Commission's objections to the PG&E Plan. A new resolicitation of preferences will help neutralize any harm resulting from PG&E's alleged improper solicitation of votes. Accordingly, to have a meaningful resolicitation of the preference vote, all creditors should be allowed to vote.

PG&E will undoubtedly argue, as it did at the hearing on the Original Resolicitation Motion, that any preference resolicitation should be limited to those creditors and interest holders who voted to accept both competing Plans. PG&E's anticipated position is legally unsupportable

LA1:#6245975v17

and, if accepted, would render any preference resolicitation meaningless. Nothing in the Bankruptcy Code or the case law requires that a creditor vote to accept both competing plans as a prerequisite to such creditor's ability to express a preference for one plan. Indeed, given the lopsided voting results to date, imposing any such requirement here would disable this Court from gleaning the true creditor preference and render any preference resolicitation a mere exercise in futility. Accordingly, Movants submit that a resolicitation of all creditors who voted previously is required.

In connection with resolicitation of preference votes, Movants request this Court's approval of their supplemental disclosures and proposed form of ballot. The supplemental disclosures include: (1) financial models prepared by UBS Warburg LLC ("UBS Warburg"), the underwriter hired by the Committee to issue securities under the Amended Plan; (2) UBS Warburg's presentation made to the rating agencies; (3) the Committee's analysis of the Second Amended Plan; and (4) a summary of significant events since the approval of the Commission's original disclosure statement. This additional information will greatly facilitate creditors' analysis and understanding of the Plans and provides them with information critical to the decision concerning which Plan they should prefer.

The proposed form of ballot for which Movants seek approval is a simple ballot which would be distributed to all creditors enabling creditors to choose a preference for one of the two competing Plans. All creditors will have an option to vote to prefer the Second Amended Plan, or the PG&E Plan, or neither of the two Plans. This new preference vote will supersede the previous preference vote and only the results of this preference vote should be considered by the Court.

The Court should also order that the voting agent disseminate, at the expense of the estate, these materials to all creditors within ten (10) days after entry of the order on this Motion. Creditors should then have thirty (30) days to complete and return their preference ballots to the voting agent. The voting agent should then have fifteen (15) days to tabulate the votes and prepare a tabulation report. The report should be distributed to PG&E, the Commission and the OCC and kept confidential until the Court rules on the confirmability of both Plans.

LA1:#6245975v17

## IV. CONCLUSION

WHEREFORE, Movants respectfully request that this Court enter an order, pursuant to sections 105(a) and 1129(c) approving: (1) procedures for resolicitation of preferences concerning the Plans; (2) Movants' supplemental disclosures; (3) Movants' proposed form of ballot; and (4) granting such other and further relief as this Court deems just and proper.

DATED: November 7, 2002

Respectfully submitted,

PAUL S. ARONZON
ROBERT JAY MOORE
MILBANK, TWEED, HADLEY & McCLOY LLP

By: _____

**Attorneys for the Official Committee of Unsecured Creditors**

GARY M. COHEN
AROCLES AGUILAR
MICHAEL M. EDSON
CALIFORNIA PUBLIC UTILITIES COMMISSION

By: _____ (RFA)

-and-

ALAN W. KORNBERG
BRIAN S. HERMANN
PAUL, WEISS, RIFKIND, WHARTON & GARRISON

**Attorneys for the California Public Utilities Commission**

LA1:#6245975v17