PAUL S. ARONZON, SBN 88781
ROBERT JAY MOORE, SBN 77498
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone: (213) 892-4000
Facsimile: (213) 629-5063

**Attorneys for Official Committee of Unsecured Creditors**

GARY M. COHEN, SBN 117215
AROCLES AGUILAR, SBN 94753
MICHAEL M. EDSON, SBN 177858
CALIFORNIA PUBLIC UTILITIES COMMISSION
505 Van Ness Avenue
San Francisco, California 94102
Telephone: (415) 703-2015
Facsimile: (415) 703-2262

ALAN W. KORNBERG
BRIAN S. HERMANN
PAUL, WEISS, RIFKIND, WHARTON & GARRISON
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

**Attorneys for California Public Utilities Commission**

FILED
NOV - 7 2002
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br>a California corporation,<br><br>Debtor.<br><br>Federal I.D. No. 94-0742640 | Case No. 01-30923 DM<br><br>Chapter 11 Case<br><br><br>Date: [To Be Set]<br>Time: [To Be Set]<br>Place: 235 Pine Street, 22nd Floor,<br>San Francisco, California |

<u>EX PARTE</u> APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON
AND AUTHORIZING LIMITED NOTICE OF JOINT MOTION OF THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS AND THE CALIFORNIA PUBLIC
UTILITIES COMMISSION FOR AN ORDER APPROVING (1) PROCEDURES FOR
RESOLICITATION OF PREFERENCES CONCERNING COMPETING PLANS OF
REORGANIZATION FOR THE DEBTOR, (2) SUPPLEMENTAL DISCLOSURES IN
CONNECTION THEREWITH, AND (3) PROPOSED FORM OF BALLOT

[Declaration of Paul S. Aronzon in Support of <u>Ex Parte</u> Application and Notice of Motion
and Motion filed concurrently herewith]

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Official Committee of Unsecured Creditors (the "Committee") and the California Public Utilities Commission (the "Commission," and together with the Committee, "Movants") in the Pacific Gas and Electric Company ("PG&E") chapter 11 case (the "Case") move this Court, on an ex parte basis (the "Application"), for an order shortening time for hearing on and authorizing limited notice of Joint Motion of the Official Committee of Unsecured Creditors and the California Public Utilities Commission for an Order Approving (1) Procedures for Resolicitation of Preferences Concerning Competing Plans of Reorganization for the Debtor, (2) Supplemental Disclosures in Connection Therewith, and (3) Proposed Form of Ballot (the "Motion").

In order to allow sufficient time to complete the resolicitation requested in the Motion without the potential for delaying of the Court's previously established plan confirmation schedule, Movants suggest that the Court set a hearing on the Motion on shortened notice at the time of other scheduled proceedings before the Court on either November 15, 2002 at 1:30 p.m., or November 18, 2002 at 1:30 p.m. Movants, with the agreement of PG&E, suggest that the Court hold a hearing on this Application on November 8, 2002 at 1:30 p.m.

It is necessary to hear the Motion on shortened time due to the upcoming plan confirmation proceedings before the Court. Completion of the resolicitation of preferences as requested by the Motion must be accomplished as soon as possible in order to ensure that the preferences of creditors are known before plan confirmation proceedings are completed. Moreover, there is no conceivable prejudice associated with shortened notice on the Motion in that all the issues associated with resolicitation of preferences were fully briefed and argued in connection with the Joint Motion Of The California Public Utilities Commission And The Official Committee Of Unsecured Creditors For An Order (1) Authorizing The Resolicitation Of Votes And Preferences For Movants' Amended Plan Of Reorganization For the Debtor, (2) Approving Movants' Supplemental Disclosure In Connection Therewith, (3) Approving

Movants' Proposed Form Of Ballot, And (4) Authorizing Inclusion Of The Official Committee Of Unsecured Creditors' Revised Report And Recommendation In The Solicitation Package (the "Original Resolicitation Motion"). This Motion is a simple one, seeking to establish procedures for the resolicitation.

Movants also seek an order of the Court authorizing limited notice of the Motion by service upon only: (1) the Debtor; (2) PG&E Corporation; (3) the Office of the United States Trustee; and (4) those parties who have filed objections to the Plan of Reorganization filed by the California Public Utilities Commission with respect to PG&E, dated May 17, 2002 (the "Original Commission Plan") or the joint plan of reorganization filed by the Commission and the Committee (the "Amended Plan").

## II. GOOD CAUSE EXISTS FOR ENTERING AN ORDER SHORTENING TIME

Rule 9006-1 of the Bankruptcy Local Rules for the Northern District of California authorizes a party to seek an order shortening time for good cause. Here, good cause exists for shortening the time for a hearing on the Motion.

Movants are requesting shortened time for hearing on the Motion to allow adequate time for the resolicitation of preferences without potentially delaying the plan confirmation process. Pursuant to the procedures suggested in the Motion, preparation of the resolicitation materials for distribution to creditors will require at least ten (10) days, voting will require at least thirty (30) additional days, and tabulation of votes at least another fifteen (15) days. Based on this schedule, and assuming that the Court would enter an order on the Motion on November 15, 2002, the results of the resolicitation would not be known until at least January 10, 2003. Without shortened notice on the Motion, these results would be delayed even further, potentially causing delay to the confirmation proceedings.

Moreover, regular notice is unnecessary as the issues associated with resolicitation of votes and preferences were fully briefed by PG&E as well as Movants, and were extensively argued before the Court at the hearing on the Original Resoliciation Motion. Accordingly, there is no prejudice to PG&E resulting from shortened notice on the Motion.

