1  COOLEY GODWARD LLP
   STEPHEN C. NEAL (170085)
2  MARTIN S. SCHENKER (109828)
   LINDA F. CALLISON (167785)
3  One Maritime Plaza, 20th Floor
   San Francisco, CA 94111-3580
4  Telephone:    (415) 693-2000
   Facsimile:    (415) 951-3699
5
   JAMES L. LOPES (63678)
6  MICHAEL J. BAKER (56492)
   WILLIAM J. LAFFERTY (120814)
7  STEVEN N. SHERR (161252)
   HOWARD, RICE, NEMEROVSKI, CANADY,
8  FALK & RABKIN
   A Professional Corporation
9  Three Embarcadero Center, 7th Floor
   San Francisco, CA 94111-4065
10 Telephone:    (415) 434-1600
   Facsimile:    (415) 217-5910
11
   PACIFIC GAS AND ELECTRIC COMPANY
12 ROGER PETERS (77743)
   P.O. Box 7442
13 San Francisco, CA 94120
   Telephone:    (415) 973-6695
14 Facsimile:    (415) 972-5220

15 Attorneys for Debtor and Debtor in Possession
   PACIFIC GAS AND ELECTRIC COMPANY
16 — and —
   Attorneys for Co-Plan Proponent PG&E CORPORATION
17 listed on the attached Counsel Page

18          UNITED STATES BANKRUPTCY COURT

19          NORTHERN DISTRICT OF CALIFORNIA

20          SAN FRANCISCO DIVISION

21

22 | In re | Case No. 01-30923 DM |

23 | PACIFIC GAS AND ELECTRIC COMPANY, a California Corporation, | Chapter 11 Case |

24 | Debtor, | **PACIFIC GAS AND ELECTRIC COMPANY AND PG&E CORPORATION'S COUNTER FINDINGS OF FACT IN OPPOSITION TO CONFIRMATION OF THE CPUC PLAN PROPONENTS' FIRST AMENDED PLAN OF REORGANIZATION** |

25 | Federal I.D. No. 94-074240 | |

26

27

28

FILED
NOV - 8 2002
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

2

3

DEWEY BALLANTINE LLP
Two Houston Center
700 Louisiana Street, Suite 1900
Houston, TX 77002
Telephone:    (713) 445-1500

Attorneys for PG&E CORPORATION

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone:    (212) 310-8000

Attorneys for PG&E CORPORATION

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PG&E'S COUNTER FINDINGS OF FACT
(CPUC TRIAL)
CASE NO. 01-30923 DM

Case: 01-30923    Doc# 10960    Filed: 11/08/02    Entered: 11/12/02 13:22:00    Page 2
of 29

1    Pursuant to Section II, Paragraph 5 of the Court's Confirmation Trial Scheduling Order,

2    co-proponents Pacific Gas and Electric Company and PG&E Corporation (collectively, "PG&E")

3    hereby submit its response to the CPUC Plan Proponents' November 1, 2002 "Proposed Findings

4    of Fact in Support of Confirmation of First Amended Plan of Reorganization under Chapter 11 of

5    the Bankruptcy Code for Pacific Gas and Electric Company, Dated August 30, 2002 (As

6    Amended.") (hereafter, "CPUC's Findings of Fact") and further submits additional proposed

7    findings of fact. In responding to the CPUC's Findings of Fact, PG&E notes the following:

8          A.     The CPUC's Findings of Fact reference both the "Joint Plan" as filed August 30,

9    2002, as well as (apparent) modifications thereto, of which PG&E had been learning in piecemeal

10   fashion during on-going discovery and pretrial briefing.    After the close of business on

11   November 6, 2002, and thus just one day before PG&E's counter findings of fact were due, the

12   CPUC served PG&E with an amended Joint Plan. PG&E has not had an adequate time to review

13   the amended Joint Plan to determine the extent to which it incorporates the various modifications

14   suggested by the CPUC in discovery and pretrial briefs. In responding to the CPUC's Findings of

15   Fact, PG&E assumes that the amended Joint Plan does reflect these modifications.[1]   However,

16   PG&E reserves the right to modify or supplement its findings of fact after a reasonable

17   opportunity to review and analyze the amended Joint Plan, or upon receipt of additional

18   information disclosed by the CPUC Plan Proponents.

19         B.     PG&E interprets the phrases "Pursuant to the Joint Plan," "the Joint Plan provides"

20   or "the Reorganization Agreement provides" as used in the CPUC's Findings of Fact to mean that

21   the Joint Plan or Reorganization Agreement contains provisions that address the subject matter

22   indicated, and not that underlying subject matter is correct or has been proven.    Thus, in not

23   disputing a finding of fact to the effect that the Reorganization Agreement or the Joint Plan

24   "provides" for a certain outcome, PG&E is only agreeing not to dispute that the referenced

25   document states that it is providing for that outcome. PG&E is not agreeing that the outcome is

26

27

28   [1] For purposes of this pleading, PG&E will use the phrase "Joint Plan" to refer to the August 30, 2002 plan, as
     amended from time to time.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PG&E'S COUNTER FINDINGS OF FACT
(CPUC TRIAL)
CASE NO. 01-30923 DM

appropriate, lawful or will, in fact, be realized under the Joint Plan and/or Reorganization Agreement.

C. Based on this Court's Trial Scheduling Order and statements made by the Court at the status conference thereto, PG&E understands that the proposed findings are to address factual issues only and not conclusions of law. PG&E thus objects to the CPUC Plan Proponents' inclusion of footnote 1 treating findings of fact as interchangeable with conclusions of law. PG&E objects to each finding of fact to the extent that it constitutes a conclusion of law.

Subject to the foregoing reservations, objections and clarifications, PG&E hereby responds to the CPUC's Findings of Fact as follows:

## I. BACKGROUND

1-8. *Undisputed.*

9. *Disputed.* The Court's ruling only pertained to the Commission. PG&E proposes the following alternate finding:

After a further hearing on the Commission's Exclusivity Objection and term sheet, the Bankruptcy Court, on February 27, 2002, denied PG&E's motion to extend exclusivity as to the Commission and authorized the Commission to file its Plan and Disclosure Statement by no later than April 15, 2002. (*See* Docket No. 5155.)

10-11. *Undisputed.*

12. *Disputed.* PG&E contends that Class 14 is impaired under the Joint Plan and, as such, would have been eligible to vote. PG&E proposes the following alternate finding:

Pursuant to the Order (i) Approving Notices on Non-Voting Status, Notices to Parties to Executory Contracts and Notices to State Agencies; and (ii) Approving Voting Solicitation Procedures, Forms of Voting Ballots, Voting Timetable, and Tabulation Procedures (the "Solicitation Procedures Order"), copies of both the PG&E Plan and Disclosure Statement and the Commission's Plan and Disclosure Statement and ballots to vote thereon were distributed to eligible voters as determined with reference to the provisions of the respective plans. *See* Solicitation Procedures Order; Certification of Jane Sullivan with Respect to the Tabulation of Votes on the PG&E Plan and CPUC Plan (the "Voting Certification").

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

PG&E'S COUNTER FINDINGS OF FACT
(CPUC TRIAL)
CASE NO. 01-30923 DM

Case: 01-30923    Doc# 10960    Filed: 11/08/02    Entered: 11/12/02 13:22:00    Page 4
of 29

13-14. *Undisputed.*

15.  *Disputed.* The chart designates Class 14 as "N/A." PG&E disputes that equity is unimpaired under the Joint Plan. PG&E submits that Class 14 would have voted against the Joint Plan because it is impaired.

16.  *Undisputed.*

17.  *Disputed.* Incomplete statement. PG&E proposes the following alternate finding: On August 30, 2002, the Commission and the Committee also filed a joint motion to resolicit votes on the Joint Plan. The PG&E Plan Proponents and the Ad Hoc Committee of Financial Creditors each filed Oppositions to the Joint Resolicitation Motion. (See Joint Resolicitation Motion.)

