

**Signed and Filed: June 01, 2005**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

```
In re                           ) Bankruptcy Case
                                ) No. 01-30923DM
PACIFIC GAS & ELECTRIC COMPANY, )
                                ) Chapter 11
                       Debtor.  )
_____)
```

MEMORANDUM DECISION ON MOTION TO
VACATE ENFORCEMENT ORDER

I. <u>Introduction</u>

The City of Oakland ("City") filed a motion (the "Motion To Vacate") for an order vacating the Order Enforcing Order Confirming PG&E's Plan of Reorganization (the "Enforcement Order") entered on September 3, 2004. Debtor, Pacific Gas & Electric Company ("PG&E"), opposed the Motion To Vacate. The court held a hearing on April 25, 2005, and appearances were noted on the record. During the course of that hearing the court indicated to counsel for City that its complaint in the Motion To Vacate about PG&E's failure to serve its Omnibus Motion To Enforce Order Confirming PG&E's Plan of Reorganization ("Motion To Enforce") filed on July 29, 2004, was well taken and that the court would grant the Motion To Vacate as long as City could show that it had a meritorious defense to the Motion To Enforce.

City was given time to submit proof that its failure to file

a proof of claim based upon its cross-complaint for indemnity and contribution against PG&E in <u>Dickinson, et al. v. PG&E, et al.</u>, Alameda County Superior Court No. 830495-5 (the "State Court Action"), was the result of excusable neglect. On May 9, 2005, City filed declarations of Barbara Parker, Latonda Simmons and a supplemental declaration of Jannie L. Wong. On May 23, 2005, PG&E filed its supplemental opposition to City's Motion To Vacate, submitting the matter for decision.

After reviewing all of the papers presented and the arguments of counsel, the court has determined that the Motion To Vacate should be denied because City has not shown excusable neglect for its failure to file a proof of claim based upon the State Court Action by the October 3, 2001, deadline for the filing of proofs of claim by governmental entities. Thus it would be unable to defeat the Motion To Enforce.

II. <u>Discussion</u>

When PG&E filed and served its Motion To Enforce it did not comply with the requirements of Fed. R. Bankr. P. 7004(b)(6), which provides as follows:

> (b) Service by first class mail. Except as provided in subdivision (h) ... service may be made within the United States by first class mail postage pre-paid as follows:
>
> \* \* \*
>
> (6) Upon a state or municipal corporation or other governmental organization thereof subject to suit, by mailing a copy of the summons and complaint to the person or office upon whom process is prescribed to be served by the law of the state in which service is made when an action is brought against such a defendant in the courts of general jurisdiction of that state, or in the absence of designation of any such person or office by state law, then to the chief executive office thereof.

-2-

Under California law, service on a governmental and municipal entity is controlled by California Code of Civil Procedure §416.50, which provides as follows:

> (a) A summons may be served on a public entity by delivering a copy of the summons and complaint to the clerk, the secretary, president, presiding officer or other head of its governing body.

PG&E served the Motion To Enforce addressed to the attention of Jannie Wong, Esq., the attorney representing the City in the State Court Action, incorrectly identifying her as "Attorneys (sic) for Mark Dickinson." There was, therefore, no compliance with Fed. R. Bankr. P. 7004(b)(6). This failure by PG&E would normally entitle City to the granting of the Motion To Vacate and relief from the Enforcement Order if it could show how it would defeat the Motion To Enforce. See Beneficial California, Inc. v. Villar (In re Villar) 317 B.R. 88 (9th Cir. BAP 2004).

In the Motion To Vacate, City argues that even if the Motion To Vacate was properly served (which it was not), Fed. R. Bankr. P. 9024, incorporating Fed. R. Civ. P. 60(b), provides a basis for relief, subject to three important considerations, the first two of which are not relevant. The final one, supporting relief from a default, presumes that the movant has a meritorious defense. City cites Fed. R. Civ. P 60(b)(1) and (6), but the court will focus only on the former subsection, recognizing that the latter is not a catchall to suffice where other subsections cannot be satisfied. LaFarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1338 (9th Cir. 1986).