There have been no previous time modification requests related to the Motion. On November 6, 2002, counsel for the Committee left a voice mail message for Patricia Cutler of the Office of the United States Trustee, notifying her that Movants would be filing the Motion, would file this Application to have the Motion heard on shortened notice on either November 15, 2002 or November 18, 2002, and would request that the Court set a hearing on this Application on November 8, 2002 at 1:30 p.m. On November 5, 2002, counsel for the Committee spoke with James Lopes, counsel for PG&E, and notified him that Movants would be filing the Motion, and would seek to have the Motion heard on shortened time. Counsel for the Committee asked Mr. Lopes to consent to shortened notice to permit the Court to hold a hearing on the Motion on November 15, 2002. Mr. Lopes stated that he would object to the Application, and that PG&E would need fourteen (14) days to respond to the Motion. Mr. Lopes agreed to a hearing on this Application at the time of previously scheduled proceedings before the Court on November 8, 2002 at 1:30 p.m.[1]

### III. SUMMARY OF RELIEF SOUGHT IN THE MOTION

In the Motion, Movants request that the Court establish procedures for resolicitation of the preference vote. Because the Second Amended Plan of Reorganization filed by the Commission and the Committee on November 7, 2002 (the "Second Amended Plan") is materially different from the Original Commission Plan, significantly enhancing the likelihood of payment in full of all allowed claims without undue delay, and changing the treatment of claims, creditors should be given an opportunity to express their preferences after reviewing the Second Amended Plan. In addition, the adversary proceeding brought by the Commission against PG&E and PG&E Corporation for improper solicitation of PG&E Plan votes is still pending and will likely proceed both as an adversary proceeding and as part of the Commission's objections to the PG&E Plan. A new resolicitation of preference votes will help neutralize any

---

[1] See Declaration of Paul S. Aronzon in Support of Ex Parte Application, filed concurrently herewith ("Aronzon Dec."), ¶ 2.

LA1:#6247990v2

harm resulting from PG&E's improper solicitation of votes. Accordingly, to have a meaningful resolicitation of the preference vote, all creditors should be allowed to vote.

Movants also request the Court's approval of their supplemental disclosures and proposed form of ballot for use in the resolicitation of preference votes. The supplemental disclosures, which are attached to the Motion, include: (1) financial models prepared by UBS Warburg LLC ("UBS Warburg"), the underwriter hired by the Committee to issue securities under the Amended Plan; (2) UBS Warburg's presentation made to the rating agencies; (3) the Committee's analysis of the Second Amended Plan; and (4) a summary of significant events since the approval of the Commission's original disclosure statement. This additional information will facilitate creditors' analysis and understanding of the Plans and will provide them with information critical to their preference decision. The Motion also requests Court approval of a form ballot.

Finally, the Motion requests an order of the Court authorizing and directing the voting agent to disseminate, at the expense of the estate, the resolicitation materials to all creditors within ten (10) days after entry of the order on the Motion. Creditors should then be given thirty (30) days to complete and return their preference ballots to the voting agent. The voting agent should then have fifteen (15) days to tabulate the votes and prepare a tabulation report. The report should be distributed to PG&E, the Commission and the Committee and kept confidential until the Court rules on the confirmability of both Plans.

## IV. GOOD CAUSE EXISTS FOR AN ORDER AUTHORIZING LIMITING SERVICE

Pursuant to Bankruptcy Rule 2002, Movants request that the Court issue an order authorizing limited notice of the Motion and supporting documents to: (1) the Debtor; (2) PG&E Corporation; (3) the Office of the United States Trustee; and (4) those parties who have filed objections to Original Commission Plan or the Amended Plan. Service of this Application, the Aronzon Declaration and the Motion has already been made by facsimile, e-mail and overnight mail for each of these parties. This Court has already approved such limited notice in connection with the Original Resolicitation Motion.

Movants believe that the only party likely to object to the Motion is the Debtor.

LA1:#6247990v2

Ex Parte Application For Order Shortening Time for Hearing

1  Moreover, limited service of notice is appropriate in light of the expedited schedule necessary for
2  the Motion and the excessive cost associated with service of the Motion upon parties who are not
3  directly or materially affected by the Motion.

4      Given the nature of the relief requested in this Application and the Motion,
5  Movants submit that notice as provided is adequate. Therefore, Movants request that the Court
6  issue an order pursuant to Bankruptcy Rule 2002 authorizing limited notice of the Motion and
7  supporting documents on the Debtor, PG&E Corporation, the Office of the United States
8  Trustee, and those parties who have filed objections to the Original Commission Plan or the
9  Amended Plan.

10      If the Court grants this Application, Movants will serve notice of the hearing on
11  the Motion on the aforementioned parties so that it is received within 24 hours of the Court's
12  notice to Movants.

## V. CONCLUSION

For all of the foregoing reasons, the Court should enter an order shortening time for hearing on and authorizing limited notice of the Motion, setting a hearing on the Motion on November 15, 2002 at 1:30 p.m. or on November 18, 2002 at 1:30 p.m. Movants also request that the Court set a hearing on this Application on November 8, 2002 at 1:30 p.m., with consent from counsel for PG&E.

DATED: November 6, 2002

PAUL S. ARONZON
ROBERT JAY MOORE
MILBANK, TWEED, HADLEY & McCLOY LLP

By: /s/

Attorneys for the Official Committee of Unsecured Creditors

GARY M. COHEN
AROCLES AGUILAR
MICHAEL M. EDSON
CALIFORNIA PUBLIC UTILITIES COMMISSION

By: /s/ Gary Cohen (BSH)

-and-

ALAN W. KORNBERG
BRIAN S. HERMANN
PAUL, WEISS, RIFKIND, WHARTON & GARRISON

Attorneys for the California Public Utilities Commission

LA1:#6247990v2