18-19. *Undisputed.*

200[2].  *PG&E Proposed Additional Finding of Fact.* Certain parties, including, but not limited to, the PG&E Plan Proponents, contend that the Commission's actions in agreeing to co-sponsor the Joint Plan, and to include the provisions contained therein, were *ultra vires.*

201.  *PG&E Proposed Additional Finding of Fact.* Certain parties, including, but not limited to, the PG&E Plan Proponents, contend that the Commission's actions in agreeing to enter into the Reorganization Agreement, were *ultra vires.*

## II.  SUMMARY OF THE PLAN

20-34  *Undisputed.*

35-37. *Undisputed* to the extent that these findings are meant to reflect what "the Joint Plan provides," otherwise disputed.

38.  *Disputed.* Incomplete. PG&E proposes the following alternate finding:

The Joint Plan provides that subject to the dilutive effect of the issuance of new debt and equity securities through the Joint Plan, and other modifications to the legal and equitable rights of the holders of Allowed Interests in this Class through the terms of the securities to be offered through the Joint Plan, each holder of a Class 13 Equity Interest shall retain its Preferred Stock in

---

[2] The CPUC Plan Proponents have proposed findings of fact numbers 1 through 194. For simplicity, PG&E starts the numbering of its additional proposed findings of fact at number 200. For the Court's convenience PG&E's will restate each of its proposed additional findings of fact at the end of this pleading in a section entitled PG&E's "Separate Statement of Proposed Findings of Fact."

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

PG&E'S COUNTER FINDINGS OF FACT
(CPUC TRIAL)
CASE NO. 01-30923 DM

the Reorganized Debtor and shall be paid in cash, plus interest, any dividends and sinking fund payments accrued in respect of such Preferred Stock through the last scheduled payment date prior to the Effective Date. (Joint Plan at 52; Victor Testimony.)

39.   *Disputed.* Class 14's interest is impaired under the Joint Plan.

40.   *Disputed.* Unclear. Undisputed if the phrase "To pay all Allowed Claims in full" is omitted from the beginning of this finding.

41-43. *Undisputed.*

44.   *Disputed* as ambiguous. The CPUC should identify which objections have been resolved.

202.   *PG&E Proposed Additional Finding of Fact*: Class 14 (common stock equity interests) is impaired under the Joint Plan. (Murphy Testimony.) *Disputed.*

## III.   THE JOINT PLAN MEETS ALL OF THE REQUIREMENTS FOR CONFIRMATION UNDER SECTION 1129(A) OF THE BANKRUPTCY CODE

### A.
### The Joint Plan Complies with the Applicable
### Provisions of Title 11 -- §1129(a)(1)

45.   *Objection.* This is conclusion of law, not a finding of fact.

46.   *Objection.* This is conclusion of law, not a finding of fact.

47-50. *Undisputed.*

51.   *Disputed.* Incomplete. PG&E proposes the following alternate finding:

Class 5 of the Joint Plan contains General Unsecured Claims against the Debtor, which include, but are not limited to, (a) Revolving Line of Credit Claims, (b) Medium Term Note Claims, (c) Senior Note Claims, (d) Floating Rate Note Claims, (e) DWR Claims, (f) Southern San Joaquin Valley Power Authority Bond Claims, (g) Commercial Paper Claims, (h) Claims arising from the rejection of executory contracts and unexpired leases as defined in section 365 of the Bankruptcy Code, (i) Claims relating to pre-petition litigation against the Debtor, (j) Claims of the Debtor's vendors, suppliers and service providers, and (k) Claims relating to intercompany obligations to Affiliates; provided, however that General Unsecured Claims will not include any unsecured Claims included in any other Class. (Joint Plan at 47; Victor Testimony.)

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

PG&E'S COUNTER FINDINGS OF FACT
(CPUC TRIAL)
CASE NO. 01-30923 DM

Case: 01-30923   Doc# 10960   Filed: 11/08/02   Entered: 11/12/02 13:22:00   Page 6 of 29

52-69. *Undisputed.*

70.     *Disputed.* Incomplete. PG&E proposes the following alternate finding:

As a consequence of the Joint Plan's deletion of any reference to a "New Tax Sharing Agreement" or requirement that the Debtor or the Debtor's Parent enter into a "New Tax Sharing Agreement," the interests classified in Class 14 are substantially similar. (Joint Plan at 52; Victor Testimony.)

### Specification of Unimpaired Classes --§1123 (a)(2)

71.     *Objection.* This is conclusion of law, not a finding of fact.

72.     *Undisputed.*

73.     *Disputed.* The Joint Plan fails to state specifically the manner in which Classes 13 and 14 are impaired under the Joint Plan.

74.     *Undisputed.*

75.     *Disputed.*

76.     *Disputed.* PG&E contends that Class 14 is impaired under the Joint Plan (See PG&E's Additional Proposed Finding of Fact 202.)

### Treatment of Impaired Classes -- § 1123 (a)(3)

77.     *Objection.* This is conclusion of law, not a finding of fact.

78.     *Disputed.* Article IV of the Joint Plan fails to state specifically the manner in which Classes 13 and 14 are impaired under the Joint Plan.

### Equal Treatment within Classes -- § 1123 (a)(4)

79.     *Objection.* This is conclusion of law, not a finding of fact

80.     *Disputed.* Incomplete. PG&E proposes the following alternate finding:

As a consequence of the Joint Plan's deletion of any reference to a "New Tax Sharing Agreement" or requirement that the Debtor or the Debtor's Parent enter into a "New Tax Sharing Agreement," Article IV of the Joint Plan provides that holders of Claims and Equity Interests in all classes will receive the same treatment. (See Joint Plan Art. IV; Victor Testimony.)

### Means for Implementation -- § 1123(a) (5)

81-82. *Undisputed.*

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

PG&E'S COUNTER FINDINGS OF FACT
(CPUC TRIAL)
CASE NO. 01-30923 DM

Case: 01-30923    Doc# 10960    Filed: 11/08/02    Entered: 11/12/02 13:22:00    Page 7
of 29

83. *Objection.* This is a conclusion of law, not a finding of fact.

84. *Disputed.* Incomplete. PG&E proposes the following alternate finding:

As a consequence of the Joint Plan's deletion of any reference to a "New Tax Sharing Agreement" or requirement that the Debtor or the Debtor's Parent enter into a "New Tax Sharing Agreement," Section 7.5(c) of the Joint Plan provides that the articles of incorporation and bylaws of the Reorganized Debtor shall be amended to contain provisions necessary to prohibit the issuance of non-voting equity securities. *See* Joint Plan at sec. 7.5(c); Victor Testimony.

### Selections for Certain Positions -- § 1123(a)(7)

85. *Objection.* This is conclusion of law, not a finding of fact.

86-88. *Undisputed.*

### Provisions for the Assumption, Rejection, or Assignment of An Executory Contractor Unexpired Lease of the Debtor Not Previously Rejected under such section -- § 1123(b)(2)

89. *Objection.* This is conclusion of law, not a finding of fact.

90. *Undisputed.*

### The Settlement or Adjustment of any Claim or Interest Belonging to the Debtor or Estate -- § 1123(b)(3)(A)

91-92. *Undisputed.*

93-97. *Disputed.*

98. *Disputed.* Incomplete. PG&E proposes the following alternate finding:

PG&E filed a complaint concerning its 2000-2002 undercollected procurement costs on November 8, 2000. This complaint was dismissed without prejudice. The operative complaint in the Rate Recovery Litigation was filed on August 6, 2001. Discovery in the Rate Recovery Litigation has not been completed, but trial has been scheduled to commence on June 9, 2003. (PG&E Trial Exhibit 51; Harvey Testimony.)