The inquiry thus turns on whether City really has a meritorious defense to the Motion To Enforce. The Motion To

-3-

Vacate is construed as a motion for relief from the Enforcement Order and is based on excusable neglect pursuant to Fed. R. Civ. p. 60(b)(1). Fed. R. Civ. P. 60(b)(1) provides:

> On Motion and upon such terms as are just, the court may relieve a party ... from a final ... order for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect ...
>
> ... The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the ... order ..., was entered or taken.

The test for determining "excusable neglect" is well established: it is "at bottom, an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). Such an analysis requires the weighing or balancing of relevant factors, including the following four:

> (1) the danger of prejudice to the debtor,
>
> (2) the length of the delay and its potential impact on judicial proceedings,
>
> (3) the reason for the delay, including whether it was within the reasonable control of the movant, and
>
> (4) whether the movant acted in good faith.

Id. at 395; Pincay v. Andrews, 389 F.3d 853, 855 (9th Cir. 2004). The non-exclusive factors discussed in the above quotation provide a framework for determining whether City has demonstrated "excusable neglect" in this case.

In the Ninth Circuit "excusable neglect" is construed liberally under Fed. R. Civ. P. 60(b). Fasson v. Magourik (In re Magourik), 693 F.2d 948 (9th Cir. 1982). In Pincay an en banc panel of the Ninth Circuit rejected the concept that certain types of culpable conduct (such as an attorney relying on a paralegal to

-4-

interpret and abide by a court rule instead of reading and complying with the rule himself) are "per se" not excusable neglect. In so holding, the panel noted that the "real question" is "whether there [is] enough in the context of [the] case to bring a determination of excusable neglect within the [trial] court's discretion." Pincay, 389 F.3d at 859.

Applying the Pioneer factors to the present case, the court concludes that the first factor, danger of prejudice to PG&E, weighs ever-so-slightly in favor of PG&E since it is entitled to finality and to be able to rely on the fact that City did not timely file a proof of claim based upon the State Court Action.

The second factor, the length of the delay, weighs only slightly in favor of City. While it moved promptly on the Motion To Vacate, the time that has gone by since the governmental claims bar date is quite significant and cannot be ignored.

The fourth factor, good faith, is weighed in favor of City. It has a mechanism in place to process incoming legal matters and there is no evidence to suggest that it intentionally disregarded those procedures to lead to the current state of affairs on this dispute.

Finally, the reason for the delay, the third factor, tips in favor of PG&E and against City because its very mechanisms in place to process incoming legal matters should have been sufficient to lead to a filing of a proof of claim based upon the State Court Action.

The declaration of Robert L. Berger establishes that City was served with the original notice of the Chapter 11 filing at various addresses, including the very same address used for

-5-

service of process, namely One Frank Ogawa Plaza, Oakland, California.  While it is true that Mr. Berger's declaration does not establish that the notice of the Chapter 11 filing was addressed to the attention of a clerk, secretary, president, presiding officer, or head of any governing body for City, Fed. R. Civ. P. 7004 is not applicable to notice given under Fed. R. Bankr. P. 2002.  Thus, unlike the creditor who was improperly served in <u>Villar</u>, here service of the original notice of the Chapter 11 case was proper.  More importantly, City filed four unrelated proofs of claim in a timely fashion.  This suggests that notice of the Chapter 11 filing was timely received by City.  No explanation has been offered why Ms. Wong, the attorney responsible for City's prosecution of the State Court Action, did not receive the notice in time to file the proof of claim.  On balance, therefore, this factor weighs in favor of PG&E and against City.

Balancing these factors is not a mathematical test, and the court is not obligated to give equal weight to them.  Rather, it is to balance the factors together and to determine whether the neglect should be excused.

Given the adequacy of the notice of the Chapter 11 filing to cause the City to file other proofs of claim, the court concludes in its discretion that City's neglect in failing to file a timely proof of claim in connection with the State Court Action was not excusable.  For this reason, while the Motion To Enforce was not properly served, no purpose would be served by granting the Motion To Vacate since the Motion To Enforce, had it been properly served, could not have been successfully defended.  The Motion To

-6-

Vacate must be denied.

III. Disposition

Counsel for PG&E should submit a form of order denying the Motion To Vacate for the reasons stated in this Memorandum Decision.

*END OF MEMORANDUM DECISION*