203. *PG&E Additional Proposed Findings of Fact.* In the Rate Recovery Litigation, PG&E seeks to recover billions of dollars undercollected procurement costs that it sustained when the it was unable to collect, in retail rates, the actual costs the Debtor incurred in procuring

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

PG&E'S COUNTER FINDINGS OF FACT
(CPUC TRIAL)
CASE NO. 01-30923 DM

Case: 01-30923   Doc# 10960   Filed: 11/08/02   Entered: 11/12/02 13:22:00   Page 8 of 29

electricity for its ratepayers under federal preemption and other constitutional theories. (PG&E Trial Exhibit 51; Harvey Testimony).

204. *PG&E Additional Proposed Finding of Fact.* On July 25, 2002, Judge Walker issued an order denying motions to dismiss and motions for summary judgment filed by the CPUC and TURN. In the July 25, 2002 Order, Judge Walker ruled that the filed rate doctrine applies the facts of the Rate Recovery Litigation and that costs of wholesale energy, incurred pursuant to rate tariffs filed with FERC, may not be trapped by excessively low retail rates or other limitations imposed at the state level. (PG&E Trial Exhibit 49.)

205. *PG&E Additional Proposed Finding of Fact.* On October 18, 2002, Judge Walker issued a ruling certifying as frivolous an appeal taken by the CPUC as to certain aspects of the July 25, Order. (PG&E Trial Exhibit 50.)

206. *PG&E Additional Proposed Finding of Fact.* Southern California Edison ("Edison) also filed claims against the CPUC based on the filed rate doctrine. In settling Edison's claim, the CPUC paid Edison 90% to 100% of Edison's undercollected procurement costs. (CPUC Admission, *see* January 11, 2002 Brief of Appellees Commissioners of the California Public Utilities Commission (TURN v. CPUC and Southern California Edison Co., Case Nos. 01-56879, 01-56993, 01-57020, Ninth Circuit) at 17, n.8.)

207. *PG&E Additional Proposed Finding of Fact.* The settlement with Edison was the result of arms-length, two-party negotiations. (Cohen Testimony.)

208. *PG&E Additional Proposed Finding of Fact.* The Joint Plan does not propose that PG&E recover all of its undercollected procurement costs. (Joint Plan, CPUC Trial Brief at 18)

209. *PG&E Additional Proposed Finding of Fact.* The settlement proposed in connection with the Joint Plan would, at best, only provide PG&E with between 29¢ and 74¢ on the dollar for the undercollection sought to be recovered the Rate Recovery Litigation. (CPUC Trial Brief at 18.)

210. *PG&E Additional Proposed Finding of Fact.* The settlement proposed by the CPUC in the Joint Plan was not the result of arms-length, two-party negotiations. (Harvey Testimony.)

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

PG&E'S COUNTER FINDINGS OF FACT
(CPUC TRIAL)
CASE NO. 01-30923 DM

Case: 01-30923    Doc# 10960    Filed: 11/08/02    Entered: 11/12/02 13:22:00    Page 9 of 29

1     211.  *PG&E Additional Proposed Finding of Fact.* The settlement proposed by the

2    CPUC in the Joint Plan is not fair and equitable to the Debtor or its estate. (Harvey Testimony.)

3    *Disputed.*

**B.**

**The Proponents of the Plan Comply with the
Applicable Provisions of Title 11 -- § 1129(a)(2)**

7    99.  *Objection.* This is a conclusion of law, not a finding of fact.

8    100-103. *Undisputed.*

9    104.  *Disputed.* Incomplete. PG&E proposes the following alternate finding:

10   The Commission's Disclosure Statement noted that this condition precedent may only be

11  waived pursuant to a Final Order of the Bankruptcy Court obtained by a motion filed by the

12  Commission and after notice and a hearing on not less than ten (10) days notice to the Debtor, the

13  Committee and the United States Trustee. *See* Disclosure Statement at 69.

14    105.  *Undisputed.*

15    106.  *Disputed.*

16    107-108. *Undisputed.*

17    212.  *PG&E Additional Proposed Finding of Fact.* PG&E's issuance of new preferred

18  voting securities in the amount of $500 million, as proposed in the Joint Plan, is likely to require

19  prior FERC approval because the resulting reduction in PG&E Corp.'s ownership interest in

20  PG&E may constitute a "change in control" of PG&E's jurisdictional facilities as FERC

21  interprets that concept under Section 203 of the Federal Power Act. (Santa Testimony.)

22  *Disputed.*

23    213.  *PG&E Additional Proposed Finding of Fact.* PG&E's issuance of new preferred

24  voting securities in the amount of $500 million, as proposed in the Joint Plan is not likely to be

25  effected without FERC's prior FPA Section 203 approval or FERC's disclaimer of such

26  jurisdiction because as a precondition to issuing the securities, the various financial institutions

27  involved in any such transaction would demand an opinion of legal counsel that all required

28  regulatory approvals had been obtained. Id., p. 13. (Santa Testimony.) *Disputed.*

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

PG&E'S COUNTER FINDINGS OF FACT
(CPUC TRIAL)
CASE NO. 01-30923 DM

Case 01-30923  Doc# 10960  Filed: 11/08/02  Entered: 11/12/02 13:22:00  Page 10
of 29

214.  *PG&E Additional Proposed Finding of Fact.*  Absent Section 203 approval or an express disclaimer of jurisdiction, legal counsel with expertise in this area representing involved financial institutions or the issuer would find it difficult, if not impossible, to issue a legal opinion that all necessary regulatory approvals had been received. (Santa Testimony.) *Disputed.*

215.  *PG&E Additional Proposed Finding of Fact.*  If prior FERC approval is sought under Section 203 for the issuance of the Preferred Stock, the Commission almost certainly will assume jurisdiction over the application, id. p. 10, and would likely take several months from the filing of a complete application to consider and rule on the application. Id. at pp. 16-17.  Unless and until FERC approval of the issuance of new preferred stock as proposed in the Joint Plan is sought and obtained under Section 203, or FERC disclaims its jurisdiction under that provision, there is not a reasonable probability that this issuance can be completed as and when contemplated by the Joint Plan. (Santa Testimony.) *Disputed.*

## C.

### The Plan was Proposed in Good Faith -- § 1129(a)(3)

109.  *Objection.*  This is a conclusion of law, not a finding of fact.

110.  *Objection.*  This finding is vague, is argumentative, and is not the proper subject for a finding of fact.  To the extent it can be construed as a finding of fact, it is disputed by PG&E.

111.  *Objection.*  This finding is vague, is argumentative, and is not the proper subject for a finding of fact.  To the extent it can be construed as a finding of fact, it is disputed by PG&E.

112.  *Objection.*  This finding is vague, is argumentative, and is not the proper subject for a finding of fact.  To the extent it can be construed as a finding of fact, it is disputed by PG&E.

113.  *Objection.*  This finding is vague, is argumentative, and is not the proper subject for a finding of fact.  In addition, PG&E objects to this Finding on the ground that the question of whether the Commission acted within the scope of its authority is a legal conclusion, not a factual finding.  To the extent it can be construed as a finding of fact, it is disputed by PG&E.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

PG&E'S COUNTER FINDINGS OF FACT
(CPUC TRIAL)
CASE NO.  01-30923 DM

Case: 01-30923   Doc# 10960   Filed: 11/08/02   Entered: 11/12/02 13:22:00   Page 11 of 29

114.   *Objection.*  This finding is vague, is argumentative, and is not the proper subject for a finding of fact.  In addition, PG&E objects to this Finding on the ground that the question of whether the Commission acted within the scope of its authority is a legal conclusion, not a factual finding.  To the extent it can be construed as a finding of fact, it is disputed by PG&E.

115.   *Objection.*  This finding is vague, is argumentative, and is not the proper subject for a finding of fact.  In addition, PG&E objects to this Finding on the ground that the question of whether the Commission acted within the scope of its authority is a legal conclusion, not a factual finding.  To the extent it can be construed as a finding of fact, it is disputed by PG&E.

116.   *Objection.*  This finding is vague, is argumentative, and is not the proper subject for a finding of fact.  In addition, PG&E objects to this Finding on the ground that the question whether the Commission was "authorized" calls for a legal conclusion.  To the extent it can be construed as a finding of fact, it is disputed by PG&E.

117:   *Objection.*  This finding is vague, is argumentative, and is not the proper subject for a finding of fact.  In addition, PG&E objects to this Finding on the ground that the question whether the Commission can agree "to waive its sovereign immunity" calls for a legal conclusion. To the extent it can be construed as a finding of fact, it is disputed by PG&E.

118.   *Objection.*  While PG&E agrees that the Reorganization Agreement states certain propositions, whether these statements bind the Commission calls for a legal conclusion.  To the extent it can be construed as a finding of fact, it is disputed by PG&E.

119.   *Objection.*  While PG&E agrees that the Reorganization Agreement states certain propositions, whether these statements bind the Commission calls for a legal conclusion.  To the extent it can be construed as a finding of fact, it is disputed by PG&E.

120.   *Objection.*  While PG&E agrees that the Reorganization Agreement states certain propositions, whether these statements bind the Commission calls for a legal conclusion.  To the extent it can be construed as a finding of fact, it is disputed by PG&E.

121.   *Objection.*  While PG&E agrees that the Reorganization Agreement states certain propositions, whether these statements bind the Commission calls for a legal conclusion.  To the extent it can be construed as a finding of fact, it is disputed by PG&E.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

PG&E'S COUNTER FINDINGS OF FACT
(CPUC TRIAL)
CASE NO. 01-30923 DM

Case: 01-30923   Doc# 10960   Filed: 11/08/02   Entered: 11/12/02 13:22:00   Page 12 of 29

216.   *PG&E Additional Proposed Finding of Fact.*  PG&E, among others, contend that the Commission's action in "authorizing" the filing of the Commission's First Plan, the Amended Plan and the Reorganization Agreement each were *ultra vires. Disputed.*

### D.

### Section 1129(a)(4)

122.   *Objection.*  This is a conclusion of law, not a finding of fact.

123.   *Undisputed.*

### E.

### Service of Certain Individuals -- § 1129(a)(5) Directors and Officers

124.   *Objection.*  This is a conclusion of law, not a finding of fact.

125-128. *Undisputed.*

### F.

### Rate Changes -- § 1129(a)(6)

129.   *Objection.*  This is a conclusion of law, not a finding of fact

130.   *Disputed.*   The Commission lacks authority to enter into an agreement which purports to obligate the Commission to establish and maintain retail electric rates.  (PG&E Trial Brief.)

### G.

### The Amended Plan Satisfies the "Best Interests" Test -- § 1129(a)(7)

131.   *Objection.*  This is a conclusion of law, not a finding of fact

132.   *Disputed.*

133.   *Undisputed.*

134.   *Disputed.*

135.   *Undisputed.*

136.   *Disputed.*  It is fair to assume that no material additional claims would arise in a liquidation of the Debtor under Chapter 7 and by result of the rejection of executory contracts and leases because it is reasonable to expect that purchasers of the Debtor's assets in a liquidation would assume the Debtor's executory contracts and leases in order to maintain the Debtor's

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

PG&E'S COUNTER FINDINGS OF FACT
(CPUC TRIAL)
CASE NO. 01-30923 DM

Case: 01-30923   Doc# 10960   Filed: 11/08/02   Entered: 11/12/02 13:22:00   Page 13 of 29

ongoing businesses and because few, if any, of the Debtor's executory contracts and leases are materially disadvantageous to the Debtor. (Kosturos and Murray testimony.)

137.  *Undisputed* as to the broad proposition, but to the extent it applies to expenses set forth in No. 136, *disputed.*

138.  *Disputed.*

139.  *Disputed.* This proposed fact is improper speculation.

140.  *Objection.* This is a conclusion of law, not a finding of fact. *Disputed* to the extent it is considered a finding of fact. In a chapter 7 case, prior to distributions to equity interests, a solvent debtor like PG&E must pay post-petition interest on unsecured claims at the "legal rate" through the date of payment of the claims. The Ninth Circuit has determined that the term "legal rate" as applied to unsecured claims means the federal judgment rate. *See* 11 USC § 726 and *Willem Onink, et al. v. Samuel Cardelucci (In re Cardelucci)*, 285 F.3d 1231 (9th Cir. 2002). Secured claims, to the extent the value of their collateral is sufficient, would receive their contract rate of interest in a chapter 7 liquidation. *See*, 11 USC § 506(b).

141.  *Undisputed.*

142.  *Disputed. See PG&E Additional Proposed Findings of Fact,* below.

143.  *Disputed.* A chapter 7 trustee would liquidate the PG&E estate without review and authorization by the CPUC because federal bankruptcy laws relating to the trustee's duties to liquidate would preempt state law. Any regulatory reviews by applicable federal agencies, such as the FERC, NRC, and U.S. Department of Justice, would not likely delay the liquidation. (Kosturos and Murray testimony.)

144.  *Disputed.*

217.  *PG&E Additional Proposed Finding of Fact.* If the Debtor's assets were liquidated under chapter 7 as of the effective date of the CPUC Plan, the Debtor's assets would be worth more than the value of the Debtor's assets upon reorganization pursuant to the CPUC Plan. (Murray and Kosturos Testimony.) *Disputed.*

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

PG&E'S COUNTER FINDINGS OF FACT
(CPUC TRIAL)
CASE NO. 01-30923 DM

Case: 01-30923    Doc# 10960    Filed: 11/08/02    Entered: 11/12/02 13:22:00    Page 14 of 29

1  218.  *PG&E Additional Proposed Finding of Fact.*  It is not likely it would take any

2  longer to resolve disputed claims in a PG&E chapter 7 liquidation case than it would take to

3  resolve disputed claims under the CPUC Plan.

4  219.  *PG&E Additional Proposed Finding of Fact.*  Even if there were some additional

5  delay in a chapter 7 liquidation case to resolve, for example, the Debtor's Filed Rate Case

6  litigation against the CPUC, this delay would likely not affect distributions to creditors because

7  the proceeds from liquidation of other PG&E assets would be more than sufficient to pay in full

8  all costs of liquidation and all claims in the liquidation case.  (Kosturos and Murray testimony.)

9  *Disputed.*

10  220.  *PG&E Additional Proposed Finding of Fact.*  With respect to each impaired class

11  of claims and Class 13 (if determined to be impaired) under the CPUC Plan, each holder of a

12  claim in such impaired classes will receive or retain under the CPUC Plan on account of such

13  claim property of a value, as of the effective date of the CPUC Plan, that is not less than the

14  amount that such holder would so receive or retain if the Debtor were liquidated under chapter 7

15  on such date.  However, each holder of a claim in Class 14 (common stock equity interests) under

16  the Joint Plan will receive or retain under the Joint Plan on account of such claim, property of a

17  value, as of the effective date of the CPUC Plan, that is less than the amount that such holder

18  would receive or retain if the Debtor were liquidated under chapter 7 on such date, i.e., the CPUC

19  Plan does not satisfy the "best interests test" of section 1129(a)(7) as to Class 14 (common stock

20  equity interests).  (Kosturos and Murray testimony.)  *Disputed.*

21  221.  *PG&E Additional Proposed Finding of Fact.*  The value of PG&E's estate in a

22  chapter 7 liquidation would include the value of the Rate Recovery Litigation.  (Kosturos and

23  Murray testimony.)

24  **H.**

25  **Acceptance by All Impaired Classes -- § 1129(a)(8)**

26  145.  *Undisputed.*

27  Treatment of Priority Claims -- § 1129(a)(9)

28  146.  *Undisputed.*

13

PG&E'S COUNTER FINDINGS OF FACT
(CPUC TRIAL)
CASE NO. 01-30923 DM

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case: 01-30923  Doc# 10960  Filed: 11/08/02  Entered: 11/12/02 13:22:00  Page 15
of 29

# I.

## Acceptance of at Least One Impaired Class -- § 1129(a)(10)

147. *Objection.* This is a conclusion of law, not a finding of fact.

148. *Undisputed.*

# J.

## Feasibility -- § 1129(a)(11)

149 *Undisputed.*

150. *Disputed.* To Debtor's knowledge, the current financial model for the Joint Plan provides for approximately $8.3 billion of new debt securities.

151. *Disputed.*

152. *Undisputed.*

153. *Disputed.*

154. *Undisputed*

155. *Disputed.*

156-158. *Undisputed.*

159. *Disputed.* The most recent financial model for the Joint Plan contains unreasonable projections with respect to the Reorganized Debtor's business.

160. *Disputed.*

161. *Disputed.*

162. *Disputed.* Although the Joint Plan itself does not expressly provide for the assignment of the DWR Contracts to the Reorganized Debtor, the most recent financial model for the Joint Plan expressly provides for such assignment and the co-proponents' investment bankers have testified they were instructed to assume the Reorganized Debtor would have full financial responsibility for the contracts.

163. *Disputed.* The Debtor is unaware of any provision of the Joint Plan or any authority providing that a predicate to the Reorganized Debtor being assigned the DWR Contracts is the CPUC's deeming the costs of the Contracts to be prudent and recoverable.

164. *Disputed.*

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

PG&E'S COUNTER FINDINGS OF FACT
(CPUC TRIAL)
CASE NO. 01-30923 DM

Case: 01-30923   Doc# 10960   Filed: 11/08/02   Entered: 11/12/02 13:22:00   Page 16
of 29

1    165.  *Disputed.*  Although the Joint Plan itself does not expressly provide for the

2    Reorganized Debtor's assumption of the Net Open Position, the most recent financial model for

3    the Joint Plan expressly provides for such assumption.

4        166-167. *Disputed.*

5        222.  *PG&E Additional Proposed Finding of Fact:*  The co-proponents have failed to

6    meet their burden of showing a reasonable likelihood that the debt and preferred equity financings

7    necessary to implement the Joint Plan will succeed.  (Murphy Testimony; Fetter Testimony;

8    Omohundro Testimony; Hadeler Testimony.)  *Disputed.*

9        223.  *PG&E Additional Proposed Finding of Fact.*  The Joint Plan provides for the

10   repayment of creditor claims through a combination of the Debtor's cash on hand on the Effective

11   Date and the issuance of approximately $8.3 billion of new debt securities and $500 million of

12   new preferred equity securities. (Joint Plan Art. VII; [OCT. 2002 UBS FINANCIAL MODEL]).

13       224.  *PG&E Additional Proposed Finding of Fact.*  It is highly unlikely that the new

14   debt securities, preferred equity securities, and working capital facilities could be placed if the

15   Reorganized Debtor and the securities to be issued under the Joint Plan were to receive below-

16   investment-grade, or "junk," credit ratings from the leading credit rating agencies, Standard &

17   Poor's ("S&P") and Moody's Investor Services ("Moody's").  (Murphy Testimony; Omohundro

18   Testimony; Hadeler Testimony.)

19       225.  *PG&E Additional Proposed Finding of Fact.*  The proposed new debt offering, at

20   $8.3 billion, would be more than twice the size of the largest sub-investment-grade offering in

21   U.S. history.  Given, among other things, the weak present market for sub-investment-grade

22   bonds, it is extremely unlikely that a record junk bond offering would succeed.  (Murphy

23   Testimony; Omohundro Testimony.)

24       226.  *PG&E Additional Proposed Finding of Fact:*  The evidence shows the Debtor and

25   the securities to be issued under the Joint Plan likely would not receive investment grade ratings.

26   (Murphy Testimony; Fetter Testimony). *Disputed.*

27       227.  *PG&E Additional Proposed Finding of Fact.*  Southern California Edison

28   ("Edison"), another California utility which was financially crippled during the California energy

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

PG&E'S COUNTER FINDINGS OF FACT
(CPUC TRIAL)
CASE NO. 01-30923 DM

Case: 01-30923   Doc# 10960   Filed: 11/08/02   Entered: 11/12/02 13:22:00   Page 17
of 29

1 crisis, is rated below investment grade by both S&P and Moody's. Because, among other things,
2 the October 2001 settlement Edison reached with the CPUC is more favorable to Edison than the
3 Joint Plan would be to PG&E, it is reasonable to conclude the Reorganized Debtor similarly
4 would receive sub-investment grade credit ratings. (Murphy Testimony; Fetter Testimony).
5 *Disputed.*

6     228.    *PG&E Additional Proposed Finding of Fact*:  A detailed analysis of (1) the
7 Reorganized Debtor's projected cash flows under the Joint Plan and (2) the company's business
8 risk profile, presented by Paul A. Murphy of SG Barr Devlin, an investment bank specializing in
9 the power and utilities sector, similarly supports a conclusion that the Reorganized Debtor would
10 receive junk credit ratings if the Joint Plan were to be implemented. (Murphy Testimony.)
11 *Disputed.*

12     229.    *PG&E Additional Proposed Finding of Fact*:  As explained by, among others,
13 Steven M. Fetter, former chairman of the Michigan equivalent of the CPUC and former head of
14 the Global Power Group at Fitch, Inc. (one of the three leading credit rating agencies), "[t]he
15 refusal by the CPUC and other state officials to step in to prevent what has become perhaps the
16 most serious financial catastrophe within the U.S. utility industry ever has led investor confidence
17 in California's utility regulatory climate to plummet. Investors and credit rating analysts will not
18 again have confidence in the California regulatory environment until the CPUC has been able to
19 re-establish a track record under post-bankruptcy conditions that inspires trust going forward."
20 (Fetter Testimony; Murphy Testimony). *Disputed.*

21     230.    *PG&E Additional Proposed Finding of Fact*:  Neither the "Reorganization
22 Agreement" proposed as part of the Joint Plan nor the "cost of service" ratemaking regime that
23 would govern the Reorganized Debtor's future rates is sufficient to alter the conclusion that the
24 Reorganized Debtor and the securities likely will receive sub-investment grade credit ratings.
25 (Murphy Testimony; Fetter Testimony). *Disputed.*

26     231.    *PG&E Additional Proposed Finding of Fact*:  The Reorganization Agreement
27 would not guarantee investment grade credit ratings. Rather, it says the CPUC would seek to
28 "facilitate" investment grade credit ratings. (Murphy Testimony; Fetter Testimony).

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

232. *PG&E Additional Proposed Finding of Fact*: The Reorganization Agreement would not entitle the Reorganized Debtor to charge any particular rates, including the rates set forth in the co-proponents' current financial model. (Murphy Testimony; Fetter Testimony).

233. *PG&E Additional Proposed Finding of Fact*: The Reorganization Agreement would not provide for separate rates and a segregated account solely for paying the costs of the securities under the Joint Plan. (Murphy Testimony; Fetter Testimony).

234. *PG&E Additional Proposed Finding of Fact*: Although both the Reorganization Agreement and a cost-of-service ratemaking regime would entitle the Reorganized Debtor to recover its "prudently-incurred costs," what that means would remain subject to the discretion of this and future CPUCs. (Murphy Testimony; Fetter Testimony).

235. *PG&E Additional Proposed Finding of Fact*: No meaningful enforcement mechanism exists with respect to the Reorganization Agreement, as courts lack institutional expertise to determine whether the Reorganized Debtor's costs were or were not "prudently incurred" and there are no objective standards for determining whether the CPUC adequately "facilitated" investment grade credit ratings for the Reorganized Debtor. (Murphy Testimony; Fetter Testimony. *Disputed*.

236. *PG&E Additional Proposed Finding of Fact*: Under these circumstances, and given various negative statements by the rating agencies regarding the California regulatory environment, the capital markets are unlikely to perceive the Reorganization Agreement and the fact of cost-of-service ratemaking as providing the assurances of cost recovery necessary to achieve investment grade credit ratings. (Murphy Testimony; Fetter Testimony.) *Disputed*.

237. *PG&E Additional Proposed Finding of Fact*: The projections underlying the Joint Plan do not reasonably predict the Reorganized Debtor's future performance. Among other things, those projections understate the Reorganized Debtor's expected capital expenditure needs by hundreds of millions of dollars per year. (Bhattacharya Testimony; Metague Testimony; Johnson Testimony; Rueger Testimony). *Disputed*.

238. *PG&E Additional Proposed Finding of Fact*: As a result of the projections under the Joint Plan failing to reasonably predict the Reorganized Debtor's future performance, the

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case: 01-30923    Doc# 10960    Filed: 11/08/02    Entered: 11/12/02 13:22:00    Page 19
of 29

Joint Plan reports overly optimistic credit statistics and fails to provide for a financially and operationally healthy PG&E upon emergence from bankruptcy. (Murphy Testimony; Bhattacharya Testimony; Metague Testimony; Johnson Testimony; Rueger Testimony). *Disputed.*

## K.

### Payment of Certain Fees -- § 1129(a)(12)

168. *Objection.* This is a conclusion of law, not a finding of fact.

169. *Undisputed.*

## L.

### Continuation of Retiree Benefits -- §1129(a)(13)

170. *Objection.* This is a conclusion of law, not a finding of fact.

171. *Undisputed.*

**IV. The Amended Plan Satisfies the "Cram Down" Requirements of § 1129(b) of the Bankruptcy Code with Respect to Classes 4c, 5, 6, 7, 11, 13 and 14 because it does Not Discriminate Unfairly and is Fair and Equitable with Respect to Such Classes**

## A.

### Unfair Discrimination

172-175. *Undisputed.*

176. *Disputed.* Class 5 includes, but is not limited to the claims listed in this finding.

177. *Disputed.* Incomplete. PG&E proposes the following alternate finding:

As a consequence of the Joint Plan's deletion of any reference to a "New Tax Sharing Agreement" or requirement that the Debtor or the Debtor's Parent enter into a "New Tax Sharing Agreement," all claims and interests within each Class are treated the same. (Joint Plan.)

## B.

### The Amended Plan is Fair and Equitable

178-179. *Undisputed.*

180. *Disputed.*

181-184. *Undisputed.*

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18

PG&E'S COUNTER FINDINGS OF FACT
(CPUC TRIAL)
CASE NO. 01-30923 DM

185. *Disputed.* Class 14 is impaired and if given the chance to vote would have voted to reject the Joint Plan.

186. *Undisputed.*

187. *Disputed.* Notwithstanding that the Joint Plan states that holders of interest in Class 14 "shall retain their interest in the Common Stock," their interest will be materially and adversely affected by the implementation of the Joint Plan. (Murphy Testimony.)

188. *Disputed.*

189. *Disputed.* The Joint Plan fails to maximize the residual value of the estate and as a result it improperly transfers value which would otherwise belong to the holders of Class 14 interests, *i.e.*, common equity holders, to non-stakeholder third parties, *i.e.*, ratepayers. (Murphy Testimony.)

190-193. *Disputed.*

239. *PG&E Additional Proposed Finding of Fact:* Under the Joint Plan, holders of an interest in Class 14 do not retain the full value of their interest as of the Effective Date, but instead their interests are materially and adversely affected. (Murphy Testimony.)

240. *PG&E Additional Proposed Finding of Fact:* The Joint Plan results in material and adverse dilution of PG&E's common equity interest under the Joint Plan. (Murphy Testimony.)

241. *PG&E Additional Proposed Findings of Fact:* Under the Joint Plan, PG&E's common equity interest suffers a loss in value from the Joint Plan's proposed release of the Rate Recovery Litigation. (Murphy Testimony.)

242. *PG&E Additional Proposed Findings of Fact:* The Joint Plan confiscates PG&E's authorized and realized return on equity. (Murphy Testimony)

243. *PG&E Additional Proposed Finding of Fact:* The Joint Plan fails to satisfy the requirements of 11 U.S.C. 1129(b) because it fails to treat Class 14 equity interests in a fair and equitable manner. (Murphy Testimony.)

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

19

PG&E'S COUNTER FINDINGS OF FACT
(CPUC TRIAL)
CASE NO. 01-30923 DM

Case: 01-30923    Doc# 10960    Filed: 11/08/02    Entered: 11/12/02 13:22:00    Page 21
of 29

## PG&E'S SEPARATE STATEMENT OF PROPOSED ADDITIONAL
## FINDINGS OF FACT

For the convenience of the Court, PG&E restates the additional proposed findings of facts set forth above, in consecutively numbered order.

### Background

200.    *PG&E Proposed Additional Finding of Fact.* Certain parties, including, but not limited to, the PG&E Plan Proponents, contend that the Commission's actions in agreeing to co-sponsor the Joint Plan, and to include the provisions contained therein, were *ultra vires*.

201.    *PG&E Proposed Additional Finding of Fact.* Certain parties, including, but not limited to, the PG&E Plan Proponents, contend that the Commission's actions in agreeing to enter into the Reorganization Agreement, were *ultra vires*.

### Summary of Plan

202.    *PG&E Proposed Additional Finding of Fact:* Class 14 (common stock equity interests) is impaired under the Joint Plan. (Murphy Testimony.) *Disputed.*

### Settlement of Claims -- § 1123(b)(3)(A)

203.    *PG&E Additional Proposed Findings of Fact.* In the Rate Recovery Litigation, PG&E seeks to recover billions of dollars undercollected procurement costs that it sustained when the it was unable to collect, in retail rates, the actual costs the Debtor incurred in procuring electricity for its ratepayers under federal preemption and other constitutional theories. (PG&E Trial Exhibit 51; Harvey Testimony).

204.    *PG&E Additional Proposed Finding of Fact.* On July 25, 2002, Judge Walker issued an order denying motions to dismiss and motions for summary judgment filed by the CPUC and TURN. In the July 25, 2002 Order, Judge Walker ruled that the filed rate doctrine applies the facts of the Rate Recovery Litigation and that costs of wholesale energy, incurred pursuant to rate tariffs filed with FERC, may not be trapped by excessively low retail rates or other limitations imposed as the state level. (PG&E Trial Exhibit 49.)

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

20

PG&E'S COUNTER FINDINGS OF FACT
(CPUC TRIAL)
CASE NO. 01-30923 DM

Case: 01-30923    Doc# 10960    Filed: 11/08/02    Entered: 11/12/02 13:22:00    Page 22
of 29

1  205.  *PG&E Additional Proposed Finding of Fact.*  On October 18, 2002, Judge Walker

2  issued a ruling certifying as frivolous an appeal taken by the CPUC as to certain aspects of the

3  July 25, Order.  (PG&E Trial Exhibit 50.)

4  206.  *PG&E Additional Proposed Finding of Fact.*  Southern California Edison

5  ("Edison) also filed claims against the CPUC based on the filed rate doctrine.  In settling Edison's

6  claim, the CPUC paid Edison 90% to 100% of Edison's undercollected procurement costs.

7  (CPUC Admission, *see* January 11, 2002 Brief of Appellees Commissioners of the California

8  Public Utilities Commission (TURN v. CPUC and Southern California Edison Co., Case Nos. 01-

9  56879, 01-56993, 01-57020, Ninth Circuit) at 17, n.8.)

10  207.  *PG&E Additional Proposed Finding of Fact.*  The settlement with Edison was the

11  result of arms-length, two-party negotiations.  (Cohen Testimony.)

12  208.  *PG&E Additional Proposed Finding of Fact.*  The Joint Plan does not propose that

13  PG&E recover all of its undercollected procurement costs.  (Joint Plan, CPUC Trial Brief at 18)

14  209.  *PG&E Additional Proposed Finding of Fact.*  The settlement proposed in

15  connection with the Joint Plan would, at best, only provide PG&E with between 29¢ and 74¢ on

16  the dollar for the undercollection sought to be recovered the Rate Recovery Litigation.  (CPUC

17  Trial Brief at 18.)

18  210.  *PG&E Additional Proposed Finding of Fact.*  The settlement proposed by the

19  CPUC in the Joint Plan was not the result of arms-length, two-party negotiations.  (Harvey

20  Testimony.)

21  211.  *PG&E Additional Proposed Finding of Fact.*  The settlement proposed by the

22  CPUC in the Joint Plan is not fair and equitable to the Debtor or its estate.  (Harvey Testimony.)

23  *Disputed.*

24  <u>Joint Plan Does Not Comply with Applicable Provisions of § 1129(a)(2)</u>

25  212.  *PG&E Additional Proposed Finding of Fact.*  PG&E's issuance of new preferred

26  voting securities in the amount of $500 million, as proposed in the Joint Plan, is likely to require

27  prior FERC approval because the resulting reduction in PG&E Corp.'s ownership interest in

28  PG&E may constitute a "change in control" of PG&E's jurisdictional facilities as FERC

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

21

PG&E'S COUNTER FINDINGS OF FACT
(CPUC TRIAL)
CASE NO. 01-30923 DM

Case: 01-30923   Doc# 10960   Filed: 11/08/02   Entered: 11/12/02 13:22:00   Page 23
of 29

interprets that concept under Section 203 of the Federal Power Act. (Santa Testimony.) *Disputed.*

213. *PG&E Additional Proposed Finding of Fact.* PG&E's issuance of new preferred voting securities in the amount of $500 million, as proposed in the Joint Plan is not likely to be effected without FERC's prior FPA Section 203 approval or FERC's disclaimer of such jurisdiction because as a precondition to issuing the securities, the various financial institutions involved in any such transaction would demand an opinion of legal counsel that all required regulatory approvals had been obtained. Id., p. 13. (Santa Testimony.) *Disputed.*

214. *PG&E Additional Proposed Finding of Fact.* Absent Section 203 approval or an express disclaimer of jurisdiction, legal counsel with expertise in this area representing involved financial institutions or the issuer would find it difficult, if not impossible, to issue a legal opinion that all necessary regulatory approvals had been received. (Santa Testimony.) *Disputed.*

215. *PG&E Additional Proposed Finding of Fact.* If prior FERC approval is sought under Section 203 for the issuance of the Preferred Stock, the Commission almost certainly will assume jurisdiction over the application, id. p. 10, and would likely take several months from the filing of a complete application to consider and rule on the application. Id. at pp. 16-17. Unless and until FERC approval of the issuance of new preferred stock as proposed in the Joint Plan is sought and obtained under Section 203, or FERC disclaims its jurisdiction under that provision, there is not a reasonable probability that this issuance can be completed as and when contemplated by the Joint Plan. (Santa Testimony.) *Disputed.*

### The Joint Plant Was Not Proposed in Good Faith

216. *PG&E Additional Proposed Finding of Fact.* PG&E, among others, contend that the Commission's action in "authorizing" the filing of the Commission's First Plan, the Amended Plan and the Reorganization Agreement each were *ultra vires. Disputed.*

217. *PG&E Additional Proposed Finding of Fact.* If the Debtor's assets were liquidated under chapter 7 as of the effective date of the CPUC Plan, the Debtor's assets would be worth more than the value of the Debtor's assets upon reorganization pursuant to the CPUC Plan. (Murray and Kosturos Testimony.) *Disputed.*

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

22

PG&E'S COUNTER FINDINGS OF FACT
(CPUC TRIAL)
CASE NO. 01-30923 DM

Case: 01-30923   Doc# 10960   Filed: 11/08/02   Entered: 11/12/02 13:22:00   Page 24 of 29

218. *PG&E Additional Proposed Finding of Fact.* It is not likely it would take any longer to resolve disputed claims in a PG&E chapter 7 liquidation case than it would take to resolve disputed claims under the CPUC Plan.

219. *PG&E Additional Proposed Finding of Fact.* Even if there were some additional delay in a chapter 7 liquidation case to resolve, for example, the Debtor's Filed Rate Case litigation against the CPUC, this delay would likely not affect distributions to creditors because the proceeds from liquidation of other PG&E assets would be more than sufficient to pay in full all costs of liquidation and all claims in the liquidation case. (Kosturos and Murray testimony.) *Disputed.*

220. *PG&E Additional Proposed Finding of Fact.* With respect to each impaired class of claims and Class 13 (if determined to be impaired) under the CPUC Plan, each holder of a claim in such impaired classes will receive or retain under the CPUC Plan on account of such claim property of a value, as of the effective date of the CPUC Plan, that is not less than the amount that such holder would so receive or retain if the Debtor were liquidated under chapter 7 on such date. However, each holder of a claim in Class 14 (common stock equity interests) under the Joint Plan will receive or retain under the Joint Plan on account of such claim, property of a value, as of the effective date of the CPUC Plan, that is less than the amount that such holder would receive or retain if the Debtor were liquidated under chapter 7 on such date, i.e., the CPUC Plan does not satisfy the "best interests test" of section 1129(a)(7) as to Class 14 (common stock equity interests). (Kosturos and Murray testimony.) *Disputed.*

221. *PG&E Additional Proposed Finding of Fact.* The value of PG&E's estate in a chapter 7 liquidation would include the value of the Rate Recovery Litigation. (Kosturos and Murray testimony.)

The Joint Plan Is Not Feasible -- § 1129(a)(11)

222. *PG&E Additional Proposed Finding of Fact.* The co-proponents have failed to meet their burden of showing a reasonable likelihood that the debt and preferred equity financings

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

23

PG&E'S COUNTER FINDINGS OF FACT
(CPUC TRIAL)
CASE NO. 01-30923 DM

Case: 01-30923    Doc# 10960    Filed: 11/08/02    Entered: 11/12/02 13:22:00    Page 25
of 29

necessary to implement the Joint Plan will succeed. (Murphy Testimony; Fetter Testimony; Omohundro Testimony; Hadeler Testimony.) *Disputed*.

223. *PG&E Additional Proposed Finding of Fact*. The Joint Plan provides for the repayment of creditor claims through a combination of the Debtor's cash on hand on the Effective Date and the issuance of approximately $8.3 billion of new debt securities and $500 million of new preferred equity securities. (Joint Plan Art. VII; [OCT. 2002 UBS FINANCIAL MODEL]).

224. *PG&E Additional Proposed Finding of Fact*. It is highly unlikely that the new debt securities, preferred equity securities, and working capital facilities could be placed if the Reorganized Debtor and the securities to be issued under the Joint Plan were to receive below-investment-grade, or "junk," credit ratings from the leading credit rating agencies, Standard & Poor's ("S&P") and Moody's Investor Services ("Moody's"). (Murphy Testimony; Omohundro Testimony; Hadeler Testimony.)

225. *PG&E Additional Proposed Finding of Fact*. The proposed new debt offering, at $8.3 billion, would be more than twice the size of the largest sub-investment-grade offering in U.S. history. Given, among other things, the weak present market for sub-investment-grade bonds, it is extremely unlikely that a record junk bond offering would succeed. (Murphy Testimony; Omohundro Testimony.)

226. *PG&E Additional Proposed Finding of Fact*: The evidence shows the Debtor and the securities to be issued under the Joint Plan likely would not receive investment grade ratings. (Murphy Testimony; Fetter Testimony). *Disputed*.

227. *PG&E Additional Proposed Finding of Fact*. Southern California Edison ("Edison"), another California utility which was financially crippled during the California energy crisis, is rated below investment grade by both S&P and Moody's. Because, among other things, the October 2001 settlement Edison reached with the CPUC is more favorable to Edison than the Joint Plan would be to PG&E, it is reasonable to conclude the Reorganized Debtor similarly would receive sub-investment grade credit ratings. (Murphy Testimony; Fetter Testimony). *Disputed*.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

24

PG&E'S COUNTER FINDINGS OF FACT
(CPUC TRIAL)
CASE NO. 01-30923 DM

Case: 01-30923    Doc# 10960    Filed: 11/08/02    Entered: 11/12/02 13:22:00    Page 26
of 29

228. *PG&E Additional Proposed Finding of Fact*: A detailed analysis of (1) the Reorganized Debtor's projected cash flows under the Joint Plan and (2) the company's business risk profile, presented by Paul A. Murphy of SG Barr Devlin, an investment bank specializing in the power and utilities sector, similarly supports a conclusion that the Reorganized Debtor would receive junk credit ratings if the Joint Plan were to be implemented. (Murphy Testimony.) *Disputed.*

229. *PG&E Additional Proposed Finding of Fact*: As explained by, among others, Steven M. Fetter, former chairman of the Michigan equivalent of the CPUC and former head of the Global Power Group at Fitch, Inc. (one of the three leading credit rating agencies), "[t]he refusal by the CPUC and other state officials to step in to prevent what has become perhaps the most serious financial catastrophe within the U.S. utility industry ever has led investor confidence in California's utility regulatory climate to plummet. Investors and credit rating analysts will not again have confidence in the California regulatory environment until the CPUC has been able to re-establish a track record under post-bankruptcy conditions that inspires trust going forward." (Fetter Testimony; Murphy Testimony). *Disputed.*

230. *PG&E Additional Proposed Finding of Fact*: Neither the "Reorganization Agreement" proposed as part of the Joint Plan nor the "cost of service" ratemaking regime that would govern the Reorganized Debtor's future rates is sufficient to alter the conclusion that the Reorganized Debtor and the securities likely will receive sub-investment grade credit ratings. (Murphy Testimony; Fetter Testimony). *Disputed.*

231. *PG&E Additional Proposed Finding of Fact*: The Reorganization Agreement would not guarantee investment grade credit ratings. Rather, it says the CPUC would seek to "facilitate" investment grade credit ratings. (Murphy Testimony; Fetter Testimony).

232. *PG&E Additional Proposed Finding of Fact*: The Reorganization Agreement would not entitle the Reorganized Debtor to charge any particular rates, including the rates set forth in the co-proponents' current financial model. (Murphy Testimony; Fetter Testimony).

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

25

PG&E'S COUNTER FINDINGS OF FACT
(CPUC TRIAL)
CASE NO. 01-30923 DM

Case: 01-30923   Doc# 10960   Filed: 11/08/02   Entered: 11/12/02 13:22:00   Page 27 of 29

1    233.   *PG&E Additional Proposed Finding of Fact*:   The Reorganization Agreement

2    would not provide for separate rates and a segregated account solely for paying the costs of the

3    securities under the Joint Plan. (Murphy Testimony; Fetter Testimony).

4    234.   *PG&E Additional Proposed Finding of Fact*:   Although both the Reorganization

5    Agreement and a cost-of-service ratemaking regime would entitle the Reorganized Debtor to

6    recover its "prudently-incurred costs," what that means would remain subject to the discretion of

7    this and future CPUC's. (Murphy Testimony; Fetter Testimony).

8    235.   *PG&E Additional Proposed Finding of Fact*:   No meaningful enforcement

9    mechanism exists with respect to the Reorganization Agreement, as courts lack institutional

10   expertise to determine whether the Reorganized Debtor's costs were or were not "prudently

11   incurred" and there are no objective standards for determining whether the CPUC adequately

12   "facilitated" investment grade credit ratings for the Reorganized Debtor.   (Murphy Testimony;

13   Fetter Testimony. *Disputed.*

14   236.   *PG&E Additional Proposed Finding of Fact*:   Under these circumstances, and

15   given various negative statements by the rating agencies regarding the California regulatory

16   environment, the capital markets are unlikely to perceive the Reorganization Agreement and the

17   fact of cost-of-service ratemaking as providing the assurances of cost recovery necessary to

18   achieve investment grade credit ratings. (Murphy Testimony; Fetter Testimony.) *Disputed.*

19   237.   *PG&E Additional Proposed Finding of Fact*:   The projections underlying the Joint

20   Plan do not reasonably predict the Reorganized Debtor's future performance.   Among other

21   things, those projections understate the Reorganized Debtor's expected capital expenditure needs

22   by hundreds of millions of dollars per year.   (Bhattacharya Testimony; Metague Testimony;

23   Johnson Testimony; Rueger Testimony). *Disputed.*

24   238.   *PG&E Additional Proposed Finding of Fact*:   As a result of the projections under

25   the Joint Plan failing to reasonably predict the Reorganized Debtor's future performance, the

26   Joint Plan reports overly optimistic credit statistics and fails to provide for a financially and

27   operationally healthy PG&E upon emergence from bankruptcy.   (Murphy Testimony;

28

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

26

PG&E'S COUNTER FINDINGS OF FACT
(CPUC TRIAL)
CASE NO. 01-30923 DM

Case: 01-30923    Doc# 10960    Filed: 11/08/02    Entered: 11/12/02 13:22:00    Page 28
of 29

Bhattacharya Testimony; Metague Testimony; Johnson Testimony; Rueger Testimony). *Disputed.*

### The Joint Plan Is Not Fair and Equitable

239. *PG&E Additional Proposed Finding of Fact*: Under the Joint Plan, holders of an interest in Class 14 do not retain the full value of their interest as of the Effective Date, but instead their interests are materially and adversely affected. (Murphy Testimony.)

240. *PG&E Additional Proposed Finding of Fact*: The Joint Plan results in material and adverse dilution of PG&E's common equity interest under the Joint Plan. (Murphy Testimony.)

241. *PG&E Additional Proposed Findings of Fact*: Under the Joint Plan, PG&E's common equity interest suffers a loss in value from the Joint Plan's proposed release of the Rate Recovery Litigation. (Murphy Testimony.)

242. *PG&E Additional Proposed Findings of Fact*: The Joint Plan confiscates PG&E's authorized and realized return on equity. (Murphy Testimony)

243. *PG&E Additional Proposed Finding of Fact*: The Joint Plan fails to satisfy the requirements of 11 U.S.C. 1129(b) because it fails to treat Class 14 equity interests in a fair and equitable manner. (Murphy Testimony.)

Dated: November 8, 2002

COOLEY GODWARD LLP

By: _Martin S. Schenker_

Martin S. Schenker
Attorneys for Debtor and Debtor in Possession
PACIFIC GAS AND ELECTRIC COMPANY

625186 v1/PA
D##@01!.DOC

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PG&E'S COUNTER FINDINGS OF FACT
(CPUC TRIAL)
CASE NO. 01-30923 DM

Case: 01-30923   Doc# 10960   Filed: 11/08/02   Entered: 11/12/02 13:22:00   Page 29 of 29